# EXHIBIT 5

STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
                                       SUPERIOR COURT DIVISION
COUNTY OF ROBESON                              24 CVS 468

FILED 2024 FEB 22 P 3:21
ROBESON CO., C.S.C.
BY ____

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH

        Plaintiff,                    **FIRST AMENDED**
                                               **COMPLAINT**

                                             (Jury Trial Demanded)

v.

WILLIAM BRATTY LAMB
XPO LOGISTICS FREIGHT, INC.

        Defendants.

---

NOW COMES Plaintiff CINDY SOLES SMITH, and hereby amends her Complaint, as a matter of course, pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, acting in her fiduciary capacity as the Administratrix of the Estate of MARK KEANNAN SMITH, complaining of Defendants WILLIAM BRATTY LAMB and XPO LOGISTICS FREIGHT, INC. and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff **Cindy Soles Smith** (hereafter, "Plaintiff") has applied for, and has been duly appointed as, Administratrix of the Estate of Mark Keannan Smith by the Brunswick County Clerk of Superior Court.

2. Plaintiff is a citizen and resident of Brunswick County, North Carolina.

3. Acting in her fiduciary capacity, Plaintiff files this wrongful death action pursuant to Chapter 28A of the General Statutes of North Carolina, including section 28A-18-2, within two years of the date of death of her husband, Mark Keannan Smith.

4. Upon information and belief, Defendant **William Bratty Lamb** (hereafter, "Defendant Lamb") is a citizen and resident of Robeson County, North Carolina, residing at 557 Emma Jane Rd. St. Pauls, North Carolina 28384.

5. Defendant **XPO Logistics Freight, Inc.** (hereafter, "XPO Logistics") is a Delaware corporation with its principal office located at 2211 Old Earhart Rd. Ann Arbor, MI 48105. At all relevant times, Defendant XPO Logistics maintained a registered office in the State of North Carolina and can be served through its registered agent, Registered Agent Solutions, Inc. located at 176 Mine Lake Court, Ste. 100 Raleigh, North Carolina 27615.

6. Venue is proper in Robeson County Superior Court pursuant to G.S. § 1-82.

7. This Court has subject matter jurisdiction over this civil action in that the amount in controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00) pursuant to G.S. § 7A-243.

8. This Court likewise has personal jurisdiction over the Defendants under both statutory and common law.

## STATEMENT OF THE FACTS

9. Paragraphs 1 through 8 of the First Amended Complaint are incorporated herein by reference.

10. On information and belief, on or about October 11, 2023 at approximately 7:00am, Defendant Lamb was acting as an employee or agent of XPO Logistics Freight, Inc. and within the course and scope of his employment with XPO Logistics Freight, Inc.

11. XPO Logistics Freight, Inc. is a wholly owned subsidiary of XPO, Inc., formally known as XPO Logistics, Inc.

12. XPO, Inc. maintains approximately 145 subsidiaries, many of which are incorporated in the State of Delaware.

13. XPO, Inc. is the second largest provider of less-than-truckload (LTL) services in North America with 564 locations globally. "LTL" is a freight model which involves shipping smaller quantities of goods for multiple customers at a time.

14. XPO Logistics Freight, Inc. is a corporation organized under the laws of the State of Delaware with its headquarters located at 2211 Old Earhart Rd. Ann Arbor, Michigan 48105.

15. XPO Logistics Freight, Inc. engages in substantial business operations in Robeson County, North Carolina, which includes a large shipping terminal located at 4715 W. 5th Street Lumberton, NC 28358.

16. At the date and time above stated, Defendant Lamb was operating a 2016 Freightliner tractor that was owned by XPO Logistics Freight, Inc. and being operated under U.S. DOT No. 241829.

17. The 2016 Freightliner was a commercial motor vehicle and was being operated in commerce at the time of the subject collision referenced below. As a result, the subject 2016 Freightliner was subject to North Carolina and federal laws and regulations concerning the operation of the commercial vehicle, including that the commercial vehicle must be operated under the motor carrier authority of one or more motor carriers authorized under the Federal Motor Carrier Administration pursuant to Title 40 of the Code of Federal Regulations.

18. Upon information and belief, XPO Logistics Freight, Inc. maintained operating authority for commercial motor vehicles with the United States Department of Transportation (US DOT # 241829) at all times relevant herein for the 2016 Freightliner being operated by Defendant William Bratty Lamb.

