# EXHIBIT 7

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

        Plaintiff/Counterclaim-
        Defendant,

v.

WILLIAM BRATTY LAMB,

        Defendant,

and

XPO LOGISTICS FREIGHT, INC.

        Defendant/Counterclaim-
        Plaintiff.

**ANSWER, DEFENSES, AND COUNTERCLAIM OF XPO LOGISTICS FREIGHT INC. TO FIRST AMENDED COMPLAINT**

Defendant XPO Logistics Freight, Inc. ("XPO" or "Defendant") responds as follows to the Complaint filed against it by Plaintiff Cindy Soles Smith ("Plaintiff"), denying the claims asserted and the relief sought therein as set forth below:

*Parties and Jurisdiction*

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Plaintiff's Complaint, and such allegations are therefore denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of Plaintiff's Complaint, and such allegations are therefore denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of Plaintiff's Complaint, and such allegations are therefore

denied.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. The allegations of Paragraph 6 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that venue is proper in Robeson County.

7. The allegations of Paragraph 7 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that this Court has subject matter jurisdiction. Except as expressly admitted, Defendant denies the allegations of Paragraph 7.

8. The allegations of Paragraph 8 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that this Court has personal jurisdiction over Defendants.

*Statement of the Facts*

9. Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

10. Defendant admits that on October 11, 2023 Defendant William Bratty Lamb ("Lamb") was operating a 2016 Freightliner tractor trailer owned by XPO. Defendant further admits that Lamb was driving in Lumberton County and was later involved in a collision. Additionally, Defendant admits that Mark Smith ("Smith" or "Decedent") drove his truck into the tractor trailer owned by XPO. Defendant further admits that Lamb was acting in the course and scope of his employment for Defendant at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 10.

11. Defendant admits the allegations of Paragraph 11.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant admits the allegations of Paragraph 16.

17. Defendant admits that on October 11, 2023 Lamb was operating a 2016 Freightliner tractor trailer owned by XPO. The remaining allegations of Paragraph 17 state conclusions of law as to which no response is required. To the extent any further response is deemed required, Defendant admits that it is subject to certain North Carolina and federal laws, that such laws and regulations speak for themselves, and Defendant denies any allegations inconsistent therewith. Except as stated, denied.

18. Defendant admits the allegations of Paragraph 18.

19. Defendant admits that on October 11, 2023 Lamb was operating a 2016 Freightliner tractor trailer owned by XPO around 7:00am. Defendant admits that Lamb was acting in the course and scope of his employment for Defendant at the time of the events alleged in Plaintiff's Complaint. Defendant further admits that XPO Logistics Freight, Inc's terminal is located at 4715 W. 5th Street, Lumberton, North Carolina 28358. Except as expressly admitted, Defendant denies the allegations of Paragraph 19.

20. The allegations of Paragraph 20 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that Lamb was acting in the course and scope of his employment for Defendant at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of

Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of Plaintiff's Complaint, and such allegations are therefore denied.

22. Defendant admits that it was around 7:00am when the incident occurred. Defendant further admits that it was a clear day with good visibility. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that Smith was traveling west on US-74 Alternate in the left lane at a rate higher than the posted speed limit. Except as expressly admitted, Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits that Lamb completed a written statement to the Lumberton Police Department on October 11, 2023, and the contents of it speak for themselves. Except as expressly admitted, Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of Plaintiff's Complaint, and such allegations are therefore denied.

*First Claim of Relief*
*Negligent, Grossly Negligent, Reckless, Willful and Wanton Conduct of William Bratty Lamb, Imputed to XPO*
*(XPO)*

30. Defendant incorporates the previous paragraphs of its Answer as if fully stated

herein.

31. The allegations of Paragraph 31 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits it owes certain duties of care and denies any allegations inconsistent with applicable law. Except as expressly admitted, Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. The allegations of Paragraph 33 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that on October 11, 2023 Lamb was operating a 2016 Freightliner tractor trailer owned by XPO. Defendant further admits that Lamb was driving in Lumberton County and was later involved in a collision. Additionally, Defendant admits that Smith drove his truck into the tractor trailer owned by XPO. Defendant further admits that Lamb was acting in the course and scope of his employment for Defendant at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. The allegations of Paragraph 37 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that Lamb was acting in the course and scope of his employment for Defendant at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 37.

