# EXHIBIT 8

STATE OF NORTH CAROLINA
COUNTY OF ROBESON

FILED

2024 MAR 27 P 1: 19

ROBESON CO., C.S.C.

BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-468

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

                Plaintiff/Counterclaim-
                Defendant,

    v.

WILLIAM BRATTY LAMB,

                Defendant,

    and

XPO LOGISTICS FREIGHT, INC.

                Defendant/Counterclaim-
                Plaintiff.

**ANSWER AND DEFENSES OF
WILLIAM BRATTY LAMB TO FIRST
AMENDED COMPLAINT**

Defendant William Bratty Lamb ("Lamb" or "Defendant") responds as follows to the

Complaint filed against it by Plaintiff Cindy Soles Smith ("Plaintiff"), denying the claims asserted

and the relief sought therein as set forth below:

*Parties and Jurisdiction*

    1.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 1 of Plaintiff's Complaint, and such allegations are therefore

denied.

    2.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 2 of Plaintiff's Complaint, and such allegations are therefore

denied.

    3.    Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 3 of Plaintiff's Complaint, and such allegations are therefore

RECEIVED
APR - 1 2024
BY:_____

denied.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. The allegations of Paragraph 6 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that venue is proper in Robeson County.

7. The allegations of Paragraph 7 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that this Court has subject matter jurisdiction. Except as expressly admitted, Defendant denies the allegations of Paragraph 7.

8. The allegations of Paragraph 8 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant does not dispute that this Court has personal jurisdiction in this Court.

*Statement of the Facts*

9. Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

10. The allegations of Paragraph 10 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that on October 11, 2023 he was operating a 2016 Freightliner tractor trailer owned by XPO Logistics Freight, Inc. ("XPO"). Defendant further admits that he was driving in Lumberton County and was later involved in a collision. Additionally, Defendant admits that Mark Smith ("Smith" or "Decedent") drove his truck into the tractor trailer owned by XPO. Defendant further admits that he was acting in the course and scope of his employment for XPO at the time of the events alleged

2

in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 of Plaintiff's Complaint, and such allegations are therefore denied.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of Plaintiff's Complaint, and such allegations are therefore denied.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of Plaintiff's Complaint, and such allegations are therefore denied.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of Plaintiff's Complaint, and such allegations are therefore denied.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of Plaintiff's Complaint, and such allegations are therefore denied.

16. Defendant admits the allegations of Paragraph 16.

17. Defendant admits that on October 11, 2023 he was operating a 2016 Freightliner tractor trailer owned by XPO. The remaining allegations of Paragraph 17 state conclusions of law as to which no response is required. To the extent any further response is deemed required, Defendant does not dispute that its vehicle was subject to North Carolina and federal laws, but such laws speak for themselves and Defendant denies any allegations inconsistent therewith.

3

Except as stated, denied.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of Plaintiff's Complaint, and such allegations are therefore denied.

19.     The allegations of Paragraph 19 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that on October 11, 2023 he was operating a 2016 Freightliner tractor trailer owned by XPO around 7:00am. Defendant admits that he was acting in the course and scope of his employment for XPO at the time of the events alleged in Plaintiff's Complaint. Defendant further admits that XPO Logistics Freight, Inc's terminal is located at 4715 W. 5th Street, Lumberton, North Carolina 28358. Except as expressly admitted, Defendant denies the allegations of Paragraph 19.

20.     The allegations of Paragraph 20 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that he was acting in the course and scope of his employment for XPO at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of Plaintiff's Complaint, and such allegations are therefore denied.

22.     Defendant admits that it was around 7:00am when the incident occurred and it was a clear day with good visibility. Defendant denies the remaining allegations of Paragraph 22.

23.     Defendant admits that Smith was traveling west on US-74 Alternate in the left lane at a rate higher than the posted speed limit. Except as expressly admitted, Defendant denies the

4

allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

25.     Defendant admits that he completed a written statement to the Lumberton Police Department on October 11, 2023, and the contents of it speak for themselves and Defendant denies any allegations inconsistent therewith. Except as expressly admitted, Defendant denies the allegations of Paragraph 25.

26.     Defendant denies the allegations of Paragraph 26.

27.     Defendant denies the allegations of Paragraph 27.

28.     Defendant denies the allegations of Paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of Plaintiff's Complaint, and such allegations are therefore denied.

