# EXHIBIT 10

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF
COUNTY OF ROBESON  JUSTICE
　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　24-CVS-468

FILED 2024 JUN -6 A 11:44
ROBESON CO., C.S.C.

CINDY SOLES SMITH, Administratrix of
the ESTATE OF MARK KEANNAN
SMITH,

　　　　Plaintiff/Counterclaim-
　　　　Defendant,

v.                                          ANSWER TO COUNTERCLAIM

WILLIAM BRATTY LAMB,

　　　　Defendant,

and

XPO LOGISTICS FREIGHT, INC.

　　　　Defendant/Counterclaim-
　　　　Plaintiff.

NOW COMES Plaintiff/Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith ("Plaintiff" or "Counterclaim Defendant"), by and through the undersigned counsel, and responds to the Counterclaim of Defendant/Counterclaim Plaintiff XPO Logistics Freight, Inc. ("XPO" or "Counterclaim Plaintiff") as follows:

## ANSWER

In response to the introductory paragraph in XPO's Counterclaim, Plaintiff denies that XPO is entitled to the relief sought. Plaintiff responds to the allegations

in the individually numbered paragraphs of XPO's Counterclaim as follows:

1. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 1 of the Counterclaim, and the same are therefore denied.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. It is admitted that venue is proper in Robeson County Superior Court. Except as admitted or otherwise responded to herein, the allegations in paragraph 5 of the Counterclaim are denied.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 7 of the Counterclaim, and the same are therefore denied.

8. It is admitted that the vehicle being operated by Mark Smith collided with the tractor-trailer being operated by Defendant Lamb after Defendant Lamb suddenly and without warning pulled the tractor-trailer into the roadway and then stopped directly in front of Mark Smith, blocking all westbound lanes of travel. . Plaintiff lacks sufficient information to allow her to respond to the allegations

2

4870-5562-8997, v. 2

Case 7:25-cv-01545-D-BM    Document 16-10    Filed 10/10/25    Page 3 of 9

concerning Mark Smith's speed at the time of the subject collision, the same is therefore denied. Except as admitted or otherwise responded to herein, the allegations in paragraph 8 of the Counterclaim are denied.

9. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 9 of the Counterclaim, and the same are therefore denied.

10. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 10 of the Counterclaim, and the same are therefore denied.

11. It is admitted that the tractor-trailer being operated by Defendant Lamb sustained damage as a result of the accident. Except as admitted or otherwise responded to herein, the allegations in paragraph 11 of the Counterclaim are denied.

## CLAIMS FOR RELIEF

### Count One- Negligence

12. Plaintiff incorporates her responses to paragraphs 1-11 of the Counterclaim as if fully set forth herein.

13. It is admitted that Mark Smith owed the duties imposed on him by applicable law. Except as admitted or otherwise responded to herein, the allegations in paragraph 13 of the Counterclaim are denied.

14. The allegations in paragraph 14 of the Counterclaim are denied.

15. The allegations in paragraph 15 of the Counterclaim, including subparts a. through e., are denied.

3

16. The allegations in paragraph 16 of the Counterclaim are denied.

ALL ALLEGATIONS IN THE COUNTERCLAIM WHICH HAVE NOT BEEN ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF, ARE HEREBY DENIED.

### FIRST AFFIRMATIVE DEFENSE
**Contributory Negligence / Gross Contributory Negligence**

If by any interpretation of law or fact it is determined that the accident was caused by the negligence of Mark Smith and that such negligence was the proximate cause of any damage sustained by XPO, all of which is again specifically denied, then it is alleged that on the occasion complained of Defendant Lamb was negligent and/or grossly negligent in that he failed to yield the right of way to Mark Smith's vehicle; pulled out into the roadway after seeing Mark Smith's vehicle approaching; suddenly and without warning stopped the tractor-trailer in the middle of the roadway, blocking the road to oncoming traffic; failed to take reasonable precautions for his own safety; failed to see what he should have seen; failed to maintain proper control over the tractor-trailer; failed to take action necessary to avoid the accident; failed to operate the tractor-trailer in a reasonable manner; and/or in others ways that may be shown through discovery and proven at trial. These acts and/or omissions by Defendant Lamb occurred while Defendant Lamb was acting in the course and scope of his employment with XPO and, as such, they are imputed to XPO. These acts and/or omissions by Defendant Lamb were a direct and proximate cause of any damages sustained by XPO and, as such, they are specifically pled in bar of any right which the XPO might otherwise have to recover herein.

4

## SECOND AFFIRMATIVE DEFENSE
### No Proximate Cause

If Mark Smith was negligent, which is denied, any such negligence was not a proximate cause of the damages alleged by XPO.

## THIRD AFFIRMATIVE DEFENSE
### Sudden Emergency

At the time and place and on the occasion complained of, and upon information and belief, Mark Smith, through no negligence of his own, was suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others in that Defendant Lamb suddenly and without warning pulled into Mark Smith's travel lane and then stopped his tractor-trailer, leaving Mark Smith insufficient time and distance to avoid a collision. Upon information and belief, Mark Smith exercised that degree of care which a reasonably careful and prudent person would have exercised in the same situation. Therefore, Plaintiff hereby pleads the doctrine of sudden emergency in bar of any recovery by XPO in this action.

## FOURTH AFFIRMATIVE DEFENSE
### Intervening and Superseding Negligence

XPO's alleged damages resulted from intervening, insulating, superseding and/or contributory acts of negligence by persons or entities outside of Mark Smith's control. In the event that it should be determined that the alleged damages in question were the result of any negligent act or omission or breach of duty by any other person, firm or corporation, including XPO and/or Defendant Lamb, then any such act or breach of duty was an active and primary and proximate cause of any

5

damages allegedly sustained by XPO, and any purported act or omission or breach of duty by such other persons, firms, or corporations intervened, superseded and insulated any purported act or omission on the part of Mark Smith, whether contractual or negligent, from being a proximate cause of any alleged damages sustained by XPO.

### FIFTH AFFIRMATIVE DEFENSE
**Reservation of Right to Assert Additional Defenses**

Plaintiff reserves the right to assert any additional defenses as may be warranted prior to trial.

WHEREFORE, having fully answered each and every allegation contained in XPO's Counterclaim, Plaintiff makes the following prayer for relief:

1. That XPO recover nothing from Plaintiff and that XPO's claims against Plaintiff be dismissed with prejudice;

2. That the costs of this action, including attorneys' fees, be taxed against XPO or some other party;

3. For a trial by jury as to all issues so triable herein; and

4. For such other relief as the Court deems just and proper.

This the 3rd day of June, 2024.

           **CRANFILL SUMNER LLP**

BY: _____
       Jennifer A. Welch
       N.C. State Bar No. 31360
       Post Office Box 27808
       Raleigh, North Carolina 27611-7808
       Phone:    (919) 828-5100
       Facsimile: (919) 828-2277
       Email:     jwelch@cshlaw.com
       *Attorney for Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **ANSWER TO COUNTERCLAIM** on all of the parties to this cause by **electronic mail** addressed to the attorney for each party as follows:

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Attorneys for Plaintiff*

Megan M. Stacy
Le'Ron A. Byrd
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville Street, Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Attorneys for Defendants XPO Logistics Freight, Inc. and William Lamb*

This the 3rd day of June, 2024.

CRANFILL SUMNER LLP

BY: _____
Jennifer A. Welch
N.C. State Bar No. 31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Phone: (919) 828-5100
Facsimile: (919) 828-2277
Email: jwelch@cshlaw.com
*Attorneys for Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*