# EXHIBIT 11

STATE OF NORTH CAROLINA COUNTY OF ROBESON

FILED
2024 JUN 26 A 9:45
ROBESON CO., C.S.C.
BY _____ HM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24-CVS-468

CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,

    Plaintiff/Counterclaim-Defendant,

v.

WILLIAM BRATTY LAMB,

    Defendant,

and

XPO LOGISTICS FREIGHT, INC.

    Defendant/Counterclaim-Plaintiff.

**FIRST AMENDED ANSWER AND REPLY TO COUNTERCLAIM**

NOW COMES Plaintiff/Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith ("Plaintiff" or "Counterclaim Defendant"), by and through the undersigned counsel, and hereby amends her Answer and Reply to Counterclaim as a matter of course pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure and hereby responds to the Counterclaim of Defendant/Counterclaim Plaintiff XPO Logistics Freight, Inc. ("XPO" or "Counterclaim Plaintiff") as follows:

## ANSWER

In response to the introductory paragraph in XPO's Counterclaim, Plaintiff denies that XPO is entitled to the relief sought. Plaintiff responds to the allegations in the individually numbered paragraphs of XPO's Counterclaim as follows:

1. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 1 of the Counterclaim, and the same are therefore denied.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. It is admitted that venue is proper in Robeson County Superior Court. Except as admitted or otherwise responded to herein, the allegations in paragraph 5 of the Counterclaim are denied.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 7 of the Counterclaim, and the same are therefore denied.

8. It is admitted that the vehicle being operated by Mark Smith collided with the tractor-trailer being operated by Defendant Lamb after Defendant Lamb suddenly and without warning pulled the tractor-trailer into the roadway and then

stopped directly in front of Mark Smith, blocking all westbound lanes of travel. It is further admitted, upon information and belief, that Mark Smith was traveling above the posted speed limit prior to making contact with the tractor-trailer. Except as admitted or otherwise responded to herein, the allegations in paragraph 8 of the Counterclaim are denied.

9. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 9 of the Counterclaim, and the same are therefore denied.

10. Plaintiff lacks knowledge or information sufficient to allow her to respond to the allegations in paragraph 10 of the Counterclaim, and the same are therefore denied.

11. It is admitted that the tractor-trailer being operated by Defendant Lamb sustained damage as a result of the accident. Except as admitted or otherwise responded to herein, the allegations in paragraph 11 of the Counterclaim are denied.

## CLAIMS FOR RELIEF

### Count One- Negligence

12. Plaintiff incorporates her responses to paragraphs 1-11 of the Counterclaim as if fully set forth herein.

13. It is admitted that Mark Smith owed the duties imposed on him by applicable law. Except as admitted or otherwise responded to herein, the allegations in paragraph 13 of the Counterclaim are denied.

14. The allegations in paragraph 14 of the Counterclaim are denied.

15. The allegations in paragraph 15 of the Counterclaim, including subparts a. through e., are denied.

16. The allegations in paragraph 16 of the Counterclaim are denied.

ALL ALLEGATIONS IN THE COUNTERCLAIM WHICH HAVE NOT BEEN ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF, ARE HEREBY DENIED.

## **LAST CLEAR CHANCE DOCTRINE**

Pursuant to Rule 7(a) of the North Carolina Rules of Civil Procedure, Plaintiff/Counterclaim Defendant Cindy Soles Smith, in her capacity as Administratrix of the Estate of Mark Keannan Smith, hereby files this Reply to Defendants Answer and to Defendant XPO's counterclaim, alleging last clear chance.

17. All of the allegations in Plaintiff's First Amended Complaint are re-alleged and incorporated herein by reference.

18. To the extent that Decedent Mark K. Smith was found to be contributorily negligent in any manner, which is specifically denied, Plaintiff Cindy Soles Smith hereby pleads the last clear chance doctrine.

    a. On October 11, 2023, Decedent Mark K. Smith placed himself in a position of helpless peril at the intersection of US Highway 74 Alternate and W. 5th Street Extension in Lumberton, NC.

    b. On October 11, 2023, Defendant Lamb knew, or by the exercise of reasonable case, should have discovered, or otherwise should have known of Decedent Mark K. Smith's perilous position and

4

his incapacity and inability to escape from it before Decedent Mark K. Smith suffered injury and death at the hands of Defendant Lamb.

c. On October 11, 2023, Defendant Lamb had the time and means to avoid the injury or death to Decedent Mark K. Smith by the exercise of reasonable care after he discovered or should have discovered Decedent Mark K. Smith's perilous position and Decedent Mark K. Smith's inability to escape from it.

d. On October 11, 2023, Defendant Lamb negligently and grossly negligently failed to use the available time, distance and means to avoid the injury or death to Decedent Mark K. Smith and for that reason caused his trailer to suddenly and without warning block the entire westbound lanes of travel on US Highway 74 Alternate, directly in the path of Decedent Mark K. Smith, which resulted in the injury and ultimate death of Decedent Mark K. Smith.

