# EXHIBIT 16

STATE OF NORTH CAROLINA　　　　　IN THE GENERAL COURT OF JUSTICE
COUNTY OF ROBESON　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　　　　　24-CVS-468

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

　　　　　Plaintiff/Counterclaim-
　　　　　Defendant,

v.

WILLIAM BRATTY LAMB,　　　　　　　**CONSENT CONFIDENTIALITY**
　　　　　　　　　　　　　　　　　　　　**AND PROTECTIVE ORDER**
　　　　　Defendant,

and

XPO LOGISTICS FREIGHT, INC.

　　　　　Defendant/Counterclaim-
　　　　　Plaintiff.

　　　The parties, through the undersigned counsel, stipulate and agree that discovery and trial in this proceeding may involve the disclosure of information the parties to this lawsuit determine in good faith to contain confidential, medical, financial, commercially sensitive, and/or proprietary information.

　　　Therefore, the parties respectfully request entry of the following confidentiality agreement and Protective Order ("Order") to govern the exchange of documents and information in the above-captioned matter.

　　　The parties further agree that the provisions of this Order are in full force and effect as of the signing of this Order by counsel for the respective parties, notwithstanding the fact that the Order may not have yet been entered by the Court.

　　　IT IS HEREBY ORDERED that production, use, access to, and dissemination of Confidential information and documents in this matter shall be governed by the following provisions and no party or person shall use such information or material for any purposes other than this lawsuit, as permitted by this Order, or as required by law:

## I.　DESIGNATION OF CONFIDENTIAL INFORMATION

　　　The parties to this action may designate documents, information, objects, tangible things, interrogatory answers, answers to requests for admission, expert reports, and deposition testimony

1

as Confidential in the following manner: By placing the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each document, media, or alongside such information subject to the designation. Only materials (or portions thereof) a party reasonably considers to have protection under the law should be so marked. Materials designated as "CONFIDENTIAL" may be furnished to the individuals referred to in Section II(A)(1) – (9). Materials designated as "HIGHLY CONFIDENTIAL" may only be furnished to the individuals referred to in Section II(A)(2), Section II(A)(6) and/or the undersigned counsel. Information designated as "HIGHLY CONFIDENTIAL" should not leave the possession of the individuals referred to in Section II(A)(2).

## II.  DISCLOSURE OF CONFIDENTIAL INFORMATION

A.  **Disclosure of Confidential Information.** Confidential Information and/or Confidential documents or media shall not be disclosed to anyone other than the attorneys of record in this action and to the following other persons, and only to the extent reasonably necessary to prosecute, defend, settle, or otherwise litigate this action, including without limitation, the following:

1. The Court and its personnel;
2. The parties' attorneys, paralegals, and the staff of their law firms who are engaged in this matter;
3. Stenographic reporters or videographers hired by a party to assist in the action;
4. In-house counsel for the parties and those members of their staffs who are engaged in this matter;
5. Litigation support consultants and their staff, such as e-discovery vendors;
6. Third-party experts or independent consultants retained by the parties to assist in this lawsuit;
7. Corporate officers and representatives who are engaged in this matter and who have a need-to-know relative to the party's claims and/or defenses;
8. Any other person who is subsequently and specifically designated by: (i) written agreement of all the parties after a request by one of them or (ii) by order of the Court upon motion by a party, after conferral and notice to all parties; and
9. Those reasonably subject to dissemination pursuant to Section II(B)(i).

All persons described above shall be advised of the terms of this Order prior to receiving any Confidential information or documents.

B.  **Prohibited Use of Confidential Information.** In no event shall any person use such information or document (a) for purposes other than this litigation, as permitted by this Order, (b) to obtain a business advantage over a Party or any other person; or (c) for purposes of negotiation with non-parties to this litigation.

   i. Nothing herein shall prevent Counsel for Plaintiff from disclosing, sharing or otherwise discussing information designated as "CONFIDENTIAL" with other outside counsel or persons with similar ongoing or past personal injury or wrongful death lawsuits or claims against XPO Logistics Freight, Inc., XPO Logistics, Inc.,

2

or its parent companies or subsidiaries so long as said outside counsel or persons agree as follows: (i) any outside counsel or persons who receives information designated as "CONFIDENTIAL" agrees that they will not post or make available on any website or internet accessible repository any information designated as "CONFIDENTIAL" so obtained in this case, and shall not under any circumstances sell, provide access, trade or exchange for any form of consideration, advertise, or publicize XPO's information designated as "CONFIDENTIAL" or the fact that such persons have obtained XPO's information designated as "CONFIDENTIAL" and (ii) any outside counsel or person who receives said information designated as "CONFIDENTIAL" shall acknowledge these requirements in writing with Counsel for Plaintiff and Counsel for Plaintiff shall maintain this list for the pendency of the Action.

C. **Pleadings and Other Filings**. When a party, in good faith, determines that it is necessary to bring such Confidential information or documents to the attention of the Court in a motion or other pleading, or by the filing of a deposition transcript or a discovery response such as an interrogatory, then the Party may publicly file the motion, pleading, deposition, discovery response, or other document but must redact the Confidential information. The party may also file an unredacted version under seal, following the appropriate procedures to do so.

