# EXHIBIT 21

STATE OF NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ROBESON     24-CVS-468

2025 JAN -2 A 11: 17

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

            Plaintiff/Counterclaim-
            Defendant,

v.

WILLIAM BRATTY LAMB,

            Defendant,

and

XPO LOGISTICS FREIGHT, INC.

            Defendant/Counterclaim-
            Plaintiff.

**PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT XPO LOGISTICS FREIGHT, INC.**

     **NOW COMES** Plaintiff Cindy Soles Smith, by and through undersigned counsel, pursuant to Rules 26, 33, 34, and 37 of the North Carolina Rules of Civil Procedure, who moves for an Order compelling Defendant XPO Logistics Freight, Inc. (hereafter, "XPO") to respond fully, completely, and without further objection to Plaintiff's First Interrogatories and First Request for Production, and to fully respond without further objection to Plaintiff's Second Request for Production of Documents and to produce all documents responsive thereto. In support of this Motion, Plaintiff states as follows:

     1.      This Action arises out of the horrific suffering and death of Mark Smith, who was tragically killed in a serious motor vehicle collision on U.S. 74 Alternate on October 11, 2023, in Robeson County involving a commercial vehicle owned by XPO – a shipping and transportation conglomerate based in Greenwich, Connecticut.

PLAINTIFF'S EXHIBIT 17

2.  Plaintiff served XPO with Plaintiff's First Interrogatories and First Request for Production of Documents and First Request for Admission on June 5, 2024. *(Plaintiff's Exhibit 1)*

3.  On June 27, 2024, XPO moved the Clerk for an extension of time to respond to Plaintiff's first set of discovery. *(Plaintiff's Exhibit 2)*

4.  The Clerk granted an Order enlarging the time for XPO to respond to Plaintiff's First Set of Interrogatories, First Request for Production and First Request for Admission to and including August 5, 2024. *(Plaintiff's Exhibit 3)*

5.  On August 6, 2024, XPO served its <u>untimely</u> responses to Plaintiff's First Interrogatories, First Request for Production of Documents and First Request for Admission. *(Plaintiff's Exhibit 4)*

6.  XPO's responses contained numerous improper objections and refusals to substantively answer, improper limitations of their responses and XPO improperly withheld clearly responsive documents and materials.

7.  On August 6, 2024, counsel for Plaintiff sent a detailed correspondence to counsel for XPO advising counsel for XPO of the consequences of its untimely discovery responses and requested supplementation – without objection – within 10 business days. *(Plaintiff's Exhibit 5)*

8.  On August 22, 2024, counsel for Plaintiff again sent a detailed correspondence to XPO advising of the improper objections and past-due discovery and further advised XPO that its objections were waived as a matter of law and again requested complete responses on or before August 30, 2024. *(Plaintiff's Exhibit 6)*

9.  On August 30, 2024, counsel for XPO requested another extension of time to fully respond to Plaintiff's discovery, as requested in the correspondence dated August 6,

2024 and August 30, 2024. In a show of good faith and cooperation, counsel for Plaintiff allowed this extension and moved the deadline to September 3, 2024. *(Plaintiff's Exhibit 7)*

10. XPO served its First Supplemental Responses to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admission on September 3, 2024. *(Plaintiff's Exhibit 8)*

11. After reviewing the production and responses from XPO, on September 4, 2024, counsel for Plaintiff again advised counsel for XPO of the various ongoing discovery deficiencies – including the production of XPO's insurance policies, declaration pages, training materials, the employee handbook and basic shipping documents (e.g., Bill of Lading and Manifest). *(Plaintiff's Exhibit 9)*

12. On October 10, 2024, counsel for Plaintiff sent counsel for XPO a detailed correspondence which requested supplemental discovery responses to the following specific request:

