# EXHIBIT 23

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ROBESON COUNTY    2025 JAN 21 P 12:23 24-CVS 468

ROBESON CO., C.S.C.

CINDY SOLES SMITH, Administratrix )
of the ESTATE OF MARK KEANNAN )
SMITH )
                                                                  )
            Plaintiff,                     )
                                                                  )
v.                                                                     )
                                                                  )
WILLIAM BRATTY LAMB and )
XPO LOGISTICS FREIGHT, INC. )
                                                               )
           Defendants.            )

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT XPO LOGISTICS FREIGHT, INC.

THIS CAUSE came before the Undersigned on Plaintiff's Motion to Compel, and this Court, having read the pleadings, motion, and submissions of the Parties, and having heard the arguments of Counsel, and having concluded that Plaintiff's Motion to Compel should be granted, hereby issues the following Order pursuant to Rule 37(a) of the North Carolina Rules of Civil Procedure:

1.    Defendant XPO Logistics Freight, Inc.'s ("XPO") Responses to Plaintiff's First Interrogatories and First Requests for Production of Documents, XPO's First Supplemental Reponses to Plaintiff's First Interrogatories and Request for Production of Documents and XPO's Second Supplemental Responses to Plaintiff's First Interrogatories and First Request for Production of Documents contained numerous improper objections and did not comply with the North

Carolina Rules of Civil Procedure.

2. With respect to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, Defendant XPO shall further supplement the following specific discovery request with full, complete, and substantive responses, without further objection, within thirty (30) days of the entry of this Order, specifically as follows:

   a. <u>Interrogatory No. 3</u> – XPO shall provide Plaintiff with a list of all claims or lawsuits filed against XPO involving serious injury or death for the past three years. This list should include a brief description of the parties, jurisdiction and the circumstances of each suit/claim and the disposition of each suit/claim.

   b. <u>Interrogatory No. 5</u>: XPO shall provide Plaintiff with a detailed response to subsections (e)-(f) – which specifically includes information concerning any telematics software being used by XPO at the time of the subject crash on October 11, 2023.

   c. <u>Interrogatory No 6</u>: XPO shall provide Plaintiff with a detailed and substantive response to subsections (c) and (d).

   d. <u>Interrogatory No. 7</u>: XPO shall provide Plaintiff with detailed and substantive responses to subsections (a)-(e), which specifically includes the identities of any shippers, brokers, intended route, and when and how the load was to be delivered.

e. <u>Interrogatory No. 14:</u> XPO shall provide Plaintiff with a detailed and substantive response that sets forth and describes all formal and informal disciplinary and/or counseling actions regarding William Lamb undertaken by XPO at any time.

f. <u>Interrogatory No. 15</u>: XPO shall provide Plaintiff a detailed and substantive response setting forth all training and education (including on job training) provided by or on behalf of XPO to William Lamb relating to the operation of a commercial motor vehicle.

g. <u>Interrogatory No. 22:</u> XPO shall, in detail, identity of all policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for William Lamb at the time of the subject crash.

h. <u>Interrogatory No. 36</u>: XPO shall provide the identities of all persons involved with the preventability analysis/determination concerning the subject crash of October 11, 2023, the dates of the review, and the conclusions that were reached.

i. <u>Interrogatory No. 38:</u> XPO shall identify and list the insurer, insured and policy limit(s) for any and all layers of liability insurance coverage that does or may provide coverage on behalf of XPO as of the date of the subject crash on October 11, 2023. This includes excess/layered liability coverage of any kind that would

3

or may provide coverage for this case, including disclosure of documents that reveal or relate to the entire tower of liability coverage afforded to XPO as of October 11, 2023.

j. <u>First Request for Production No. 2:</u> XPO shall provide Plaintiff a complete, unredacted copy of all document retention policies that were in effect at time of the subject crash of October 11, 2023.

k. <u>First Request for Production No. 3-4:</u> XPO shall provide declaration pages for all layers of coverage in the tower of liability coverage for XPO as of October 11, 2023 that does or may provide coverage for the subject crash of October 11, 2023. XPO shall also provide any reservation of rights letters or agreements regarding insurance coverage for the subject crash.

l. <u>First Request for Production No. 6:</u> XPO shall provide Plaintiff the contents of William Lamb's Driver Qualification File, Driver Investigation File, Driver History File and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.

m. <u>First Request for Production No. 35:</u> XPO shall provide Plaintiff with all telematics data, videos, photos, and coaching sessions involving William Lamb from the date of hire through present.

n. <u>First Request for Production No. 42:</u> XPO shall provide Plaintiff with the Bill of Lading, Manifest, weight receipts, dispatch

4

documents/records and content summaries relating to the load being transported by William Lamb on October 11, 2023.

o. <u>First Request for Production No. 46:</u> XPO shall provide Plaintiff with all documents relating to the preventability analysis and determination relating to the subject crash of October 11, 2023, including the conclusions of the preventability review/analysis.

p. <u>First Request for Production No. 55-59:</u> XPO shall further supplement its responses to First Request for Production No. 55-59 and provide Plaintiff with all training materials, manuals, policies, directives, handbooks, rules and other training materials provided or used by its CDL drivers, including William Lamb. This includes safety training videos, PowerPoints or other demonstrative training materials used by XPO for its drivers, including William Lamb.

q. <u>First Request for Production 61</u>: XPO shall produce to Plaintiff any document, article or presentation prepared and/or presented by any XPO representative relating to the safe operation of a commercial motor vehicle during the past five years.

r. <u>First Request for Production No. 65</u>: XPO shall produce to Plaintiff a fully unredacted version of XPO's Accident Register, which is required to be maintained by federal law (49 CFR 390.15).

s. <u>Request for Production 66:</u> XPO shall produce to Plaintiff all Rule

5

30(b)(6) deposition transcripts from corporate designees from XPO for litigation within the last 5 years that involve the following: (a) serious injury or death and (b) a left turn by XPO's driver. These transcripts shall be produced in an unredacted format.

