# EXHIBIT 27

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
ROBESON COUNTY                                 24 CVS 468

CINDY SOLES SMITH, Administratrix )
of the ESTATE OF MARK KEANNAN     )
SMITH                             )
                                  )
             Plaintiff,           )
                                  )
v.                                )
                                  )
WILLIAM BRATTY LAMB and           )
XPO LOGISTICS FREIGHT, INC.       )
                                  )
             Defendants.          )
                                  )

## MOTION TO QUASH SUBPOENA

NOW COMES Plaintiff Cindy Soles Smith, by and through her undersigned Counsel of Record, and pursuant to Rule 45(c)(5), moves this Honorable Court to quash the subpoena served by Defendant XPO Logistics Freight, Inc. ("XPO") directed to Hedgestone Consulting and Analysis Group on February 20, 2025. The Court should exercise its discretion and quash the subpoena pursuant to Rule 45(c)(5) for the following reasons:

1. The subject subpoena was served by counsel for XPO on one of Plaintiff's private consultants who was not designated as an expert in this Action. *(Plaintiff's Exhibit 1)*

2. Hedgestone Consulting and Analysis Group – operated by Investigator Erich Von Hackney – was used by Plaintiff and her counsel to prepare for litigation and the subpoena issued by XPO attempts to command production of clearly privileged attorney work product that is *not* the subject of disclosure in this Action.

3. Counsel for Plaintiff has already produced all non-privileged materials from Hedgestone Consulting and Analysis Group to XPO.

4. The subpoena is also procedurally defective in that it was not signed as is required by Rule 45 of the North Carolina Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully prays that the Court enter an Order for the following:

1. Quash the subpoena served upon Hedgestone Consulting and Analysis Group by XPO on February 20, 2025.
2. Restrict the release of any privileged attorney work-product materials contained within the file of Hedgestone Consulting and Analysis Group from release.

This the 27th day of February, 2025.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM

J. William Owen, Esq.
N.C. Bar No. 47994
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Counsel for Plaintiff*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *PLAINTIFF'S MOTION TO QUASH SUBPOENA, NOTICE OF HEARING and CALENDAR REQUEST* was served upon all parties by email and U.S. mail to the following:

Megan M. Stacy
Austin Kessler
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc. and Defendant Lamb*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
*Counsel for Counterclaim Defendant Cindy Smith, Adminsitratrix of the Estate of Mark K. Smith.*

This the 27th day of February, 2025.

                MUSSELWHITE, MUSSELWHITE,
                BRANCH & GRANTHAM, P.A.

                */s/ J. William Owen*

                J. William Owen
                NC State Bar No. 47994
                606 N. Elm Street
                Lumberton, NC 28358
                wowen@mmbglaw.com
                *Counsel for Plaintiff*

# STATE OF NORTH CAROLINA

ROBESON County

File No. 24 CVS 468

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Cindy Soles Smith, Administratrix Est. of Mark K. Smith

**VERSUS**

William Bratty Lamb and XPO Logistics Freight, Inc.

## SUBPOENA

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

**Party Requesting Subpoena**
☐ State/Plaintiff  ☒ Defendant

**NOTE TO PARTIES NOT REPRESENTED BY COUNSEL:** Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

**TO** Name And Address Of Person Subpoenaed
Hedgestone Consulting and Analysis Group
Attention: Erich Von Hackney
1109 Water Street
Lumberton, NC 28358

Telephone No. 910-734-0209

**YOU ARE COMMANDED TO:** (check all that apply)
☐ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.
☒ produce and permit inspection and copying of the following items, at the place, date and time indicated below.
  ☐ See attached list. (List here if space sufficient)

Please provide your entire file related to Mark K. Smith, William Bratty Lamb, and the incident that occurred on October 11, 2023 at approximately 7:00 a.m. on US-74 in Lumberton, North Carolina. The incident involved a traffic accident and the eventual death of Mr. Smith. As noted, we request production of your entire file related to the aforementioned parties and incident, including but not limited to, documents, papers, photographs, pictures, videos, schematics, notes, writings, records, recordings, text messages, emails, correspondence, statements, or any other thing.

**Name And Location Of Court/Place Of Deposition/Place To Produce**
Gordon Rees Scully Mansukhani
150 Fayetteville Street
Suite 1120
Raleigh, NC 27601

Date To Appear/Produce, Until Released: 03/03/2025
Time To Appear/Produce, Until Released: 9:00 ☒ AM ☐ PM
Date: 02/20/2025

**Name And Address Of Applicant Or Applicant's Attorney**
Megan M. Stacy and Austin R. Kessler
Gordon Rees Scully Mansukhani
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601

Telephone No. Of Applicant Or Applicant's Attorney: 984-332-8606

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court
☐ Magistrate  ☒ Attorney/DA  ☐ District Court Judge
 ☐ Superior Court Judge

## RETURN OF SERVICE

I certify this subpoena was received and served on the person subpoenaed as follows:
By ☐ personal delivery.  ☐ registered or certified mail, receipt requested and attached.
☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).
☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).
**NOTE TO COURT:** If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may **not** issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.
☐ I was unable to serve this subpoena. Reason unable to serve: _____

Service Fee $ ☐ Paid ☐ Due | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency

**NOTE TO PERSON REQUESTING SUBPOENA:** A copy of this subpoena must be delivered, mailed or faxed to the attorney. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts
(Please see reverse side)

**PLAINTIFF'S EXHIBIT 1**

NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).

(c) Protection of Persons Subject to Subpoena

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:
   a. The subpoena fails to allow reasonable time for compliance.
   b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
   c. The subpoena subjects a person to an undue burden or expense.
   d. The subpoena is otherwise unreasonable or oppressive.
   e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

(d) Duties in Responding to Subpoena

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a).The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

## INFORMATION FOR WITNESS

NOTE: *If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."*

**DUTIES OF A WITNESS**
- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**
It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**
A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts