# Exhibit 81
# 10/10/24 Letter to XPO

J.W. Musselwhite
W. Edward Musselwhite, Jr.
David F. Branch, Jr.

# MUSSELWHITE | MUSSELWHITE BRANCH & GRANTHAM

ATTORNEYS AT LAW

Norris Musselwhite Grantham
J. William Owen

William E. Musselwhite Sr.
(1930-1987)

Fred L. Musselwhite
(1939-2017)

October 10, 2024

VIA EMAIL AND US MAIL

Megan Stacy
Le'Ron Byrd
Gordon Rees Scully Mansukhani
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601

Re: Cindy Soles Smith, Administratrix of the Estate of Mark K. Smith
v. William Bratty Lamb and XPO Logistics Freight, Inc.
24 CVS 468 (Robeson County)

Dear Megan & Le'Ron:

I have reviewed XPO's supplemental discovery responses dated September 3, 2024.

As you know, Plaintiff served 74 specific Request for Production of Documents on XPO on June 5, 2024. In your supplemental responses, XPO objected 74 times – to every single Request for Production served by Plaintiff. It is noteworthy that nearly all of the objections are identical boilerplate objections. In the same set of discovery, Plaintiff served 38 Interrogatories on XPO. In the supplemental responses, XPO objected 38 times – to every single interrogatory served by Plaintiff. Likewise, nearly all of these objections are identical boilerplate objections.

As you know, Courts routinely grant motions to compel and even sanctions where a party responding to discovery utilizes general, boilerplate objections. Courts in this state have uniformly expressed disfavor for general boilerplate objections and these objections do not comply with the Rules of Civil Procedure. As you will recall from our previous correspondence, the discovery responses of XPO were past-due when they were served beyond the time set forth in the Order issued by the Clerk and without any extensions from our office. It remains our position that as a matter of law, all of XPO's objections to the past-due written discovery were thereby waived.

Notwithstanding the waiver issue, in an effort to move this matter forward – I have summarized our position regarding some of the more serious written discovery deficiencies below:

606 North Elm Street  Post Office Box 1448  Lumberton, NC 28359-1448
Telephone: (910) 738-5277  Fax: (910) 738-3678


PLAINTIFF'S EXHIBIT 10

- RFP No. 2: Plaintiff requested a copy of the document retention policies for XPO. XPO indicated that these policies would be supplemented. We have not received responsive documents.

- RFP No. 3 and No. 4: Plaintiff requested copies of each insurance policy and the corresponding declaration page for *each policy* that provides coverage for the Subject Incident. XPO provided one policy from Chubb which appears to insure XPO Logistics, Inc, up to $10,000,000. As you know, we sued XPO Logistics Freight, Inc. and their employee-driver (Lamb). The policy that you provided appears to only insure XPO Logistics, Inc. – not XPO Logistics Freight, Inc. We need declaration pages for the entire tower of coverage for XPO Logistics Freight, Inc. It is my understanding that the tower is well into the 9-figure range. We have not received these highly relevant and discoverable insurance documents, please supplement your response accordingly.

- RFP No. 6: Plaintiff requested the Driver Qualification File, Driver Investigation File and Driver History File that is required under federal law. Plaintiff has not received responsive documents to this request.

- RFP No. 33: Plaintiff seeks email communications between Lamb and XPO for the 90 days prior to the subject collision to present. Plaintiff has not received any responsive documents. If documents are being withheld pursuant to privilege, please provide a privilege log.

- RFP No. 34: Plaintiff seeks communications between Lamb and XPO that were transmitted through any system on-board the tractor and trailer involved in the subject collision for 30-days before the Subject Incident and ending 7 days after the Subject incident. Plaintiff has not received responsive documents. To the extent that said communications are confidential or proprietary, we now have a protective order in place and we ask that these documents be produced.

- RFP No. 35: Plaintiff seeks all on-board audio and video from the on-board monitoring devices. We now know that XPO uses the telematics program provided through Lytx to monitor, train and "coach" its employee-drivers. We need all of the Lytx data from the subject tractor and all Lytx data that in any way relates to Defendant Lamb.

- RFP No. 40: Plaintiff seeks Driver Vehicle Inspection Reports (DVIR) from the period of 6-months before the Subject Incident until one week following the Subject Incident for the tractor and trailer involved in this collision. XPO objected to this request as overly broad – Plaintiff is only seeking DVIR's for the subject tractor and trailer involved in this collision. This is not overly broad or unduly burdensome.

- RFP No. 42: Plaintiff seeks basic shipping documents from XPO, including the bill of lading, manifest and dispatch documents related to

the load that Defendant Lamb was transporting at the time of the subject collision. No documents have been produced. These are clearly relevant and discoverable.

