# Exhibit 85

# 12/24/24 – Letter to XPO

J.W. Musselwhite
W. Edward Musselwhite, Jr.
David F. Branch, Jr.

# MUSSELWHITE | MUSSELWHITE
# BRANCH & GRANTHAM

## ATTORNEYS AT LAW

Norris Musselwhite Grantham
J. William Owen

William E. Musselwhite Sr.
(1930-1987)
Fred L. Musselwhite
(1939-2017)

December 24, 2024

<u>VIA EMAIL ONLY</u>

Megan Stacy
Le'Ron Byrd
Gordon Rees Scully Mansukhani
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601

Re: **Cindy Soles Smith, Administratrix of the Estate of Mark K. Smith v. William Bratty Lamb and XPO Logistics Freight, Inc. 24 CVS 468 (Robeson County)**

Dear Megan & Le'Ron:

    I have now had an opportunity to review Defendant XPO Logistics Freight, Inc.'s Supplemental Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. I have also reviewed Defendant XPO Logistics Freight, Inc.'s Responses to Plaintiff's Second Request for Production of Documents, both of which were served by email on 12/23/24 at 4:41PM – a mere 19 minutes before their due date, and after multiple extensions of time. You will also recall that in a detailed correspondence dated November 1, 2024, Plaintiff voluntarily narrowed the scope of the initial Interrogatories and Request for Production of Documents in a good faith effort to obtain relevant and responsive documents from XPO. To date, these various good faith efforts have proven to be a waste of time.

    I must inform you that both sets of discovery responses are woefully insufficient and lacking. For instance, XPO only produced the "DDEC Report" (ECM printout) from the subject tractor instead of the actual telematics data related specifically to Defendant Lamb that was requested throughout the Second Request for Production of Documents. In fact, Defendant XPO failed to produce any additional documents whatsoever that pertain to the actual telematics systems that were onboard the subject tractor (i.e, Lytx and/or Samsara). The boilerplate objections throughout the responses are likewise unavailing. Under Rule 26(b)(1) we may obtain discovery from XPO regarding:

> "Any matter, not privileged, which is relevant to the subject matter involved in the pending action, <u>whether it relates to the claim</u> or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any

606 North Elm Street    Post Office Box 1448    Lumberton, NC 28359-1448
Telephone: (910) 738-5277    Fax: (910) 738-3678

books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears <u>reasonably calculated</u> to lead to the discovery of admissible evidence nor is it grounds for objection that the examining party has knowledge of the information as to which discovery is sought."

For instance, XPO's general objections throughout the responses seem to suggest that Plaintiff is only entitled to documents or data that relate to the subject crash and nothing else. I would urge you to review the First Amended Complaint in further detail as we have asserted <u>multiple claims for relief</u> including independent negligence claims against XPO for negligent hiring, training, retention, supervision and the like. We are also seeking punitive damages for the willful and wanton conduct of both Defendant Lamb and XPO. Simply put, we are entitled to written discovery pertaining to acts or omissions that occurred *prior to the subject collision* as those request relate squarely to our various claims and causes of action. Moreover, by way of example, Defendant XPO Logistics Freight, Inc. failed to produce the declaration pages for excess layers of insurance coverage that have been requested multiple times. We are not asking for your opinion regarding coverage – we are simply entitled to the insurance policies that *may* provide coverage for a verdict obtained in this wrongful death case – not whether you or XPO believes that this claim warrants that particular value.

I regret to inform you that given the ongoing discovery abuse and deficiencies, we will be filing a motion to compel and will notice the hearing for **January 13, 2025 at 10:00am.** Our filed motion and notice of hearing are forthcoming. To the extent that additional supplementation are forthcoming, I suggest that XPO serve the supplementation as soon as possible.

Sincerely yours,

MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM

J. William Owen

Cc: Jennfier Welch (via email only)