# Exhibit 92

# Second Request for Production of Documents to XPO



J.W. Musselwhite
W. Edward Musselwhite, Jr.
David F. Branch, Jr.

Norris Musselwhite Grantham
J. William Owen

William E. Musselwhite Sr.
(1930-1987)
Fred L. Musselwhite
(1939-2017)

## ATTORNEYS AT LAW

October 22, 2024

VIA EMAIL AND US MAIL

Megan Stacy
Le'Ron Byrd
Gordon Rees Scully Mansukhani
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601

> Re: Cindy Soles Smith, Administratrix of the Estate of Mark K. Smith
> v. William Bratty Lamb and XPO Logistics Freight, Inc.
> 24 CVS 468 (Robeson County)

Dear Megan & Le'Ron:

Enclosed please find Plaintiff's Second Request for Production of Documents to Defendant XPO Logistics Freight, Inc.

Sincerely yours,

MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM

J. William Owen

Cc: Jennfier Welch (via email only)

606 North Elm Street    Post Office Box 1448    Lumberton, NC 28359-1448
Telephone: (910) 738-5277    Fax: (910) 738-3678

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ROBESON                24 CVS 468

CINDY SOLES SMITH, Administratrix of the )
ESTATE OF MARK KEANNAN SMITH )
                                            )
                Plaintiff, )
v.                                        )
                                            )
WILLIAM BRATTY LAMB )
                    Defendant )
and )
XPO LOGISTICS FREIGHT, INC. )
                Defendant/Counterclaim )
                Plaintiff )

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT XPO LOGISTICS FREIGHT, INC.

      Pursuant to Rules 26 and 34 of the North Carolina Rules of Civil Procedure, you are hereby required to answer under oath within thirty (30) days the following requests for discovery. Each of the Request for Production is continuing so as to require you to file supplemental answers if you obtain further or different information between the time your answers are served and the time of the trial. These Request for Production request documents and data which is known by you or is available to you, or is in the possession of your representatives, servants, or agents, insurance carriers and their representatives, including your attorney and his investigators, unless such information is <u>clearly</u> privileged.

      For each document responsive to this request that is withheld under claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document:

1. The name and title of the author;
2. The name and title of each person to whom the document was addressed;
3. The name and title of each person to whom a copy of the document was sent;
4. The date of the document;
5. The number of pages of the document;
6. A brief description of the nature and subject matter of the document;
7. The nature of the claimed privilege or immunity;

8. The category or categories of the request to which the document is responsive; and
9. The exact location of the original and each copy as of the date and receipt of this request, along with the name and address of the custodian of said originals and copies.

If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, name and title of the addressee, date of the document, subject matter of the document or documents, the last date on which the document was in your control, the person or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition and state what knowledge each person has.

Pursuant to Rule 34 of the North Carolina Rules of Civil Procedure, the plaintiff hereby requests that the defendant produce the originals of all documents herein requested and permit the plaintiff to inspect and copy the same, at the law office of Musselwhite, Musselwhite, Branch & Grantham, P.A. (606 N. Elm Street Lumberton, NC 28358) on the thirtieth (30) day following service of these Interrogatories, Requests for Production of Documents, and Requests for Admissions. In the alternative, the defendant may comply with these requests by attaching legible copies of all such documents and clearly designating the request to which each document or group of documents pertains.

In the event the defendant should fail to answer or should provide evasive or incomplete answers to any of the discovery requests set forth below, or in the event the defendant should fail or refuse to produce any of the documents requested herein, the plaintiff puts the defendant on notice that the plaintiff will move the Court, pursuant to Rule 37(a)(4) of the North Carolina Rules of Civil Procedure, for the reasonable expenses, including attorney's fees, incurred by the plaintiff to move the Court to compel the defendant to provide answers or to provide adequate or complete answers to all such discovery requests and to produce all such documents requested herein.

For the purposes of these discovery requests, the meaning of the word "document" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, reports, phonograph records, computer records, digital recordings, and other data compilations from which information can be obtained or translated, if necessary, through detection devices or other equipment, into usable form.

You are required and have a lawful duty to supplement, update and amend your responses and answers to these discovery requests in the following instances:

1. Any requests or questions directly addressed to:
    a. The identity and location of persons having knowledge of discoverable matter; and

2

    b.    The identity of each person expected to be called as an expert witness at the trial, the subject matter on which he is to testify and the substance of his testimony.

2. Any responses or answers to questions or requests if you obtain information upon the basis of which:
    a.    You know or discover that the prior response was incorrect or incomplete when made; or
    b.    You know that the response, though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Requests for Production of Documents to <u>Defendant XPO Logistics Freight, Inc.</u>:

1. The term **"Document"** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events

3

in question.

4. "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5. "**Subject Incident**" means the collision between William Bratty Lamb, driver for XPO Logistics Freight, Inc and Mark K. Smith, which occurred on October 11, 2023 in Robeson County, North Carolina.

6. "**You**," "**Your**," or "**XPO**" means Defendant XPO Logistics Freight, Inc.

7. "**William Lamb**" means Defendant William Bratty Lamb.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10. Whenever necessary to bring within the scope of a request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "**all**," and "**all**" includes "**any**."

