# Exhibit 93

# Plaintiff's Discovery Request to Lamb

STATE OF NORTH CAROLINA

COUNTY OF ROBESON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS 468

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILLIAM BRATTY LAMB | ) ) |
| Defendant | ) ) |
| and | ) ) |
| XPO LOGISTICS FREIGHT, INC. | ) ) |
| Defendant/Counterclaim Plaintiff | ) ) ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION, AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT WILLIAM BRATTY LAMB**

Pursuant to Rules 26, 33, 34 and 36 of the North Carolina Rules of Civil Procedure, you are hereby required to answer under oath within thirty (30) days the following requests for discovery. Each of the interrogatories is a continuing interrogatory so as to require you to file supplemental answers if you obtain further or different information between the time your answers are served and the time of the trial. These interrogatories request information which is known by you or is available to you, or is in the possession of your representatives, servants, or agents, insurance carriers and their representatives, including your attorney and his investigators, unless such information is <u>clearly</u> privileged.

For each document responsive to this request that is withheld under claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document:

     1.    The name and title of the author;
     2.    The name and title of each person to whom the document was addressed;
     3.    The name and title of each person to whom a copy of the document was sent;
     4.    The date of the document;
     5.    The number of pages of the document;

6.     A brief description of the nature and subject matter of the document;
7.     The nature of the claimed privilege or immunity;
8.     The category or categories of the request to which the document is responsive; and
9.     The exact location of the original and each copy as of the date and receipt of this request, along with the name and address of the custodian of said originals and copies.

If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, name and title of the addressee, date of the document, subject matter of the document or documents, the last date on which the document was in your control, the person or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition and state what knowledge each person has.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

Pursuant to Rule 34 of the North Carolina Rules of Civil Procedure, the plaintiff hereby requests that the defendant produce the originals of all documents herein requested and permit the plaintiff to inspect and copy the same, at the law office of Musselwhite, Musselwhite, Branch & Grantham, P.A. (606 N. Elm Street Lumberton, NC 28358) on the thirtieth (30) day following service of these Interrogatories, Requests for Production of Documents, and Requests for Admissions. In the alternative, the defendant may comply with these requests by attaching legible copies of all such documents and clearly designating the interrogatory to which each document or group of documents pertains.

In the event the defendant should fail to answer or should provide evasive or incomplete answers to any of the discovery requests set forth below, or in the event the defendant should fail or refuse to produce any of the documents requested herein, the plaintiff puts the defendant on notice that the plaintiff will move the Court, pursuant to Rule 37(a)(4) of the North Carolina Rules of Civil Procedure, for the reasonable expenses, including attorney's fees, incurred by the plaintiff to move the Court to compel the defendant to provide answers or to provide adequate or complete answers to all such discovery requests and to produce all such documents requested herein.

For the purposes of these discovery requests, the meaning of the word "document" shall include, but not be limited to, writings, drawings, graphs, charts, photographs, reports, phonograph records, computer records, digital recordings, and other data compilations from which information can be obtained or translated, if necessary, through detection devices or other equipment, into usable form.

2

You are required and have a lawful duty to supplement, update and amend your responses and answers to these discovery requests in the following instances:

1.   Any requests or questions directly addressed to:
     a.   The identity and location of persons having knowledge of discoverable matter; and
     b.   The identity of each person expected to be called as an expert witness at the trial, the subject matter on which he is to testify and the substance of his testimony.

2.   Any responses or answers to questions or requests if you obtain information upon the basis of which:
     a.   You know or discover that the prior response was incorrect or incomplete when made; or
     b.   You know that the response, though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories, Requests for Production of Documents and Requests for Admissions:

"You" and "Your" shall mean Defendant William Bratty Lamb and each of his, her, or its attorneys, employees, agents, or representatives, and all other persons acting on or in your behalf.

"Person" shall mean any individual, partnership, firm, association, corporation, or other business, governmental, or legal entity.

"Document" shall mean any written, recorded, transcribed, filmed, or graphic matter of any kind or description, however produced or reproduced, all as further defined hereinabove.

