# EXHIBIT 5

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ROBESON COUNTY        24 CVS 468

CINDY SOLES SMITH, Administratrix )
of the ESTATE OF MARK KEANNAN )
SMITH )
       )
       Plaintiff, )
v. )
       )
WILLIAM BRATTY LAMB and )
XPO LOGISTICS FREIGHT, INC. )
       )
       Defendants. )

## PLAINTIFF'S MOTION TO SEVER

NOW COMES Plaintiff, Cindy Soles Smith, by and through undersigned counsel, pursuant to Rules 20(b) and Rule 42(b), of the North Carolina Rules of Civil Procedure, and moves for an Order severing this case as to Defendant XPO Logistics Freight, Inc. (hereafter, "Defendant XPO") and Defendant William Bratty Lamb (hereafter, "Defendant Lamb"). In support of this Motion, Plaintiff states as follows:

1. This Action arises out of the horrific death of Mark Smith, who was tragically killed in a serious motor vehicle collision on U.S. 74 Alternate on October 11, 2023 in Robeson County involving a commercial vehicle owned by XPO – a shipping and transportation conglomerate based in Greenwich, Connecticut.

2. Plaintiff initially named and proceeded against both Defendant XPO and Defendant Lamb as co-defendants in the above-referenced civil action, which has been pending in Robeson County Superior Court since February 22, 2024.

3. Defendant XPO and Defendant Lamb are currently represented by the same

counsel.

4. Defendant Lamb was the operator of the commercial vehicle that pulled directly in front of Plaintiff's Decedent on October 11, 2023.

5. There is no dispute that on October 11, 2023 Defendant XPO employed Defendant Lamb and that Defendant Lamb was acting in the course and scope of his employment with Defendant XPO.

6. Plaintiff and Defendant XPO have been involved in an extensive and ongoing discovery dispute since Plaintiff served her First Interrogatories and First Request for Production of Documents and First Request for Admission on Defendant XPO on June 5, 2024.

7. Despite multiple good faith attempts to confer with Defendant XPO and multiple motions to compel and Orders compelling the production of critical and relevant materials and documents, Defendant XPO has failed to comply with Plaintiff's discovery request, the Rules of Civil Procedure and Orders of this Honorable Court.

8. Defendant XPO's continuing failure to comply with Orders of this Honorable Court has resulted in substantial and prejudicial delay and unfairness to Plaintiff.

9. As with all responses served by XPO in this litigation to date, XPO's responses contained numerous improper objections and refusals to provide relevant and discoverable documents and information. Defendant XPO also refused to produce responsive and discoverable documents, materials, and files requested which were related to the telematics systems on board the subject tractor trailer.

10. Throughout this litigation, Defendant XPO has continually and egregiously violated their obligations to Plaintiff and to this Court under the North Carolina Rules of

Civil Procedure. XPO has exhibited a pattern of doing so, despite many attempts by Plaintiff's counsel to resolve these issues without judicial intervention.

11. Plaintiff filed a Motion to Compel Against Defendant XPO on January 2, 2025 that was heard by this Court on January 13, 2025.

12. This Court entered an Order on January 21, 2025 compelling Defendant XPO to respond fully to certain discovery – specifically set forth in the Order – within 30 days.

13. When Defendant XPO once again failed to produce responsive documents, despite being Ordered to do so, Plaintiff filed her Second Motion to Compel and Motion for Sanctions on February 26, 2025.

14. On April 16, 2025, the Honorable James Gregory Bell presided over Plaintiff's Second Motion to Compel and Motion for Sanctions.

15. At the April 16, 2025 hearing, Defendant XPO also argued their retaliatory and baseless Motion to Compel that was filed against Plaintiff.

16. On April 25, 2025, this Court entered an Order Granting Plaintiff's Second Motion to Compel and Motion for Sanctions.

17. On May 2, 2025 this Court entered an Order Denying Defendant XPO's Motion to Compel Against Plaintiff.

18. On May 22, 2025 at 9:19pm, Defendant XPO filed a Notice of Appeal of this Court's interlocutory Order Granting Plaintiff's Second Motion to Compel and Motion for Sanctions.

19. On May 22, 2025 at 9:19pm, Defendant XPO filed a Notice of Appeal of this Court's interlocutory Order Denying Defendant XPO's Motion to Compel Against Plaintiff.

