# EXHIBIT 13

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF ROBESON | SUPERIOR COURT DIVISION |
| | 24-CVS-468 |

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

              Plaintiff/Counterclaim-
              Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

              Defendant/Counterclaim-
              Plaintiff.

**PLAINTIFF'S RESPONSES TO DEFENDANT XPO LOGISTICS FREIGHT, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

## PRELIMINARY STATEMENT

The investigation of the subject incident and discovery by Plaintiff is continuing and is not complete. As discovery proceeds, witnesses, facts, and evidence may be discovered which are not set forth herein, but which may have been responsive to a Request for Admission. Facts and evidence known may be imperfectly understood or the relevance or consequences of such facts and evidence may, in good faith, not be included in the following responses. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence or reference to such witnesses, facts, and evidence in these responses. As the matter proceeds towards trial, Plaintiff will supplement responses in accordance with the Rules of Civil Procedure, where and when appropriate. Finally, because some of the responses may have been ascertained by Plaintiff's attorneys and investigators, Plaintiffs may not have personal knowledge of the information from which these responses were derived.

## GENERAL OBJECTION TO EACH REQUEST FOR ADMISSION

Plaintiff objects to Defendant XPO Logistics Freight, Inc.'s definitions as set forth below in its First Request for Admission to Plaintiff. Plaintiff will respond in accordance with North

Carolina Law and the North Carolina Rules of Civil Procedure. Plaintiff objects to these Request for Admission to the extent that they purport to alter or amend, or impose duties beyond those imposed by, prohibited by, or not authorized by the Rules of the North Carolina, North Carolina case law, and the Local Rules of Court. Plaintiff also objects to any discovery request to the extent that it seeks information or documents contained in or comprising privileged communications between counsel (or any agent of counsel or person acting at the direction of counsel) and the Plaintiff, since such matters are protected by the attorney-client privilege. Plaintiff further objects to providing information or producing documents that are protected by the trial preparation and work-product rule and doctrine. On these grounds, the Plaintiff objects to disclosing or providing the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Plaintiff concerning this litigation.

## DEFINITIONS & INSTRUCTIONS

1. "You/Your" means Plaintiff, the personal representative, and their agents.

2. "This Action" means the lawsuit in the caption.

3. Timeframe. Unless stated otherwise, answer based on Your position as of the date Your responses are served.

4. "Seek/Seeking," "Seek." "Seek" (and its variants) means that after Reasonable Inquiry, You presently intend to ask the court or jury to award that category of damages at trial, and, where a dollar threshold is stated, You do not stipulate to any cap at or below that threshold. To be clear, all thresholds are exclusive of interest and costs.

5. "Cap." "Cap" means a binding, irrevocable stipulation filed in This Action that You will not request, collect, attempt to collect, or enforce any award or judgment over the stated dollar amount for compensatory or punitive damages, exclusive of interest and costs.

6. Answering despite unliquidated amounts. The fact that a precise figure may be determined by the fact-finder is not a basis to refuse to admit or deny. If You cannot state a sum,

You must still admit or deny whether You intend to seek more than $X amount for that category. See N.C. R. Civ. P. 36(a).

7. Reasonable Inquiry & supplementation. "Reasonable inquiry" means an inquiry reasonable under the circumstances and includes conferring with beneficiaries and retained experts and reviewing invoices, records, and other information within Your possession, custody, or control, and information reasonably obtainable to You. If Your intent later changes, You will seasonably supplement under N.C. R. Civ. P. 26(e). No privileged communication is sought, and privilege is not a basis to refuse to admit or deny; assert any privilege as required by rule, accompanied by information sufficient to evaluate the claim without revealing privileged content.

8. Completeness & specificity. If denying or partially admitting, state the factual basis. A denial must fairly meet the substance; qualify only as needed and specify the admitted portion. If claiming lack of knowledge, affirm that You made a reasonable inquiry and that information known or readily obtainable is insufficient to admit/deny, and describe the inquiry undertaken. *See* N.C. R. Civ. P. 36(a).

