# EXHIBIT 15

From: Will Owen <wowen@mmbglaw.com>
Sent: Wednesday, August 20, 2025 9:19 AM
To: Allison Becker <abecker@grsm.com>
Cc: Austin Kessler <akessler@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Carly McKane <cmckane@grsm.com>; Tracy Smith <tmsmith@grsm.com>; Megan Stacy <mstacy@grsm.com>; Brandi Davis <bldavis@grsm.com>; 'Jennifer A. Welch' <jwelch@cshlaw.com>; Caitlin Mitchell <camitchell@grsm.com>; Mr. Troy D. Shelton <tshelton@dowlingfirm.com>
**Subject:** Estate of Mark Smith v. XPO Logistics Freight, Inc. (24 CVS 468) - Request for Deposition Dates
**Importance:** High

Dear Allison,

As you know, I previously requested dates for the 30(b)(6) deposition of Defendant XPO Logistics Freight, Inc.

As a courtesy, I have attached the proposed Notice of Deposition. Please provide a mutually agreeable date and location for this deposition so that I can formally serve the Notice. I look forward to hearing from you soon.

Thanks,

Will

### J. William Owen

Musselwhite, Musselwhite, Branch & Grantham, P.A.
T: +1 910 738 5277 | F: +1 910 738 3678

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| ROBESON COUNTY | 24 CVS 468 |

CINDY SOLES SMITH, Administratrix )
of the ESTATE OF MARK KEANNAN )
SMITH )
                                    )
                 Plaintiff, )
v. )
                                    )
XPO LOGISTICS FREIGHT, INC. )
                                    )
                 Defendant. )
_____ )

## NOTICE OF DEPOSITION OF DEFENDANT XPO LOGISTICS FREIGHT, INC. PURSUANT TO N.C.G.S. § 1A-1, RULE 30(b)(6)

Pursuant to N.C.R.C.P. 30(b)(6), Plaintiff gives notice of taking a deposition of the designee(s) of Defendant XPO Logistics Freight, Inc. (hereafter, referred to as "Defendant XPO") on the _____ day of _____, 2025, beginning at 10:00 a.m. and continuing until completed, at the offices of _____.

Pursuant to Rule 30(b)(4), this deposition will be taken by videotape and stenographic means. Because Defendant XPO is a corporation, pursuant to Rule 30(b)(6), Defendant XPO shall designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf and whom have knowledge of the matters listed below.

Defendant XPO may set forth, for each person so designated, the matters on which he or she shall testify. Defendant XPO shall produce a person or persons

most knowledgeable and familiar with the following subjects to testify on behalf of Defendant XPO regarding the following:

1. The collision that is the subject of this litigation.

2. The complete investigation by and on behalf of Defendant XPO and/or any predecessor, successor, parent, subsidiary, or affiliate of Defendant XPO into the collision that is the subject of this litigation.

3. Defendant XPO's general history and corporate structure, including ownership interest(s), parent corporations, chain of command/internal reporting structure, and general business operations.

4. Defendant XPO's serious injury and death claims reporting procedures and structure, including but not limited to on-scene collision investigations, internal document review and retention, in-cab video capture, review and preservation, interview procedures, evidence retention, document retention and telematics review.

5. The general business relationship between Defendant XPO, XPO CNW, Inc. and XPO, Inc. (formerly XPO Logistics, Inc.), including chain of command/internal reporting structure, and general business operations.

6. The Samara and Lytx software that is being used or has been used by Defendant XPO during the five years preceding the subject collision through the present time, including Samara and Lytx document/data retention and review.

Page 2 of 12
Case 7:25-cv-01545-D-BM   Document 30-15   Filed 11/24/25   Page 4 of 14
EXHIBIT 15 - Plaintiffs' Updated 30(b)(6) Notice to XPO 140003

7. The various departments of Defendant XPO that are responsible for driver contracts, driver training, hiring, and compliance with North Carolina and Federal Safety Regulations, and communications with the USDOT and/or the FMCSA.

8. The general history, structure and business operations of XPO's Lumberton Terminal located at 4715 W. 5th Street Lumberton, North Carolina 28358, including not limited to, load and freight volume, routes, employee training, hiring practices, local procedures and revenue.

9. The various departments of Defendant XPO's Lumberton Terminal, including the structure and identities of safety and training personnel at the Lumberton Terminal, located at 4715 W. 5th Street Lumberton, North Carolina 28358.

10. All potential insurance coverage and/or indemnification agreements of any kind for Defendant XPO for the claims arising from or relating to the subject lawsuit.

11. The entity/entities who planned, arranged or coordinated the deliveries that William Lamb picked up, hauled, and/or dropped off on the day of the subject collision.

12. The total net worth of Defendant XPO for each of the past five (5) years and at the present time.

13. The gross income of Defendant XPO for each of the past five (5) years and at the present time.

14. The gross revenue of Defendant XPO for each of the past five (5) years and at the present time.

15. For the truck/driver involved in this the subject collision, for the day of the collision, the entities involved in the transportation of the deliveries on the day of the subject collision, including but not limited to, the broker, contractor, dispatcher, sender, receiver and transporter of the deliveries.

