**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:25-CV-1545**

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,<br><br>            Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>            Defendant/Counterclaim-Plaintiff. | **DEFENDANT'S MOTION TO DISREGARD NEW ARGUMENTS RAISED IN PLAINTIFF'S REPLY BRIEF, OR ALTERNATIVELY, ALLOW DEFENDANT TO FILE SURREPLY** |

**NOW COMES** Defendant **XPO LOGISTICS FREIGHT, INC.**, by and through undersigned counsel, respectfully moves for this Court to disregard new arguments that Plaintiff raised—for the first time—in her Reply in Support of Plaintiff's Motion to Remand ("Reply Brief") [DE 32], or alternatively, to allow Defendant to respond to same in the interests of fairness and consistent with Local Rule 7.1(f). In support thereof, Defendant states:

1.      Defendant filed its Notice of Removal, and corresponding filings, with this Court on October 8, 2025. [*See* DE 2-12]

2.      Plaintiff moved to remand on November 3, 2025. [DE 25] The same day, Plaintiff filed her Memorandum of Law in Support of Plaintiff's Motion to Remand ("Opening Brief"). [DE 26] Defendant timely filed its Response in Opposition to Plaintiff's Motion to Remand ("Response Brief") on November 24, 2025. [DE 30] Finally, Plaintiff filed her Reply Brief on December 4, 2025. [DE 32]

1

3. "[R]eplies to responses are discouraged" by this Court. *See* Local Rule 7.1(g)(1). When the moving party chooses to nevertheless file a reply brief, as Plaintiff did here, this Court expressly limits the scope of argument. Unless "otherwise ordered by the court," the moving party may only address "matters *initially raised* in a response to the motion" in a reply brief. Local Rule 7.1(g)(1) (emphasis added).

4. In other words, reply briefs may only be filed to address new arguments raised in the non-moving party's response brief. *See* Local Rule 7.1(g)(1). A reply brief should *not* be used to simply reiterate arguments already addressed in the moving party's opening brief. And most importantly, the moving party is generally not permitted to "raise new arguments in a reply brief." *Nix v. Chemours Co. FC, LLC*, No. 7:17-CV-189-D, 2025 WL 2924613, at *24 (E.D.N.C. Sept. 30, 2025) (citation and quotation marks omitted). "A contrary rule runs the risk of depriving a nonmovant an opportunity to respond." *Id.* (quoting *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022)).

5. When the moving party improperly raises a new argument in a reply brief, this Court recently concluded that the "proper remedy is to disregard (not strike) the new arguments in defendants' reply." *Nix*, 2025 WL 2924613, at *24 (citations omitted).

6. In her Reply Brief, Plaintiff improperly raised a new argument. For the first time, Plaintiff argued that Defendant waived its right to remove because Defendant "continu[es] to litigate" its "interlocutory appeal pending in the North Carolina Court of Appeals." [DE 32 p. 2] Plaintiff also contends—for the first time—that because Defendant has not "notified the Court of Appeals that the case has been removed to federal court," this somehow constitutes a "waiver on

top of a waiver." [*Id.*] Both arguments are incorrect and unsupported by citations to binding precedent.[1]

7. These arguments were never raised in either Defendant's Response Brief or even Plaintiff's Opening Brief.[2] Accordingly, Defendant respectfully requests that this Court disregard all arguments that Plaintiff makes about Defendant's alleged "waiver" in her Reply Brief. *See Nix*, 2025 WL 2924613, at *24 (wherein this Court concludes that the "proper remedy is to disregard (not strike) the new arguments in defendants' reply"). The content to be disregarded is contained within the first paragraph of page 2 and Section III (across pages 8-11) of Plaintiff's Reply Brief. [*See* DE 32 pp. 2, 8-11]

8. Alternatively, Defendant requests that this Court grant it leave to file a surreply to respond to the limited case law Plaintiff cites to support her newly raised arguments. *See Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, 744 F. Supp. 3d 430, 436–37 (M.D.N.C. 2024) ("Although disfavored, surreplies are allowed when fairness dictates based on new arguments raised in the previous reply." (citation and quotation marks omitted)).

9. For now, it is important to clarify the following procedural history to understand why Plaintiff's newly raised arguments, regarding Defendant's pending appeal, lack merit and differ from Plaintiff's prior waiver argument:

    a. When Plaintiff filed suit, she claimed that both XPO and its employee, Mark Lamb, were jointly and severally liable for the fatal trucking accident.

---

[1] As will be discussed further below, Defendant alternatively requests for this Court to grant Defendant leave to file a surreply to explain why Plaintiff's arguments are incorrect, unprecedented, and unsupported by the limited case law Plaintiff cites in her Reply Brief.

[2] Rather, in her Opening Brief, Plaintiff exclusively contended that Defendant waived its right to remove because Defendant filed "a permissive counterclaim in state court" and "litigated a stay disputed in the superior court and then the North Carolina Court of Appeals." [*See* DE 26 pp. 21-23]

Accordingly, Plaintiff filed one suit, identifying both XPO and Mr. Lamb as co-defendants. [*See generally* DE 16-5 (Plaintiff's First Am. Compl.)]

b. On April 25, 2025, the superior court entered an Order, which imposed discovery sanctions on Defendant pursuant to Rule 37 of the North Carolina Rules of Civil Procedure. [DE 16-40 (Sanctions Order)] The Sanctions Order struck Defendant's contributory negligence defense and assumed as fact that Mr. Lamb caused the trucking accident. Plaintiff never notified Mr. Lamb that he may be subject to sanctions. Moreover, since Plaintiff contends that Mr. Lamb and XPO are jointly and severally liable for the same harm, an assumption of liability affects both XPO and Mr. Lamb equally.

