## NORTH CAROLINA COURT OF APPEALS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CINDY SOLES SMITH, Administratrix
of the ESTATE OF MARK KEANNAN
SMITH,

           Plaintiff,

v.

XPO LOGISTICS FREIGHT, INC.,

           Defendant.

<u>From Robeson County</u>
(24CVS000468-770)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>NOTICE OF CONTESTED REMOVAL TO FEDERAL COURT</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF APPEALS OF NORTH CAROLINA:

       Pursuant to Rule 12(a)(2) of the North Carolina Rules of Civil Procedure and by and through the undersigned counsel, Defendant-Appellant XPO Logistics Freight, Inc., hereby notices this Court and Plaintiff-Appellee, regarding the seemingly unprecedented procedural history presented in this matter, as follows:

       1.     This action is based on a wrongful death dispute, arising from a trucking accident, which occurred on 11 October 2023 and involved XPO's employee, William Bratty Lamb, and decedent Mark Keannan Smith.

       2.     On behalf of her deceased husband, Plaintiff Cindy Soles Smith filed suit in the Civil Superior Court of Robeson County (the "State Court") on 22 February

2024. Within the same State Court action, Plaintiff asserted claims of negligence and gross negligence against Mr. Lamb, as well as vicarious liability and negligent hiring, training, retention, and supervision claims against XPO. When Plaintiff initially filed suit, federal diversity jurisdiction could not be established because both Plaintiff and Mr. Lamb were both North Carolina residents.

3. On April 25, 2025, the superior court entered an Order, which imposed discovery sanctions on Defendant pursuant to Civil Rule 37 (the "Sanctions Order"). The Sanctions Order struck Defendant's contributory negligence defense and assumed as fact that Mr. Lamb caused the trucking accident. Plaintiff never notified Mr. Lamb that he may be subject to sanctions. Moreover, since Plaintiff contends that Mr. Lamb and XPO are jointly and severally liable for the same harm, an assumption of liability affects both XPO and Mr. Lamb equally.

4. Since the Sanctions Order was improperly entered, XPO noticed its appeal to this Court on 22 May 2025.

5. On 30 May 2025, XPO filed with the State Court a Motion to Stay all trial court proceedings, pending the resolution of the appeal.

6. To circumvent XPO's stay request, Plaintiff moved to sever the action between XPO and Mr. Lamb on 5 June 2025.

7. In response, the State Court entered two Orders on 9 July 2025—one wherein the State Court largely denied Defendant's Motion to Stay and one wherein the State Court granted Plaintiff's Motion to Sever (the "Severance Order"). Thereafter, Plaintiff's action against Mr. Lamb was assigned a new Civil Action

Number (25CV003758-770), while the suit between Plaintiff and XPO retained the parties' original Civil Action Number (24CVS000468-770).

8.      On 18 July 2025, XPO filed a Petition for Writ of Supersedeas, with an embedded emergency Motion for Temporary Stay, with this Court (*see* COAP25-506), requesting for this Court's to stay all trial court proceedings, relating back to when XPO noticed its appeal on 22 May 2025, until the merits of XPO's appeal were addressed. Accordingly, XPO petitioned for this Court to vacate the State Court's 9 July 2025 Severance Order, as it was entered after XPO noticed its appeal and was improperly requested by Plaintiff in retaliation of and to circumvent Defendant's lawfully pending appeal.

9.      This Court denied XPO's Motion for Temporary Stay on 28 July 2025 and Petition for Writ of Supersedeas on 21 August 2025.

10.     By concluding in its 21 August 2025 Order that it would not vacate the Severance Order, this Court also implicitly confirmed that the newly severed action between Plaintiff and XPO were and would remain completely diverse. (Plaintiff is a resident of North Carolina, while XPO is a Delaware corporation with its principal place of business in Michigan.)

