IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-001545-D-BM

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

    Plaintiff/Counterclaim-
    Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

    Defendant/Counterclaim-
    Plaintiff.

**JOINT REPORT OF THE PARTIES'
INITIAL PLANNING MEETING**
Fed. R. Civ. P. 26(f)

1. <u>Conference</u>. On December 17, 2025, the following persons participated in a Rule 26(f) conference pursuant to the Court's November 24, 2025, Order held by Microsoft Teams and telephone:

    - J. William Owen and Jennifer A. Welch, representing the Plaintiff/Counterclaim-Defendant, and

    - Devin L. Honbarger, representing the Defendant/Counterclaim-Plaintiff.

2. <u>Initial Disclosures</u>. The parties agree to complete the initial disclosures required by Rule 26(a)(1) by **February 8, 2026**.

3. <u>Discovery Plan</u>. The parties propose the following discovery plan:

    (a) Scope of Discovery. The parties acknowledge that all state court orders entered prior to removal, including the April 25, 2025 sanctions/compel order, remain in full force and effect unless and until modified by this Court pursuant to 28 U.S.C.

1

§ 1450. Discovery will proceed consistent with all prior state court orders and Fed. R. Civ. P. 26(b)(1). Any proportionality or scope objections will be asserted and addressed on a request-by-request basis; nothing herein waives any party's right to seek clarification or modification of the prior state court orders.

(b) Discovery Deadline. Discovery will commence on **January 5, 2026**, and shall be completed by **November 2, 2026.**

(c) Interrogatories. Each party may serve a maximum twenty-five (25) interrogatories on each party including subparts without leave of court. Answers will be due thirty (30) days after service thereof. Additional interrogatories, if necessary, may be served if all counsel consent. A party may also request permission from the Court for leave to serve additional interrogatories, if necessary.

(d) Requests for Admission. Each party may serve a maximum twenty-five (25) requests for admission on each party including subparts without leave of court but excluding those served for the purpose of authenticating documents. Answers will be due thirty (30) days after service thereof. Additional requests for admission, if necessary, may be served if all counsel consent. A party may also request permission from the Court for leave to serve additional requests for admission, if necessary.

(e) Requests for Production of Documents, Electronically Stored Information ("ESI"), Tangible Things, and Entry Upon Land. The parties agree that no more than twenty-five (25) additional Requests for Production may be served under Rule 34 beyond those already served in State Court. Responses will be due thirty (30) days after

2

service thereof. Additional requests for production, if necessary, may be served if all counsel consent. A party may also request permission from the Court for leave to serve additional requests for production, if necessary.

(f) Depositions. The maximum number of depositions will be fifteen (15) non-party fact witnesses by each party, with each party separately reserving the right to depose any testifying expert designated by the other party. The maximum length of depositions will be seven (7) hours per deposition and shall occur between the hours of 9:00 A.M. and 5:00 P.M. unless extended by agreement of the parties or the Court. These limitations do not apply to *de bene esse* depositions taken solely for use at trial. Neither party shall be precluded from using a deposition at trial when so permitted by Rule 32. The parties may request leave from the Court if additional depositions are warranted.

(g) Expert Reports. Reports and disclosures from Plaintiff's retained experts under Rule 26(a)(2) shall be served by **June 1, 2026**, from Defendant's retained experts by **August 3, 2026**, from retained rebuttal experts, if any, by **September 1, 2026**.

(h) Supplementations shall be allowed as per Rule 26(e). The final date for supplementation under Rule 26(e) shall be **November 2, 2026**, which shall be the close of all discovery.

(i) ESI. At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, if any, and the parties are not aware of the manner in which each stores its electronic data and information. Should any sources of non-privileged relevant ESI be identified in discovery, the parties agree that the

information will be produced, if requested, in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably useable in that form, in such other form as is reasonable, particularly for use in an e-Discovery platform.

    i.    The parties agree to work together in good faith to reach an agreement on the format of and limits to the scope of production of ESI where appropriate or necessary, including the use of date restrictions, key word terms, and file types, and each party will bear its own costs of preserving, assembling, and producing ESI, unless otherwise ordered by the Court.

    ii.    Hard-copy documents should be labeled with Bates numbers and scanned for production electronically in a manner viewable through an eDiscovery software program.

    iii.    The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and preserve any such information identified.

(j)    Privilege / Fed. R. Evid. 502(d). The parties request entry of an order pursuant to Rule 502(d) providing that the production of documents, ESI, or information subject to a claim of attorney-client privilege or work-product protection, whether inadvertent or otherwise, shall not constitute a waiver of any such privilege or protection in this action or any other federal or state proceeding. The parties will follow Fed. R. Civ. P. 26(b)(5)(B) for any clawback notice, including prompt

4

Case 7:25-cv-01545-D-BM    Document 36    Filed 12/19/25    Page 4 of 10

sequestration/return/preservation of the challenged material pending resolution of the claim. However, the September 10, 2024, Consent Confidentiality and Protective Order entered in the State Court Action, 24-CVS-468, [DE 1-16] shall remain in full force and effect, pursuant to 28 U.S.C. § 1450.

