IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:25-cv-01545-D-BM

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | **DEFENDANT'S MOTION TO REVISE INTERLOCUTORY ORDER** |

**NOW COMES** Defendant **XPO LOGISTICS FREIGHT, INC.** ("XPO"), pursuant to 28 U.S.C. § 1450 and Fed. R. Civ. P. 54(b) and respectfully moves this Court to revise the April 25, 2025 Robeson County sanctions order (Dkt. 8-5) (the "April 25 Order") to withdraw the outcome-determinative issue and pleading sanctions and substitute a tailored monetary remedy. In support, XPO states:

    1.    This action was removed to this Court, and while pre-removal state-court orders remain in effect, they do so only "until dissolved or modified by the district court." 28 U.S.C. § 1450. After removal, "federal rather than state law governs the future course of proceedings," and the Court has authority to modify prior state-court orders as appropriate. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 437 (1974).

    2.    Rule 54(b) permits revision of interlocutory orders at any time before final judgment, including where "the prior decision reflects clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

1

3. The April 25 Order imposed sweeping issue and pleading sanctions that (i) deem liability and fault facts established "for all purposes in this Action, including dispositive motions and trial," including findings that XPO's conduct was "negligent, careless, reckless and grossly negligent," and (ii) strike core defenses from XPO's Answer. (Dkt. 8-5 ¶ 56(a)–(f)). Those sanctions are outcome-determinative in practical effect and extend beyond Plaintiff's affirmative claims to threaten XPO's counterclaim.

4. Rule 37(b)(2) sanctions are constrained by due process and must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). In this Circuit, courts must evaluate the required four-factor framework of bad faith, prejudice, deterrence, and the efficacy of less drastic sanctions, before imposing severe sanctions. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). And even where prejudice exists, the "normal rule" is that the sanction "must be no more severe than is necessary to prevent prejudice." *Taylor v. Specialty Mktg., Inc.*, 985 F.2d 553 (4th Cir. 1993).

5. Those constraints were not satisfied here. First, the predicate January 21, 2025 order compelling supplementation (Dkt. 5-8) did not provide an "explicit and clear" warning that noncompliance could result in case-dispositive or merits-determining sanctions; the Fourth Circuit treats such a warning as a key safeguard before sanctions approaching dismissal or default in practical effect. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). The leap from a no-warning order to "for all purposes" merits findings and defense-striking relief underscores why the sanctions are not "just" within Rule 37(b)(2).

6. Second, the discovery issues litigated were discrete and technical: telematics materials (including settings/alerts/access mechanics), preventability review materials, and defined Lamb-specific training and insurance categories); yet the April 25 Order converted those narrow disputes into blanket findings of negligence and gross negligence and struck core defenses across the case. That remedy is neither "specifically related" to the discovery disputes nor calibrated to prevent prejudice. *Ins. Corp. of Ireland*, 456 U.S. at 707; *Belk*, 269 F.3d at 348; *Taylor*, 985 F.2d 553.

7. Third, the April 25 Order itself confirms that tailored relief was feasible: it rewrote multiple January 21 directives to be incident and Lamb-bounded, time-limited, and capped in scope (including narrowing the insurance demand and limiting telematics access to crash- and Lamb-related information). Having recognized that targeted discovery relief could address the disputes, pairing that narrowed compliance relief with sweeping "for all purposes" merits findings and pleading sanctions reflects a mismatch between the discovery issues and the sanction imposed.

8. Finally, the most consequential rationale offered for extreme relief, imminent-trial prejudice, no longer applies. The case is now in federal court under a new schedule, and XPO has served verified supplemental responses and substantial additional production addressing the compelled categories. Continued enforcement of "for all purposes" deemed negligence/gross-negligence findings and defense-striking sanctions now operates as punishment rather than a curative, issue-linked remedy, and would work a manifest injustice. *Carlson*, 856 F.3d at 325.

[CONTINUED ON NEXT PAGE]

**WHEREFORE**, XPO respectfully requests that the Court grant this Motion and enter an order revising the April 25, 2025 Robeson County sanctions order (Dkt. 8-5) as follows:

1. Vacate Paragraphs 56(a) through 56(e) in their entirety, including (without limitation) any directives deeming facts established "for all purposes in this Action" (including dispositive motions and trial) and any deemed findings that Lamb's or XPO's conduct was negligent, careless, reckless, or grossly negligent;

2. Vacate Paragraph 56(f) and reinstate the defenses struck from XPO's Answer, including XPO's Second, Third, Sixth, Seventh, and Eighth Defenses, and vacate any other portion of the April 25 Order that strikes, limits, precludes, or otherwise has the practical effect of striking or nullifying any defense, denial, or claim (whether or not separately labeled as a "sanction");

3. Amend Paragraphs 57 and 58 to remove any determination that the vacated issue and pleading sanctions were the "only" just and appropriate sanctions and to clarify that those sanctions have been withdrawn;

4. In lieu of the vacated issue and pleading sanctions, impose a monetary sanction requiring XPO to reimburse Plaintiff for the reasonable attorneys' fees and costs incurred as a result of the discrete discovery deficiencies addressed in the April 25, 2025 Order, limited to the categories that were the focus of the sanctions proceedings (telematics-related materials, including settings/alerts/access-related issues; preventability review materials; and Lamb-specific training and insurance materials), in an amount to be determined upon submission and response;

5. Clarify that, with the issue and pleading sanctions withdrawn, nothing in the April 25 Order may be construed to establish liability, fault, negligence, recklessness, or gross negligence "for all purposes," to preclude XPO from contesting liability, causation, or fault, or to bind XPO's counterclaim by virtue of any deemed merits findings;

6. Clarify/modify the April 25, 2025 Order's telematics-access directive (Second RFP 13) to permit the supervised-access protocol described in XPO's verified supplementation/supporting declaration in lieu of producing administrative usernames and passwords to Plaintiff or her consultant;

7. Otherwise leave the April 25, 2025 Order intact except as expressly revised above; and

8. Grant such other and further relief as the Court deems just and proper.

[SIGNATURE TO FOLLOW]

4

This 27th day of January 2026.

                                      **GORDON REES SCULLY MANSUKHANI LLP**

                                      By: /s/ *Robert W. F. Beckmann*
Robert W. F. Beckmann
N.C. State Bar No.: 63232
Austin R. Kessler
N.C. Bar No. 55732
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: rbeckmann@grsm.com
E-mail: akessler@grsm.com
E-mail: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

5

Case 7:25-cv-01545-D-BM    Document 38    Filed 01/27/26    Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO REVISE INTERLOCUTORY ORDER**, including all referenced exhibits and other documents, with the Clerk of Court for the Eastern District of North Carolina by using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| J. William Owen<br>Musselwhite, Musselwhite, Branch & Grantham, P.A.<br>P.O. Box 1448<br>Lumberton, NC 28359<br>wowen@mmbglaw.com<br>*Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith* | Troy D. Shelton<br>Dowling PLLC<br>3801 Lake Boone Trail, Suite 260<br>Raleigh, NC 27606<br>tshelton@dowlingfirm.com<br>*Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith* |

This 27th day of January 2026.

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ *Robert W. F. Beckmann*
Robert W. F. Beckmann
N.C. State Bar No.: 63232
Austin R. Kessler
N.C. Bar No. 55732
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: rbeckmann@grsm.com
E-mail: akessler@grsm.com
E-mail: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*