| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF ROBESON | SUPERIOR COURT DIVISION |
| | 24-CVS-468 |

| | |
| --- | --- |
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> WILLIAM BRATTY LAMB, <br><br> Defendant, <br><br> and <br><br> XPO LOGISTICS FREIGHT, INC. <br><br> Defendant/Counterclaim-Plaintiff. | **ORDER DENYING PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MOTION FOR SANCTIONS AND SECOND MOTION TO COMPEL AGAINST DEFENDANT XPO LOGISTIC FREIGHT, INC.** |

THIS CAUSE came before the Court on Plaintiff/Counterclaim-Defendant Cindy Soles Smith, Administratrix of the Estate of Mark Keannan Smith's ("Plaintiff") Motion for Sanctions and Second Motion to Compel against Defendant/Counterclaim-Plaintiff XPO Logistics Freight, Inc.'s ("Defendant" or "XPO") pursuant to Rules 26, 33, 24, and 37 of the North Carolina Civil Procedure (the "Motion").

On April 16, 2025, counsel for Plaintiff and Defendant appeared before the Court for oral argument on the Motion. Having considered the pleadings, Motion, Defendant's Motion for Reconsideration, the Affidavit of Zoran Nikolic, this Court's previous Order dated January 21, 2025, Granting Plaintiff's Motion to Compel Against Defendant XPO Logistics Freight, Inc. ("Previous Order"), submissions by counsel, and oral arguments presented by counsel, the Motion is hereby **GRANTED in part and DENIED in part**. The Court finds:

1

1. Reconsideration of the Previous Order is allowed Pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure because no final judgment has been entered in this case.

2. New evidence exists to support Defendant's Motion for Reconsideration regarding this Court's Previous Order, which is the subject of this Motion.

3. The Court's Previous Order would work manifest injustice against Defendant.

4. Defendant sought guidance from this Court concerning certain terms of the Previous Order and Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Second Set of Requests for Production of Documents, which were vague and/or ambiguous and inhibited Defendant's efforts to completely answer and respond to Plaintiff's Discovery Requests pursuant to the Court's Previous Order.

5. Defendant attempted in good faith to comply with the Previous Order and to confer with Plaintiff's counsel concerning same.

6. Concurrently with this Order, this Court is entering an Order granting Defendant's Motion for Reconsideration of the Previous Order.

It is hereby **ORDERED** that:

1. For good cause shown, Plaintiff's Motion for Sanctions is hereby **DENIED**; and

2. For good cause shown, Plaintiff's Second Motion to Compel is hereby **GRANTED** in accordance with this Court's Order Granting Defendant/Counterclaim-Plaintiff's Motion for Reconsideration and this Order.

3. Based on this Court's Orders and agreement of counsel, with respect to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Defendant shall further supplement the following specific discovery requests with full, complete, and substantive answers and response, without further objection, within thirty (30) days of the entry of this Order, specifically as follows:

a. <u>Interrogatory No. 3</u>: Defendant shall produce a list of all claims and lawsuits filed against XPO in the past three (3) years involving death, catastrophic injury, serious injury, fatalities, broken limbs, and fractures. This list should include a brief description of the parties, jurisdiction, the circumstances of each suit/claim, and the disposition of each suit/claim. If these search terms do not produce any claims or lawsuits, Defendant shall so state.

b. <u>Interrogatory No. 5</u>: Defendant shall state what telematic software it used.

c. <u>Interrogatory No. 14</u>: Defendant shall state all formal and informal disciplinary and/or counseling actions taken by XPO regarding Defendant William Lamb as a result of the subject accident.

d. <u>Interrogatory No. 22</u>: Defendant shall state what system it uses for XPOU.

e. <u>Interrogatory No. 36</u>: Defendant shall identify all persons involved with the preventability analysis/determination concerning the subject incident.

f. <u>Interrogatory No. 38</u>: Defendant shall identify and list the insurer, insured, policy number, and limits of coverage for any and all layers of liability insurance coverage that does or may provide coverage on behalf of XPO as of the date of the subject accident up to $250,000,000 in coverage.

g. <u>First Request for Production Nos. 3 and 4</u>: Defendant shall produce the declaration pages for all insurance policies identified in its answer to Interrogatory No. 38.

