IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-557-BO

THE HISTORIC PRESERVATION )
FOUNDATION OF NORTH CAROLINA, )
INC., )
                                                               )
      Plaintiff, )
                                                               )
v. )           O R D E R
                                                               )
LILLIAN S. HARDY & BANK OZK, )
                                                               )
      Defendants. )

This matter is before the Court on defendant Lillian Hardy's motion to dismiss and plaintiff's motion to deem service of process perfected. For the reasons stated below, the Court denies defendant's motion to dismiss for lack of jurisdiction in part and denies plaintiff's motion to deem service perfected as moot.

## BACKGROUND

On December 23, 2019, plaintiff initiated this action in Wake County Superior Court, seeking to enforce terms, conditions, and covenants contained in a vesting deed conveying to defendant an interest in the Old Lexington Post Office. Plaintiff alleges that defendant has failed to comply with protective covenants and a rehabilitation agreement in the vesting deed that require defendant to rehabilitate and maintain the Old Lexington Post Office in accordance with certain standards. In its initial filings in the state court action, plaintiff provided the incorrect and non-existent address of 5516 Yuma Street NW, Washington, D.C. 20016 as defendant's address. DE 1-5. Defendant's correct address is 5116 Yuma Street, NW, Washington, DC 20016. DE 1-24, p. 8, ¶ 6.

The Wake County Clerk of Superior Court issued the summons to defendant to the incorrect address. DE 1-6. However, plaintiff has provided a delivery receipt from FedEx showing that the summons and complaint were delivered to the correct address and signed for by "F.MCAFE." DE 1-8, p. 4. Defendant states that neither her nor her spouse received, signed for, or accepted delivery of the FedEx envelope. DE 1-24, pp. 7–8, ¶¶ 4, 9; DE 1-30, pp. 4–5, ¶ 6. On February 7, 2020, the Wake County Superior Court entered default against defendant. DE 1-18. On June 30, 2020, plaintiff filed a motion for default judgment against defendant and a notice of hearing, and it mailed both to the incorrect address. On August 3, 2020, defendant appeared in the case to challenge personal jurisdiction, process, and service of process, and she filed a motion to set aside entry of default. DE 1-24. Following a hearing, Judge Kenneth O. Gregory granted defendant's motion to set aside the entry of default, denied defendant's motions to dismiss, and denied as moot plaintiff's motion for default judgment in an order entered September 22, 2020. DE 1-31. On October 21, 2020, defendant removed the action to this Court. DE 1.

## DISCUSSION

All orders entered in a case prior to its removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Similarly, "[p]ursuant to the law of the case doctrine, 'a court should not reopen issues decided in earlier stages of the same litigation.'" *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 285 (4th Cir. 2008) (quoting *Agostini v. Felton*, 521 U.S. 203, 236 (1997)). However, a district court may revise an interlocutory order when: 1) a subsequent trial has produced substantially different evidence, 2) there is a change in applicable law, or 3) in the face of "clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted). Showing that the third factor, clear error, has been met is a "high burden," *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009), and a

judge should be "hesitant to overrule" an earlier determination entered by another judge, *Carlson*, 856 F.3d at 325 (citation omitted).

For the Court to acquire jurisdiction over a party, service must comply with North Carolina's statutes and Rules of Civil Procedure. *Patton v. Vogel*, 833 S.E.2d 198, 201 (N.C. App. 2019). Under the relevant statute, the summons must be "directed to the defendant," N.C.G.S. § 1A-1, Rule 4(b), but it need not list her address, C. Gray Wilson, *North Carolina Civil Procedure* § 4-7 (3d ed. 2009). Although "compliance with statutory rules for service is necessary to obtain valid service," *Stone v. Hicks*, 45 N.C. App. 66, 67 (1980) (citation omitted), "a summons should not be found invalid simply because of technical mistakes." *Hocke v. Hanyane*, 118 N.C. App. 630, 635 (1995) (citation omitted). This is especially true when there is no real doubt as to the identity of the party intended to be sued. *Harris v. Maready*, 311 N.C. 536, 545–46 (1984).

Service may be made on an individual through a "designated delivery service" such as FedEx by providing the delivery service with a copy of the summons and complaint addressed to the party to be served, delivering it to the addressee, and obtaining a delivery receipt. N.C.G.S. § 1A-1, Rule 4(j)(1)(d). Proof of service is shown by an affidavit of the serving party stating in part that copy of the summons and complaint was "in fact received." *Id.* at § 1-75.10(4). An affidavit that meets the statutory requirements, together with the delivery receipt signed by the person who received the mail, creates a rebuttable presumption of valid service. *Id.* at § 1A-1, Rule 4(j2)(2); *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 490–91 (2003).

