IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:25-cv-01545-D-BM

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

        Plaintiff/Counterclaim-
        Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

        Defendant/Counterclaim-
        Plaintiff.

**PROPOSED ORDER**

This matter is before the Court on Defendant/Counterclaim-Plaintiff XPO Logistics Freight, Inc.'s Motion to Revise Interlocutory Order. Having considered the Motion, the record, and any responses and replies, the Court finds as follows:

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the April 25, 2025 Robeson County sanctions order is revised as follows:

1. Paragraphs 56(a) through 56(e) are vacated in their entirety, including (without limitation) any directives deeming facts established "for all purposes in this Action" (including dispositive motions and trial) and any deemed findings that Lamb's or XPO's conduct was negligent, careless, reckless, or grossly negligent;

2. Paragraph 56(f) is vacated and XPO's Second, Third, Sixth, Seventh, and Eighth Defenses are reinstated, and any other portion of the April 25 Order that strikes, limits, precludes, or otherwise has the practical effect of striking or nullifying any defense, denial, or claim (whether or not separately labeled as a "sanction") is also vacated;

3. Paragraphs 57 and 58 are amended to remove any determination that the vacated issue and pleading sanctions were the "only" just and appropriate sanctions, as those sanctions have been withdrawn;

4. XPO is obligated to reimburse Plaintiff for the reasonable attorneys' fees and costs incurred as a result of the discrete discovery deficiencies addressed in the April 25, 2025 Order, limited to the categories that were the focus of the sanctions proceedings (telematics-related materials, including settings/alerts/access-related issues; preventability review materials; and Lamb-specific training and insurance materials), in an amount to be determined upon submission and response;

5. Nothing in the April 25 Order may be construed to establish liability, fault, negligence, recklessness, or gross negligence "for all purposes," to preclude XPO from contesting liability, causation, or fault, or to bind XPO's counterclaim by virtue of any deemed merits findings;

6. The April 25, 2025 Order's telematics-access directive (Second RFP No. 13) is modified to permit the supervised-access protocol described in XPO's October 1, 2025 verified supplementation/supporting declaration in lieu of producing administrative usernames and passwords to Plaintiff or her consultant; and

7. The April 25, 2025 order is otherwise intact except as expressly revised above.

**SO ORDERED**, this ___ day of _____, 2026.

_____
United States District Judge