# *Smith v. XPO*
# 7:25-cv-01545-D-BM

# Exhibit 2 to Response to XPO's Motion for Reconsideration

# Spoliation Notice to XPO October 23, 2023

J.W. Musselwhite
W. Edward Musselwhite, Jr.
David F. Branch, Jr.

# MUSSELWHITE | MUSSELWHITE
# BRANCH & GRANTHAM

ATTORNEYS AT LAW

Norris Musselwhite Grantham
J. William Owen

William E. Musselwhite Sr.
(1930-1987)
Fred L. Musselwhite
(1939-2017)

October 23, 2023

<u>VIA EMAIL AND US MAIL</u>

Megan Stacy
Gordon Rees Scully Mansukhani
150 Fayetteville Street, Suite 1120
Raleigh, NC 27601

> **Re: Our Client: Estate of Mark K. Smith**
> **Date of Incident: October 11, 2023**
> **Your Client: William Bratty Lamb and XPO Logistics Freight, Inc.**
> **Location: Robeson County, North Carolina**
> **US DOT No.: 241829**

Dear Megan:

As you are aware our firm has been retained to represent the Estate of Mark K. Smith relative to a wrongful death claim arising out of an automobile collision occurring on October 11, 2023 in Robeson County, North Carolina. This letter is being sent for the purpose of reiterating your client's duty to preserve any potential evidence relative to the subject incident and to formally place you and your clients on notice of our potential claims. This letter is also intended to reiterate to such persons and/or entities their legal duty under North Carolina law to preserve evidence which will be pertinent to our allegations of liability and damages in connection with this incident including but not limited to the information detailed below.

Please be advised that any loss, alteration, destruction and/or other spoliation of the following evidence is prohibited by North Carolina law and may subject your client to judicially imposed sanctions.

1. The tractor and trailer that were involved in the subject collision on October 11, 2023.
2. Any cellular phone or electronic device in the possession or control of William Bratty Lamb on October 11, 2023 when the subject collision occurred, which specifically includes a personal cellular device and/or any XPO or business provided cellular device(s). This includes *all* cellular devices owned, operated or used on October 11, 2023 by William Bratty Lamb.
3. The Bill of Lading for the subject shipment of October 11, 2023.
4. The Manifest for the subject shipment of October 11, 2023 being transported by employee William Bratty Lamb.

606 North Elm Street    Post Office Box 1448    Lumberton, NC 28359-1448
Telephone: (910) 738-5277    Fax: (910) 738-3678

5. Any Master Transportation Services Agreement or Transportation Service Agreements between XPO Logistics Freight, Inc. and any other entity or entities involved in the October 11, 2023 shipment being transported by employee William Bratty Lamb.
6. Any and all videos or photos captured from inside or outside the subject tractor and/or trailer in any way related to the subject collision of October 11, 2023.
7. Any information or data from the U.S. Department of Transportation, Federal Motor Carrier Safety Administration concerning XPO Logistics Freight, Inc. and/or its parent and affiliate corporations, and other related entities, including but not limited to: Safety and Fitness Electronic Records (SAFER) System records or data, safety ratings, out-of-service inspection summaries, Company Snapshots, safety records, crash data, hazardous materials data, commodity information and other pertinent safety information collected by or reported to the U.S. Department of Transportation or North Carolina Department of Transportation.
8. Any information, documents, electronic mail, notes, recordings or other data whatsoever concerning the packaging, sale and transportation of any items onboard the subject commercial vehicle on October 11, 2023.
9. Any information, documents, emails, notes or other data whatsoever concerning the subject items onboard the subject commercial vehicle, including but not limited to packing instructions, labels, and information concerning the loading and securement of the items onboard.
10. All copies of the daily logs for the day of the collision, and for the six-month period preceding the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver involved in the above matter.
11. All existing driver/vehicle inspection reports required under 49 C.F.R.396.11 for the vehicles involved in the collision.
12. All existing daily inspection reports for the tractor and trailer involved in this collision.
13. All existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the above collision.
14. All annual inspection reports for the tractor and trailer involved in the above collision covering the date of the collision.
15. William Bratty Lamb's complete driver's qualification file, as required by 49 C.F.R.391-51, including, but not limited to:
    a. Application for employment for William Bratty Lamb;
    b. Inquiries into William Bratty Lamb's employment history;
    c. Responses to inquiries into William Bratty Lamb's employment history;
    d. William Bratty Lamb's employment history;
    e. CDL License for William Bratty Lamb;
    f. Driver's Certification of Prior Traffic Violations;
    g. Driver's Certification of Prior Collisions;
    h. Pre-employment MVR;
    i. Annual MVR for last two years;
    j. Annual review of driver history;
    k. Certification of road test;
    l. Medical examiner's certificates for last two years;

m. Drug testing records;
  n. Any other training documents or certifications for William Bratty Lamb.
16. Photographs, videos, computer generated media, or other recordings of the interior and exterior of the vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence;
17. The driver's pre-employment, random, and post-collision alcohol and drug testing results;
18. Any lease contracts or agreements covering the driver or the tractor or trailer involved in this collision;
19. Any interchange agreements regarding the tractor or trailer involved in this collision;
20. Any contracts or agreements between XPO Logistics Freight, Inc. (and/or its affiliates) and any other entities involved in the transportation of freight on board the subject trailer on October 11, 2023.
21. Any data and/or printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), or any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision and the six-month period preceding the collision for the equipment involved in the collision;
22. Any post-collision maintenance, inspection, or repair records or invoiced in regard to the tractor and trailer involved in the above collision;
23. Any weight tickets, fuel receipts, hotel bills, or other records of expenses, regardless of type, regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding the collision;
24. Any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.
25. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.
26. Any e-mails, electronic messages, letters, memos, or other documents between XPO Logistics Freight, Inc. (and their employees or agents) concerning this collision and/or the items being transported.
27. The collision register maintained by the motor carrier (XPO Logistics Freight, Inc. and related entities) as required by federal law for the one (1) year period preceding this collision.
28. Any drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.
29. Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision (William Bratty Lamb).
30. Any DOT reports, memos, notes or correspondence concerning the driver (William Bratty Lamb) or the tractor or trailer involved in this collision.
31. Any downloadable computer data from the tractor's computer system to include but not be limited to Electronic Control Modules, Event Data Recorders, Eaton VORAD collision warning system, and other similar systems.
32. The pre-trip inspection report completed by the driver for the trip involved in this collision.

33. All OmniTRAC, Qualcomm, NVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck. You are hereby notified that you are required to place your supplier of the above system, as your agent, on notice that it is to save this data.
34. All settlement sheets and expense sheets for the truck driver pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.
35. Cargo pickup or deliver orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.
36. All documents pertaining to the ownership of the tractor and the trailer involved in this crash, including but not limited to title and registration documents.
37. Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by the driver and/or truck involved in the collision for thirty (30) days prior to the date of the collision, as well as the day of the collision.
38. Any other items associated in any way with the subject collision of October 11, 2023, including documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the tractor, trailer, the truck, or the cargo.
39. XPO Logistics Freight, Inc.'s entire personnel file on William Bratty Lamb;
40. Any and all communications via CB radio, mobile or satellite communication systems, e-mail, cellular phone, pager or other cab communication device to include the bills for the devices for the seven (7) days before, the day of, and the two (2) days after the collision.
41. Any and all computer, electronic, or e-mail messages of any type created in the seven (7) days prior to the collision and the first forty-eight (48) hours immediately after the collision, by and between the defendant and any agents or third parties, as well as any computer message, which relate to this particular incident, whether generated or received by you or your agents. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.
42. If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation.
43. All documents identifying the insurer of the tractor and trailer involved in the crash, including but not limited to all documents naming the insurance company and policy number on such tractor and trailer.
44. All documents identifying any insurer of XPO Logistics Freight, Inc.
45. All documents identifying any self-retention, excess coverage, umbrella coverage or other risk loss funds for any entity involved in this case, including XPO Logistics Freight, Inc.
46. All documents identifying any freight broker that was involved in making arrangements for transportation of the freight that was in the trailer at the time of the crash.

47. Any and all computer, electronic, or email messages created in the first forty-eight (48) hours immediately after the incident, by and between your client's agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated and/or received.
48. All photographs, diagrams, drawings and videos and/or any other depictions of the incident and the scene of the subject incident. This specifically includes any dash camera footage from the interior or exterior of the subject tractor and/or trailer involved in this incident.
49. All contracts or agreements between any of the subject entities or anyone acting on the subject entities behalf.
50. Statements (recorded or written) given by any employee, agent or representative of any of the subject entities or any related entity, and/or any other witness to the subject collision.
51. Any investigations and reports pertaining the subject incident, conducted by you, your client or anyone on you or your client's behalf.
52. All documents related to any inquiry, investigation, reports, notices, citations, or recommendations of, or communications with any governmental or law enforcement agency regarding this incident.
53. Any and all maintenance records relating to the subject vehicles and/or equipment specifically including prior and subsequent maintenance records, data and/or other documentation whatsoever concerning the subject vehicles and/or equipment.
54. Any and all employee files, records, training certifications, timecards and/or other data relating to the employees, independent contractors, or other persons who were involved in the loading, unloading, transportation of livestock at the subject date and time or who may have knowledge of the facts and circumstances related thereto.

In the event that you or your clients intend to disregard this request in any way, you are requested to advise us in advance so that we may take appropriate steps to compel the preservation of such records, as they are significant to potential claims presented by our client. Thank you for your time and attention to this matter.

Please provide a mutually agreeable time and date for us to inspect the tractor and trailer involved in the subject collision. Please also immediately isolate and take out of service the subject tractor and trailer until our office has an opportunity to perform a complete post-collision inspection. We look forward to working with you on this tragic case.

Sincerely yours,

MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM

J. William Owen