# EXHIBIT B

# NOTICE OF FILING RELATED TO PLAINTIFF'S MOTION TO REMAND

STATE OF NORTH CAROLINA
ROBESON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV003758-770

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

Plaintiff,

v.

WILLIAM BRATTY LAMB

Defendant.

**DEFENDANT WILLIAM BRATTY
LAMB'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER**

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

1. Mr. Lamb faces pending criminal charges in *State v. Lamb*, No. 23CR438001-770, arising out of the same motor vehicle accident that is the subject of this civil action. The criminal matter is currently set for a June 8, 2026 criminal trial, approximately five weeks after Plaintiff's noticed civil deposition. Good cause exists under Rule 26(c) to continue the deposition.

2. Requiring the deposition now would force Mr. Lamb to choose between invoking his Fifth Amendment privilege, with attendant adverse-inference and discovery-dispute risks, or providing substantive testimony that could be used against him in the criminal matter and waive or compromise his privilege. Separately, potentially exculpatory evidence, namely the cell phone in Decedent's possession at the time of the accident, has not yet been produced by the State.

3. Defendant seeks only a short continuance to a date after the June 8 criminal setting. There is no trial date, discovery remains open, and Plaintiff previously proposed adjusting the deposition schedule to accommodate a prior criminal setting in January 2026, but now refuses the same accommodation. Plaintiff will not be meaningfully prejudiced by a brief continuance, while Mr. Lamb faces real prejudice to both his civil and criminal defenses if forced to testify now.

1

## II. RELEVANT FACTS

### a. THE ACCIDENT AND THE PENDING CRIMINAL MATTER

4. This civil action arises out of an October 11, 2023 motor vehicle accident involving Defendant William Bratty Lamb and Decedent Mark Smith. Mr. Lamb also faces pending criminal charges arising from the same accident in *State of North Carolina v. William Bratty Lamb*, Robeson District Court Case No. 23CR438001-770. The pending charges are Misdemeanor Death by Vehicle, N.C. Gen. Stat. § 20-141.4(a2), and Failure to Yield on Left Turn, N.C. Gen. Stat. § 20-155(b). *Lamb Criminal Docket*, "**Ex. 5**", pp. 1–2.

5. The criminal matter has been pending since October 2023 and has been continued on multiple occasions. Some continuances were entered by the Court on its own authority; others were entered by the joint consent of both the State and Mr. Lamb. The docket reflects no continuance entered on motion of the defense over the State's objection. The reset relevant to this motion, from April 13, 2026 to June 8, 2026, was entered by the Court. *Id.*

6. Plaintiff noticed Mr. Lamb's deposition for April 30, 2026, approximately five weeks before the June 8 criminal setting. The pending criminal matter and Mr. Lamb's civil deposition arise from the same accident, the same roadway events, the same observations and timing, the same vehicle movements, and the same alleged conduct by Mr. Lamb.

### b. PLAINTIFF PREVIOUSLY RECOGNIZED THE NEED TO COORDINATE WITH THE CRIMINAL SCHEDULE

7. In January 2026, Plaintiff's counsel proposed scheduling depositions in this matter, including Mr. Lamb's deposition, for the first week of February. *January 14, 2026 Email Chain*, "**Ex. 1**", p. 3. After learning that Mr. Lamb had a pending criminal court date, Plaintiff's counsel wrote, without prompting: "It appears that Defendant Lamb's next court date is 02/09/26. In light of that, we can push his deposition to later in February." *Id.*, p. 1. Plaintiff's counsel proposed going

2

forward on February 4 and 5, 2026 with the depositions of Geavonia Lowery, Jimmy O'Donnell, Matthew Chavis, John Deese, and Jeff Jones, and deferring Lamb's deposition to a later date. *Id.* The depositions of Mr. O'Donnell, Mr. Chavis, and Mr. Jones have since been taken.

8. In March 2026, Plaintiff again sought dates for Mr. Lamb's deposition. *April 3, 2026 Email Chain*, "**Ex. 2**", pp. 4–5. Defense counsel advised Plaintiff that he was confirming Mr. Lamb's availability. *Id.* Defendant ultimately offered April 29 or April 30, 2026, and Plaintiff noticed the deposition for April 30. *Id.*, p. 1.

9. Defendant agreed to the April 30 date with the reasonable expectation that the criminal matter would be resolved on its then-pending April 13, 2026 setting and that the outstanding issues relating to Decedent's cell phone, discussed below, would be resolved in advance of Mr. Lamb's civil deposition. Neither occurred.

### c. DECEDENT'S CELL PHONE HAS NOT BEEN PRODUCED, DESPITE DEFENSE COUNSEL'S ONGOING EFFORTS TO OBTAIN IT

10. A cell phone that was in the Decedent's possession at the time of the accident has not been produced for inspection. The phone may contain evidence bearing on the circumstances of the accident, including Decedent's potential distraction, the timing and content of communications, app activity, location or usage data, and other information bearing on the minutes leading up to the collision.

11. On April 8, 2026, civil defense counsel sent a detailed good-faith letter to the Robeson County District Attorney's Office and the North Carolina Administrative Office of the Courts seeking production of the cell phone for supervised forensic imaging, together with related extraction reports, hash values, chain-of-custody materials, and warrant, consent, inventory, and return documents. *April 8 Good Faith Letter to DA*, "**Ex. 4**". The letter made clear that a curated export (essentially copying the ADA's notes) would not adequately protect Mr. Lamb's rights

3

because Defendant's forensic examiner requires a complete extraction to query the data, test completeness, evaluate metadata, and reliably analyze the information. **Ex. 4**, pp. 1–2. The letter set a response deadline of April 22, 2026, and advised that, absent agreement, Defendants would seek relief from the Court. *Id.*, p. 3.

12. As of the filing of this motion, the cell phone remains unproduced. On April 23, 2026, defense counsel promptly contacted Corrine Lusic, Deputy Legal Counsel for the NCAOC Office of General Counsel, regarding the pending criminal matter and the Decedent's cell phone, and was advised that the criminal case was expected to move forward on June 8, 2026, and that the cell phone was expected to be made available for inspection in advance of that date but not before Mr. Lamb's April 30, 2026 deposition.

### d. DEFENSE COUNSEL'S EFFORTS TO AVOID MOTION PRACTICE AND PLAINTIFF'S REFUSAL TO ENGAGE

13. On April 24, 2026, defense counsel sent Plaintiff a detailed meet-and-confer letter requesting that Mr. Lamb's April 30 deposition be continued to a date certain after the June 8 criminal setting. *Lamb April 24, 2026 Exchange*, "**Ex. 3**", pp. 5–6. Defense counsel emphasized that Defendant was "not seeking an open-ended adjournment or a stay of discovery generally" and "not seeking to prevent Plaintiff from taking Mr. Lamb's deposition." **Ex. 3**, p. 5.

14. Defense counsel identified two independent grounds for the requested continuance: first, that any substantive testimony by Mr. Lamb concerning the accident "could implicate Mr. Lamb's Fifth Amendment rights and risk opening the door to further inquiry in the criminal matter"; and second, that the Decedent's cell phone, which "could potentially contain exculpatory evidence relative to the criminal matter," had not been produced for inspection. *Id.*

15. Defense counsel further explained that proceeding with the deposition would "essentially be a waste of time and money for all parties" and would likely result in "little, if any,

4

substantive testimony from Mr. Lamb, motion practice over the effect of his anticipated Fifth Amendment invocation, and possibly the need to re-open or re-take the deposition after the criminal matter is resolved." **Ex. 3**, p. 6. Defense counsel offered to reschedule to a firm date after the June 8 criminal setting. *Id.*

16. Plaintiff responded shortly thereafter. *Id.*, pp. 4–5. The response did not engage with the substance of defense counsel's letter. Plaintiff's counsel wrote, in full:

> "I have reviewed your position however I am moving forward as noticed on 4/30 unless an Order tells me otherwise. If Lamb wishes to invoke his Fifth Amendment right, nothing will prevent him from doing so. I have many questions for Lamb that do not involve his pending criminal charges. Also, the decedent's cell phone has no relevance to Lamb's deposition. I also take issue with your position regarding how and why a 2023 misdemeanor charge has been continued so many times. To suggest that Lamb and XPO have had nothing [to] do with these strategic continuances is simply ignorant." **Ex. 3**, p. 4.

17. Defendant then sent a second meet-and-confer letter asking Plaintiff to reconsider and addressing each point Plaintiff's counsel had raised. *Id.*, pp. 3–4. Defendant explained that the assertion that "nothing will prevent" Mr. Lamb from invoking the Fifth Amendment did not solve the problem but "confirm[ed]" it, because forcing the deposition would yield "little, if any, substantive testimony," disputes over the scope and effect of the privilege, and "potentially a second deposition after the criminal matter is resolved." *Id.*, p. 3.

18. Defendant addressed Plaintiff's assertion that there were "many questions" not implicating the criminal charges by explaining that the misdemeanor charge "arises from the same accident, the same roadway events, the same observations, the same timing, the same vehicle movements, and the same alleged conduct" and that "it is not realistic to suggest that those categories can be cleanly separated from the pending criminal proceeding in real time at the deposition." *Id.*

19. Defendant also addressed Plaintiff's assertion that the cell phone had "no relevance" by explaining that the Fifth Amendment issue and the cell phone issue are separate and

5

independent grounds for a continuance, and that Mr. Lamb "should not be forced to testify under oath about the accident before that evidence has been inspected." *Id.*

20. Further, Defendant addressed Plaintiff's accusation of "strategic continuances" by explaining that "XPO is not a party to the criminal prosecution," that "our office does not represent Mr. Lamb in the criminal matter," and that "[n]either XPO nor civil defense counsel controls the District Attorney's Office, the Police Department, the criminal docket, or the production of evidence maintained by law enforcement." *Id.*

21. Indeed, when Plaintiff's counsel previously suggested he would address the criminal continuance history with the criminal court, defense counsel promptly advised that Defendants were not responsible for the State's continuances and asked Plaintiff to identify the capacity in which he claimed standing to be heard in the criminal matter. *January 28, 2026 Exchange*, "**Ex. 6**".

22. Next, Defendant noted that "Plaintiff has articulated no cognizable prejudice from the short adjournment we are requesting," while "the prejudice to Mr. Lamb from proceeding on April 30 is substantial and arises through no fault of Mr. Lamb, XPO, or civil defense counsel." *Id.* Defendant reiterated the offer to reschedule after the June 8 criminal setting and confirmed that all other discovery could and would proceed in the interim. *Id.* Defense counsel closed by requesting a response by 5:00 p.m. that day and advising that, absent agreement, Defendant would seek the Court's intervention and "request all appropriate relief, including reasonable expenses and attorney's fees incurred in bringing the motion." *Id.*

23. Defendant then sent a supplemental email attaching Plaintiff's counsel's own January 14, 2026 email in which he had voluntarily proposed adjusting Mr. Lamb's deposition schedule to accommodate a prior criminal setting. **Ex. 3**, p. 2, **Ex. 1**. Defendant noted that "the

6

circumstances now are materially the same, if not stronger" than those Plaintiff's counsel had previously recognized as warranting accommodation, and that the January 14 email "further undermines any suggestion that our request is the product of 'strategic' conduct by Mr. Lamb, XPO, or civil defense counsel." *Id.*

24. Plaintiff's counsel again refused, and his entire response read, in full: "My position remains unchanged. We will move forward on 4/30, unless ordered otherwise." **Ex. 3**, p. 1. Plaintiff never substantively responded to the Fifth Amendment analysis, the cell phone inspection issue, the January 14, 2026 correspondence, the absence of any articulated prejudice to Plaintiff, or any other point raised in Defendant's reconsideration letter or supplement.

25. This motion seeks only a brief, targeted continuance necessitated by the current posture of the criminal matter and the unresolved cell phone issue. Defendant does not seek to delay this case generally and has actively participated in discovery. There is no trial date in this civil action, discovery remains open, and Defendant remains willing to produce Mr. Lamb for deposition on a firm date shortly after the June 8 criminal setting.

26. Because Plaintiff refuses to adjourn Mr. Lamb's deposition absent a court order, Defendant was left with no choice but to bring this motion.

### III.   LEGAL STANDARD

27. Rule 26(c) authorizes the Court, for good cause shown, to enter any order justice requires to protect a party or person from undue burden, oppression, or prejudice, including an order that discovery not proceed, proceed only on specified terms, or be limited in time, scope, or subject matter. N.C. Gen. Stat. § 1A-1, Rule 26(c).

7

Case 7:25-cv-01545-D-BM    Document 45-2    Filed 04/28/26    Page 8 of 44

28. A pending criminal matter does not automatically stay civil discovery, but the Court may defer or limit civil discovery where the interests of justice require it. *Lee v. McDowell*, No. 19 CVS 17741, 2021 WL 4168383, at *3–4 (N.C. Super. Sept. 14, 2021).

29. In considering whether to defer civil discovery due to a related criminal matter, courts consider the degree of overlap between the civil and criminal matters, the status of the criminal case, the plaintiff's interest in proceeding, the prejudice from delay, the burden on the defendant, and the interests of the court and public. *Lee*, 2021 WL 4168383, at *3–4.

30. North Carolina recognizes that a factfinder in a civil case may draw an adverse inference from a witness's invocation of the Fifth Amendment. *Matter of E.G.C.*, 293 N.C. App. 181, 898 S.E.2d 808 (2024).

31. Rule 37(d) confirms that a party seeking to avoid a noticed deposition should apply for protection under Rule 26(c) before the deposition date. N.C. Gen. Stat. § 1A-1, Rule 37(d).

## IV. ARGUMENT

32. Good cause exists under Rule 26(c) to continue Mr. Lamb's deposition. Rule 26(c) authorizes the Court, "for good cause shown," to enter "any order which justice requires" to protect a party or person from undue burden, oppression, or prejudice, including an order "that the discovery not be had" or that discovery proceed only on "specified terms and conditions." N.C. Gen. Stat. § 1A-1, Rule 26(c). Defendant seeks exactly that narrow relief: not a stay of discovery, and not an order preventing Plaintiff from deposing Mr. Lamb, but an order continuing the April 30 deposition to a firm date after the June 8 criminal setting.

33. The *Lee* factors support that relief. The overlap between the noticed deposition and the pending criminal matter is substantial: both arise from the same accident, same roadway events, same observations and timing, same vehicle movements, and same alleged conduct. The criminal

8

matter is active and set for June 8. Plaintiff will suffer no meaningful prejudice from a brief continuance because there is no trial date, discovery remains open, Plaintiff has completed most of the other depositions she sought from the January schedule, and Defendant remains willing to produce Mr. Lamb shortly after the June 8 setting.

34.     By contrast, proceeding on April 30 would substantially prejudice Mr. Lamb. It would force him to choose between invoking his Fifth Amendment privilege, with attendant adverse-inference and discovery-dispute risks in this civil action, or providing substantive testimony that could be used against him in the criminal matter and potentially waive or compromise his privilege. Plaintiff's position that "nothing will prevent" Mr. Lamb from invoking the Fifth Amendment confirms the problem. A deposition likely to produce little, if any, substantive accident testimony, followed by disputes over the scope and effect of any invocation, serves no meaningful purpose and likely will require additional motion practice or a second deposition.

35.     The unproduced cell phone provides a separate and independent basis for protection. The phone may contain evidence bearing on Decedent's distraction, communications, app activity, location or usage data, and the accident sequence. Defendant has actively sought the phone from the State, but it remains unproduced and is not expected to be made available before April 30.

36.     Indeed, once the State's April 22 response deadline passed without production, defense counsel promptly contacted Ms. Lusic on April 23, was advised that the criminal case was expected to proceed on June 8 and that the phone was expected to be made available before then, and immediately raised the issue with Plaintiff the next morning. Requiring Mr. Lamb to testify under oath about the accident before potentially critical evidence has been inspected would impose additional unfair burden and prejudice.

9

37. Defendant also reminded Plaintiff that this was not a new position. When Plaintiff's counsel previously suggested he might address the criminal continuance history with the criminal court, defense counsel promptly advised that Defendants were not responsible for the State's continuances and objected to any use of the criminal matter as leverage in civil scheduling.

38. Plaintiff's own conduct confirms the reasonableness of the requested relief. In January 2026, Plaintiff's counsel voluntarily proposed moving Mr. Lamb's deposition to accommodate a criminal setting while proceeding with other depositions. Defendant asks for the same type of accommodation now, under stronger circumstances: the criminal matter remains pending, the June 8 setting is imminent, the cell phone issue remains unresolved, and the latest adjournment from April 13 to June 8 was entered by the Court. Plaintiff cannot show any cognizable prejudice from a brief continuance.

39. Defendant also proceeded in the manner contemplated by Rule 37(d). Defendant did not simply refuse to appear, but rather requested Plaintiff's agreement, explained the two independent grounds for protection, explained why Plaintiff would suffer no meaningful prejudice from a short continuance, addressed each concern Plaintiff raised, asked Plaintiff to reconsider, and identified Plaintiff's prior agreement to coordinate Mr. Lamb's deposition with the criminal schedule.

40. Plaintiff did not substantively engage with those points. Instead, Plaintiff stated only that her "position remains unchanged" and that she would proceed on April 30 "unless ordered otherwise." Because Plaintiff refused a reasonable, limited continuance despite Defendant's efforts to resolve the issue without Court intervention, Defendant was left with no choice but to seek Rule 26(c) protection before the noticed deposition date.

10

41.     Accordingly, the Court should enter a protective order continuing Mr. Lamb's deposition to a firm date after the June 8 criminal setting. Defendant also requests reasonable expenses and attorney's fees incurred in bringing this motion because Plaintiff's refusal to agree to a short, targeted continuance, after Defendant demonstrated substantial prejudice to Mr. Lamb, no meaningful prejudice to Plaintiff, and Plaintiff's own prior recognition that the deposition should be coordinated with the criminal schedule, necessitated Court intervention. *See* N.C. Gen. Stat. § 1A-1, Rule 26(c) (incorporating Rule 37(a)(4)'s expense provisions).

42.     In the alternative only, and without conceding that any conditions would cure the prejudice created by requiring Mr. Lamb's deposition to proceed before June 8, Defendant requests that any order requiring the deposition to proceed include protective conditions. Those conditions should include, at minimum, limitations on the scope of inquiry, permission for Mr. Lamb's criminal counsel to attend and advise him, restrictions prohibiting disclosure of any transcript, video, audio, exhibits, or testimony to non-parties, law enforcement, or prosecuting authorities absent further order of the Court, and leave to suspend or reconvene the deposition if Fifth Amendment issues prevent meaningful examination.

[CONTINUED ON NEXT PAGE]

11

## V. CONCLUSION

43.     For the foregoing reasons, Defendant respectfully requests that the Court enter a protective order continuing Mr. Lamb's April 30, 2026 deposition to a firm date after the June 8, 2026 criminal setting and on or before June 22, 2026, award Defendant the reasonable expenses and attorney's fees incurred in bringing this motion, and grant such other and further relief as the Court deems just and proper.

44.     In the alternative only, if the Court permits the deposition to proceed before June 8, 2026, Defendant respectfully requests that the Court impose appropriate protective conditions to protect Mr. Lamb from the prejudice identified above.

Dated: April 24, 2026

GORDON REES SCULLY MANSUKHANI LLP

By: /s/ *Robert W. F. Beckmann*
Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
**Counsel for Defendant William Lamb**

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on **April 24, 2026**, a copy of **DEFENDANT WILLIAM BRATTY LAMB'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**, and all exhibits thereto, were served via email on the following counsel of record:

| |
|---|
| J. William Owen<br>Musselwhite, Musselwhite, Branch & Grantham, P.A.<br>P.O. Box 1448<br>Lumberton, NC 28359<br>wowen@mmbglaw.com<br>***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** |
| Jennifer Welch<br>Cranfill Sumner LLP<br>5540 Wade Park Blvd.<br>Raleigh, NC 27607<br>jwelch@cshlaw.com<br>***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** |

Dated: April 24, 2026

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ *Robert W. F. Beckmann*

Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
***Counsel for Defendant William Lamb***

Electronically Filed Date: 4/24/2026 6:16 PM  Robeson Superior Court County Clerk of Superior Court

EXHIBIT 1

 Outlook

## Re: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)

**From** Will Owen <wowen@mmbglaw.com>

**Date** Wed 1/14/2026 1:20 PM

**To**   Robert Beckmann <rbeckmann@grsm.com>; Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Austin Kessler <akessler@grsm.com>; Jennifer A. Welch <jwelch@cshlaw.com>; Brandi Davis <bldavis@grsm.com>

Robert,

It appears that Defendant Lamb's next court date is 02/09/26. In light of that, we can push his deposition to later in February.

I would propose the following:

### February 4th

    (1) 1.
    Geavonia Lowery (Witness)
    (2) 2.
    Jimmy O'Donnell (Witness)
    (3) 3.
    Matthew Chavis (Witness)

### February 5 th

    (4) 4.
    John Deese (Robeson County EMS)
    (5) 5.
    Jeff Jones (National Erectors Rebar)

**J. William Owen**
Musselwhite, Musselwhite, Branch & Grantham, P.A.
T: +1 910 738 5277  |  F: +1 910 738 3678

**From:** Robert Beckmann <rbeckmann@grsm.com >
**Sent:** Friday, January 9, 2026 12:53 PM
**To:** Will Owen <wowen@mmbglaw.com >; Allison Becker <abecker@grsm.com >; Devin Honbarger <dhonbarger@grsm.com >; Austin Kessler <akessler@grsm.com >; Jennifer A. Welch <jwelch@cshlaw.com >; Brandi Davis <bldavis@grsm.com >
**Subject:** RE: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)

# EXHIBIT 1

Hi Will,

I know the 2nd and the 6th do not work for me. I will contact Mr. Lamb and his criminal attorney for good dates.

Could you also please clarify what depositions you had an in mind for each date?

Thanks,

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
D: 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

---

**From:** Will Owen <wowen@mmbglaw.com >
**Sent:** Wednesday, January 7, 2026 7:37 AM
**To:** Robert Beckmann <rbeckmann@grsm.com >; Allison Becker <abecker@grsm.com >; Devin Honbarger <dhonbarger@grsm.com >; Austin Kessler <akessler@grsm.com >; Jennifer A. Welch <jwelch@cshlaw.com >; Brandi Davis <bldavis@grsm.com >
**Subject:** Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)
**Importance:** High

Robert,

We need to get depositions scheduled in the matter of Estate of Mark Smith v. William Bratty Lamb (25CV003758-770).

To get us started, I plan to notice the depositions of the following:

Case 7:25-cv-01545-D-BM     Document 45-2     Filed 04/28/26     Page 16 of 44

EXHIBIT 1

1. 1.Geavonia Lowery (Witness)

2. 2.Jimmy O'Donnell (Witness)

3. 3.Matthew Chavis (Witness)

4. 4.John Deese (Robeson County EMS)

5. 5.Jeff Jones (National Erectors Rebar)

6. 6.William Bratty Lamb

These depositions will take place at my office in Lumberton. I am planning to notice these depositions for the first week of February. Please let me know if you have conflicts on February 2, 4, 5 or 6. Thanks.

**J. William Owen**

Musselwhite, Musselwhite, Branch & Grantham, P.A.

T: +1 910 738 5277  |  F: +1 910 738 3678

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON  REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

EXHIBIT 2

 **Outlook**

---

## Re: Smith v. Lamb

---

**From** Will Owen <wowen@mmbglaw.com>

**Date** Fri 4/3/2026 8:04 AM

**To**    Robert Beckmann <rbeckmann@grsm.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch
<JWelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>

**Cc**    Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston
<awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin
Kessler <akessler@grsm.com>

Counsel:

Please see attached Notice of Deposition of Defendant William Lamb.

J. William Owen
**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**
T: 910 738 5277 I F: 910 738 3678



---

**From:** Robert Beckmann <rbeckmann@grsm.com >
**Sent:** Wednesday, April 1, 2026 2:34 PM
**To:** Will Owen <wowen@mmbglaw.com >; Brandi Davis <bldavis@grsm.com >; Jennifer A. Welch
<JWelch@cshlaw.com >; Troy Shelton <tshelton@dowlingfirm.com >
**Cc:** Allison Becker <abecker@grsm.com >; Devin Honbarger <dhonbarger@grsm.com >; Aleea Winston
<awinston@grsm.com >; Tracy Valdez <tvaldez@grsm.com >; Lauren Tucker <ltucker@grsm.com >; Austin Kessler
<akessler@grsm.com >
**Subject:** RE: Smith v. Lamb

I appreciate it, 10:00 am is fine.

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

Case 7:25-cv-01545-D-BM     Document 45-2     Filed 04/28/26     Page 18 of 44

EXHIBIT 2

grsm.com
vCard

**From:** Will Owen <wowen@mmbglaw.com >
**Sent:** Wednesday, April 1, 2026 2:32 PM
**To:** Robert Beckmann <rbeckmann@grsm.com >; Brandi Davis <bldavis@grsm.com >; Jennifer A. Welch <JWelch@cshlaw.com >; Troy Shelton <tshelton@dowlingfirm.com >
**Cc:** Allison Becker <abecker@grsm.com >; Devin Honbarger <dhonbarger@grsm.com >; Aleea Winston <awinston@grsm.com >; Tracy Valdez <tvaldez@grsm.com >; Lauren Tucker <ltucker@grsm.com >; Austin Kessler <akessler@grsm.com >
**Subject:** Re: Smith v. Lamb

That is fine - does 10am EST work for you and Mr. Lamb?

J. William Owen

## MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.

T: 910 738 5277 I F: 910 738 3678



MUSSELWHITE | MUSSELWHITE
BRANCH & GRANTHAM
ATTORNEYS AT LAW

**From:** Robert Beckmann <rbeckmann@grsm.com>
**Sent:** Wednesday, April 1, 2026 12:11 PM
**To:** Will Owen <wowen@mmbglaw.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch <JWelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler <akessler@grsm.com>
**Subject:** RE: Smith v. Lamb

Will,

EXHIBIT 2

Could we do this at our offices in Raleigh? If you could accommodate that, it would be greatly appreciated.

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

---

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Wednesday, April 1, 2026 9:00 AM
**To:** Robert Beckmann <rbeckmann@grsm.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch <JWelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler <akessler@grsm.com>
**Subject:** Re: Smith v. Lamb

Robert -

Please confirm the location and time for Lamb's deposition on 4/30 so I can get it formally noticed. Thanks.

-Will

J. William Owen

**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**

T: 910 738 5277 | F: 910 738 3678

EXHIBIT 2



**ATTORNEYS AT LAW**

**From:** Robert Beckmann <rbeckmann@grsm.com>
**Sent:** Friday, March 27, 2026 9:18 AM
**To:** Will Owen <wowen@mmbglaw.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch
<JWelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston
<awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler
<akessler@grsm.com>
**Subject:** RE: Smith v. Lamb

Hi Will,

Thanks, I will let client know. I appreciate the offer for you to host, let me think about that.

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Wednesday, March 25, 2026 7:25 AM
**To:** Robert Beckmann <rbeckmann@grsm.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch
<JWelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>

Case 7:25-cv-01545-D-BM     Document 45-2     Filed 04/28/26     Page 21 of 44

Cc: Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler <akessler@grsm.com>
Subject: Re: Smith v. Lamb

Rob,

I can confirm April 30 th for Lamb's deposition. What location/time? Happy to host at my office, let me know.

-Will

J. William Owen

**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**

T: 910 738 5277 I F: 910 738 3678



MUSSELWHITE | MUSSELWHITE
BRANCH & GRANTHAM
ATTORNEYS AT LAW

From: Robert Beckmann <rbeckmann@grsm.com>
Sent: Wednesday, March 18, 2026 2:13 PM
To: Will Owen <wowen@mmbglaw.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch <jwelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
Cc: Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler <akessler@grsm.com>
Subject: RE: Smith v. Lamb

Will,

We can do April 29 or April 30 for Mr. Lamb's deposition. Please let us know.

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

EXHIBIT 2

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
D: 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Robert Beckmann
**Sent:** Wednesday, March 11, 2026 1:46 PM
**To:** Will Owen <wowen@mmbglaw.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch
<jwelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston
<awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler
<akessler@grsm.com>
**Subject:** RE: Smith v. Lamb

Will,

Just touching base to let you know that I am still working on this and coordinating with his criminal counsel.

Best,

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
D: 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Robert Beckmann
**Sent:** Thursday, March 5, 2026 10:27 AM
**To:** 'Will Owen' <wowen@mmbglaw.com>; Brandi Davis <bldavis@grsm.com>; Jennifer A. Welch
<jwelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston
<awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler

\<akessler@grsm.com\>
Subject: RE: Smith v. Lamb

Got it. I will look into this and get back to you.

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

---

**From:** Will Owen \<wowen@mmbglaw.com\>
**Sent:** Wednesday, March 4, 2026 3:20 PM
**To:** Brandi Davis \<bldavis@grsm.com\>; Jennifer A. Welch \<jwelch@cshlaw.com\>; Troy Shelton \<tshelton@dowlingfirm.com\>
**Cc:** Robert Beckmann \<rbeckmann@grsm.com\>; Allison Becker \<abecker@grsm.com\>; Devin Honbarger \<dhonbarger@grsm.com\>; Aleea Winston \<awinston@grsm.com\>; Tracy Valdez \<tvaldez@grsm.com\>; Lauren Tucker \<ltucker@grsm.com\>; Austin Kessler \<akessler@grsm.com\>
**Subject:** Re: Smith v. Lamb

Robert,

Please provide dates in April for Defendant Lamb's deposition. Thanks.

Will

J. William Owen

EXHIBIT 2

## MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.

T: 910 738 5277   |   F: 910 738 3678



MUSSELWHITE | MUSSELWHITE
BRANCH & GRANTHAM
ATTORNEYS AT LAW

---

**From:** Brandi Davis <bldavis@grsm.com>
**Sent:** Tuesday, March 3, 2026 10:09:05 PM
**To:** Will Owen <wowen@mmbglaw.com>; Jennifer A. Welch <jwelch@cshlaw.com>; Troy Shelton <tshelton@dowlingfirm.com>
**Cc:** Robert Beckmann <rbeckmann@grsm.com>; Allison Becker <abecker@grsm.com>; Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Tracy Valdez <tvaldez@grsm.com>; Lauren Tucker <ltucker@grsm.com>; Austin Kessler <akessler@grsm.com>
**Subject:** Smith v. Lamb

Good evening,

Please find attached the following that were placed in today's U. S. Mail:

1. 1.Subpoena for Deposition and Notice to Produce to Geovonia Lowery;
2. 2.Subpoena for Deposition and Notice to Produce to Matthew Chavis;
3. 3.Subpoena for Deposition and Notice to Produce to Jeffrey Jones;
4. 4.Subpoena for Deposition and Notice to Produce to Jimmy O'Donnell;
5. 5.Subpoena to Produce to John Deese

Thank you.

---

**BRANDI L. DAVIS**
Paralegal



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**

E: bldavis@grsm.com | grsm.com
101 South Tryon Street, Suite 2550, Charlotte, NC 28202
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

EXHIBIT 3

## Robert Beckmann

| | |
|---|---|
| **From:** | Robert Beckmann |
| **Sent:** | Friday, April 24, 2026 1:45 PM |
| **To:** | 'Will Owen' |
| **Cc:** | Devin Honbarger; Aleea Winston; Brandi Davis; Tracy Valdez |
| **Subject:** | RE: Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026 |

Will,

We disagree with Plaintiff's position. Given Plaintiff's refusal to adjourn Mr. Lamb's deposition, we will proceed with seeking relief from the Court.

Best regards,

Robert

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Friday, April 24, 2026 1:43 PM
**To:** Robert Beckmann <rbeckmann@grsm.com>
**Cc:** Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Brandi Davis <bldavis@grsm.com>; Tracy Valdez <tvaldez@grsm.com>
**Subject:** Re: Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026

Robert,

My position remains unchanged.

We will move forward on 4/30, unless ordered otherwise.

J. William Owen
**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**
T: 910 738 5277  I  F: 910 738 3678

1

EXHIBIT 3



**MUSSELWHITE | MUSSELWHITE**
**BRANCH & GRANTHAM**
ATTORNEYS AT LAW

---

**From:** Robert Beckmann <rbeckmann@grsm.com>
**Sent:** Friday, April 24, 2026 1:02:19 PM
**To:** Will Owen <wowen@mmbglaw.com>
**Cc:** Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Brandi Davis <bldavis@grsm.com>; Tracy Valdez <tvaldez@grsm.com>
**Subject:** RE: Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026

Will,

Supplementing my earlier email today, attached is the January 7, 2026 correspondence in which you proactively proposed adjusting Mr. Lamb's deposition schedule to accommodate a criminal court date. At that time, without any prompting from our office, you recognized that Mr. Lamb's deposition should be scheduled around the criminal proceeding and offered to push it back accordingly.

The circumstances now are materially the same, if not stronger: there is a specific June 8 criminal setting, potentially exculpatory evidence has not yet been produced for inspection, and the criminal matter appears closer to resolution than it was in January. We are asking for the same type of accommodation you voluntarily offered in January, for substantially the same reasons, and on a similar timeframe.

This further undermines any suggestion that our request is the product of "strategic" conduct by Mr. Lamb, XPO, or civil defense counsel. At least as of January, the deposition schedule was being coordinated with the criminal schedule at your suggestion.

Our 5:00 p.m. deadline today remains. Please let us know if Plaintiff will agree to the limited adjournment we have requested.

Best regards,

Robert

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
D: 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Robert Beckmann
**Sent:** Friday, April 24, 2026 12:29 PM

2

EXHIBIT 3

**To:** 'Will Owen' <wowen@mmbglaw.com>
**Cc:** Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Brandi Davis <bldavis@grsm.com>; Tracy Valdez <tvaldez@grsm.com>
**Subject:** RE: Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026
**Importance:** High

Dear Will,

Thank you for your below response. We have carefully reviewed your email and respectfully ask that you reconsider your position. Before we are forced to seek relief from the Court, we want to address each of the points you raised, because several of them misunderstand our position and the relevant facts.

Our request that Mr. Lamb's deposition be adjourned rests on two distinct grounds, each of which independently supports an adjournment. First, Mr. Lamb faces pending criminal charges arising out of the same accident that is the subject of this civil action. Any substantive testimony concerning the accident could implicate his Fifth Amendment rights and risk opening the door to further inquiry in the criminal matter. Nothing in this correspondence should be construed as an agreement that Mr. Lamb can or will provide substantive testimony concerning the accident while the criminal matter remains pending.

Your response that "nothing will prevent him" from invoking his Fifth Amendment rights confirms the problem. Forcing the deposition to proceed now is likely to result in little, if any, substantive testimony concerning the accident, disputes over the scope and effect of Mr. Lamb's Fifth Amendment rights, disputes over whether any testimony opens the door to further inquiry, and potentially a second deposition after the criminal matter is resolved.

Your suggestion that you have "many questions for Lamb that do not involve his pending criminal charges" also does not cure the problem. The pending misdemeanor death by vehicle charge arises from the same accident, the same roadway events, the same observations, the same timing, the same vehicle movements, and the same alleged conduct that will be the subject of his civil deposition. Even questions that may appear civil in nature can implicate the criminal matter where the testimony concerns the accident, Mr. Lamb's observations, his decision-making, his timing, his perception of Decedent's vehicle, his communications, his post-accident statements, or other related facts. **It is not realistic to suggest that those categories can be cleanly separated from the pending criminal proceeding in real time at the deposition.**

Second, and separately, we disagree that Decedent's cell phone has no bearing on whether the deposition should proceed next week. The Fifth Amendment issue alone warrants an adjournment. But the still-uninspected cell phone is an additional and independent source of prejudice that we reasonably expected to have already been resolved by now, which prompted us to initially agree to April 30, 2026. The phone may contain evidence bearing on Decedent's conduct, distraction, timing, perception, and the accident sequence. It may therefore also contain potentially exculpatory evidence relative to the criminal matter. Mr. Lamb should not be forced to testify under oath about the accident before that evidence has been inspected, especially where the phone issue remains unresolved and the criminal matter is still pending.

Third, we also disagree with your characterization of the continuance history and your suggestion that Mr. Lamb, XPO, or civil defense counsel are responsible for the present posture of the criminal matter. As we previously advised on January 28, 2026 (attached), we are not responsible for the State's continuances. XPO is not a party to the criminal prosecution, and our office does not represent Mr. Lamb in the criminal matter. Neither XPO nor civil defense counsel controls the District Attorney's Office, the Police Department, the criminal docket, or the production of evidence maintained by law enforcement. The present issue is that the April 13 setting did not resolve the criminal matter. In addition, during a call with the assigned prosecutor on April 23, 2026, the newly assigned prosecutor confirmed that she intends to move forward with the criminal case on June 8. The phone has still not been inspected, and Mr. Lamb is now being asked to testify next week in a civil deposition about the same incident underlying the pending criminal charges. Our request is narrow and based on the prejudice created by proceeding now, not on an attempt to obtain an open-ended stay.

EXHIBIT 3

We are not seeking to prevent Plaintiff from deposing Mr. Lamb. We are only asking that his deposition be adjourned to a date certain shortly after the June 8, 2026 criminal setting. There is no trial date in the Lamb matter, discovery remains open, and all other discovery can and will proceed in the interim. **By contrast, forcing the deposition forward on April 30 creates real prejudice to Mr. Lamb in two separate respects and is likely to create unnecessary disputes and motion practice that can be avoided by a short, limited adjournment.**

We would also note that Plaintiff has articulated no cognizable prejudice from the short adjournment we are requesting. By contrast, the prejudice to Mr. Lamb from proceeding on April 30 is substantial and arises through no fault of Mr. Lamb, XPO, or civil defense counsel. We value our working relationship with your office and would much prefer to resolve this by agreement rather than through motion practice. **However, if Plaintiff persists in refusing a limited adjournment that does not meaningfully prejudice Plaintiff but imposes significant prejudice on Mr. Lamb, we will have no choice but to seek the Court's intervention and will request all appropriate relief, including reasonable expenses and attorney's fees incurred in bringing the motion.**

Accordingly, we are making one final effort to resolve this by agreement before seeking the Court's intervention. Please confirm whether Plaintiff will agree to adjourn Mr. Lamb's deposition to a date certain after the June 8 criminal setting. If we do not hear back from you by 5:00 p.m. today confirming Plaintiff's agreement, we will proceed with seeking relief from the Court, including by moving for a protective order, and will attach this correspondence to any such motion.

Best regards,

Robert

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
D: 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Friday, April 24, 2026 11:43 AM
**To:** Robert Beckmann <rbeckmann@grsm.com>
**Cc:** Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Brandi Davis <bldavis@grsm.com>; Tracy Valdez <tvaldez@grsm.com>
**Subject:** Re: Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026

Robert,

I have reviewed your position however I am moving forward as noticed on 4/30 unless an Order tells me otherwise. If Lamb wishes to invoke his Fifth Amendment right, nothing will prevent him from doing so. I have many questions for Lamb that do not involve his pending criminal charges.

Also, the decedent's cell phone has no relevance to Lamb's deposition. I also take issue with your position regarding how and why a 2023 misdemeanor charge has been continued so many times. To suggest that Lamb and XPO have had nothing do with these strategic continuances is simply ignorant.

4

EXHIBIT 3

Regards,

Will

J. William Owen
**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**
T: 910 738 5277 | F: 910 738 3678



MUSSELWHITE | MUSSELWHITE
BRANCH & GRANTHAM
ATTORNEYS AT LAW

**From:** Robert Beckmann <rbeckmann@grsm.com>
**Sent:** Friday, April 24, 2026 10:47 AM
**To:** Will Owen <wowen@mmbglaw.com>
**Cc:** Devin Honbarger <dhonbarger@grsm.com>; Aleea Winston <awinston@grsm.com>; Brandi Davis <bldavis@grsm.com>; Tracy Valdez <tvaldez@grsm.com>
**Subject:** Smith v. Lamb (25CV003758-770) - Formal Request to Adjourn Deposition of William Lamb on April 30, 2026

Dear Will,

As you know, Mr. Lamb's criminal trial did not go forward on April 13, 2026, and the criminal matter has been adjourned to June 8, 2026. The reason for the adjournment is that the Police Department and/or the Prosecution have not produced a cell phone in the Decedent's possession at the time of the accident which needs to be examined. This delay was not caused by Mr. Lamb, XPO, or defense counsel. Further, the cell phone could potentially contain exculpatory evidence relative to the criminal matter in addition to being relevant, material, and necessary to our investigation of the alleged incident in the civil matter. Additional delay has been caused by the fact that the ADA who was handling the case, and with whom we met and conferred multiple times on this issue, has resigned. However, we have been communicating with the newly assigned ADA and it is our understanding that the cell phone will be made available for inspection to Plaintiff and us in the coming weeks well in advance of the new criminal trial date. Although we had hoped that the cell phone issue and criminal scheduling issues could be resolved without impacting Mr. Lamb's deposition, it has now become clear that the criminal matter will remain pending, the phone has not yet been inspected, and Mr. Lamb's deposition cannot proceed next week without creating the prejudice outlined below.

Accordingly, we kindly ask whether Plaintiff would agree to adjourn Mr. Lamb's deposition, which is currently scheduled for **April 30, 2026,** to a date certain after the upcoming date for the criminal trial. We are not seeking an open-ended adjournment or a stay of discovery generally. Nor are we seeking to prevent Plaintiff from taking Mr. Lamb's deposition; we are only asking that it occur after the pending criminal proceeding and cell phone inspection no longer create the same prejudice.

When we agreed to schedule the deposition for April 30, we did so under the assumption that the criminal matter, including all of the outstanding issues caused by the State that have been delaying the trial, would be resolved. However, that has not come to pass, and through no fault of Mr. Lamb, XPO, or counsel, Mr. Lamb is now being asked to testify under oath in the civil matter about the same accident that remains the subject of pending criminal charges, before potentially exculpatory evidence has even been made available for inspection. It would therefore be prejudicial to Mr.

5

EXHIBIT 3

Lamb's criminal and civil cases if he were forced to testify next Thursday. Moreover, because any substantive testimony concerning the accident could implicate Mr. Lamb's Fifth Amendment rights and risk opening the door to further inquiry in the criminal matter, Mr. Lamb should not be expected to provide substantive testimony concerning the accident until after the June 8 criminal setting.

I understand the frustration that this will likely cause Mrs. Smith, and all of us have been making every effort to ensure that we continue to make progress in discovery on the civil side. However, under these circumstances, we do not believe it would be fair to require Mr. Lamb to proceed with his deposition before the Decedent's cell phone has been made available for inspection and while the criminal matter remains pending due to delays outside of Mr. Lamb's, XPO's, or defense counsel's control. Moving forward with the deposition next week will essentially be a waste of time and money for all parties, and will likely result in little, if any, substantive testimony from Mr. Lamb, motion practice over the effect of his anticipated Fifth Amendment invocation, and possibly the need to re-open or re-take the deposition after the criminal matter is resolved. In any event, we are committed to rescheduling to a new firm date as soon as practicable after the June 8, 2026 trial.

Unfortunately, if we cannot find a way to work this out amongst ourselves, we will have no choice but to seek the intervention of the Court, including by moving for a protective order continuing Mr. Lamb's deposition until after the June 8 criminal setting. Nevertheless, I think that if you and your client reflect on the above, we can agree that this is the better path upon which to move forward. We are raising this now so that there is no misunderstanding regarding Mr. Lamb's position before the noticed deposition date. Please let us know by 5:00 p.m. today whether Plaintiff will agree to this limited adjournment so that we can avoid unnecessary motion practice.

We look forward to your response to our above request.

Best regards,

Robert

---

**ROBERT W. F. BECKMANN**
Partner

**GORDON REES SCULLY MANSUKHANI | GRSM50**
**YOUR 50 STATE LAW FIRM™**

150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
**D:** 212.453.0744
rbeckmann@grsm.com

grsm.com
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

6

# EXHIBIT 3

**YOUR 50 STATE LAW FIRM™**

www.grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**

www.grsm.com

7

EXHIBIT 4

# GRSM5O
**GORDON REES SCULLY MANSUKHANI**
YOUR 50 STATE LAW FIRM™

**DEVIN L. HONBARGER**
dhonbarger@grsm.com
Direct (704) 625-8006

101 South Tryon Street, Suite 2550
Charlotte, NC 28280
www.grsm.com

April 8, 2026

**VIA E-MAIL**
Matt Scott
Ed Englestad
District Attorney's Office
Robeson County, North Carolina
Edward.a.englestad2@nccourrts.org

**VIA U.S. MAIL**
Corrine Lusic
Deputy Legal Counsel
NCAOC Office of General Counsel
P.O. Box 2448
Raleigh, NC 27602

> **Case Name**: Cindy Soles Smith v. William Bratty Lamb and XPO
> **Case No**: Robeson County Superior Court Civil File No. 24 CVS 468
> **Re**: District Attorney's Response to Defendants' Subpoena

Dear Mr. Scott,

We write in a good faith effort to resolve the State's objection to Defendants' subpoena without motion practice. To narrow the issue, Defendants are not seeking the District Attorney's entire file. Instead, Defendants seek only: (1) the decedent's cell phone(s) or other electronic devices for supervised forensic imaging and their passwords as available; (2) any extraction reports, export settings, hash values, and chain of custody materials relating to those devices; and (3) the warrant, consent, inventory, and return documents relating to the phone. Defendants **are not** seeking internal prosecutorial notes, legal analysis, strategy materials, or other opinion work product.

This limited request is proper because Rule 45 expressly permits a subpoena to require production and inspection/copying of designated electronically stored information and tangible things, and it permits the requesting party to specify the form in which ESI is to be produced. If the State contends any responsive material is privileged or protected as trial-preparation material, the

EXHIBIT 4

April 8, 2026
Page 2

State must do more than make a blanket objection and must describe the nature of the withheld material in a manner that permits assessment of the claim.[1]

The second element of the work product test requires that the materials be "prepared in anticipation of litigation." *Evans*, 142 N.C. App. at 29, 541 S.E.2d at 789. This element cannot be satisfied by physical evidence, including cell phone contents, that existed independently of and prior to any litigation or legal dispute. *See Willis v. Duke Power Co.*, 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976). As the North Carolina Court of Appeals explained in *Wachovia Bank v. Clean River Corp.*, 178 N.C. App. 528 (2006), quoting the Supreme Court, the doctrine "was designed to protect the mental processes of the attorney from outside interference and provide a privileged area in which he can analyze and prepare his client's case." The contents of a non-party's cell phone (texts, photographs, call logs, emails, and other stored data) are records of that person's ordinary daily communications and activities. They were not prepared because of the prospect of litigation, let alone prepared in order to help any attorney develop a client's case. And while N.C. Gen. Stat. § 132-1.4 provides that criminal investigation records are not public records, it also expressly provides that such records may be released by order of a court of competent jurisdiction.

To the extent the State contends that any extraction reports, export settings, hash values, chain-of-custody materials, or similar phone-related materials were generated during the investigation and are protected as trial-preparation materials, Defendants nevertheless request those materials because Defendants have a substantial need for them in the preparation of the civil case and cannot, without undue hardship, obtain the substantial equivalent by other means. The State has custody and control of the device and any prior extraction performed on it.

Without those materials, Defendants and their forensic examiner cannot adequately evaluate completeness, authenticity, metadata, export methodology, or whether data has been omitted, filtered, altered, or not preserved in a reasonably usable form. Defendants therefore request either production of those phone-related materials subject to reasonable protective conditions or, at minimum, a privilege/work-product description sufficient to permit assessment of the claim and in camera review if necessary.

The State's proposal that defense counsel come inspect the phone and take notes will not adequately protect Mr. Lamb's rights in the civil matter. Our forensic examiner has advised that he must obtain his own complete extraction and load it into forensic software in order to query the data, test completeness, evaluate metadata, and analyze the information in a reliable way. A paper printout, screenshots, a limited review at the DA's office, or even a curated export chosen by someone else is not a meaningful substitute for an independent forensic examination.

---

[1] *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 29, 541 S.E.2d 782, 789 (2001) (quoting *Suggs v. Whitaker*, 152 F.R.D. 501, 506 (M.D.N.C. 1993)) (the party asserting work product protection "bears the burden of showing "(1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent")

EXHIBIT 4

April 8, 2026
Page 3

Without a complete, usable forensic extraction, Mr. Lamb and XPO will be materially prejudiced in investigating and proving core causation issues in their respective cases. The requested material is relevant because it may reveal distraction-related evidence, the timing and content of communications, app activity, location or usage data, and other information bearing on what occurred in the minutes leading up to the collision. It is also necessary because Defendants cannot meaningfully test completeness, authenticity, metadata, deletion activity, or export methodology from a limited viewing, screenshots, printouts, or a curated production assembled by others. Absent an independent forensic review, Defendants will be forced to prepare for depositions, expert analysis, and other civil deadlines without reliable access to potentially critical evidence.

If the State is willing to permit a supervised forensic image of the phone, Defendants are willing to cooperate on reasonable protective conditions, including a confidentiality agreement, limitations on dissemination, and payment of reasonable vendor or copying costs. Please let us know by April 22, 2026, whether the State will agree to this narrowed request. If not, Defendants will seek relief from the Court, including an order compelling production of the aforementioned materials and, if necessary, in camera review of any item withheld on claimed privilege or work product grounds.

Best regards,

GORDON REES SCULLY MANSUKHANI, LLP

Devin L. Honbarger

DLH

EXHIBIT 5



Register of Actions Register of Actions

Case Summary

Case Information

Assignment Information

Party Information

Case Events

Hearings

Add to My Cases

Robeson District Court: 23CR438001-770

# Case Summary

Robeson District Court
Case Summary
Case No. 23CR438001-770
STATE OF NORTH CAROLINA VS WILLIAM BRATTY LAMB
Location:
Robeson District Court
Location
Robeson District Court
Filed on:
10/18/2023
Filed on
10/18/2023
ACIS File Number Key:
7702023438001D
ACIS File Number Key
7702023438001D
Criminal Process Number:
CS-23-730204
Criminal Process Number
CS-23-730204
Electronic Warrants Warrant ID:
ngRxj7KX8fKaS3cGHuHwb7
Electronic Warrants Warrant ID
ngRxj7KX8fKaS3cGHuHwb7

# Case Information

Case Type: Criminal
Case Status: 10/18/2023   Pending

| Offense | Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|---|
| 01. MISDEMEANOR DEATH BY VEHICLE | | | | |
| | Statute 20-141.4(A2) | Degree MA1 | Offense Date 10/11/2023 | Filed Date 10/18/2023 |
| 01. MISDEMEANOR DEATH BY VEHICLE | Statute 20-141.4(A2) | Degree MA1 | Offense Date 10/11/2023 | Filed Date 10/18/2023 |

Offense Reports
Control #:
23-6627
Agency:
Lumberton Police Department
1305 Godwin Ave
Lumberton, NC, 28358

Printed on 04/24/2026 at 2:04 PM

| Offense | Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|---|
| 02. FAIL TO YIELD LEFT TURN | | | | |

02. FAIL TO YIELD LEFT TURN

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 20-155(B) | INF | 10/11/2023 | 10/18/2023 |

02. FAIL TO YIELD LEFT TURN

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 20-155(B) | INF | 10/11/2023 | 10/18/2023 |

Offense Reports
Agency:
Lumberton Police Department
1305 Godwin Ave
Lumberton, NC, 28358

Related Cases

## Assignment Information

Current Case Assignment
Case Number
23CR438001-770
Court
Robeson District Court
Date Assigned
10/20/2023

## Party Information

| | |
|---|---|
| Defendant | LAMB, WILLIAM BRATTY<br>557 EMMA JANE RD<br>SAINT PAULS, NC 28384-6732<br>White<br>Male<br>Height:<br>6' 2" |
| State | STATE OF NORTH CAROLINA<br>State of North Carolina<br>Other |
| Complainant | BRIDGES, CEDRIQUE<br>1305 GODWIN AVE<br>LUMBERTON, NC 28358 |

## Case Events

02/05/2026
Subpoena Returned
Created:
02/05/2026 2:34 PM
Index # 5
02/04/2026
Subpoena Returned
Created:
02/04/2026 3:29 PM
Index # 4
02/04/2026
Subpoena Returned
Created:
02/04/2026 3:28 PM
Index # 3
10/07/2025
Subpoena Returned

EXHIBIT 5

Robeson District Court
Case Summary
Case No. 23CR438001-770

Created:
10/07/2025 3:21 PM
Index # 2
02/19/2025
Legacy Complete Case Scan
Created:
02/19/2025 11:39 AM
Index # 1
01/14/2025
Motion/Order to Continue
Court Session: 2025-03-26; ANTE MERIDIEM; TRIAL;
Created:
01/14/2025 9:54 AM
01/06/2025
Motion/Order to Continue
Court Session: 2025-01-13; ANTE MERIDIEM; TRIAL;
Created:
01/06/2025 2:43 PM
01/06/2025
Motion/Order to Continue
Court Session: 2025-01-13; ANTE MERIDIEM; TRIAL;
Created:
01/06/2025 10:05 AM
12/18/2024
Motion/Order to Continue
Court Session: 2025-01-13; ANTE MERIDIEM; TRIAL;
Created:
12/18/2024 2:40 PM
10/14/2024
Motion/Order to Continue
Court Session: 2024-12-18; ANTE MERIDIEM; TRIAL;
Created:
10/14/2024 5:01 PM
08/14/2024
Motion/Order to Continue
Court Session: 2024-10-14; ANTE MERIDIEM; TRIAL;
Created:
08/14/2024 3:02 PM
05/08/2024
Motion/Order to Continue
Court Session: 2024-08-14; ANTE MERIDIEM; TRIAL;
Created:
05/08/2024 2:53 PM
02/14/2024
Motion/Order to Continue
Court Session: 2024-05-08; ANTE MERIDIEM; TRIAL;
Created:
02/14/2024 3:05 PM
12/20/2023
Motion/Order to Continue
Court Session: 2024-02-14; ANTE MERIDIEM; TRIAL;
Created:
12/20/2023 12:49 PM
10/20/2023
Motion/Order to Continue
Court Session: 2023-12-20; ANTE MERIDIEM; TRIAL;
Created:
10/20/2023 6:38 PM
10/20/2023
Legacy Process Served Date
Created:
10/20/2023 12:00 AM

Printed on 04/24/2026 at 2:04 PM

EXHIBIT 5

Robeson District Court
Case Summary
Case No. 23CR438001-770

10/18/2023
Criminal Summons Issued
CRRPRC:S
Created:
10/18/2023 12:00 AM

## Hearings

06/08/2026
Documents are available. Click here to view the documents.
Disposition Hearing (8:55 AM)
Resource: Location 770-003A Robeson Co. Courthouse, Courtroom 3A
03/26/2025 Reset by Court to 03/26/2025
03/26/2025 Reset by Court to 03/26/2025
03/26/2025 Reset by Court to 03/26/2025
03/26/2025 Continued to 05/21/2025 - Continued by the Consent of Parties - LAMB, WILLIAM BRATTY
05/21/2025 Continued to 06/18/2025 - Continued by the Consent of Parties - LAMB, WILLIAM BRATTY
06/18/2025 Continued to 09/09/2025 - Continued by the Consent of Parties - LAMB, WILLIAM BRATTY
09/09/2025 Reset by Court to 09/09/2025
09/09/2025 Continued to 10/13/2025 - Continued by the Consent of Parties - LAMB, WILLIAM BRATTY
10/13/2025 Reset by Court to 12/08/2025
12/08/2025 Reset by Court to 02/09/2026
02/09/2026 Continued to 04/13/2026 - Continued by the Consent of Parties - LAMB, WILLIAM BRATTY
04/13/2026 Reset by Court to 06/08/2026
Created:
01/01/0001 12:00 AM

© 2026 Tyler Technologies, Inc. | All Rights Reserved
Version: 1.0.0.2608
© 2026 Tyler Technologies, Inc. | All Rights Reserved
Version: 1.0.0.2608

## JavaScript must be enabled in order for you to use this application.

However, it seems JavaScript is either disabled or not supported by your browser.

To use this application, enable JavaScript by changing your browser options, then try again.

## Cookies must be allowed.

Your browser is currently set to block cookies. Your browser must allow cookies before you can use this application.

Cookies are small text files stored on your computer that tell this application when you're signed in. To learn how to allow cookies, see online help in your web browser.

## You are using a web browser which this application no longer supports.

We support the current and previous major releases of Google Chrome, Firefox, Internet Explorer, and Safari on a rolling basis. Each time a new version is released, we begin supporting that version and stop supporting the third most recent version.

## Supported Browsers

Chrome for Business



Firefox

Internet Explorer

Printed on 04/24/2026 at 2:04 PM

Case 7:25-cv-01545-D-BM     Document 45-2     Filed 04/28/26     Page 41 of 44

# EXHIBIT 5

Apple Safari

**Internet Explorer 9 Users**

Internet Explorer 11 launched on October 17, 2013, and as a result, we've discontinued support for Internet Explorer 9.

Organizations that depend on old versions of Internet Explorer may want to consider a dual browser strategy.

Print

Printed on 04/24/2026 at 2:04 PM

EXHIBIT 6

## Robert Beckmann

| | |
|---|---|
| **From:** | Devin Honbarger |
| **Sent:** | Wednesday, January 28, 2026 10:38 AM |
| **To:** | Will Owen |
| **Cc:** | Robert Beckmann; Allison Becker; Austin Kessler; Jennifer A. Welch; Brandi Davis |
| **Subject:** | RE: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court) |

Will,

Thanks for the flexibility as to the start time. Please circulate the deposition notices/subpoenas and proof of service when available. Please also confirm whether subpoenas for records were served and the return date so we can get those materials in advance of the depositions.

Separately, I also want to be clear about your comments regarding Mr. Lamb's pending misdemeanor case. We are not responsible for the State's continuances. If you intend to be heard in the criminal matter regarding continuances, please confirm the capacity in which you contend you have standing to do so (including who you represent for that purpose) and serve any motion/notice you file well in advance. We also expect that any communication with the criminal court will be on notice to all parties and not *ex parte*.

Going forward, please confine scheduling correspondence to this civil matter. The criminal matter is separate and is not an appropriate subject for leverage or commentary in civil scheduling communications.

Thank you,

**DEVIN L. HONBARGER**
Associate Attorney



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**M:** 704.574.1133
**E:** dhonbarger@grsm.com | grsm.com
150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
vCard | Bio | LinkedIn

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Wednesday, January 28, 2026 9:33 AM
**To:** Devin Honbarger <dhonbarger@grsm.com>
**Cc:** Robert Beckmann <rbeckmann@grsm.com>; Allison Becker <abecker@grsm.com>; Austin Kessler <akessler@grsm.com>; Jennifer A. Welch <JWelch@cshlaw.com>; Brandi Davis <bldavis@grsm.com>
**Subject:** Re: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)
**Importance:** High

Devin,

10am - 4pm should be fine.

Case 7:25-cv-01545-D-BM     Document 45-2     Filed 04/28/26     Page 43 of 44

EXHIBIT 6

We are not going to further delay the civil trial for Lamb on account of 2023 misdemeanor charges that have been continued numerous times. If he wants to assert his Fifth Amendment rights at the civil trial, that is his decision.

He can either plead guilty to the failure to yield right of way (as offered by the DA) or the DA will try the criminal case on 2/9/26. His criminal trial has been continued far too many times, and I will address this with the Court on 2/9/26 if necessary.

**J. William Owen**
Musselwhite, Musselwhite, Branch & Grantham, P.A.
T: +1 910 738 5277 | F: +1 910 738 3678

---

**From:** Devin Honbarger <dhonbarger@grsm.com>
**Sent:** Wednesday, January 28, 2026 9:23 AM
**To:** Will Owen <wowen@mmbglaw.com>
**Cc:** Robert Beckmann <rbeckmann@grsm.com>; Allison Becker <abecker@grsm.com>; Austin Kessler <akessler@grsm.com>; Jennifer A. Welch <JWelch@cshlaw.com>; Brandi Davis <bldavis@grsm.com>
**Subject:** RE: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)

Will,

I will hold those dates. Please send the notices and subpoenas with proof of service. Your office is about 3 hours away from me. Could we please start no earlier than 10:00 AM (11:00AM preferred) and end no later than 4:00 PM? I have a two year old in daycare to contend with.

Given the numerous delays in Lamb's criminal matter, I am not sure when we will be able to go to trial. We can revisit possible trial dates in June.

Thank you,

---

**DEVIN L. HONBARGER**
Associate Attorney

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
M: 704.574.1133
E: dhonbarger@grsm.com | grsm.com
150 Fayetteville Street, Suite 1120, Raleigh, NC 27601
vCard | Bio | LinkedIn

---

**From:** Will Owen <wowen@mmbglaw.com>
**Sent:** Wednesday, January 28, 2026 9:15 AM
**To:** Devin Honbarger <dhonbarger@grsm.com>
**Cc:** Robert Beckmann <rbeckmann@grsm.com>; Allison Becker <abecker@grsm.com>; Austin Kessler <akessler@grsm.com>; Jennifer A. Welch <JWelch@cshlaw.com>; Brandi Davis <bldavis@grsm.com>
**Subject:** Re: Estate of Mark Smith v. William Bratty Lamb - Case No. 25CV003758-770 (Robeson County Superior Court)