19. Upon information and belief, in the early morning hours of October 11, 2023, Defendant Lamb departed XPO Logistics Freight, Inc.'s terminal located at 4715 W. 5th Street Lumberton, NC 28358 and traveled south on W. 5th Street Extension towards the intersection of US-74 Alternate carrying multiple items of freight in an LTL transport.

20. At all relevant times herein, Defendant Lamb was acting within the course and scope of his employment with XPO Logistics Freight, Inc. and was acting as an employee, agent and/or servant of XPO Logistics Freight when the collision referenced herein occurred.

21. On or about October 11, 2023 at approximately 7:00am, Mark Keannan Smith (hereafter, "Mark Smith" or "Decedent") was operating a 2018 Chevrolet pickup truck that was owned by his employer, National Erectors Rebar, Inc.

22. Upon information and belief, it was still dark when the collision occurred and the sun was starting to rise and all vehicular traffic in the area had their headlights activated due to the darkness.

23. At the time and date above stated, Mark Smith was traveling west on US-74 Alternate and was traveling in the left lane.

24. At the time and date above stated, Defendant Lamb was sitting still at the stop sign at the intersection of US-74 Alternate and W. 5th Street Extension in Robeson County, NC and Defendant Lamb admitted that he looked to his left and saw Mark Smith's vehicle approaching with his headlights on prior to Defendant Lamb wantonly and heedlessly proceeding into the subject highway and intersection directly in front of Mark Smith.

25. At the time and date above stated, Defendant Lamb also admitted that he observed a school bus to his right along with another passenger vehicle to his right that was behind the subject school bus.

4

26. Both observations, admitted by Defendant Lamb, and described above were made *prior* to Defendant Lamb wantonly and heedlessly pulling out into the highway and blocking all westbound lanes of travel on US Highway 74 Alternate with his tractor and trailer.

27. At the time and date above stated, notwithstanding the foregoing admitted observations of Defendant Lamb, Defendant Lamb willfully, wantonly, carelessly and heedlessly proceeded into the subject highway with his tractor and trailer and proceeded to stop completely in the roadway thereby blocking all westbound lanes of travel on US Highway 74 Alternate, directly in front of Mark Smith.

28. At the time and date above stated, Defendant Lamb failed to yield right of way to Mark Smith thereby causing Mark Smith to collide with the subject XPO trailer, which caused Mark Smith to be pinned in his vehicle and suffer severe actual physical pain and mental suffering prior to him being later being pronounced deceased at the scene.

29. Following the impact described above, Mark Smith was seen moving his arm, moaning, crying and significantly suffering prior to him later being pronounced deceased at the scene.

## FIRST CLAIM FOR RELIEF

### NEGLIGENT, GROSSLY NEGLIGENT, RECKLESS, WILLFUL AND WANTON CONDUCT OF WILLIAM BRATTY LAMB, IMPUTED TO DEFENDANT XPO LOGISTICS

30. Paragraphs 1-29 of this First Amended Complaint are reincorporated as if fully set forth herein.

31. On October 11, 2023, at the aforementioned time and place, William Bratty Lamb owed a duty of reasonable care to those lawfully on the roadway, including but not limited to Mark Smith, to operate the subject commercial motor vehicle in a reasonable and safe manner.

32. On October 11, 2023, at the above-mentioned time and place, Defendant William Bratty Lamb operated the subject commercial motor vehicle owned by XPO Logistics Freight, Inc. in a negligent, grossly negligent, reckless, careless, willful and wanton manner endangering the lives of those lawfully on the roadway, including but not limited to decedent Mark Smith.

33. At all times relevant herein, Defendant William Bratty Lamb was an employee, agent, or servant of XPO Logistics Freight, Inc. and was operating the 2016 Freightliner tractor and attached trailer within the course and scope of said employment, agency and servitude and was subject to the control of XPO Logistics Freight, Inc. at all times relevant to the subject transportation of freight and in furtherance of the business interest of XPO Logistics Freight, Inc.

34. Specifically, Defendant William Bratty Lamb, an employee and/or agent of XPO Logistics Freight, Inc. was negligent, negligent *per se,* grossly negligent, reckless, careless, willful and wanton in that Defendant William Bratty Lamb:

   a. Operated the 2016 Freightliner tractor and attached trailer carelessly, negligently, grossly negligently, willfully and recklessly in willful and wanton disregard for the rights and safety of others in violation of N.C. Gen. Stat. § 20-140;

   b. Operated the 2016 Freightliner tractor and attached trailer without due caution and circumspection and in a manner as to endanger persons or property in violation of N.C. Gen. Stat. § 20-140;

   c. Negligently, grossly negligently, heedlessly, willfully and wantonly drove the subject commercial motor vehicle into a busy highway intersection and stopped when Defendant Lamb was aware of the presence of Mark Smith's vehicle approaching from the left, and a school bus and another passenger vehicle approaching from the right;

6

d. Drove carelessly and heedlessly in willful and wanton disregard of the rights and safety of others in violation of N.C. Gen. Stat. § 20-141.6;

e. Negligently, grossly negligently, willfully and wantonly failed to yield right of way to the vehicle being driven by decedent Mark Smith, in violation of N.C. Gen. Stat. § 20-160.1;

f. Negligently, grossly negligently, willfully and wantonly failed to maintain a proper lookout in violation of N.C. Gen. Stat. § 20-141;

g. Negligently, grossly negligently, carelessly, willfully and wantonly suddenly and without warning stopped the commercial vehicle in the subject intersection, which cased his attached trailer to block all westbound lanes of U.S. 74 Alternate;

h. Negligently, grossly negligently, willfully, and wantonly failed to operate the subject commercial motor vehicle in accordance with North Carolina laws, ordinances, and regulations, in violation of 49 C.F.R. § 392.2;

i. Negligently, grossly negligently, willfully, and wantonly operated the subject tractor-trailer in a condition as to likely cause an accident or a breakdown of the subject tractor-trailer, in violation of 49 C.F.R. § 396.9;

j. Negligently, grossly negligently, willfully, and wantonly operated the subject tractor while his ability or alertness was impaired through fatigue, illness, or any other cause as to make it unsafe for him to operate the truck, in violation of 49 C.F.R. § 392.3;

k. Negligently, grossly negligently, willfully, and wantonly operated the subject vehicle in violation of 49 C.F.R. § 325-399;

7

l. Negligently, grossly negligent, reckless, carelessly, willfully and wanton made an extremely unsafe left-turn in violation of the standards of care and training requirements of commercial vehicle operators, as those standards are prescribed in the Commercial Drivers' License (CDL) manual.

m. Was negligent, grossly negligent, reckless, willful and wanton in other manners as will be determined through discovery and proven at trial.

35. As a direct and proximate result of the negligent, grossly negligent, reckless, careless, willful and wanton conduct of Defendant William Bratty Lamb, jointly and severally with the negligent, grossly negligent, reckless, careless and willful and wanton conduct of Defendant XPO Logistics, decedent Mark Smith, became trapped in his vehicle and was unable to be rescued, which resulted in his slow and painful death. Decedent Mark Smith was alive, moaning and moving his arm after impact and sustained unimaginable physical pain and mental suffering prior to his death. Accordingly, the Estate of Mark Keannan Smith, by and through Adminsitratrix Cindy Soles Smith, is seeking all available compensatory and punitive damages pursuant to N.C. Gen. Stat. § 28A-18-2(b), including:

a. Expenses for care, treatment and hospitalization incident to the injury resulting in death of Mark Smith;

b. Compensation for pain and suffering of the decedent Mark Smith;

c. The reasonable funeral expenses of the decedent Mark Smith;

d. The present monetary value of decedent Mark Smith to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;

8

  e. Net income of the decedent Mark Smith;

  f. Compensation for the loss of services, protection, care and assistance of the decedent Mark Smith, whether voluntary or obligatory, to the persons entitled to the damages recovered;

  g. Compensation for loss of society, companionship, comfort, guidance, kindly offices and advice of decedent Mark Smith to the persons entitled to the damages recovered;

  h. Such punitive damages as decedent Mark Smith could have recovered pursuant to Chapter 1D of the General Statutes had decedent Mark Smith survived, and punitive damages for wrongfully causing the death of the decedent Mark Smith through malice or willful or wanton conduct, as defined in G.S. 1D-5;

36.  In that Defendant Lamb was acting as an agent or employee of Defendant XPO Logistics at all relevant times, the negligent, grossly negligent and willful and wanton acts or omissions of Defendant Lamb are imputed to Defendant XPO Logistics by operation of law and Defendant XPO Logistics is vicariously liable in all respects, under theories of *respondeat superior*, agency, joint enterprise, and vicarious liability, among others.

37.  Upon information at all times relevant herein, Defendant Lamb was operating under the employment, agency and servitude of Defendant XPO Logistics and was at all times subject to the control of Defendant XPO Logistics.

### SECOND CLAIM FOR RELIEF

### PUNITIVE DAMAGES AGAINST DEFENDANT WILLIAM BRATTY LAMB AND DEFENDANT XPO LOGISTICS

9

Case 7:25-cv-01545-D-BM   Document 16-5   Filed 10/10/25   Page 10 of 17

38. Paragraphs 1-37 of this Complaint, including all subparts, are reincorporated as if fully set forth herein.

39. The foregoing conduct of Defendant William Bratty Lamb, imputed to Defendant XPO Logistics by operation of law, specifically complained of above and incorporated herein by reference, is so egregious as to be reckless, willful and wanton.

40. Pursuant to Chapter 1D of the North Carolina General Statutes, Plaintiff seeks punitive damages against Defendant William Lamb and Defendant XPO Logistics, jointly and severally, as allowed under N.C. Gen. Stat. § 28A-18-2(b), in addition to compensatory damages, against Defendant William Bratty Lamb and Defendant XPO Logistics given the aforementioned willful and/or wanton conduct of Defendant William Bratty Lamb and Defendant XPO Logistics on or before October 11, 2023.

41. Defendant William Bratty Lamb's conduct on October 11, 2023, was "willful and wanton conduct" as that term is defined under G.S. § 1D-5(7), in that Defendant William Bratty Lamb's conduct in operating the commercial vehicle was made with intentional disregard of and indifference to the rights and safety of others, including Decedent Mark Smith, which Defendant William Bratty Lamb knew, or should know, is reasonably likely to result in injury, damage or other harm.

42. The conduct of Defendant Lamb, imputed to Defendant XPO Logistics, was reckless, willful and wanton, in that Defendant Lamb:

   a. Drove the tractor-trailer carelessly and heedlessly in and willful or wanton disregard of the rights and safety of others in violation of N.C. Gen. Stat. § 20-140;

   b. Drove the subject tractor-trailer without due caution and circumspection and in a manner as to endanger or be likely to

10

endanger persons or property in violation of N.C. Gen. Stat. § 20-140;

c. Drove carelessly and heedlessly in willful and wanton disregard of the rights and safety of others in violation of N.C. Gen. Stat. § 20-141.6;

d. Wantonly engaged in aggressive driving in violation of N.C. Gen. Stat. § 20-141.6;

e. Wantonly failed to yield right of way to the vehicle being driven by Decedent Mark Smith, causing serious bodily injury, in violation of N.C. Gen. Stat. § 20-160.1;

f. Wantonly failed to operate the tractor-trailer in accordance with North Carolina laws, ordinances, and regulations and in violation of 49 C.F.R. § 392.2;

g. Wantonly operated the subject tractor-trailer in a condition as to likely cause an accident or a breakdown of the subject tractor-trailer, in violation of 49 C.F.R. § 396.9;

h. Wantonly operated the tractor-trailer while his ability or alertness was impaired through fatigue, illness, or any other cause as to make it unsafe for him to operate the tractor-trailer in violation of 49 C.F.R. § 392.3;

i. Defendant XPO Logistics aided, abetted and condoned Defendant William Lamb's willful and wanton conduct complained above;

11

j. Was reckless, willful and wanton in such other ways as will be determined through discovery and proven at trial.

43. Pursuant to N.C. Gen. Stat. § 1D-15, Plaintiff is entitled to recover from Defendant William Bratty Lamb and Defendant XPO Logistics, jointly and severally, punitive damages for the willful and wanton misconduct of Defendants, that proximately caused and/or related to the injuries suffered by the Plaintiff, in an amount to be determined by the jury but in any event exceeding $25,000.00.

### THIRD CLAIM FOR RELIEF

### NEGLIGENT HIRING, NEGLIGENT SUPERVISION, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT ENTRUSTMENT CLAIMS AGAINST DEFENDANT XPO LOGISTICS

44. Paragraphs 1-43 of this Complaint, including all subparts, are reincorporated as if fully set forth herein.

45. On or before October 11, 2023, Defendant XPO Logistics owed a duty of reasonable and ordinary care to those lawfully on the roadway, including but not limited to Mark Smith, to hire, supervise, train, retain and entrust the operators of its commercial motor vehicles to drive in a reasonable and safe manner on public streets and highways.

46. Defendant XPO Logistics failed to exercise reasonable and ordinary care in the hiring and retaining of Defendant William Bratty Lamb as a commercial vehicle operator.

47. Defendant XPO Logistics likewise failed to exercise reasonable and ordinary care in the training and ongoing supervision of employee William Bratty Lamb.

48. Defendant XPO Logistics was directly and independently negligent in that Defendant XPO Logistics:

   a. Negligently hired Defendant William Lamb as a commercial vehicle operator when Defendant XPO Logistics knew or should have known William Lamb was unfit or otherwise unqualified;

   b. Negligently retained Defendant William Lamb as a commercial vehicle operator as Defendant William Lamb when Defendant XPO Logistics knew or should have known William Lamb was unfit or otherwise unqualified;

   c. Negligently supervised Defendant William Lamb as a commercial vehicle operator when Defendant XPO Logistics knew or should have known William Lamb was unfit or otherwise unqualified;

   d. Negligently trained Defendant William Lamb as a commercial vehicle operator, specifically including negligently training Defendant Lamb with respect to safe left turns, and other important safety training which is contained in the Commercial Drivers' License (CDL) Manual.

   e. Negligently trained Defendant William Lamb with respect to industry standards and safety standards contained in the Commercial Drivers' License (CDL) Manual.

   f. Negligently aided and abetted Defendant Lamb in violating multiple Federal Motor Carrier Safety Administration (FMCSA) regulations and standards as well as North Carolina state laws with respect to motor carrier safety regulations, including but not limited to, violations of 49 CFR § 396.9; 49 CFR § 392.3; 49 CFR § 392.2.

13

g. Negligently entrusted and furnished the commercial motor vehicle to Defendant Lamb when Defendant XPO Logistics, knew or should have known, that Defendant Lamb was unfit to operate the commercial vehicle and his operation of said commercial vehicle was likely to result in injury or death to others;

h. Was otherwise negligent and/or grossly negligent as will be further shown in discovery.

49. As a direct and proximate result of the negligent, grossly negligent, reckless, careless, willful and wanton conduct of Defendant XPO Logistics, jointly and severally with the negligent, grossly negligent, reckless, carless and willful and wanton conduct of Defendant William Lamb, decedent Mark Smith, became trapped in his vehicle and was unable to be rescued, which resulted in his slow and painful death. Decedent Mark Smith was alive, moaning and moving his arm after impact and sustained unimaginable physical pain and mental suffering prior to his death. Accordingly, the Estate of Mark Keannan Smith, by and through Adminsitratrix Cindy Soles Smith, is seeking all available compensatory and punitive damages pursuant to N.C. Gen. Stat. § 28A-18-2(b), including:

a. Expenses for care, treatment and hospitalization incident to the injury resulting in death of Mark Smith;

b. Compensation for pain and suffering of the decedent Mark Smith;

c. The reasonable funeral expenses of the decedent Mark Smith;

d. The present monetary value of decedent Mark Smith to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;

e. Net income of the decedent Mark Smith;

f. Compensation for the loss of services, protection, care and assistance of the decedent Mark Smith, whether voluntary or obligatory, to the persons entitled to the damages recovered;

g. Compensation for loss of society, companionship, comfort, guidance, kindly offices and advice of decedent Mark Smith to the persons entitled to the damages recovered;

h. Such punitive damages as decedent Mark Smith could have recovered pursuant to Chapter 1D of the General Statutes had decedent Mark Smith survived, and punitive damages for wrongfully causing the death of the decedent Mark Smith through malice or willful or wanton conduct, as defined in G.S. 1D-5;

**THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cindy Soles Smith, in her fiduciary capacity as Administratrix of the Estate of Mark Keannan Smith, pursuant to N.C. Gen. Stat. § 28A-18-2, prays that she will have and recover of Defendants William Bratty Lamb and Defendant XPO Logistics, jointly and severally, as follows:

1. Compensatory damages against Defendants, jointly and severally, in an amount to be determined by a jury, but in an event in *excess of* Twenty-Five Thousand Dollars ($25,000.00) plus interest thereon in favor of the Estate of Mark Keannan Smith;
2. Punitive damages against Defendants, jointly and severally, to the extent that the jury finds by clear and convincing evidence that the conduct of any of the

Defendants proximately causing and/or related to the subject death complained of in this action were willful and/or wanton in nature, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus interest thereon in favor of the Estate of Mark Keannan Smith;

3. Cost incurred in bringing this action;
4. Any and all pre and post judgment interest as provided by law;
5. A trial by jury as to all of the issues so triable; and
6. Any other and further relief as the Court deems just, equitable and proper.

This the 22nd day of February, 2024.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

*(signature)*

_____

J. WILLIAM OWEN
NC State Bar No. 47994
P.O. Box 1448
Lumberton, NC 28359
Telephone: (910) 738-5277
Facsimile: (910) 738-3678
wowen@mmbglaw.com

*Attorney for Plaintiff Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*