*Second Claim for Relief*
*Punitive Damages Against Defendant William Bratty Lamb and Defendant XPO Logistics*

38. Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

39. Defendant denies the allegations of Paragraph 39.

40. The allegations of Paragraph 40 state conclusions of law as to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to relief for the allegations stated.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

*Third Claim for Relief*
*Negligent Hiring, Negligent Supervision, Negligent Training, Negligent Retention, Negligent Entrustment Claims Against Defendant XPO Logistics.*

44. Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

45. The allegations of Paragraph 45 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that it owes certain duties under applicable law and denies any allegations inconsistent therewith. Defendant denies the allegations of Paragraph 45 to the extent it purports to allege that Defendant did not comply with any duty owed under North Carolina law. Except as expressly admitted, Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

No further response is required to the "WHEREFORE" or Prayer for Relief in Plaintiff's Complaint, but Defendant specifically denies that Plaintiff is entitled to any relief requested or any other relief at law or in equity. Any and all allegations of Plaintiff's Complaint that are not expressly admitted herein are denied.

### First Defense

One or more of Plaintiff's claims should be dismissed with prejudice pursuant to 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### Second Defense

To the extent that it is shown that Smith was negligent by failing to exercise reasonable care for his own safety or as otherwise shown during discovery in this action, and such negligence was a proximate cause of Plaintiff's alleged injuries, Plaintiff is completely barred from recovery from XPO.

### Third Defense

At all times relevant to the Complaint, XPO's actions were lawful and conducted in accordance with all applicable duties, laws, and regulations.

### Fourth Defense

Plaintiff's claims against Defendant may be barred, in whole or in part, by doctrines of intervening/superseding negligence. Plaintiff's alleged injuries, damages, or losses were directly and/or proximately caused by the intervening, superseding acts and conduct of others over whom XPO had no control, thereby precluding any recovery against XPO.

### Fifth Defense

To the extent that Plaintiff suffered any damages, which is expressly denied, Plaintiff's

damages are subject to mitigation and are barred, in whole or in part, by any failure to mitigate such damages.

## Sixth Defense

Defendant XPO denies that it was negligent in any manner or that any negligent act or omission on its part caused or contributed to any injuries or damages alleged to have been sustained by Plaintiff, the existence of which is denied.

## Seventh Defense

Defendant XPO states that Plaintiff's claims are barred, in whole or in part, by lack of causation, and the same is pled as a bar to Plaintiff's claims against XPO.

## Eighth Defense

Smith had an opportunity to avoid the collision and failed to do so; such failure is imputed to Smith.

## Ninth Defense

Defendant reserves the right to supplement and/or amend this Answer to assert additional defenses that may be revealed through further investigation and discovery.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff XPO Logistics Freight Inc. ("XPO") brings these counterclaims against Plaintiff/Counterclaim Defendant Cindy Soles Smith ("Counterclaim Defendant") seeking monetary and equitable relief for Decedent Mark Smith's ("Smith") damage to XPO's vehicle in connection with the October 11, 2023 accident. XPO has incurred significant fees in repairing its vehicle and now brings this Counterclaim and in support shows as follows:

## PARTIES

1. Counterclaim Plaintiff XPO is a corporation organized and existing under and by virtue of the laws of the State of Delaware and authorized to do business the State of North Carolina.

2. Upon information and belief, Counterclaim Defendant Cindy Soles Smith has applied for, and has been duly appointed as, Administratrix of the Estate of Mark Keannan Smith by Brunswick County Clerk of Superior Court. Further, and upon information and belief, Counterclaim Defendant is a citizen and resident of Brunswick County, North Carolina.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to N.C. Gen. Stat. §§ 7A-240 and 7A-243.

4. This Court has personal jurisdiction over Counterclaim Defendant in this matter pursuant to N.C. Gen. Stat. § 1-75.4.

5. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§ 1-79 and 1-82.

## FACTUAL ALLEGATIONS

6. On October 11, 2023, Smith was operating a 2018 Chevrolet pickup truck.

7. Further, and on October 11, 2023, around 7:00am traffic was light and it was a clear day with good visibility.

8. While traveling on US-74 in Lumberton County, North Carolina, Smith crashed into XPO's truck (the "Accident") while traveling at a speed higher than the posted speed limit.

9. Upon information and belief, the brakes in the 2018 Chevrolet were operable on or around 7:00am on October 11, 2023.

10. Following the Accident, no tire marks were found in the road indicating that

Smith's brakes were being applied five (5) to forty (40) feet away from where he crashed into XPO's truck.

11. XPO's truck was damaged when Smith crashed into XPO's truck, which was being operated by Defendant William Lamb ("Lamb").

## CLAIMS FOR RELIEF

### Count-One – Negligence
*Cindy Smith as Administratrix of the Estate of*
*Mark Keannan Smith*

12. The allegations contained in the prior paragraphs are hereby re-alleged and incorporated by reference as if fully set forth herein.

13. On October 11, 2023, Smith owed a duty of reasonable care to those lawfully on the roadway, including but not limited to Lamb, to operate the subject commercial motor vehicle in a reasonable manner.

14. On October 11, 2023, Smith operated the 2018 Chevrolet vehicle in a negligent, reckless, and careless manner endangering the lives of those lawfully on the roadway, including but not limited to Lamb.

15. Specifically, Smith was negligent, grossly negligent, reckless, and careless in that Smith:

    a. Operated a motor vehicle in a negligent, reckless, and careless manner endangering the lives of those lawfully on the roadway in violation of N.C. Gen. Stat. § 20-140 and 49 C.F.R. 393, *et seq.*;

    b. Operated a motor vehicle without due caution and circumspection and in a manner as to endanger persons or property in violation of N.C. Gen. Stat. § 20-140 and 49 C.F.R. 393, *et seq.*;

c. Negligently, recklessly, and carelessly drove a motor vehicle into a highway and failed to stop when Lamb was entering the highway;

d. Drove carelessly in a manner ignoring the rights and safety of others in violation of N.C. Gen. Stat. § 20-141.6 and 49 C.F.R. 393, *et seq.*; and

e. Negligently failed to maintain a proper lookout in violation of N.C. Gen. Stat. § 20-141 and 49 C.F.R. 393, *et seq.*

16. As a direct and proximate result of the negligent, reckless, and careless conduct of Smith, XPO's truck was significantly damaged.

## Relief Requested

Having fully responded to the allegations of Plaintiff's Complaint, XPO respectfully requests this Court to award it the following relief:

1. That Plaintiff take nothing of and from Defendant;

2. That Plaintiff's claims against Defendant be dismissed with prejudice;

3. That this Court enter judgment in favor of Defendant/Counterclaim Plaintiff XPO for all compensatory damages, in an amount to be determined at trial, but in any event in excess of $25,000.00;

4. That the costs of this action be taxed against Plaintiff;

5. That Defendant recovers its attorney's fees in connection with this action as permitted by law;

6. That Defendant have a trial by jury of all issues so triable; and

7. That Defendant be awarded such further and additional relief as the Court may deem just and proper.

This the 20th day of March, 2024.

                               **Gordon Rees Scully Mansukhani, LLP**

                By: _____
                               Megan M. Stacy
                               North Carolina Bar No. 47108
                               Le'Ron A. Byrd
                               North Carolina Bar No. 55732
                               150 Fayetteville Street, Suite 1120
                               Raleigh, NC 27602
                               Phone: 919-787-4555
                               Fax: 919-741-5840
                               E-mail: mstacy@grsm.com
                               E-mail: lbyrd@grsm.com
                               *Counsel for Defendant XPO Logistics*
                               *Freight, Inc. and William Lamb*

## CERTIFICATE OF SERVICE

This is to certify that I caused the foregoing **ANSWER, DEFENSES, AND COUNTERCLAIM OF XPO LOGISTICS FREIGHT, INC. TO FIRST AMENDED COMPLAINT** be filed and served upon all counsel of record by email pursuant to Rule 5 of the North Carolina Rules of Civil Procedure addressed as follows:

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Counsel for Plaintiff*

This the 20th day of March, 2024.

Gordon Rees Scully Mansukhani, LLP

By: _____
Le'Ron A. Byrd

FILED 2024 MAR 25 A 10: 35