*First Claim of Relief*
*Negligent, Grossly Negligent, Reckless, Willful and Wanton Conduct of William Bratty*
*Lamb, Imputed to XPO*
*(XPO)*

30.     Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

31.     The allegations of Paragraph 31 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that he and Smith had a duty of reasonable care to those lawfully on the roadway and to operate their motor vehicles in a reasonable and safe manner and denies any allegations inconsistent with applicable law. Except as expressly admitted, Defendant denies the allegations of Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 state conclusions of law as to which no response

5

is required. To the extent any further response may be deemed required, Defendant admits that on October 11, 2023 he was operating a 2016 Freightliner tractor trailer owned by XPO. Defendant further admits that he was driving in Lumberton County and was later involved in a collision. Additionally, Defendant admits that Smith drove his truck into the tractor trailer owned by XPO. Defendant further admits that he was acting in the course and scope of his employment for XPO at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. The allegations of Paragraph 37 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant admits that he was acting in the course and scope of his employment for XPO at the time of the events alleged in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 37.

## Second Claim for Relief
### Punitive Damages Against Defendant William Bratty Lamb and Defendant XPO Logistics

38. Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

39. Defendant denies the allegations of Paragraph 39.

40. The allegations of Paragraph 40 state conclusions of law as to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to relief for the allegations stated. Except as stated, denied.

41. Defendant denies the allegations of Paragraph 41.

6

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant denies the allegations of Paragraph 43.

*Third Claim for Relief*
*Negligent Hiring, Negligent Supervision, Negligent Training, Negligent Retention, Negligent*
*Entrustment Claims Against Defendant XPO Logistics*

44.     Defendant incorporates the previous paragraphs of its Answer as if fully stated herein.

45.     The allegations of Paragraph 48 state conclusions of law as to which no response is required. To the extent any further response may be deemed required, Defendant denies any allegations inconsistent with applicable law. Defendant denies the allegations of Paragraph 45 to the extent it purports to allege that Defendant did not comply with any duty owed under North Carolina law. Except as expressly admitted, Defendant denies the allegations of Paragraph 45.

46.     Defendant denies the allegations of Paragraph 46.

47.     Defendant denies the allegations of Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant denies the allegations of Paragraph 49.

No further response is required to the "WHEREFORE" or Prayer for Relief in Plaintiff's Complaint, but Defendant specifically denies that Plaintiff is entitled to any relief requested or any other relief at law or in equity. Any and all allegations of Plaintiff's Complaint that are not expressly admitted herein are denied.

## First Defense

One or more of Plaintiff's claims should be dismissed with prejudice pursuant to 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## Second Defense

To the extent that it is shown that Smith was negligent by failing to exercise reasonable care for his own safety or as otherwise shown during discovery in this action, and such negligence was a proximate cause of Plaintiff's alleged injuries, Plaintiff is completely barred from recovery from XPO.

## Third Defense

At all times relevant to the Complaint, Defendant's actions were lawful and conducted in accordance with all applicable duties, laws, and regulations.

## Fourth Defense

Plaintiff's claims against Defendant may be barred, in whole or in part, by doctrines of intervening/superseding negligence. Plaintiff's alleged injuries, damages, or losses were directly and/or proximately caused by the intervening, superseding acts and conduct of others over whom Defendant had no control, thereby precluding any recovery against Defendant.

## Fifth Defense

To the extent that Plaintiff suffered any damages, which is expressly denied, Plaintiff's damages are subject to mitigation and are barred, in whole or in part, by any failure to mitigate such damages.

## Sixth Defense

Defendant denies that it was negligent in any manner or that any negligent act or omission on its part caused or contributed to any injuries or damages alleged to have been sustained by Plaintiff, the existence of which is denied.

## Seventh Defense

Defendant states that Plaintiff's claims are barred, in whole or in part, by lack of causation,

8

This the 20th day of March, 2024.

Gordon Rees Scully Mansukhani, LLP


By: _____
Megan M. Stacy
North Carolina Bar No. 47108
Le'Ron A. Byrd
North Carolina Bar No. 55732
150 Fayetteville Street, Suite 1120
Raleigh, NC 27602
Phone: 919-787-4555
Fax: 919-741-5840
E-mail: mstacy@grsm.com
E-mail: lbyrd@grsm.com
*Counsel for Defendant XPO Logistics
Freight, Inc. and William Lamb*

10

## CERTIFICATE OF SERVICE

This is to certify that I caused the foregoing **ANSWER AND DEFENSES OF WILLIAM BRATTY LAMB TO FIRST AMENDED COMPLAINT** be filed and served upon all counsel of record by email pursuant to Rule 5 of the North Carolina Rules of Civil Procedure addressed as follows:

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Counsel for Plaintiff*

This the 20th day of March, 2024.

**Gordon Rees Scully Mansukhani, LLP**

By: _____

Megan M. Stacy

11