19. In support thereof, Plaintiff Cindy Soles Smith will forecast evidence to show, *inter alia*, that on October 11, 2023:

a. Defendant Lamb was distracted by an electronic cellular device as he pulled directly and intentionally into the path of Decedent Mark K. Smith who was traveling westbound on US Highway 74 Alternate;

b. Defendant Lamb had no visual obstructions of the intersection of US Highway 74 Alternate and W. 5th Street Extension and was able to observe vehicles approaching from both the west and east bound lanes of travel;

c. Defendant Lamb was familiar with the subject intersection where the subject collision occurred;

d. Defendant Lamb suddenly, without warning stopped his commercial vehicle in the roadway thereby causing his trailer to block all westbound lanes on US Highway 74 Alternate as Decedent Mark K. Smith was approaching

e. Defendant Lamb failed to keep a proper lookout;

f. Defendant Lamb failed to yield right of way to Decedent Mark K. Smith;

g. Defendant Lamb was grossly negligent by stopping his commercial vehicle in the subject intersection thereby blocking all westbound lanes on US Highway 74 Alternate when Defendant Lamb knew that Decedent Mark K. Smith was approaching;

h. Defendant Lamb had the time, distance and ability to take evasive action to avoid the collision with Decedent Mark K. Smith;

i. Defendant Lamb had the time and ability to warn Decedent Mark K. Smith of the danger by engaging his horn, but failed to do so;

j. Defendant Lamb acted negligently and grossly negligently in such other ways as will be further shown at trial and proven through discovery;

k. Defendant Lamb otherwise had the last clear chance to avoid the injury and death of Decedent Mark K. Smith as will be further shown in discovery and proven at trial. Plaintiff Cindy Soles Smith specifically reserves the right to amend this Reply and to add additional factual allegations concerning the last clear chance doctrine and its applicability.

## FIRST AFFIRMATIVE DEFENSE
### Contributory Negligence / Gross Contributory Negligence

If by any interpretation of law or fact it is determined that the accident was caused by the negligence of Mark Smith and that such negligence was the proximate cause of any damage sustained by XPO, all of which is again specifically denied, then it is alleged that on the occasion complained of Defendant Lamb was negligent and/or grossly negligent in that he failed to yield the right of way to Mark Smith's vehicle; pulled out into the roadway after seeing Mark Smith's vehicle approaching; suddenly and without warning stopped the tractor-trailer in the middle of the roadway, blocking the road to oncoming traffic; failed to take reasonable precautions for his own safety; failed to see what he should have seen; failed to maintain proper control over the tractor-trailer; failed to take action necessary to avoid the accident; failed to operate the tractor-trailer in a reasonable manner; and/or in others ways that may be shown through discovery and proven at trial. These acts and/or omissions by

7

Defendant Lamb occurred while Defendant Lamb was acting in the course and scope of his employment with XPO and, as such, they are imputed to XPO. These acts and/or omissions by Defendant Lamb were a direct and proximate cause of any damages sustained by XPO and, as such, they are specifically pled in bar of any right which the XPO might otherwise have to recover herein

## SECOND AFFIRMATIVE DEFENSE
### No Proximate Cause

If Mark Smith was negligent, which is denied, any such negligence was not a proximate cause of the damages alleged by XPO.

## THIRD AFFIRMATIVE DEFENSE
### Sudden Emergency

At the time and place and on the occasion complained of, and upon information and belief, Mark Smith, through no negligence of his own, was suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others in that Defendant Lamb suddenly and without warning pulled into Mark Smith's travel lane and then stopped his tractor-trailer, leaving Mark Smith insufficient time and distance to avoid a collision. Upon information and belief, Mark Smith exercised that degree of care which a reasonably careful and prudent person would have exercised in the same situation. Therefore, Plaintiff hereby pleads the doctrine of sudden emergency in bar of any recovery by XPO in this action.

## FOURTH AFFIRMATIVE DEFENSE
### Intervening and Superseding Negligence

XPO's alleged damages resulted from intervening, insulating, superseding

8

and/or contributory acts of negligence by persons or entities outside of Mark Smith's control. In the event that it should be determined that the alleged damages in question were the result of any negligent act or omission or breach of duty by any other person, firm or corporation, including XPO and/or Defendant Lamb, then any such act or breach of duty was an active and primary and proximate cause of any damages allegedly sustained by XPO, and any purported act or omission or breach of duty by such other persons, firms, or corporations intervened, superseded and insulated any purported act or omission on the part of Mark Smith, whether contractual or negligent, from being a proximate cause of any alleged damages sustained by XPO.

### FIFTH AFFIRMATIVE DEFENSE
### Reservation of Right to Assert Additional Defenses

Plaintiff reserves the right to assert any additional defenses as may be warranted prior to trial.

WHEREFORE, having fully answered each and every allegation contained in XPO's Counterclaim, Plaintiff makes the following prayer for relief:

1. That XPO recover nothing from Plaintiff and that XPO's claims against Plaintiff be dismissed with prejudice;

2. That the costs of this action, including attorneys' fees, be taxed against XPO or some other party;

3. For a trial by jury as to all issues so triable herein; and

4. For such other relief as the Court deems just and proper.

This the 26th day of June, 2024.

CRANFILL SUMNER LLP

BY: _____ *w/ permission*
Jennifer A. Welch
N.C. State Bar No. 31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Phone:      (919) 828-5100
Facsimile:  (919) 828-2277
Email:      jwelch@cshlaw.com
*Attorney for Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached FIRST AMENDED **ANSWER AND REPLY TO COUNTERCLAIM** on all of the parties to this cause by **electronic mail** addressed to the attorney for each party as follows:

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Attorneys for Plaintiff*

Megan M. Stacy
Le'Ron A. Byrd
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville Street, Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Attorneys for Defendants XPO Logistics Freight, Inc. and William Lamb*

This the 26th day of June, 2024.

CRANFILL SUMNER LLP

BY: _____
Jennifer A. Welch
N.C. State Bar No. 31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Phone: (919) 828-5100
Facsimile: (919) 828-2277
Email: jwelch@cshlaw.com
*Attorneys for Counterclaim Defendant, Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*

11