D. **Depositions.** Any portion or portions of a deposition may be designated as Confidential by making a statement to the effect during the deposition on the record, specifying which portion or portions should be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Confidential documents may be marked as exhibits to a deposition but shall be maintained by the attorney who marks them and shall not be attached to the transcript of the deposition.

E. **Trial and/or Hearings**. If a Party wishes to use Confidential information or documents at trial or a hearing, it shall notify the Court and the other Party to this action of that fact as soon as practicable. The Confidential information and/or document shall be submitted to the Court *in camera*, or by such other means as the Court may request or the Parties may agree in writing, and the Court may then take whatever steps it may deem necessary or appropriate to preserve the confidentiality of said information during the course of the hearing and thereafter including, without limitation, admitting confidential documents into evidence under seal.

F. **Disputed Designations**. Any Party may object to a designation of documents or information as Confidential or Highly Confidential at any time by serving a written notice of objection to all Parties and any designating non-party, specifying with reasonable particularity the material to which objection to the designation of Confidential or Highly Confidential is made. If, within (14) fourteen business days after the service of such a notice, the designating Party or designating non-party does not agree to withdraw its designation of the specified material, the objecting Party may at any time thereafter file a motion for determination of the validity of the objection. The Party or non-party seeking to limit disclosure of materials as Confidential or Highly Confidential shall have the burden of proof that the designation is proper, and disclosure must remain limited under the terms of this Order and controlling precedents. In the event that such an objection is made or a motion is filed, the confidentiality of the material at issue shall be preserved

3

pending resolution of the issue by the Court, consistent with the provisions and procedure set forth above.

G. **Disclosure in Other Proceedings.** If any Party is served with a subpoena or other process or discovery request that would require the production or disclosure, for any purpose other than this action, of any documents, objects, tangible things, interrogatory answers, answers to the requests for admission, expert reports, or deposition testimony received by that party in this action and containing Confidential or Highly Confidential information or documents, the receiving Party shall notify the designating Party or non-party as soon as practicable of the subpoena, process, or discovery request, or disclosure obligation.

H. **No Waiver.** This Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this action without involving the Court unnecessarily in this process. Except as provided herein, nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of a waiver by any Party to this Order; or of altering the confidentiality or non-confidentiality of any such information, or of altering any existing obligation of any Party or other person, or the absence of such obligation.

I. **Clawback of Information.** The inadvertent or unintentional disclosure of Confidential or Highly Confidential information or documents, regardless of whether the information was so designated at the time of disclosure, will not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by immediately notifying, in writing, the counsel of record for all Parties to whom the information was disclosed that the Party that disclosed the information desires to designate the information or document as Confidential. Such notification will constitute a designation of the information as Confidential. Information. Said notification shall be sent to all counsel of record within (3) business days or said inadvertent or unintentional disclose shall be deemed a waiver.

## III. MISCELLANEOUS

A. **Termination of Litigation.** This action will be deemed to have terminated when all of the claims asserted by or against the Parties herein have been settled and compromised or have been finally disposed of, and all possible appeals have been exhausted or the time for filing any further appeals has passed. Within 30 days after the termination of this action, each party shall either return any and all documents, objects, tangible things, interrogatory answers, answers to requests for admission, expert reports, and transcripts of deposition testimony containing, describing, or memorializing Confidential information to the party that produced said information, and/or shall destroy same in the manner customarily used by such party in destroying confidential or sensitive material in the ordinary course of business. Notwithstanding the foregoing, undersigned counsel for the Parties are authorized to keep copies of such documents for purposes of retaining a complete client file, but shall continue to maintain the confidentiality of such materials in perpetuity.

**B. Modification of this Order.** This Order may be modified by the Court at any time for good cause shown, or pursuant to a written agreement by the parties to this lawsuit. The entry of this Order shall be without prejudice to the rights of any party to apply for modification of the Order for additional or different protection where such protection is deemed necessary. It shall also in no way limit any party from approaching the Court at any time to remove a Confidential or Highly Confidential designation from any material previously marked Confidential pursuant to this Order.

**C. Continuing Force and Effect of this Order.** The provisions of this Order shall remain in full force and effect and shall be binding after the termination of this action.

WHEREFORE, upon the request of counsel and deeming it just and proper to do so, it is

ORDERED this \_\_10\_\_ day of September, 2024.

_____
SUPERIOR COURT JUDGE PRESIDING

**WE SO CONSENT:**

**Gordon Rees Scully Mansukhani, LLP**

By: _____ w/ Permission
Megan M. Stacy
North Carolina Bar No. 47108
Le'Ron A. Byrd
North Carolina Bar No. 55732
150 Fayetteville Street, Suite 1120
Raleigh, NC 27602
Phone: 919-787-4555
Fax: 919-741-5840
E-mail: mstacy@grsm.com
E-mail: lbyrd@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc. and William Lamb*

**Musselwhite, Musselwhite, Branch & Grantham, P.A.**

By: _____
J. William Owen
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Counsel for Plaintiff*