> a. Request for Production 2 (request for the document retention policy of XPO);
>
> b. Request for Production 3 and 4 (request for all insurance policies for XPO, including all excess policies);
>
> c. Request for Production 6 (request for the Driver Qualification File, Driver Investigation File and Driver History File);
>
> d. Request for Production 33 (email communications between Lamb and XPO for 90 days prior to the subject collision);
>
> e. Request for Production 34 (request for communications between XPO and Lamb from any onboard communication systems);
>
> f. Request for Production 35 (request for all onboard audio and visual telematics data and videos);

g. Request for Production 40 (request for DVIR reports);

h. Request for Production of 42 (request for basic shipping documents including the manifest, bill of lading and dispatch documents);

i. Request for Production 46 (documents concerning preventability analysis completed on behalf of XPO and the conclusions of such analysis);

j. Request for Production 55-59 (request for training materials that were provided to Defendant Lamb);

k. Request for Production 60 (request for documents related to hierarchy of supervisors and management at XPO);

l. Request for Production 61 (request for training documents provided to XPO employees) ;

m. Request for Production 63-64 (request for contracts or agreements between XPO, its driver (Lamb) and any other entities involved in the subject transport);

n. Request for Production 65 (request for XPO's "Accident Register" which is required to be maintained under federal law);

o. Request for Production 66 (request for 30(b)(6) deposition transcripts from XPO corporate designee(s) for injury or death claims in last 5 years);

p. Interrogatory 3 (information requested concerning injury and death claims and lawsuits involving XPO);

q. Interrogatory 5 (seeking actual written responses to (a)-(g));

r. Interrogatory 6 (seeking actual written responses to (a)-(e));

s. Interrogatory 7 (seeking actual written responses to (a)-(e));

t. Interrogatory 12 (seeking actual written responses to (b)-(d));

u. Interrogatory 14 (seeking actual written responses to the question asked);

v. Interrogatory 15 (seeking actual written responses to the question asked);

w. Interrogatory 20 (seeking written responses to internal investigation documents referenced by XPO);

x. Interrogatory 22 (seeking actual written responses, not direction to documents referenced by XPO);

y. Interrogatory 26 (seeking written responses to internal investigation documents referenced by XPO);

z. Interrogatory 32 (seeking written responses to internal investigation documents referenced by XPO);

aa. Interrogatory 36 (seeking written responses concerning XPO's accident review board and preventability determination completed by XPO);

bb. Interrogatory 38 (seeking actual written responses concerning all liability insurance coverage for XPO)

13. In the detailed correspondence of October 10, 2024, counsel for Plaintiff further requested supplementation of the following XPO Bates:

a. XPO – 000058
b. XPO – 000091
c. XPO – 000109

14. In the detailed correspondence of October 10, 2024, counsel for Plaintiff requested supplemental responses within 15 business days and once again certified that Plaintiff would seek the Court's intervention if substantive responses were not received in a timely manner. *(Plaintiff's Exhibit 10)*

15. On October 22, 2024, counsel for Plaintiff served its Second Request for Production of Documents on XPO, which related specifically to telematics software used by XPO. *(Plaintiff's Exhibit 11)*

16. On October 29, 2024, counsel for Plaintiff sent counsel for XPO a detailed correspondence again requesting the insurance coverage and declaration pages for XPO. In this letter, counsel for Plaintiff alternatively requested an affidavit from XPO concerning the existence of excess insurance coverage that would be potentially applicable to this wrongful death case. *(Plaintiff's Exhibit 12)*

17. On November 1, 2024, as a final show of good faith and cooperation, counsel for Plaintiff sent counsel for XPO a detailed letter and *agreed to voluntarily limit the scope of its request for supplementation* with an updated due date of December 2, 2024. *(Plaintiff's Exhibit 13)*

18. After multiple requests for further extensions of time by XPO, counsel for Plaintiff agreed to a new due date of December 23, 2024, for all supplemental discovery responses as it correlated with XPO's due date for responses to Plaintiff's Second Request for Production of Documents. *(Plaintiff's Exhibit 14)*

19. On December 23, 2024, at 4:41pm, XPO served its responses to Plaintiff's November 1, 2024 supplementation request and also served its responses to Plaintiff's Second Request for Production of Documents. *(Plaintiff's Exhibit 15)*

20. As with all responses served by XPO in this litigation to date, XPO's responses contained numerous improper objections and refusals to provide relevant and discoverable documents and information. XPO also refused to produce responsive and discoverable documents, materials, and files requested which were related to the telematics systems on board the subject tractor trailer.

21. On December 24, 2024, counsel for Plaintiff advised counsel for XPO that the responses to Plaintiff's Second Request for Production of Documents and the supplementation in response to the November 1, 2024 correspondence were both woefully insufficient and counsel for Plainrtiff advised XPO that this Motion was forthcoming. *(Plaintiff's*

*Exhibit 16)*

22. Throughout this litigation, XPO has continually and egregiously violated their obligations to Plaintiff and to this Court under the North Carolina Rules of Civil Procedure. XPO has exhibited a pattern of doing so over the course of the past six months, despite many attempts by Plaintiff's counsel to resolve these issues without judicial intervention.

23. Plaintiff therefore request that the Court enter an Order:

    a. Compelling XPO to respond fully, completely, and without further objection to Plaintiff's First Interrogatories and First Requests for Production of Documents, and to produce all responsive documents, files, videos, photographs, and materials which are responsive thereto;

    b. Compelling XPO to respond fully, completely, and without further objection to Plaintiff's Second Request for Production of Documents, and to produce all responsive telematics documents, files, videos, photographs, and materials which are responsive thereto;

    c. Ordering that XPO produce declaration pages for the <u>entire tower of liability insurance coverage</u> as of the date of the subject collision which forms the basis of Plaintiff's First Amended Complaint;

    d. Overruling XPO's objections contained in XPO's Responses to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admission as they were untimely;

    e. Entering any further relief available to Plaintiff under Rule 37(a).

24. To the extent that Defendant XPO's violations of their obligations under these Rules are so egregious as to constitute failure to answer discovery, pursuant to Rule 37(d), Plaintiff further seeks that the Court enter any relief available under Rule 37(b).

WHEREFORE, Plaintiff moves that the Court enter an Order pursuant to Rule 37(a) of the North Carolina Rules of Civil Procedure:

1. Compelling XPO to respond fully, completely, and without further objection to Plaintiff's First Interrogatories and First Request for Production of Documents, and to produce all responsive documents, files, videos, photographs, and materials;

2. Compelling XPO to respond fully, completely, and without further objection to Plaintiff's Second Request for Production of Documents, and to produce all responsive documents, files, videos, photographs, and materials;

3. Ordering that XPO produce declaration pages for the entire tower of liability insurance coverage as of the date of the subject collision that forms the basis of Plaintiff's First Amended Complaint;

4. Overruling XPO's objections contained in XPO's Responses to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admission as they were untimely;

5. Any further relief available to the Plaintiff under Rule 37(a).

6. Any further relief available to the Plaintiff under Rule 37(b) for any conduct for which the Court determines constitutes conduct so evasive that it constitutes the failure to answer discovery; and

7. For any further relief that the Court deems just and fit.

*[Signature on Next Page]*

This the 2nd day of January, 2025.

                                MUSSELWHITE, MUSSELWHITE,
                                BRANCH & GRANTHAM

                                _____
                                J. William Owen, Esq.
                                N.C. Bar No. 47994
                                P.O. Box 1448
                                Lumberton, NC 28359
                                (910) 738-5277
                                wowen@mmbglaw.com

                                *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing *Plaintiff's Motion to Compel Against Defendant XPO Logistics Freight, Inc.* was served on all counsel of record, via electronic mail only addressed as follows:

Megan M. Stacy
Gordon Rees Scully Mansukhani, LLP
Le'Ron A. Byrd
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
Counsel for Defendant XPO Logistics Freight, Inc. and Defendant Lamb

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
Counsel for Counterclaim Defendant Cindy Smith, Adminsitratrix of the Estate of Mark K. Smith.

This the 2nd day of January, 2025.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

J. William Owen
NC State Bar No. 47994
606 N. Elm Street
Lumberton, NC 28358
wowen@mmbglaw.com
*Counsel for Plaintiff*