3. Defendant XPO's Responses to Plaintiff's Second Requests for Production of Documents contained numerous improper objections and did not comply with the North Carolina Rules of Civil Procedure.

4. With respect to Plaintiff's Second Request for Production of Documents, Defendant XPO shall supplement the following specific responses with full, complete, and substantive responses without further objection, within thirty (30) days of the entry of this Order, specifically as follows:

> a. <u>Second Request for Production No. 1</u>: XPO shall produce to Plaintiff all telematics videos, datasets, photos, screenshots, comments, coaching sessions, events coached and session notes relating to William Lamb from the date of hire (09/09/20-present).
>
> b. <u>Second Request for Production No. 2:</u> XPO shall provide Plaintiff any documents that identify employees of XPO (or third parties) who have monitored telematics programs and/or telematics data for employee William Lamb from the date of hire (09/09/20-present).
>
> c. <u>Second Request for Production No. 4</u>: XPO shall produce to Plaintiff logs of all safety alerts received in the telematics safety

6

inbox or other location designated for William Lamb for 6-months prior to the subject crash on October 11, 2023 through present.

d. <u>Second Request for Production No. 6</u>: XPO shall produce to Plaintiff a printout of the Safety Score (or its equivalent) and the configuration page under any telematics program used by XPO for the 3-months prior to the subject crash of October 11, 2023 through present.

e. <u>Second Request for Production No. 8</u>: XPO shall produce to Plaintiff a printout of the alert configuration page for any telematics software used by XPO for the date of the subject crash (October 11, 2023).

f. <u>Second Request for Production No. 9:</u> XPO shall produce to Plaintiff all notifications in the telematics software inbox (or other similar location) for William Lamb for 6-months prior to the subject crash of October 11, 2023 through present.

g. <u>Second Request for Production No. 10</u>: XPO shall produce to Plaintiff documents relating to the telematics safety settings utilized for William Lamb's commercial vehicle.

h. <u>Second Request for Production No. 11</u>: XPO shall produce to Plaintiff documents relating to the safety settings in any telematics transportation management system or software as of the date of the subject crash of October 11, 2023.

i. <u>Second Request for Production No. 13</u>: XPO shall produce to Plaintiff the administrative username and password for any telematics software /safety management system being used by XPO as of the date of the subject crash of October 11, 2023 in order for Plaintiff's consultant(s) to assess the transportation management system account for data and information relating specifically to (a) the subject crash of October 11, 2023 and (b) William Lamb.

j. <u>Second Request for Production No. 14</u>: XPO shall produce a complete full-length, uncut and unredacted version of any and all video footage from the date of the subject crash of October 11, 2023.

5. To the extent that Defendant XPO claims that a document or set of documents is not within their possession or control, Defendant XPO shall specifically identify the document(s), the custodian of the document(s), the efforts made to obtain the document(s), and, to the extent that any document was destroyed, the date of destruction and the identity of the individual(s) who authorized the destruction of any such document(s).

6. To the extent that Defendant XPO claims that a document or documents are protected from disclosure pursuant to the attorney-client or work product privileges, Defendant XPO shall provide detailed privilege logs that set forth with particularity the document or documents, the author of the

8

document(s), the recipient of the document(s), and a description of the document(s) being withheld sufficient for the Plaintiff to evaluate the claim of privilege.

7. To the extent that the Parties cannot agree on whether a document is subject to the attorney-client or work-product privileges, the Party that is asserting the privilege shall submit the materials to the Undersigned for *in camera* review.

8. The Court finds and concludes that the Consent Protective Order previously entered in this Action provides adequate protection for any materials subject to any alleged trade secret, confidential, or proprietary privileges.

**IT IS SO ORDERED.**

This the 21 day of January, 2025.

                                                 HONORABLE JAMES GREGORY BELL
                                                 Senior Resident Superior Court Judge
                                                 Presiding

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT XPO LOGISTICS FREIGHT, INC.** on all of the parties to this cause by **electronic mail** addressed to the attorney for each party as follows:

Megan M. Stacy
Le'Ron A. Byrd
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville Street, Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Attorneys for Defendants XPO Logistics Freight, Inc. and William Lamb*

Jennifer A. Welch
N.C. State Bar No. 31360
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Phone:        (919) 828-5100
Facsimile:  (919) 828-2277
Email:         jwelch@cshlaw.com
*Attorneys for Counterclaim Defendant Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith*

This the 21st day of January, 2025.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

BY: _____
J. WILLIAM OWEN
*Attorney for Plaintiff*