- RFP No. 46: Plaintiff seeks documents related to the Preventability Reports/Analysis prepared by XPO following the subject collision. Plaintiff has not received any responsive documents relating to the preventability analysis that was completed by XPO in the ordinary course of business. Please supplement this response accordingly.

- RFP No. 55-59: These requests seek all training materials provided to XPO drivers. While you produce the purported "employee handbook" for XPO —we need all *training materials* that were provided to Defendant Lamb or that should have been provided to Defendant Lamb during his employment with XPO.

- RFP No. 60: Plaintiff seeks *documents* – not counsel-created summaries – of the hierarchy at XPO at the time of the subject collision and presently.

- RFP No. 61: Plaintiff seeks documents that were prepared and/or presented by XPO representatives concerning the *safe operation of commercial vehicles* during the last 5 years. Plaintiff has not received any documents responsive to this request. This request is not overly broad as it relates specifically to safety.

- RFP No. 63-64: Plaintiff seeks any contracts or agreements applicable to Defendant Lamb or the subject tractor and trailer. Defendant objected to this request. If documents are being withheld pursuant to privilege, please produce a privilege log.

- RFP No. 65: Plaintiff seeks XPO's "Accident Register" which is required by federal law. Plaintiff has not received any responsive documents to this specific request. It is not overly broad or unduly burdensome to produce this highly relevant information.

- RFP No. 66: Plaintiff seeks deposition transcripts from XPO corporate designees concerning accidents where it was alleged that XPO's employee caused an injury or death to another person during the last 5 years. Plaintiff has not received any responsive documents. This is not overly broad or burdensome. If documents are being withheld pursuant to privilege, please produce a privilege log.

- Interrogatory No. 3: Plaintiff seeks information concerning claims and lawsuits filed against XPO wherein a person was injured or killed as a result of XPO drivers. No responsive documents were produced. This is highly relevant information that is discoverable. XPO alleges that this information is public. Keep in mind that Plaintiff seeks pre-suit *claim*

information that is not public. Please supplement this response accordingly.

- Interrogatory No. 5: Plaintiff seeks actual written responses to (a)-(g) – none were provided. Please supplement with written responses to each subsection. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 6: Plaintiff seeks actual written responses to (a)-(e) –none were provided. Please supplement with written responses to each subsection. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 7: Plaintiff seeks actual written responses to (a)-(e) –none were provided. Please supplement with written responses to each subsection. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 12: Plaintiff seeks actual written responses to (b)-(d). Please supplement with written responses to each subsection. These questions are not overbroad. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 14: Plaintiff seeks actual written responses to the question asked. XPO only provided a direction to documents produced rather than written responses as required by the Rules. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 15: Plaintiff seeks actual written responses to the question asked. XPO only provided a direction to files produced rather than written responses as required by the Rules. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 20: Please produce the "internal investigation documents" that XPO references in this response. If documents are being withheld pursuant to privilege, please product a privilege log.

- Interrogatory No. 22: Plaintiff seeks actual written responses to the question asked. XPO only provided a direction to documents produced rather than written responses as required by the Rules. These questions are not overbroad or unduly burdensome to answer.

- Interrogatory No. 26: Please produce the "internal investigation documents" that XPO references in this response. If documents are being withheld pursuant to privilege, please product a privilege log.

- Interrogatory No. 32: Please produce the "internal investigation documents" that XPO references in this response. If documents are being withheld pursuant to privilege, please product a privilege log.

- Interrogatory No. 36: Plaintiff seeks actual written responses to the question asked. XPO only provided a direction to documents that were allegedly produced rather than written responses as required by the Rules. These questions are not overbroad or unduly burdensome to answer. Plaintiff is not seeking information concerning experts hired by XPO. This Interrogatory ask for written answers concerning XPO's accident review board and preventability determination, which are conducted in the ordinary course of business.

- Interrogatory No. 38: Plaintiff seeks actual written answers to the question posed regarding the identity of insurance carriers for XPO, policy numbers, limits of coverages and names of all insureds. Please supplement this response as this information is clearly and specifically discoverable under the Rules.

In addition to the above, please produce the following:

- Unredacted version of XPO-000058;
- XPO-000091 does not appear to relate to this case (wrong employee);
- Please provide a legible copy of XPO- 000109.

Lastly, we have not received any meaningful response to our Request for Monetary Relief Sought. I understand that XPO has sued my client for damages to the trailer owned by XPO. The computation for the exact monetary relief sought should not be difficult to ascertain. Please supplement the foregoing responses in the next fifteen (15) business days. Once again, please consider this correspondence as Plaintiff's good faith attempt under Rule 37 to resolve these discovery deficiencies without the need for the Court's intervention. I look forward to continuing to work with you on this incredibly tragic matter.

Sincerely yours,

MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM

J. William Owen

Cc: Jennfier Welch (via email only)