11. "**Telematics Data**" or "**Telematics Software**" as that term is used herein includes but is not limited to all underlying data relating to: stationary and in motion updates, all notifications and alerts, trip reports, maintenance notifications, hours of service records and notifications mapping and navigating records, critical event notifications, video, audio, safety scorecards and associated data, collision notification, in-vehicle driver coaching, training records, re-training records, targeted training, documentation that self-coaching was completed, and driver

4

behavior notifications (including but not limited to erratic steering pattern detection, signs of fatigue, acceleration, braking, cornering, idling, close following, U-turns, speeding, cell phone use, risky behaviors, distracted driving and lane departures).

## SECOND REQUEST FOR PRODUCTION TO DEFENDANT XPO LOGISTICS FREIGHT, INC.

PURSUANT to Rule 34 of the Rules of Civil Procedure, you are requested to produce for copying and inspection those items listed below. These items are to be produced at the offices of Musselwhite, Musselwhite, Branch & Grantham 606 N. Elm Street Lumberton, NC 28358 Monday through Friday within the time limit provided by the Rules of Civil Procedure. The items to be produced include:

1. All telematics data (specifically including but not limited to: videos, screenshots, coaching sessions, behaviors coached, event coached, comments, event notes and session notes) for William Lamb from date of hire (09-09-20) through present.

   **RESPONSE:**

2. Any documents that reflect the identity of employees of XPO Logistics Freight Inc. (or any third parties) who regularly monitored or reviewed telematics data (including but not limited to Lytx software) for employee William Lamb from the date of hire (09-09-20) through present.

   **RESPONSE:**

3. Produce copies of all communications and transmissions between William Lamb and any entity transmitted through any system on-board the tractor and trailer involved in the Subject Incident for the period of 30-days before the Subject Incident and ending 7-days after the Subject Incident. This includes any and all satellite or cellular systems or telematics systems, regardless of manufacturer, and includes without limitation, all electronic on-board recorders (EOBRs) and systems such as those made available by Geotab, Teletrac Navman, Verizon Connect, Samsara, Fleet Complete, Motive, GPS Insight, ORBCOMM or some other system or the like.

   **RESPONSE:**

4. With respect to any telematics software being used by XPO Logistics Freight, Inc, produce the log of all safety alerts received in the safety inbox or other location designated for William Lamb for 6-months prior to the Subject Incident through present.

   **RESPONSE:**

5

5. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce any and all electronic log violations or notifications for William Lamb for 6-months prior to the Subject Incident.

   **RESPONSE:**

6. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce a printout of the Safety Score and the configuration page for William Lamb for 3-months prior to the Subject Incident through present.

   **RESPONSE:**

7. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce a printout of the speeding settings page for the transportation management system used by XPO Logistics Freight, Inc. on the date of the Subject Incident.

   **RESPONSE:**

8. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce a printout of the alert configuration page for the date of the Subject Incident.

   **RESPONSE:**

9. With respect to any telematics software being used by XPO Logistics Freight, Inc, produce all notifications in the inbox (or other similar location) for William Lamb for 6-months prior to the Subject Incident through present.

   **RESPONSE:**

10. With respect to any telematics software being used by XPO Logistics Freight, Inc, produce the safety setting in the transportation management system utilized for William Lamb's individual vehicle/person on the date of Subject Incident.

    **RESPONSE:**

6

11. Produce the safety setting in the transportation management system utilized for fleet wide vehicles on the date of the Subject Incident (these include: harsh event sensitivity, forward collision warning, distracted driving detection, tailgating detection, following distance, audio recording, camera height calibration, in-cab voice coaching for policy violations, in-cab coaching for driver speeding and in-cab nudges or alerts).

    **RESPONSE:**

12. Produce the electronics audit log for William Lamb's electronic logging device for 6-months before the Subject Incident.

    **RESPONSE:**

13. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce the administrative username and password for Plaintiff's expert(s) to access XPO Logistic Freight Inc.'s transportation management system account for data and information related to the Subject Incident and William Lamb.

    **RESPONSE:**

14. Produce the complete video footage, from the Video Library in the telematics system cloud or wherever it is located, of the forward-facing and driver-facing video footage from the date of the Subject Incident.

    **RESPONSE:**

15. With respect to any telematics software being used by XPO Logistics Freight, Inc., produce the Video Audit Log for the video produced of the Subject Incident, which may show which administrator viewed the video, when they viewed it, when it was downloaded, and any pinned notes saved with the video.

    **RESPONSE:**

This the 22nd day of October, 2024

                MUSSELWHITE, MUSSELWHITE,
                BRANCH & GRANTHAM, P.A.

                */s/ J. William Owen*

                J. William Owen
                NC State Bar No. 47994
                606 N. Elm Street
                Lumberton, NC 28358
                wowen@mmbglaw.com
                *Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing *Plaintiff's Second Request for Production of Documents to Defendant XPO Logistics Freight, Inc.* was served on all counsel of record, via electronic mail only addressed as follows:

Megan M. Stacy
Gordon Rees Scully Mansukhani, LLP
Le'Ron A. Byrd
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc. and Defendant Lamb*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
*Counsel for Counterclaim Defendant Cindy Smith, Adminsitratrix of the Estate of Mark K. Smith.*

This the 22nd day of October, 2024

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

J. William Owen
NC State Bar No. 47994
606 N. Elm Street
Lumberton, NC 28358
wowen@mmbglaw.com
*Counsel for Plaintiff*