"Defendant" shall mean Defendant William Bratty Lamb.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "Identification", when used with reference to a person, shall mean to state the full name, present or last known address and telephone number of said person.

"Identify" or "Identification", when used with reference to a document, shall mean to state its date, author, or signer, his or its address, type of document, and all other means of identifying it and its present or last known location or custodian; if any document was but is no longer in the possession, custody, or control of the named defendant or

3

those identified previously under the definition of "You" or "Your", state what disposition was made of it and the reason for its disposition.

"The subject collision" or "collision" shall refer to the collision that forms that basis of Plaintiff's Complaint that occurred on October 11, 2023 in Robeson County, NC.

"Subject Incident" shall refer to the collision that forms the basis of Plaintiff's Complaint that occurred on October 11, 2023 in Robeson County, NC.

"XPO" shall mean Defendant XPO Logistics Freight, Inc.

"MVR" shall mean Motor Vehicle Record/Report – a report that provides the driving history of an employee.

"DAC" shall mean a Drive a Check report – a widely accepted report card for CDL drivers.

## INTERROGATORIES

1.      Please give the full name, address and telephone number of the person answering these Interrogatories.

**ANSWER:**


2.      Identify everyone who resides in your home with you, giving names, ages, and relationships. This information is needed for jury selection purposes.

**ANSWER:**


3.      Identify every person who you are related by blood or marriage who resides in Robeson County, North Carolina. For each person, identify their employer, job position, age and how they are related to you. This information is needed for jury selection purposes.

**ANSWER:**


4.      State the name and present address of each person who the Defendant expects may be called by the Defendant as an expert witness at this trial.

4

**ANSWER:**

5. Describe in detail the subject matter on which each expert retained by you may be expected to testify.

**ANSWER:**

6. State in detail the substance and content of all facts and opinions about which each expert may be expected to testify at trial.

**ANSWER:**

7. Please identify, including the names, employers, job titles, telephone numbers and addresses, all persons or witnesses (other than expert witnesses) known to Defendant whom Defendant reasonably believes or expects to have personal knowledge of the underlying facts of this the Subject Incident, and for each such person please give a detailed explanation of what knowledge Defendant reasonably believes or expects each such person has.

**ANSWER:**

8. Are there any statements or reports by any of these persons or witnesses concerning any aspect of this case in the possession of Defendant? If so, please give the names of any such persons or witnesses, the detailed substance of their statements, and the name, title, address and telephone number of the persons whose statements were taken. Please attach copies of such reports or statements to the answers to these Interrogatories.

**ANSWER:**

9. State in detail how you allege the collision, which is the subject of this lawsuit, occurred. This includes your understanding of <u>how</u> and <u>why</u> the subject collision occurred.

5

**ANSWER:**

10.     Have you prepared or given a statement or account of what happened in the subject collision to anyone? If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

**ANSWER:**

11.     Identify each person with whom you communicated in any way regarding the subject collision at any time and provide the details of when, why, where and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

**ANSWER:**

12.     Please give the names, title, present address and telephone numbers of all persons who made photographs, videotapes, measurements, diagrams, plats, drawings or other depictions of the subject accident scene, equipment, and/or any other objects or vehicles, involved in the October 11, 2023 collision that is the subject of this litigation.

**ANSWER:**

13.     List any factual errors you contend are contained in the police report of the subject collision. For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

**ANSWER:**

6

14.     Do you accept responsibility for causing the subject collision? Explain why or why not.

**ANSWER:**


15.     Please describe all photographs, videotapes, measurements, diagrams, plats, drawings or other depictions of the subject scene, equipment, vehicles, trailers, and any other objects or locations, involved in the Subject Incident that is the subject of this litigation made either for or on behalf of Defendant or of which Defendant is aware. Please further give the name, title, present address and telephone number of the person having custody over any such photographs, videotapes, measurements, diagrams, plats, drawings or other depictions, and attach copies of any such photographs, videotapes, measurements, diagrams, drawings or other depictions to your answers to these interrogatories.

**ANSWER:**


16.     Please state whether you contend you have not been properly named and served. If you so contend, please give the correct name and address of Defendant and give the name, title, and present address of the process agent for Defendant.

**ANSWER:**


17.     Please give the name, address, and telephone number of Defendant's supervisor(s) and manager(s) at XPO Logistics Freight, Inc. on October 11, 2023.

**ANSWER:**


18.     Identify each and every policy of insurance, including excess insurance policies, which may provide coverage regarding any of the acts or omissions asserted against Defendant in Plaintiff's Complaint and for each such policy of insurance, identify the insurance company, the policy number, the coverage limits, and the coverage terms. This request shall include, but not be limited to any and all potential liability policies, umbrella policies, and layered coverage.

**ANSWER:**

7

19.     Please give the name, address, and telephone number of anyone who was involved in the loading of the subject trailer being hauled by Defendant on October 11, 2023.

**ANSWER:**


20.     Explain in detail where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the subject collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**ANSWER:**


21.     With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the subject collision, provide the following information:

  a. Identify all errors on your logs of which you are aware;
  b. Identify all HOS violations of which you are aware;
  c. Are you aware of any audits of your HOS for the 8 days leading up to the subject collision?

**ANSWER:**


22.     With respect to the trip that you were on at the time of the subject collision, provide the following information:

  a. Identify where and when (date and time) you picked up the load you had at the time of the subject collision;
  b. Identify where (name and address of location) and when (date and time) the load was to be delivered;
  c. Identify the location, time, duration, and reason for each stop you made from the time you picked up the load until the time of the subject collision; and
  d. Identify the route you intended to follow from the point of origin to the point of destination.

**ANSWER:**


8

23.     For each communication device (cell phone, text message device, email device, etc.) that was in the tractor you were operating on the day of the subject collision, explain whether or not it was in use at any time in the hour preceding the subject collision and identify the service provider, account number, phone number, email address and owner of the device(s).

**ANSWER:**

24.     Please identify who you were talking to on your cellular device when the subject collision occurred on October 11, 2023.

**ANSWER:**

25.     Please identify the cellular number and cellular provider for the device in which you were talking on at the time of the subject collision on October 11, 2023.

**ANSWER:**

26.     Identify each motor vehicle collision(s) that you have been involved in during the past 15 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

**ANSWER:**

27.     For every instance where your driving privileges have been suspended, revoked, cancelled or otherwise restricted in any way, explain why, when and by whom.

**ANSWER:**

28.     Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, etc.)? If so, please describe in detail each condition, who has treated you for the condition and the nature and dates of these treatments.

**ANSWER:**

9

29.     Please identify any and all employers that you have worked for in the last fifteen (15) years. This would include places in which you have worked as an employee, independent contractor, leased driver or otherwise. Please provide the following information: name of entity or person for whom you worked, addresses, dates you worked there, job position, supervisors name and the reason you left.

**ANSWER:**

30.     Please identify the safety director/manager that you or your supervisor would report to at XPO Logistics Freight, Inc. as of October 11, 2023.

**ANSWER:**

31.     Please describe in detail all training and education (including on the job training) provided to you by or on behalf of XPO Logistics Freight, Inc. at any time and in any way related to the operation of a commercial motor vehicle.

**ANSWER:**

32.     Please describe all criminal and traffic offenses in which you have been charged and/or convicted in the last ten (10) years. For such charges, please describe the disposition of the charges and what county the charges were disposed of. This specifically includes traffic infractions and citations for which you were *charged.*

**ANSWER:**

33.     Have you ever reviewed or otherwise familiarized yourself with the federal trucking regulations that are enforced by the Federal Motor Carrier Safety Administration (FMCSA)?

**ANSWER:**

34.     Have you ever reviewed or otherwise familiarized yourself with the North Carolina Commercial Driver License (CDL) Manual?

**ANSWER:**

35.     On what date did you receive your Commercial Driver License (CDL)?

**ANSWER:**

10

36.     Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL.

**ANSWER:**

37.     Identify the driver of the XPO Logistics Freight, Inc who was directly in front of you and made a left turn onto U.S. Highway 74 Alternate prior to you pulling onto U.S. Highway 74 Alternate.

**ANSWER:**

38.     If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

**ANSWER:**

39.     If you consumed any alcoholic beverages, sedative, tranquilizer, stimulant and/or other prescription and/or over the counter drug or medicine (whether legal or not) during the 72-hour period immediately before the subject collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

**ANSWER:**

40.     Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the jurisdiction, date and nature of the lawsuit.

**ANSWER:**

**PLEASE TAKE NOTICE THAT THESE INTERROGATORIES ARE CONTINUING, AND YOU ARE UNDER A DUTY TO SUPPLEMENT OR AMEND YOUR ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS.**

11

## REQUEST FOR PRODUCTION

PURSUANT to Rule 34 of the Rules of Civil Procedure, you are requested to produce for copying and inspection those items listed below. These items are to be produced at the offices of Musselwhite, Musselwhite, Branch & Grantham 606 N. Elm Street Lumberton, NC 28358 Monday through Friday within the time limit provided by the Rules of Civil Procedure. The items to be produced include:

1.     All documents, items, or materials in Interrogatories 1 through 40, which Plaintiff requested to be attached to your answers to these interrogatories and which are referenced, relied upon or referred to in your Interrogatory responses above.

**RESPONSE:**

2.     Any applicable liability insurance policies, including excess insurance policies; and including any policies which provide for a defense to any defendant; and for any primary or excess insurance policies, include the declaration pages, showing limits of liability.

**RESPONSE:**

3.     Copies of all reservation of rights letters or agreements regarding insurance coverage for the subject collision.

**RESPONSE:**

4.     A copy of all documents in your possession that relate to work you have done for any trucking company in the past seven (7) years. This includes any documents you prepared for any trucking or transportation company and any documents you ever received from any trucking or transportation company.

**RESPONSE:**

5.     Any reports to any law enforcement, governmental, or regulatory agency concerning the incident which is the subject of this lawsuit that are known to or in the possession of Defendant.

12

**RESPONSE:**

     6.     For each witness identified in response to Interrogatory Numbers 4,5,6, above, produce the following:

     a.     A resume, curriculum vitae, or other summary of the expert's credentials and publications;

     b.     A copy of any and all reports, summaries, field notes, internal memoranda, or any other records of any type or nature prepared, gathered or in the possession of said expert which relate in any manner to any factual allegation, claim, or defense in Plaintiff's Complaint or in any of the answers of Defendant.

**RESPONSE:**

     7.     All documents setting forth the relationship between you and XPO Logistics Freight, Inc. This includes, but is not limited to all leases, employment contracts and independent contractor agreements and other contracts, agreements, memorandum and the like.

**RESPONSE:**

     8.     Please produce for copying and inspection, in their native electronic format, any photographs, videotapes, measurements, diagrams, plats, drawings or other depictions of the subject collision scene, subject vehicles or any other matter involved in any manner with the subject of this lawsuit.

**RESPONSE:**

     9.     Any communications, written or electronic, in their native format, between you and any other Party in this action, relating in any way to the subject matter in this Action. If you claim privilege, please provide a privilege log.

**RESPONSE:**

     10.     Any and all documents related to your internal investigation of the subject matter of this Action.

**RESPONSE:**

     11.     A copy of all documents in your possession that relate to your qualifications to operate a commercial motor vehicle.

13

**RESPONSE:**

12.    A copy of all medical certificates in your possession for the past seven (7) years.

**RESPONSE:**

13.    A copy of all blood and/or urine test results in your possession for the past seven (7) years.

**RESPONSE:**

14.    All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**RESPONSE:**

15.    All documents that relate in any way to your training to operate a commercial motor vehicle.

**RESPONSE:**

16.    All documents that relate in any way to your orientation and hiring at XPO Logistics Freight, Inc.

**RESPONSE:**

17.    A copy of the front and back of every driver's license issued to you in your possession, custody and control.

**RESPONSE:**

18.    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of XPO Logistics Freight, Inc. directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**RESPONSE:**

19.    For each communication device (e.g., cell phone, PDAs, smartphones, texting and emailing devices, etc.) that was in the tractor that you were operating at the time of the subject collision, produce all documents reflecting usage and billing for the time period beginning 48 hours before the subject collision and ending 48 hours after the subject collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the subject incident or not.

14

**RESPONSE:**

20. Copies of each Motor Vehicle Record (MVR) regarding you in your possession.

**RESPONSE:**

21. Copies of each Drive A Check (DAC) report regarding you in your possession.

**RESPONSE:**

22. Copies of each personnel file and employment-related file in your possession.

**RESPONSE:**

23. Copies of all medical treatment records related to injuries sustained by you during the subject collision.

**RESPONSE:**

24. All correspondence and other communication of any kind between you and any third party relating to the subject collision.

**RESPONSE:**

25. All correspondence and other communication of any kind between you and any other Defendant in this case.

**RESPONSE:**

26. All documents that relate, refer and/or discuss in any way the load you hauled at the time of the subject collision, including by way of example and without limitation, all manifest, bills of lading, weight receipts, dispatch documents, content summaries and documents that address the contents, ownership, pick-up, detainment and delivery of the load.

**RESPONSE:**

27. Copies of all policies, procedures, rules, guidelines, directives and instructions ever given to you by XPO Logistics Freight, Inc.

**RESPONSE:**

28.     Copies of all employee handbooks and/or manuals provided to you by XPO Logistics Freight, Inc. at any time.

**RESPONSE:**

29.     Copies of all documents sent to or received from any governmental agency relating to the subject collision and/or your operation of a commercial motor vehicle in the past three years.

**RESPONSE:**

30.     Copies of all hours of service logs and other time logs in your possession for the period beginning 180 days before the Subject Incident and ending 14 days following the Subject Incident.

**RESPONSE:**

31.     In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 14 days before the Subject Incident and ending 2 days following the Subject Incident.

**RESPONSE:**

32.     A copy of all audits and summaries of your logs covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

**RESPONSE:**

33.     For the period beginning 14 days prior to the Subject Incident and ending 48 hours after the Subject Incident produce all of the following documents in your possession:

      a.     dispatch records;

      b.     fax transmissions;

      c.     mobile radio records;

      d.     pre-rate records;

      e.     wrecker or tow truck records;

      f.     pick-up and delivery records;

16

g.     trip summaries;

h.     delivery manifests;

i.     credit card receipts;

j.     toll tickets;

k.     fuel receipts;

l.     weight tickets;

m.     fuel tax records;

n.     state entry and departure records;

o.     expense sheets;

p.     trailer interchange records;

q.     bills of lading;

r.     manifests and waybills;

s.     rental contracts involving the vehicle; and

t.     seal records for the trailer.

**RESPONSE:**

34.     With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.     A copy of all documents (as that term is defined above) and items of any kind produced <u>to</u> said expert;

b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced <u>by</u> said expert;

c.     A copy of the entire file of said expert;

d.     A current résumé or curriculum vitae for said expert; and

e.     All billing records and work logs for said expert.

17

**RESPONSE:**

35.    A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than you.

**RESPONSE:**

36.    Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

37.    Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

38.    Produce any document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

39.    If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

40.    Copies of all out of service orders for the tractor in question (i.e., the tractor being operated by you on October 11, 2023) in your possession.

**RESPONSE:**

41.    Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

18

42. For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

**RESPONSE:**

43. Copies of all documents in your possession, custody and/or control relating in any way to the Subject Incident.

**RESPONSE:**

44. Copies of all documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Incident and/or describing the Subject Incident.

**RESPONSE:**

45. A copy of every document related to any investigation done by or on behalf of XPO Logistics Freight, Inc. of the scene of the Subject collision.

**RESPONSE:**

46. All documents that set forth any facts leading up to the subject collision.

**RESPONSE:**

47. All documents that explain what caused the subject collision.

**RESPONSE:**

48. All documents assessing preventability of and/or fault for the subject collision.

**RESPONSE:**

49. Copies of all photographs, video, computer simulations, and any other documents depicting:

    a. Any vehicle involved in the Subject collision;

    b. Any person involved in the Subject collision;

    c. The scene of the Subject collision; and/or

19

           d. Any evidence (roadway markings or other) relevant to the Subject collision.

**RESPONSE:**

     50. Copies all reports relating to the subject incident in your possession custody and/or control.

**RESPONSE:**

     51. A copy of all correspondence and other communications (including e-mail) that you have had with any person (other than your lawyer) involving the Subject Incident.

**RESPONSE:**

     52. All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Incident, the injuries or damages resulting therefrom, or this lawsuit.

**RESPONSE:**

**PLEASE TAKE NOTICE THAT THESE REQUESTS FOR PRODUCTION ARE CONTINUING, AND YOU ARE UNDER A DUTY TO SUPPLEMENT OR AMEND YOUR ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS.**

## REQUESTS FOR ADMISSION

Plaintiff serves you with the following requests for admission under the provisions of Rules 26 and 36 of the North Carolina Rules of Civil Procedure. You are requested to admit the truth of all matters within the scope of Rule 26(b) of the North Carolina Rules of Civil Procedure as they relate to statements or opinions of fact or of the application of law to fact, including the genuineness of certain documents.

Each matter will be considered admitted unless, within thirty (30) days of the date of service of this request, defendants serve upon counsel for plaintiff a written answer or objection addressed to the matter and signed by defendants or defendant's attorney. If objection is made, the reasons therefore shall be stated. Each answer shall specifically deny the matter or set forth in detail the reasons why the defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that defendant qualify an answer or deny only a part of the matter of which an admission is requested, defendant shall specify so much of it as is true and qualify or deny the remainder.

Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless defendants state that they have made a reasonable inquiry and the information known or readily obtainable by defendant is insufficient to enable defendant to admit or deny. Any matter admitted hereunder is conclusively established for the purposes of the pending action unless this Court on Motion permits withdrawal of amendment of the admission.

1.    Admit that you have been properly served with the Summons and Complaint in this action.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

2.    Admit that you have been properly named in the Summons and Complaint in this Action.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

3.    Admit that proper *in personam* jurisdiction is present over you.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

21

4.    Admit that you stopped in the roadway completely blocking all westbound lanes of U.S. 74 Alternate on October 11, 2023.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

5.    Admit that you were talking on a cellular device at the time of the subject collision.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

6.    Admit that at the time of the subject collision you did not have your seat belt on.
**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

7.    Admit that you were distracted by your cellular device and conversation on October 11, 2023 immediately prior to the subject collision.


**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

8.    Admit that you failed to yield right of way to decedent Mark K. Smith's 2018 Chevrolet Silverado vehicle on October 11, 2023.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

9.    Admit that on October 11, 2023, you were acting as an employee of XPO Logistics Freight, Inc.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

22

10.    Admit that on October 11, 2023, you were acting within the course and scope of your employment with XPO Logistics Freight, Inc.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

11.    Admit that you were operating the subject tractor-trailer owned by XPO Logistics Freight, Inc. and were doing so in furtherance of the business interests of XPO Logistics Freight, Inc.

**ADMIT:**
**DENY:**
**REASON, IF DENIED:**

This the 5th day of June, 2024

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

J. William Owen
NC State Bar No. 47994
606 N. Elm Street
Lumberton, NC 28358
wowen@mmbglaw.com
*Counsel for Plaintiff*

23

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing *Plaintiff's First Set of Interrogatories, First Request for Production of Documents* and *First Request for Admission to Defendant William Bratty Lamb* were served on all counsel of record, <u>via electronic mail only</u> addressed as follows:

Megan M. Stacy
Gordon Rees Scully Mansukhani, LLP
Le'Ron A. Byrd
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
mstacy@grsm.com
lbyrd@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc. and Defendant Lamb*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
*Counsel for Counterclaim Defendant Cindy Smith, Adminsitratrix of the Estate of Mark K. Smith.*

This the 5th day of June, 2024

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

J. William Owen
NC State Bar No. 47994
606 N. Elm Street
Lumberton, NC 28358
wowen@mmbglaw.com
*Counsel for Plaintiff*

24