20. Defendant XPO did not file a Notice of Appeal for Defendant Lamb.

21. Likewise, Defendant XPO did not file a Notice of Appeal as to the January 21, 2025 Order to Compel, which remains fully valid and enforceable.

22. Defendant XPO has erroneously suggested that there is an "automatic stay" of this Action under G.S.§ 1-294.

23. On May 30, 2025, Defendant XPO filed an overly broad and sweeping Motion to Stay the entire Action, as to both Defendant XPO and Defendant Lamb.

24. Defendant XPO is attempting to further delay the administration of justice and judicial economy of this Court by filing a baseless interlocutory appeal, requesting a broad stay of the entire Action, and failing to produce highly relevant materials that were referenced in the January 21, 2025 Order to Compel.

25. Pursuant to Rule 20(b) and Rule 42(b), Plaintiff moves this Court for severance of this Action between Defendant Lamb and Defendant XPO so that Plaintiff can continue to prosecute this case as to Defendant Lamb, separate and distinct from Defendant XPO.

26. Defendant Lamb is not a party to the pending interlocutory appeals filed by Defendant XPO and Defendant XPO should not be permitted to further delay and obstruct the administration of justice and Plaintiff's rights to discovery and ultimately a trial by jury.

27. Plaintiff is being severely prejudiced by the ongoing discovery misconduct of Defendant XPO, which is separate and distinct of Defendant Lamb.

28. This Court has broad direction under both Rule 20(b) and Rule 42(b) to order separate trials or make other orders to prevent a party from being embarrassed, delayed, or put to expense by the joinder of a party. This may be done on motion of either party, and

the decision whether to do so rest in the discretion of the trial judge. *See e.g.,* <u>Aetna Ins. Co. v. Carroll's Trans. Inc.,</u> 14 N.C. App. 481, 188 S.E. 2d 612 (1972).

29. Allowing Defendant XPO to further delay discovery, denying Plaintiff justice and her day in Court infringes upon the rules regulating interlocutory appeals.

30. In these types of situations, our Supreme Court has found "[T]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, i.e., to administer 'right and justice without sale, denial, or delay." *Veazey v. City of Durham*, 231 N.C. 357, 363-64, 57 S.E.2d 377, 382-83 (1950) (citing N.C. Const. Art. I, Sec. 35).

31. The law in this State, when applied correctly, impedes such dilatory tactics.

32. The law should not permit Defendant XPO to further delay and obstruct Plaintiff's journey to get justice for her beloved husband by appealing interlocutory Orders.

33. Here, based upon the foregoing, Plaintiff seeks to continue her prosecution of this Action against Defendant Lamb separately from Defendant XPO.

WHEREFORE, Plaintiff moves this Honorable Court to exercise its discretion and enter an Order severing the Action as to Defendant Lamb and Defendant XPO, pursuant to the Rule 20(b) and Rule 42(b) of the North Carolina Rules of Civil Procedure.

Respectfully submitted this the 5th day of June, 2025.

*[Signature on Next Page]*

**A TRUE COPY**
CLERK OF SUPERIOR COURT
ROBESON COUNTY



By: A. Howell
Date: 07/11/2025
Time: 4:57:09 PM

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

_____
J. William Owen, Esq.
NC Bar # 47994
P.O. Box 1448
Lumberton, NC 28359
Telephone: (910) 738-5277
Facsimile: (910) 738-3678
wowen@mmbglaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing ***PLAINTIFF'S MOTION TO SEVER*** was served upon all parties by email and U.S. mail to the following:

Allison J. Becker
Megan M. Stacy
Austin Kessler
Devin L. Honbarger
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
abecker@grsm.com
mstacy@grsm.com
akessler@grsm.com
dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc. and Defendant Lamb*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
*Counsel for Counterclaim Defendant Cindy Smith, Adminsitratrix of the Estate of Mark K. Smith.*

This the 5th day of June, 2025.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.

/s/ J. William Owen

J. William Owen
NC State Bar No. 47994
606 N. Elm Street
Lumberton, NC 28358
wowen@mmbglaw.com
*Counsel for Plaintiff*

7

Electronically Filed Date: 6/5/2025 9:04 AM Robeson Superior Court County Clerk of Superior Court
Case 7:25-cv-01545-D-BM   Document 30-5   Filed 11/24/25   Page 8 of 8