9. Form objections. If You contend a term is vague or ambiguous, state Your reasonable construction and answer under that construction. Objections that a matter is "for the jury," "calls for speculation," or seeks a "legal conclusion" do not relieve You of the duty to admit or deny as to Your present intent and the facts within Your knowledge; answer notwithstanding such objections. *See* N.C. R. Civ. P. 36(a) (admissions may relate to facts, the application of law to fact, or opinions about either; "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request").

3

10. Wrongful Death Damages. "Wrongful Death Damages" refers to the categories set forth in N.C. Gen. Stat. § 28A-18-2(b) (including present monetary value to the beneficiaries, loss of net income; services, protection, care, and assistance; and society, companionship, comfort, guidance, and advice, together with medical expenses of the decedent's final illness, pre-death pain and suffering, and funeral expenses).

## FIRST SET OF REQUESTS FOR ADMISSION

1. **RFA 1**: Admit that You seek more than nominal damages for each category of Wrongful Death Damages identified in § 28A-18-2(b) that You claim in this Action.

**ANSWER:** **Plaintiff denies that she is seeking nominal damages of any kind in this Action. Plaintiff admits that she seeks all available damages under the North Carolina Wrongful Death statute, <u>with the exception of funeral expenses, medical expenses and nominal damages</u>. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

2. **RFA 2**: Admit that the total Wrongful Death Damages You seek in This Action exceed $75,000, exclusive of interest and costs.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory and punitive damages that far exceeds the sum of $75,000.00. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

3. **RFA 3**: Admit that the total Wrongful Death Damages You seek in This Action are $75,000 or less, exclusive of interest and costs.

**ANSWER:** **Denied. Plaintiff is seeking substantial compensatory and punitive damages that far exceeds the sum of $75,000.00. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

4. **RFA 4**: Admit that You seek more than $75,000 for the Decedent's pain and suffering between injury and death.

ANSWER: Plaintiff admits that she is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for Decedent's actual physical pain, mental suffering, anguish and fear of impending death. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

5. **RFA 5**; Admit that the amount You seek for the Decedent's pre-death pain and suffering is $75,000 or less.

ANSWER: Denied. Plaintiff is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for Decedent's actual physical pain, mental suffering, anguish and fear of impending death. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

6. **RFA 6**: Admit that the amount You seek for the Decedent's funeral expenses is $75,000 or less.

ANSWER: Denied. Plaintiff is not seeking damages for Decedent's funeral expenses in this Action.

7. **RFA 7**: Admit that You seek more than $75,000 for the present monetary value of the Decedent to the beneficiaries.

ANSWER: Plaintiff admits that she is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

5

8. **RFA 8**: Admit that the amount You seek for the present monetary value category is $75,000 or less.

**ANSWER:** **Denied.**

9. **RFA 9**: Admit that You seek more than $75,000 for loss of the Decedent's net income.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

10. **RFA 10**: Admit that the amount You seek for loss of net income is $75,000 or less.

**ANSWER:** **Denied.**

11. **RFA 11**: Admit that You seek more than $75,000 for loss of the Decedent's services, protection, care, and assistance.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

12. **RFA 12**: Admit that the amount You seek for loss of the Decedent's services, protection, care, and assistance is $75,000 or less.

**ANSWER: Denied.**

13. **RFA 13**: Admit that You seek more than $75,000 for loss of the Decedent's society, companionship, comfort, guidance, and advice.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages that far exceeds the sum of $75,000.00 for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

14. **RFA 14**: Admit that the amount You seek for loss of the Decedent's society, companionship, comfort, guidance, and advice is $75,000 or less.

**ANSWER: Denied.**

15. **RFA 15**: Admit that You seek punitive damages in This Action.

**ANSWER:** **Plaintiff admits that she seeks punitive damages against Defendant XPO Logistics Freight, Inc. in this Action and incorporates her First Amended Complaint by reference as if fully set forth herein.**

16. **RFA 16**: Admit that the punitive damages You seek exceed $75,000.

**ANSWER:** **Plaintiff is seeking substantial punitive damages that far exceeds the sum of $75,000.00.**

17. **RFA 17**: Admit that any punitive damages You seek are $75,000 or less.

**ANSWER: Denied.**

7

18. **RFA 18**: Admit that, as of the date of Your answers, You have not computed a dollar amount for the "present monetary value" category.

**ANSWER:** **Plaintiff objects to this Request for Admission as it seeks the premature and improper disclosure of Plaintiff's expert witnesses, mental impressions of counsel and work-product. Plaintiff also objects on the grounds that this Request for Admission exceeds the scope of permissive discovery under Rule 26(b) and Rule 36(a).**

19. **RFA 19**: Admit that You have not retained any economist to compute the present monetary value of the Decedent.

**ANSWER:** **Plaintiff objects to this Request for Admission as it seeks the premature and improper disclosure of Plaintiff's expert witnesses, mental impressions of counsel and work-product. Plaintiff also objects on the grounds that this Request for Admission exceeds the scope of permissive discovery under Rule 26(b) and Rule 36(a).**

20. **RFA 20**: Admit that You seek medical expenses.

**ANSWER:** **Denied.**

21. **RFA 21**: Admit that You seek damages for pre-death pain and suffering.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages that far exceed the sum of $75,000.00 for Decedent's actual physical pain, mental suffering, anguish and fear of impending death. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

22. **RFA 22**: Admit that You seek the funeral expenses.

**ANSWER:** **Denied.**

23. **RFA 23**: Admit that You seek damages for the present monetary value of the Decedent to the persons entitled to receive such damages.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages that far exceed the sum of $75,000.00 for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent,**

8

whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

24. **RFA 24**: Admit that You seek to recover the value of the net income of the Decedent to the person entitled to receive such damages.

ANSWER: Plaintiff admits that she is seeking substantial compensatory damages for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

25. **RFA 25**: Admit that You seek damages for the value of the services, protection, care, or assistance of the Decedent, whether voluntary or obligatory, to the persons entitled to such damages.

ANSWER: Plaintiff admits that she is seeking substantial compensatory damages for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.

26. **RFA 26**: Admit that You seek damages for the value of the society, companionship, comfort, guidance, kindly offices, and advice of the Decedent to the persons entitled to such damages.

**ANSWER:** **Plaintiff admits that she is seeking substantial compensatory damages for the present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected: (a) net income of the decedent, (b) services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and (c) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered. Plaintiff incorporates her First Amended Complaint as if fully set forth herein, which describes in detail the specific damages being sought against Defendant XPO Logistics Freight, Inc.**

27. **RFA 27**: Admit that You have not made any binding stipulation, covenant, or agreement to limit total Wrongful Death Damages to $75,000 or less, exclusive of interest and costs.

**ANSWER:** **Plaintiff admits that she has not entered into any agreements, covenants or stipulations relating to damages recoverable in this Action. Plaintiff would not do so under any circumstances.**

28. **RFA 28**: Admit that, as of the date of Your responses, You are unwilling to enter a binding stipulation to Cap total Wrongful Death Damages at $75,000 or less, exclusive of interest and costs.

**ANSWER:** **Plaintiff admits that she has not entered into any "caps," agreements, covenants or stipulations relating to damages recoverable in this Action and that she is unwilling to do so. Plaintiff would not do so under any circumstances.**

## CERTIFICATE OF SERVICE

This is to certify that I caused the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT XPO LOGISTICS FREIGHT, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** served upon all counsel of record by email pursuant to the North Carolina Rules of Civil Procedure addressed as follows:

Allison Becker
Robert Beckmann
N.C. State Bar No.: 63232
Austin R. Kessler
N.C. Bar No. 55732
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: abecker@grsm.com
E-mail: rbeckmann@grsm.com
E-mail: akessler@grsm.cmom
Email: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
jwelch@cshlaw.com
*Counsel for Counterclaim-Defendant Cindy Smith,*
*Administratrix of the Estate of Mark K. Smith*

This the 18th day of September 2025.

MUSSELWHITE, MUSSELWHITE, BRANCH
& GRANTHAM, P.A.

By: _____
J. WILLIAM OWEN


RECEIVED SEP 2 9 2025 By _____

12