16. Defendant XPO's investigation of the subject collision, including but not limited to, the download of data from the onboard computer, investigation into whether the collision was classified as preventable or not preventable, any root cause analysis (RCA) completed by Defendant XPO, communications with law enforcement, investigators and/or regulatory bodies, and drug/alcohol testing performed on William Lamb.

17. Defendant XPO's internal investigation into the subject collision, which would include but is not limited to, review and collection of video footage, telematics footage and/or data collected by Defendant XPO.

18. William Lamb's job title, job description, job duties, driver qualification file, safety history, and personnel file.

19. William Lamb's training and experience with Defendant XPO from the date of hire through the present time, including both classroom instruction and on the job training and retraining.

20. Safety rules, policies and procedures put in place to ensure that Defendant XPO's drivers are operating safely and in compliance with North

Page 4 of 12
Case 7:25-cv-01545-D-BM   Document 30-15   Filed 11/24/25   Page 6 of 14
EXHIBIT 15 - Plaintiffs Updated 30(b)(6) Notice to XPO 000005

Carolina Law, Federal Regulations, and best practices.

21. Any manuals, brochures, memorandums, videos or PowerPoint presentations published by Defendant XPO for its employees that describe safety rules, procedures, policies, guidelines, best practices, company practices and compliance with state and federal law.

22. For the five years before the subject collision, any and all complaints/lawsuits made against Defendant XPO regarding the operation of a commercial vehicle owned and/or contracted by Defendant XPO or its affiliates, wherein the complaint/lawsuit claims and/or alleges that the complaining party suffered serious bodily injury or death as a result of Defendant XPO driver's alleged negligent conduct.

23. The policies and procedures put in place to ensure that drivers contracted with or employed by Defendant XPO or its affiliates are practicing proper safety procedures while operating their vehicles on public streets or highways.

24. In regards to any applicable North Carolina law, Federal Safety Codes and Regulations, and/or best practices for operating the commercial vehicle involved in the subject collision for Defendant XPO, how Defendant XPO ensures its drivers are knowledgeable, familiar and in compliance with these laws, codes, regulations, and best practices.

25. The safety training provided to Defendant XPO's employees and/or contracted truck drivers, including the training provided by "XPO University" or

the like, including but not limited to training and materials provided to William Lamb from the date of hire through the present time.

26. Any and all information concerning the safety materials, policies and procedures relating to operating vehicles owned by Defendant XPO, specifically tractor trailers, including but not limited to what should be done if an employee is involved in a collision.

27. The hiring, selection, training and retention of drivers for Defendant XPO, including but not limited to William Lamb.

28. Defendant XPO's corporate policies relating to the hiring and supervision of all contracted employees which was in effect on the date of the subject collision and the year preceding.

29. Telematics information and/or data (including but not limited to Lytx and Samsara), electronic monitoring data, and/or other information regarding the subject commercial vehicle and/or William Lamb, including (but not limited to):

    a) William Lamb's safety score;

    b) Trends for William Lamb;

    c) Any reported harsh events for William Lamb;

    d) In-cab alerts for William Lamb;

    e) Coaching for William Lamb;

    f) Video for the full day of the subject collision;

    g) Any data recorded on such video;

Page 6 of 12

Case 7:25-cv-01545-D-BM   Document 30-15   Filed 11/24/25   Page 8 of 14
EXHIBIT 15 - Plaintiffs Updated 30(b)(6) Notice to XPO 000007

      h) Any data on speed, location or weather;

      i) Photographs;

      j) Weather overlays;

      k) GPS data;

      l) Electronic messaging; and

      m) Safety incident reports that occurred on the date of the subject collision.

30. Any and all inspections performed at the scene of the subject collision, and/or vehicles or equipment involved in the subject incident, performed by or on behalf of Defendant XPO.

31. The determination by or on behalf of Defendant XPO into the causes of the collision that is the subject of this litigation.

32. For the five years before the subject collision, information concerning prior incidents, claims or lawsuits, of which Defendant XPO, or any parent, subsidiary, affiliate, predecessor, or successor thereof, is aware related to claims of serious personal injury or death alleged to have been caused by a Defendant XPO driver's left turn.

33. Any prior testimony by Defendant XPO in litigation arising out of serious personal injury or death alleged to have been caused by a Defendant XPO driver's left turn, during the five years preceding the subject collision.

34. Any prior deposition testimony by the individual(s) designated to testify pursuant to this Notice in litigation in which any Defendant XPO entity

or entities was a party or parties.

35. All personal knowledge that the individual(s) designated pursuant to this Notice regarding the matters at issue in this litigation.

36. The genuineness, authenticity, and meaning of the documents produced by Defendant XPO in this Action, including all pleadings of Defendant XPO.

37. The subjects contained in Plaintiff's First Interrogatories to Defendant XPO, Plaintiff's First and Second Requests for Production of Documents to Defendant XPO, Plaintiff's First Requests for Admissions to Defendant XPO, and the answers and documents produced to-date in response thereto.

38. Defendant XPO's document and data retention policies and procedures, including but not limited to the present location of documents and/or data related to the subject collision or that are otherwise responsive to Plaintiff's First Interrogatories to Defendant XPO, Plaintiff's First and Second Requests for Production of Documents to Defendant XPO, Plaintiff's First Requests for Admissions to Defendant XPO.

Pursuant to North Carolina Rules of Civil Procedure Rules 30 and 34, you are requested to produce for inspection and copying the documents described below which are in the possession, custody or control of Defendant XPO or of which Defendant XPO is aware, no later than seven (7) days prior to the date of

the deposition, at the offices of Musselwhite, Musselwhite, Branch & Grantham, P.A., 606 N. Elm Street Lumberton, NC 28358.

1. Any and all documents related to the collision that is the subject of this litigation.

2. Any and all documents related to the investigation by and on behalf of Defendant XPO into the collision that is the subject of this litigation.

3. Any and all inspections performed on the scene of the subject collision, the subject vehicles, and/or equipment involved in the subject incident, performed by or on behalf of Defendant XPO.

4. The determination by or on behalf of Defendant XPO into the cause or causes of the collision that is the subject of this litigation.

5. All communications between Defendant XPO and any other entity or individual concerning the subject collision, including but not limited to, communications with law enforcement, the Robeson County District Attorney's Office and any federal or state regulators.

6. Documents that evidence the net worth, gross revenue and gross income of Defendant XPO for each of the past five (5) years and at the present time.

7. All safety standards, guidelines, procedures, regulations, rules, and/or policies regarding the operation of tractor trailers owned by Defendant XPO, including but not limited to industry standards, and all internal standards, guidelines, or procedures for Defendant XPO, or any parent, subsidiary, affiliate,

predecessor, or successor thereof.

8. All measurements, drawings, computer simulations, photographs, and/or videotapes of the subject collision, Plaintiff, Plaintiff's decedent, or the subject vehicles and/or equipment.

9. Any and all documents used, reviewed or relied upon by Defendant XPO when Defendant XPO was conducting any preventability and/or root cause analysis concerning the subject collision.

10. Any and all documents related to incidents of which Defendant XPO, or any parent, subsidiary, affiliate, predecessor, or successor thereof, is aware related to claims of serious personal injury or death alleged to have been caused by Defendant XPO's drivers left turn, during the five years preceding the subject collision.

11. All pleadings, discovery, deposition or trial testimony, orders, and judgments related to other litigation arising out of the serious personal injury or death alleged to have been caused by Defendant XPO's drivers negligent conduct, during the five years preceding the subject collision.

12. Any transcripts and exhibits thereto for any prior testimony by Defendant XPO in litigation arising out of serious personal injury or death alleged have been caused by Defendant XPO's drivers negligent conduct, during the five years preceding the subject collision.

13. Any transcripts and exhibits thereto for any instance(s) in which the

designee(s) testifying pursuant to this Notice have testified under oath in litigation arising out of serious personal injury or wrongful death in which Defendant XPO or its affiliated entities were Defendants.

14. All documents reviewed and/or relied upon by the individual(s) designated to testify pursuant to this Notice in preparation for their deposition.

15. To the extent not previously produced in this Action, all documents or data responsive to Plaintiff's First and Second Requests for Production of Documents to Defendant XPO.

This the ____ day of August, 2025.

        MUSSELWHITE, MUSSELWHITE,
        BRANCH & GRANTHAM, P.A.

        _____
        J. WILLIAM OWEN
        NC Bar No. 47994
        606 N. Elm Street
        Lumberton, North Carolina 28358
        Telephone: (910) 738-5277
        Facsimile: (910) 738-3678
        wowen@mmbglaw.com
        *Counsel for Plaintiff*

Page 11 of 12
Case 7:25-cv-01545-D-BM    Document 30-15    Filed 11/24/25    Page 13 of 14
EXHIBIT 15 - Plaintiff's 30(b)(6) Notice to XPO - 0012

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF DEPOSITION OF DEFENDANT XPO LOGISTICS FREIGHT, INC. PURSUANT TO N.C.G.S. § 1A-1, RULE 30(b)(6)** was served upon all parties by email only to the following:

Allison J. Becker
Caitlin A. Mitchell
Megan M. Stacy
Austin Kessler
Devin L. Honbarger
Gordon Rees Scully Mansukhani, LLP
150 Fayetteville St., Suite 1120
Raleigh, NC 27602
abecker@grsm.com
mstacy@grsm.com
akessler@grsm.com
dhonbarger@grsm.com
camitchell@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
JWelch@cshlaw.com
*Counsel for Counterclaim Defendant Cindy Smith, Adm of the Estate of Mark K. Smith.*

This the ___ day of August, 2025.

                                       MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.

                                       _____
                                       J. WILLIAM OWEN
                                       *Counsel for Plaintiff*