c. Since the Sanctions Order was improperly entered, Defendant noticed its appeal to the North Carolina Court of Appeals on May 22, 2025. [DE 16-47]

d. On May 30, 2025, Defendant filed with the superior court a Motion to Stay all trial court proceedings, pending the resolution of the appeal. [DE 16-49]

e. Plaintiff moved to sever the action between XPO and Mr. Lamb on June 5, 2025. [DE 16-52]

f. On July 9, 2025, the superior court largely denied Defendant's Motion to Stay [DE 16-58], and granted Plaintiff's Motion to Sever [DE 16-59].

g. On July 18, 2025, Defendant filed a Petition for Writ of Supersedeas, with an embedded emergency Motion for Temporary Stay, with the North Carolina Court of Appeals,[3] requesting appellate intervention to stay all trial court

---

[3] As prescribed by Rule 23 of North Carolina Rules of Appellate Procedure, a party may raise both a Petition for Writ of Supersedeas and a Motion for Temporary Stay within the same filing, as they both request similar relief—a stay of all or part of the underlying litigation pending a final appellate

4

proceedings, relating back to when Defendant noticed its appeal on May 22, 2025, until the merits of Defendant's lawfully pending appeal are addressed. Accordingly, Defendant specifically petitioned for the Court of Appeals to negate the superior court's July 9, 2025, Severance Order. The Severance Order was improperly requested by Plaintiff in retaliation of and to circumvent Defendant's lawfully pending appeal.

h. The North Carolina Court of Appeals denied Defendant's Motion for Temporary Stay on July 28, 2025 [DE 16-63], and Defendant's Petition for Writ of Supersedeas on August 21, 2025 [DE 16-65]. Therefore, Defendant did not know whether the Court of Appeals would grant its request to vacate the Severance Order until August 21, 2025.

10. Additionally, Plaintiff incorrectly argues—for the first time in her Reply Brief— that Defendant waived its right to removal because it has not "notified the Court of Appeals that the case has been removed to federal court." [DE 32 p. 2] Defendant has no duty to do so, at least not at this time. No issues are currently pending before the Court of Appeals. The parties have not even filed the appellate record yet. The Court of Appeals will not be asked to address any issues related to this matter until either party files another motion, extraordinary writ, or fully briefs the merits of Defendant's pending appeal. None of that has happened yet. It is unlikely that either party will file another motion or extraordinary writ, and full briefing will not conclude for several

---

decision. A Motion for Temporary Stay is considered an emergency request for a stay, akin to a temporary restraining order (TRO), which is entered immediately to prevent further harm from occurring while the appellate court takes the time necessary to fully assess whether or not it will grant a more "permanent" stay—the Petition for Writ of Supersedeas. In this analogy, the Petition for Writ of Supersedeas is akin to a Preliminary Injunction. Accordingly, even if the Court of Appeals denies the Motion for Temporary Stay, as it did here, the requested stay may still be granted when a decision is rendered regarding the correlating Petition for Writ of Supersedeas.

5

months. Accordingly, the Court of Appeals has no reason to make any decisions regarding this matter for at least the next several months.

11. Finally, Defendant also knew that Plaintiff has no desire to appear before this Court. Knowing that Plaintiff would contest removal, Defendant planned to notify the Court of Appeals about removal to federal court once either: (a) this Court denies Plaintiff's Motion to Remand, or (b) an issue related to Defendant's pending appeal is ripe for disposition by the Court of Appeals, whichever occurs first. In the meantime, Defendant requests leave from this Court to file a surreply, wherein Defendant will further explain why its pending appeal remains lawful and will not negatively affect or complicate removal to this Court.

[CONTINUED ON NEXT PAGE]

6

**WHEREFORE**, Defendant respectfully requests that the Court disregard the new arguments raised in Plaintiff's Reply Brief regarding Defendant's pending appeal. Alternatively, Defendant requests for leave of this Court to file a surreply to respond to said new arguments within 14 days after the Court enters its corresponding order.

Respectfully submitted this 5th day of December 2025.

GORDON REES SCULLY MANSUKHANI LLP

By: /s/ *Robert W. F. Beckman*
_____
Robert W.F. Beckman (N.C. Bar No. 63232)
Allison J. Becker (N.C. Bar No. 41993)
Austin R. Kessler (N.C. Bar No. 55732)
Devin Honbarger (N.C. Bar No. 59513)
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: rbeckman@grsm.com
Email: abecker@grsm.com
Email: akessler@grsm.com
Email: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing **DEFENDANT'S MOTION TO DISREGARD NEW ARGUMENTS RAISED IN PLAINTIFF'S REPLY BRIEF, OR ALTERNATIVELY, ALLOW DEFENDANT TO FILE SURREPLY** with the Clerk of Court for the Eastern District of North Carolina by using the CM/ECF system, which will send notification to the following counsel of record:

| J. William Owen | Troy D. Shelton |
|---|---|
| Musselwhite, Musselwhite, Branch & Grantham, P.A. | Dowling PLLC |
| P.O. Box 1448 | 3801 Lake Boone Trail, Suite 260 |
| Lumberton, NC 28359 | Raleigh, NC 27606 |
| wowen@mmbglaw.com | Tshelton@dowlingfirm.com |
| ***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** | ***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** |

Respectfully submitted this 5th day of December 2025.

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ *Robert W. F. Beckman*

_____

Robert W.F. Beckman (N.C. Bar No. 63232)
Allison J. Becker (N.C. Bar No. 41993)
Austin R. Kessler (N.C. Bar No. 55732)
Devin Honbarger (N.C. Bar No. 59513)
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: rbeckman@grsm.com
Email: abecker@grsm.com
Email: akessler@grsm.com
Email: dhonbarger@grsm.com
***Counsel for Defendant XPO Logistics Freight, Inc.***

8