11.     After XPO repeatedly requested and Plaintiff confirmed that the amount in controversy also exceeded $75,000, XPO filed its Notice of Removal to the U.S. District Court for the Eastern District of North Carolina (the "Federal Court") on 8 October 2025. (See attached **Exhibit A** for a copy of XPO's Notice of Removal, excluding the dozens of corresponding filings and exhibits)

12.     Plaintiff filed her Motion to Remand and corresponding support brief on 3 November 2025, requesting that the Federal Court remand the matter back to the State Court.

13.     At that time and given the unprecedented procedural history of this matter, XPO reasonably believed that its pending and important appeal before this Court remained active while the Federal Court determined whether or not XPO's requested removal was proper. Accordingly, on 7 November 2025, XPO timely served its Proposed Appellate Record on Plaintiff.

14.     On 4 December 2025, Plaintiff filed her Reply Brief in Support of Plaintiff's Motion to Remand with the Federal Court. Therein, Plaintiff expressed her concerns regarding whether it was proper for XPO to continue to advance its pending appeal with this Court after XPO requested to remove the matter to Federal Court.

15.     The next day, on Friday, 5 December 2025, XPO moved for leave to file a sur-reply with the Federal Court to respond to Plaintiff's newly raised concerns about how the advancement of XPO's pending appeal may affect its removal request. Within its Motion, XPO explained the unique procedural history of this matter (as stated herein) to the Federal Court. XPO also clarified that there were currently no issues pending before this Court. The parties have not settled or filed the appellate record with this Court yet.

16.     Despite her concerns about advancing this appeal, Plaintiff served XPO with Plaintiff-Appellee's Objections and Amendments to XPO's Proposed Appellate Record on 8 December 2025.

17. Accordingly, the parties' subsequent deadline to settle the appellate record would be 18 December 2025. *See* N.C. App. P. 11(c). Assuming that judicial settlement is unnecessary, XPO's deadline to file the settled record would be 15 days thereafter. *See* N.C. App. P. 12(a).

18. However, in light of Plaintiff's expressed concerns and *before* XPO files the appellate record and thereby this appeal is officially docketed with this Court, *see* N.C. App. P. 12(b), XPO now files this Notice with this Court.

19. The purpose of this Notice is to both inform this Court of the unusual procedural history of this matter and to highlight to the Court and Plaintiff the automatic stay prescribed by Civil Rule 12(a)(2). In its entirety, Civil Rule 12(a)(2) states:

> Cases Removed to United States District Court. – Upon the filing in a district court of the United States of a petition for the removal of a civil action or proceeding from a court in this State and the filing of a copy of the petition in the State court, the State court shall proceed no further therein *unless and until the case is remanded*. If it shall be finally determined in the United States courts that the action or proceeding was not removable or was improperly removed, or for other reason should be remanded, and a final order is entered remanding the action or proceeding to the State court, the defendant or defendants, or any other party who would have been permitted or required to file a pleading had the proceedings to remove not been instituted, *shall have 30 days after the filing in such State court of a certified copy of the order of remand to file motions and to answer or otherwise plead.*

N.C. Civ. P. 12(a)(2) (emphasis added).

20. Stated differently, Civil Rule 12(a)(2) dictates that when a matter is removed to federal court, as here, all state court proceedings are automatically stayed

"unless and until the case is remanded." *Id.* The stay is automatic upon "filing of a copy of the petition [of removal] in the State court." *See id.* If and when an order of remand is filed, the parties then have 30 days to comply with any state court deadlines that existed prior to temporary removal to federal court. *See id.*

21. Accordingly, XPO now submits a file-stamped copy and notifies this Court of its recent petition to remove this matter to Federal Court. (*See* Ex. 1) If and when the Federal Court enters an Order, remanding this matter back to State Court, XPO will file the parties' settled appellate record with this Court within 30 days thereafter, pursuant to Civil Rule 12(a)(2).

*The following is intentionally left blank. Signature to follow.*

Respectfully submitted, this the ___ day of December, 2025.

**GORDON REES SCULLY**
**MANSUKHANI, LLP**


By:    /s/ Caitlin A. Mitchell
       Caitlin A. Mitchell
       N.C. State Bar No. 53050
       camitchell@grsm.com

N.C. R. App. P. 33(b) Certification: I certify that all of the attorneys listed below have authorized me to list their names on this document as if they had personally signed it.

       Allison J. Becker
       N.C. State Bar No. 41993
       abecker@grsm.com
       150 Fayetteville Street, Suite 1120
       Raleigh, North Carolina 27601
       Telephone: (919) 787-4555
       Fax: (919) 741-5840
       *Attorneys for Defendant-Appellant*
       *XPO Logistics Freight, Inc.*

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a copy of the foregoing **Notice of Contested Removal to Federal Court** was electronically filed and served on the following parties to this action on this day by email, addressed to:

Troy D. Shelton
Dowling, PLLC
tshelton@dowlingfirm.com

And

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
wowen@mmbhlaw.com
*Counsel for Plaintiff-Appellee*

Jennifer Welch
Cranfill Sumner
jwelch@cshlaw.com
*Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith*

This the ___ day of December, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

By:     /s/ Caitlin A. Mitchell_____
Caitlin A. Mitchell
*Attorney for Defendant-Appellant XPO Logistics Freight, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
#### Civil Action No. _____

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

          Plaintiff/Counterclaim-
          Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

          Defendant/Counterclaim-
          Plaintiff.

**NOTICE OF REMOVAL**

      **COMES NOW**, **XPO LOGISTICS FREIGHT, INC.** ("XPO" or "Defendant") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of Civil Action 24CVS000468-770 from the North Carolina General Court of Justice, Superior Court Division, Robeson County where it is now pending, and, in support thereof, states:

      1.      Defendant timely removes this action, which now satisfies all requirements for diversity jurisdiction. Plaintiff, a citizen of North Carolina, seeks substantial compensatory and punitive damages well in excess of $75,000 against XPO, a Delaware corporation with its principal place of business in Michigan. Complete diversity did not exist until, at Plaintiff's request after the one-year mark, the state court severed the claims against XPO. Further, the amount in controversy was not established until Plaintiff recently admitted, after more than a year of evasion, that her damages "far exceed" $75,000. Plaintiff's litigation conduct, including initially joining non-diverse defendant William Lamb, whom she did not pursue for deposition, coupled with delayed disclosure of damages, brings this case squarely within the bad-faith exception to the one-year bar on removal.

1

EXHIBIT
A

2.      On February 15, 2024, Plaintiff Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith, ("Plaintiff") filed this action in the North Carolina General Court of Justice, Superior Court Division, Robeson County styled *Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith v. William Bratty Lamb*, 24CVS000468-770, against Defendant William Bratty Lamb ("Mr. Lamb"). *Honbarger Decl.*: ¶ 2, *Complaint*, "**Ex. 3**"; ¶ 3, *Appendix 1*, "**Ex. 74**", p. 1.

3.      That same day, a Civil Summons was issued for Mr. Lamb. *Honbarger Decl.* ¶ 2, *Civil Summons*, "**Ex. 2**"; **Ex. 74**, p. 1.

4.      On February 20, 2024, counsel for Mr. Lamb accepted service of the Summons and Complaint. *Honbarger Decl.*, ¶ 2, *Acceptance of Service*, "**Ex. 4**"; **Ex. 70**, p. 1. Plaintiff also filed a First Amended Complaint ("Amended Complaint") in this action styled *Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith v. William Bratty Lamb and XPO Logistics Freight, Inc.*, 24CVS000468-770, adding XPO as a Defendant for the first time. ("State Court Action"). *Honbarger Decl.*, ¶ 2, *First Amended Complaint*, "**Ex. 5**"; **Ex. 74**, p. 1.

5.      Plaintiff alleged that she is a citizen and resident of the State of North Carolina. Plaintiff further alleged that she is seeking compensatory damages against Mr. Lamb and XPO, jointly and severally, in an amount to be determined by a jury, but in any event in excess of $25,000.00 plus interest. **Ex. 5**, ¶ 1. Plaintiff also alleged that she is seeking to recover her costs in bringing the action. *Id.*, *Prayer for Relief*, pp. 15–16.

6.      On February 22, 2024, a Civil Summons was issued for XPO,[1] and, on March 5, 2024, counsel for XPO accepted service of the Summons and Amended Complaint. *Honbarger Decl.*, ¶ 2,

---

[1] Counsel confirmed with the state court clerk that the state court's file does not include a copy of the Civil Summons issued to XPO. Nevertheless, the electronic docket indicates that one was issued on February 22, 2024. *Honbarger Decl.*, ¶ 2, *Docket Entry Reflecting Civil Summons Issued to XPO*, "**Ex. 70**"; **Ex. 74**, p. 4.

2

*Acceptance of Service on Behalf of XPO*, "**Ex. 6**"; **Ex. 74**, p. 1.

7.      Plaintiff's claims in the State Court Action are for negligence and gross negligence against Lamb and against XPO, including negligent hiring, supervision, training, retention, and entrustment against XPO related to a motor vehicle accident which resulted in the death of Mark Keannan Smith. **Ex. 5**, ¶¶ 30–49.

8.      On March 25, 2024, XPO filed its Answer to Plaintiff's First Amended Complaint generally denying the allegations and asserting various affirmative defenses including contributory negligence followed by Mr. Lamb on March 27, 2024. *Honbarger Decl.*, ¶ 2, *XPO Answer, Defenses, and Counterclaim* "**Ex. 7**"; *Lamb Answer, Defenses, and Counterclaim*, "**Ex. 8**"; **Ex. 74**, p. 1.

9.      XPO is a Delaware Corporation with its principal place of business in Michigan. **Ex. 5**, ¶ 5; **Ex. 7**, ¶ 5. Mr. Lamb is a citizen and resident of North Carolina. **Ex. 5**, ¶ 4; **Ex. 8**, ¶ 4.

10.      On June 5, 2024, Plaintiff served her First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on Mr. Lamb. ***Mr. Lamb was never served with a notice of deposition.***

11.      Plaintiff vigorously pursued discovery as to XPO, disputes arose between Plaintiff and XPO (not Mr. Lamb), and multiple discovery motions were filed solely against XPO. *Honbarger Decl.* ¶ 2: *Plaintiff's Motion to Compel against XPO*, "**Ex. 21**"; *Plaintiff's Motion for Sanctions and Second Motion to Compel against XPO* "**Ex. 24**"; **Ex. 74**, p. 2.

12.      Notably, pleadings in N.C. State Court do not permit the inclusion of a specific amount of damages sought. *N.C. Gen. Stat. Ann.* § 1A-1, Rule 8. As such, on December 2, 2024, XPO served a Request for Statement of Monetary Relief Sought on Plaintiff pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure ("Initial Rule 8 Request"). *Honbarger Decl.*, ¶ 2, *XPO's Request for Monetary Relief Sought*, "**Ex. 19**"; **Ex. 74**, p. 1.

3

13.     On or about December 5, 2024, Plaintiff responded to XPO's Rule 8 Request by providing an evasive response and essentially refusing to state any dollar amount or range she was seeking by stating:

1. Loss of income of Mark Keannan Smith in an amount to be determined through discovery and proven at trial *in an amount to be determined by a jury applying logic and common sense to the evidence*;

2. An amount to compensate the estate for the actual physical pain, metal (sic) suffering, fear of impending death and the pre-death terror experienced by Decedent Mark Keannan Smith, *in an amount to be determined by a jury applying logic and common sense to the evidence*;

3. An amount to compensate the estate for any other logically recognized forms of personal harm that may be revealed during the discovery process including but not limited to a sum for all damages permitted under North Carolina's Wrongful Death Act (G.S. § 28A-18-2), including but not limited to compensation for all damages sustained by Decedent Mark Keannan Smith, including severe personal injury, medical expenses, actual physical pain, mental suffering, fear of impending death and pre-death terror and also including an amount sufficient to compensate the estate for the present monetary value of the decedent to this family, as represented by the net income he would have earned during his normal life expectancy, and for his services, protection, care and assistance, society, companionship, security, comfort and kindly offices to his next of kin, and for medical expenses, funeral bills, *all in an amount to be decided by the jury*; and

4. *An amount to be decided by the jury* that bears a rational relationship to the sum reasonably needed to punish the defendants or deter defendants of others (sic) from engaging in conduct similar to that of the defendant as described in the First Amended Complaint and any such other punitive damages that bear a rational relationship to the willful and wanton conduct of defendant as set forth in the Frist (sic) Amended Complaint. *Honbarger Decl.*, ¶ 2, *Plaintiff's Response to XPO's Request for Monetary Relief Sought*, **Ex. 20**; **Ex. 74**, p. 2. [emphasis added]

14.     On April 25, 2025, the court issued an Order Granting Plaintiff's Motion for Sanctions and Second Motion to Compel Against XPO ("Sanctions Order"). *Honbarger Decl.*, ¶ 2, April 25, 2025 Order, "**Ex. 40**"; **Ex. 74**, p. 2.  On May 22, 2025, XPO filed its *Notice of Appeal* to the North Carolina Court of Appeals for the Sanctions Order. *Honbarger Decl.*, ¶ 2, "**Ex. 47**"; **Ex. 74**, p. 3.

15.     On June 5, 2025, after the case had already been in litigation for more than one year,

Plaintiff filed a Motion to Sever the State Court Action into two separate cases against Mr. Lamb and XPO. *Honbarger Decl.*, ¶ 2, *Plaintiff's Motion to Sever*, "**Ex. 52**"; **Ex. 74**, p. 3.

16.     On July 9, 2025, over Defendant's objection and at Plaintiff's request, the state court issued an Order Granting Plaintiff's Motion to Sever ("Severance Order"), clarified that its sanctions did not apply to Mr. Lamb and only applied to XPO, and ordered the clerk to create a new civil action for Plaintiff's case against Mr. Lamb, and ordered that the original State Court Action would continue against XPO under the existing civil action number 24CVS000468-770 ("State Court Action Against XPO"). *Honbarger Decl.*, ¶ 2, *Order Granting Motion to Sever*, "**Ex. 59**"; **Ex. 74**, p. 3.

17.     Until July 9, 2025, XPO could not remove this case to this Court because complete diversity did not exist and because the federal jurisdiction minimum amount in controversy of $75,000, exclusive of interest and costs, was not established.

18.     On September 8, 2025, XPO served another Rule 8 Request in the State Court Action Against XPO specifically to determine the amount of damages Plaintiff was seeking from XPO alone and in an effort to determine whether the federal jurisdiction minimum amount in controversy of $75,000 was met.  *Honbarger Decl.*, ¶ 2, *XPO's Second Rule 8 Request*, "**Ex. 71**"; **Ex. 74**, p. 4.

19.     That same day, Plaintiff's counsel once again provided an evasive and nonresponsive answer: "Plaintiff responded to Defendant XPO Logistics Freight, Inc.'s Request for Monetary Relief Sought on December 5, 2024. I have attached it again for your review." *Honbarger Decl.*, ¶ 2, *Plaintiff's E-mail Response to Second Rule 8 Demand*, "**Ex. 72**"; **Ex. 74**, p. 4. Therefore, to date, Plaintiff has not responded to XPO's request seeking the amount of damages sought solely from XPO.

20.     On September 17, 2025, XPO served its *First Set of Requests for Admission* to Plaintiff in the State Court Action as an additional effort to determine whether the federal jurisdiction minimum amount in controversy of $75,000 was met. *Honbarger Decl.*, ¶ 2, "**Ex. 73**"; **Ex. 74**, p. 4.

21.     On September 18, 2025, Plaintiff served her Responses to XPO's First Set of Requests for Admission. In her Responses, "Plaintiff admit[ted] that she is seeking substantial compensatory and punitive damages that far exceed the sum of $75,000.00" establishing the amount in controversy over the jurisdictional limit for removal to this Court for the first time. *Honbarger Decl.*, ¶ 2, "**Ex. 69**", ¶¶ 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 21, 23, 27, 28.; **Ex. 74**, p. 4.

22.     Plaintiff's conduct in the State Court Action satisfies 28 U.S.C. § 1446(c)(1)'s bad-faith exception, and § 1446(c)(3)(B)'s deemed-bad-faith provision, because Plaintiff: (i) prevented diversity in the first instance by adding XPO only after initiating suit against Lamb (a non-diverse party) while failing to actively litigate against him, including failing to pursue his deposition and declining to impose sanctions as to Lamb; (ii) focused discovery and motion practice on XPO; (iii) repeatedly withheld the amount in controversy until compelled by Requests for Admission, while later admitting damages far exceed $75,000 after the one year mark; and (iv) severing the case shortly after the one-year mark.

23.     As such, as of September 18, 2025, this case is removable pursuant to 28 U.S.C. §1441(b) and 28 U.S.C.A. § 1446(c)(1) and (c)(3)(B) where "plaintiff has acted in bad faith in order to prevent a defendant from removing the action." This Court has original subject matter jurisdiction over this case under 28 U.S.C. §1332(a) because the real parties in interest in this action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24.     Accordingly, the one-year bar does not apply, and this removal is timely because it was filed within 30 days of receiving 'other paper' from which removability was first ascertainable. 28 U.S.C. § 1446(b)(3), (c)(1), and (c)(3)(B).

25.     This Court is the proper district court for removal because the General Court of Justice, Superior Court Division, Robeson County is located within the geographical area covered by

6

the United States District Court for the Eastern District of North Carolina, Southern Division.

26.     As indicated by the attached Certificate of Service, a copy of this Notice is being served on Plaintiff. A copy of the Notice is also being filed with the Clerk of Superior Court of Robeson County pursuant to 28 U.S.C. § 1446(d).

27.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.3(a)(1), copies of all pleadings, processes, orders, and other papers previously filed in this action, are attached to this Notice. **Ex. 74**.

**WHEREFORE**, XPO respectfully prays that this Court take jurisdiction of this action and issue all necessary orders and processes to remove the action from the North Carolina General Court of Justice, Superior Court Division, Robeson County, to the United States District Court for the Eastern District of North Carolina.

This 8th day of October 2025.

GORDON REES SCULLY MANSUKHANI LLP

By:     /s/ Devin Honbarger
_____
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL**, including all referenced exhibits and other documents, with the Clerk of Court for the Eastern District of North Carolina by using the CM/ECF system.

Additionally, a copy of the **NOTICE OF REMOVAL**, including all Exhibits thereto, was served by E-mail to Plaintiff's counsel at the following E-mail addresses:

| J. William Owen | Jennifer Welch |
|---|---|
| Musselwhite, Musselwhite, Branch & Grantham, P.A. | Cranfill Sumner |
| P.O. Box 1448 | P.O. Box 27808 |
| Lumberton, NC 28359 | Raleigh, NC 27611-7808 |
| wowen@mmbglaw.com | jwelch@cshlaw.com |
| ***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** | ***Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith*** |

This 8th day of October 2025.

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ Devin Honbarger*

_____

Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: dhonbarger@grsm.com
***Counsel for Defendant XPO Logistics Freight, Inc.***

8