4. Other items:

   (a) The parties do not request a meeting with the Court prior to entry of a scheduling order.

   (b) The parties request a "working" pretrial/trial management conference (separate from the final pretrial conference) approximately sixty (60) days before trial to address trial logistics, exhibit/witness issues, and anticipated motions in *limine*. The parties further request that the final pretrial conference be scheduled after the deadline for filing dispositive motions, on or before two weeks prior to trial.

   (c) Final date for Plaintiff and Defendant to amend pleadings or join parties: **April 8, 2026**.

   (d) Dispositive motions should be filed no later than **January 28, 2027**.

   (e) Prospects for Settlement: The parties discussed that the case is in a premature posture to fully assess settlement at this time.

   (f) Mediation. Counsel for the parties agree that mediation may enhance the settlement. The parties agree to designate a mediator by **February 27, 2026**, and to conduct mediation by **November 2, 2026.**

   (g) Pretrial Disclosures. Final dates for submitting Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and

(h) exhibit lists shall be thirty (30) days before trial, and objections shall be filed within fourteen (14) days after disclosures are made.

(h) For trial efficiency, the parties will exchange draft exhibit lists and draft witness lists sixty (60) days before trial, and will meet and confer regarding stipulations, authenticity, and anticipated evidentiary issues. Motions in *limine* (including non-dispositive Daubert motions, if any) shall be filed sixty (60) days before trial, with responses due fourteen (14) days thereafter, unless otherwise ordered. The parties agree to meet and confer no later than 90 days before trial to determine whether any evidentiary issues can be resolved through stipulation rather than motion in *limine*.

(i) Trial. This case should be ready for trial by **April 5, 2027.** Trial is expected to last ten (10) to fifteen (15) days.

(j) The parties have conferred as to their willingness to consent to the jurisdiction of the United States Magistrate Judge and the parties do not agree to refer this case to Magistrate Judge jurisdiction.

(k) Counsel may change discovery deadlines by email stipulation, provided that counsel may not stipulate to any change that would affect the deadline for close of discovery or other deadlines in the scheduling order without Court approval.

Respectfully submitted this 19th day of December 2025.

[*Signature Page Follows*]

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Devin L. Honbarger*

Robert W. F. Beckmann (N.C. Bar No. 63232)
Allison J. Becker (N.C. Bar No. 41993)
Austin R. Kesler (N.C. Bar No. 55732)
Devin L. Honbarger (N.C. Bar No. 59513)
150 Fayetteville St., Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: rbeckman@grsm.com
Email: abecker@grsm.com
Email: akesller@grsm.com
Email: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**

By: */s/ J. William Owen*

J. William Owen (N.C. Bar No. 47994)
P.O. Box 1448
Lumberton, North Carolina 28359
Email: wowen@mmbglaw.com
*Co-Counsel for Plaintiff*

**DOWLING PLLC**

By: */s/ Troy D. Shelton*

Troy D. Shelton (N.C. Bar No. 48070)
3801 Lake Boone Trail, Suite 260
Raleigh, North Carolina 27607
Email: tshelton@dowlingfirm.com
*Co-Counsel for Plaintiff*

[*Signature Page Continues*]

7

**CRANFILL SUMNER LLP**

By: */s/ Jennifer A. Welch*

Jennifer A. Welch (N.C. Bar No. 31360)
P.O. Box 27808
Raleigh, North Carolina 27611-7808
Email: jwelch@cshlaw.com
*Counsel for Counterclaim-Defendant*

8

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **JOINT REPORT OF THE PARTIES' INITIAL PLANNING MEETING** with the Clerk of Court for the Eastern District of North Carolina by using the CM/ECF system, which will send notification to the following counsel of record:

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Counsel for Plaintiff Cindy Smith,*
*Administratrix of the Estate of Mark K. Smith*

Troy D. Shelton
Dowling PLLC
3801 Lake Boone Trail, Suite 260
Raleigh, North Carolina 27607
Email: tshelton@dowlingfirm.com
*Counsel for Plaintiff Cindy Smith,*
*Administratrix of the Estate of Mark K. Smith*

I hereby certify that the foregoing **JOINT REPORT OF THE PARTIES' INITIAL PLANNING MEETING** was served via email to the following counsel of record:

Jennifer Welch
Cranfill Sumner
P.O. Box 27808
Raleigh, NC 27611-7808
jwelch@cshlaw.com
*Counsel for Counterclaim-Defendant Cindy Smith,*
*Administratrix of the Estate of Mark K. Smith*

This the 19th day of December, 2025.

[*Signature Page Follows*]

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Devin L. Honbarger*

Robert W. F. Beckmann (N.C. Bar No. 63232)
Allison J. Becker (N.C. Bar No. 41993)
Austin R. Kesler (N.C. Bar No. 55732)
Devin L. Honbarger (N.C. Bar No. 59513)
150 Fayetteville St., Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: rbeckman@grsm.com
Email: abecker@grsm.com
Email: akesller@grsm.com
Email: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

10