h. <u>First Request for Production No. 35</u>: Defendant shall produce all Samsara and Lytx data, videos, photos, and coaching sessions involving Defendant William Lamb from his date of hire until the date of this Order.

i. <u>First Request for Production No. 46</u>: Defendant shall produce all non-privileged notes and claim documents related to its preventability analysis and determination for the subject accident.

j. <u>First Request for Production Nos. 55-59</u>: Defendant shall produce all safety, driving, and operational training materials, manuals, policies, directives, handbooks, and rules provided to or used by Defendant William Lamb from his date of hire until the date of this Order. This includes safety training videos, PowerPoints, and other demonstrative training materials used by XPO to train Defendant William Lamb.

k. <u>First Request for Production No. 61</u>: Defendant shall produce any document, article, and presentation prepared and/or presented by XPO to Defendant William Lamb relating to the safe operation of a commercial motor vehicle during the past five years.

l. <u>First Request for Production No. 65</u>: Defendant shall produce a fully unredacted version of XPO's Accident Register, which is required to be maintained by federal law (49 CFR 390.15).

m. <u>First Request for Production No. 66</u>: Defendant shall produce all Rule 30(b)(6) deposition transcripts from corporate designees of XPO for lawsuits identified by XPO in response to Plaintiff's Interrogatory Number 3 and involving serious injury or death and a left turn by XPO's driver to the extent such transcripts are in XPO's possession.

4. Based on this Court's Orders and agreement of counsel, with respect to Plaintiff's Second Set of Requests for Production of Documents, Defendant shall further supplement the

following specific discovery requests with full, complete, and substantive response, without further objection, within thirty (30) days of the entry of this Order, specifically as follows:

 a. <u>Second Request for Production No. 1</u>: Defendant shall produce all Samsara and Lytx data, videos, photos, and coaching sessions involving Defendant William Lamb from his date of hire until the date of this Order.

 b. <u>Second Request for Production No. 2</u>: Defendant shall produce any documents that identify the employees of XPO (or third parties) that receive Samsara and Lytx notifications for Defendant William Lamb from his date of hire until the date of this Order.

 c. <u>Second Request for Production No. 4</u>: Defendant shall produce any documents that reflect the Samsara and Lytx notifications for Defendant William Lamb from his date of hire until the date of this Order.

 d. <u>Second Request for Production Nos. 6-11</u>: Defendant shall produce a printout of Defendant William Lamb's and XPO's commercial vehicle involved in the subject accident's Samsara and/or Lytx safety score or rating and the parameters for Samara and/or Lytx alerts for the three months prior to the accident until the date of this Order.

 e. <u>Second Request for Production No. 13</u>: Defendant shall produce all Samsara, Labco, and ECM data related to Defendant Lamb, the accident alleged in the Complaint, and the tractor trailer involved in the subject accident.

 f. <u>Second Request for Production No. 14</u>: Defendant shall produce a complete full-length, uncut and unredacted version of any and all video footage from the date of the subject accident.

5. To the extent Defendant claims that a document or set of documents is not within its possession, custody, or control, Defendant shall specifically identify the document(s), the custodian of the documents(s), the efforts made to obtain the document(s), and, to the extent that any document was destroyed, the date of the destruction and the identity of the individual(s) who authorized the destruction of any such document(s).

6. To the extent Defendant claims that any other document(s) are protected from disclosure pursuant to the attorney-client privilege, work product doctrine, or any other protection and to the extent not already addressed by the Order, Defendant shall provide a detailed privilege log that sets forth with particularity the document(s), the author of the document(s), the recipient of the document(s), and a description of the document(s) being withheld sufficient for Plaintiff to evaluate the claim of protection.

7. To the extent the parties cannot agree on whether a document is subject to protection, the party asserting the protection shall submit the materials to the undersigned for in camera review.

8. The Court finds and concludes that the Consent Protective Order previously entered in this Action provides adequate protection for any materials subject to any alleged trade secret, confidential, or proprietary privileges.

DATED this _____ day of April, 2025.

_____
The Honorable James Bell
Superior Court Judge
Robeson County