Defendant, citing statements made at the hearing, argues that Judge Gregory found that service was not proper and that the denial of defendant's lack of service motions was therefore irreconcilable. However, oral pronouncements from the bench are not controlling here. N.C.G.S. § 1A-1, Rule 58 (providing that judgments and orders are not "entered" until "reduced to writing,

3

signed by the judge, and filed with the clerk of court"); *see also Scoggin v. Scoggin*, 250 N.C. App. 115, 120 (2016) (holding that a written order was valid even though it reached a conclusion that differed from the trial court's oral pronouncement). The written order issued by the Court granted defendant's motion to set aside entry of default and denied defendant's motions to dismiss for insufficiency of process and process of service. Instead of relying on the state judge's oral pronouncements at the hearing, this Court must determine whether the state court had a proper basis to grant defendant's motion to set aside the entry of default, even while simultaneously denying the motions to dismiss. The fact that Judge Gregory set aside the entry of default while denying the motions to dismiss is not, in and of itself, contradictory because an entry of default may be set aside as long as there is "good cause shown." N.C.G.S. § 1A-1, Rule 55(d).

Here, the Court finds that there is no "clear error causing manifest injustice" in Judge Gregory's September 2020 order. A prior decision does not qualify for this exception by being "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc.*, 572 F.3d at 194 (citations omitted). This is not the case here. Judge Gregory had a proper basis for concluding that plaintiff was entitled to a presumption of valid service. In this case, there is enough evidence to establish that 1) a civil summons addressed to defendant was sent to defendant via FedEx, 2) the summons was delivered and a signature obtained on the receipt, and 3) plaintiff executed an affidavit attesting to these facts and attaching the registry receipt bearing a signature showing delivery of the summons. *See Granville Med. Ctr.*, 160 N.C. App. at 491 (finding that evidence establishing that the statutory requirements were complied with gave rise to the rebuttable presumption of service, even when the registry receipt bore a signature that did not belong to defendant). The fact that the receipt was signed by "F.MCAFE" rather than defendant does not change the result because presumption of valid service

4

arises upon proof of delivery, regardless of the identity of the signer. *Id.* (Rule 4(j2)(2) "raises a presumption that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized . . . to be served or to accept service of process."); *see In re Williams*, 149 N.C. App. 951, 959 (2002) (where "certified receipt was signed . . . presumably by a [person] of suitable age and discretion authorized to sign the receipt on behalf of respondent," there was "sufficient compliance with Rule 4 to raise a rebuttable presumption of valid service").

Furthermore, Judge Gregory had a proper basis for concluding that defendant had not rebutted the presumption of service. To rebut the presumption of service, a defendant "generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." *Granville Med. Ctr.*, 160 N.C. App. at 493 (citation omitted). Plaintiff argues that defendant failed to rebut the presumption of valid service and fails to address in her affidavit the critical issue of whether she received notice of the lawsuit. Defendant's affidavit states that "she did not receive notice of the lawsuit as a result of any process by plaintiff or its counsel." DE 1-24, p. 8, ¶ 9. Plaintiff argues that defendant never alleges that she did not ever receive the summons and complaint, but rather just that she did not sign for or receive the FedEx shipment at the time it was delivered. Defendant argues that her affidavit sufficiently shows that she did not receive notice of the lawsuit resulting from any process by Plaintiff or its counsel. To the extent that the affidavits submitted by the parties are contradictory, Judge Gregory had the authority to assess their credibility. *See Strauss v. Hunt*, 140 N.C. App. 345, 351 (2000) (trial court has authority to assess credibility of affidavits). Although there are conflicting views in the record, it was Judge Gregory's province to review the record and make the requisite factual findings when he considered the motions in the first instance, and it is this Court's province to

cabin its review to the reconsideration of bases for overturning the prior decision. *See U.S. Tobacco Coop. Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018). After reviewing the affidavits, this Court finds a reasonable basis for concluding that defendant had not rebutted the valid presumption of service and finds no clear error in Judge Gregory's denial of the lack of service orders.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [DE 9] is DENIED in part. The Court denies the request to dismiss for insufficiency of process and insufficiency of service of process and declines to reconsider Judge Gregory's order denying the lack of service motions. The Court reserves judgment on the remaining issues presented in defendant's motion to dismiss and will conduct a hearing on June 2, 2021 at 2:00 p.m. at Elizabeth City, North Carolina. Plaintiff's motion to deem service as perfected [DE 18] is DENIED as MOOT.

SO ORDERED, this the __6__ day of May, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE