CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

        Plaintiff/Counterclaim-
        Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

        Defendant/Counterclaim-
        Plaintiff.

**MOTION TO DISREGARD OR, IN THE
ALTERNATIVE, FOR LEAVE TO FILE
A SHORT RESPONSE**

**COMES NOW**, Defendant XPO Logistics Freight, Inc. ("XPO"), and respectfully moves for an order disregarding Plaintiff's Notice of Filing Related to Plaintiff's Motion to Remand, Dkt. 45, or, in the alternative, granting XPO leave to file a short response. In support, XPO states as follows:

1.      Plaintiff's motion to remand has been fully briefed. Nevertheless, she filed a "Notice of Filing" after briefing closed, attaching state-court materials from the severed action against William Lamb and incorrectly arguing that those materials "directly contradict" XPO's position in this Court.

2.      The Notice is not a true notice of ministerial or procedural fact. It is an unauthorized supplemental argument concerning the pending remand motion. Plaintiff did not seek leave to file a surreply, supplemental brief, or supplemental evidence, and the Local Rules do not permit a party to evade the ordinary briefing sequence by filing argument in the form of a "notice." *See* Local Civil Rules 7.1(g), 7.1(h).

3.      For that reason alone, the Notice should be disregarded. Allowing parties to supplement completed motion practice by filing argumentative "notices" would circumvent the

1

ordinary briefing process and prejudice the opposing party. In that regard, XPO is prejudiced here because Plaintiff's Notice injects new argument after the close of remand briefing while leaving XPO no ordinary opportunity to correct Plaintiff's mischaracterization of XPO's position or explain why the state-court protective-order motion is not inconsistent with XPO's remand arguments.

4.        Moreover, Plaintiff's claimed contradiction is illusory. XPO's remand opposition did not contend that Lamb waived his privilege, that XPO consented to his deposition, or that Plaintiff could force his testimony on the eve of his criminal trial in disregard of Rule 26, the Fifth Amendment, or the concrete prejudice presented in the severed Lamb action. The point was narrower: if Plaintiff genuinely intended to prosecute Lamb, ordinary civil litigation tools were available to her, including discovery and the potential civil consequences of a Fifth Amendment invocation.

5.        During the more-than-sixteen-month period after Plaintiff amended the Complaint to add XPO on February 22, 2024 and before severance on July 9, 2025, Plaintiff did not notice Lamb's deposition, and after severance she served no new discovery on Lamb. That conduct was "irreconcilable with any genuine 'necessary party' or trial-strategy rationale" and inconsistent with any intent "to pursue him to judgment." Dkt. 30, pp. 5, 7, 17–18. That inaction shows Plaintiff treated Lamb as a non-diverse jurisdictional spoiler, not as a defendant she meant to pursue to judgment. Whether Lamb would or would not invoke his Fifth Amendment privilege in response to a deposition is beside the point; Plaintiff never even attempted to take his deposition during that period.

6.        The state-court protective-order motion does not contradict XPO's remand position. That motion seeks only a brief, targeted continuance of Lamb's deposition until after the June 8, 2026 criminal setting, based on the current posture of the criminal case and the unresolved issue concerning Decedent's cell phone. It does not seek to bar Plaintiff from deposing Lamb.

2

7.      As such, Plaintiff's Notice rests on a non sequitur. XPO's argument that Plaintiff could have pursued Lamb earlier does not mean Lamb forfeited his right to seek a protective order once Plaintiff finally noticed his deposition under prejudicial circumstances.

8.      If the Court is inclined to consider Plaintiff's Notice, fairness warrants permitting XPO to file a short response so the Court is not left with Plaintiff's mischaracterization of the record. XPO does not seek to expand the remand briefing, only to prevent Plaintiff from doing so unilaterally.

**WHEREFORE**, XPO respectfully requests that the Court disregard Plaintiff's Notice of Filing Related to Plaintiff's Motion to Remand, Dkt. 45, or, in the alternative, grant XPO leave to file a short response.

Respectfully submitted on April 28, 2026.

**GORDON REES SCULLY MANSUKHANI LLP**

/s/ Robert W. F. Beckmann
Robert W. F. Beckmann
N.C. State Bar No.: 63232
Austin R. Kessler
N.C. Bar No. 55732
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: rbeckmann@grsm.com
E-mail: akessler@grsm.com
E-mail: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MOTION TO DISREGARD OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SHORT RESPONSE**, with the Clerk of Court for the Eastern District of North Carolina by using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| J. William Owen<br>Musselwhite, Musselwhite, Branch & Grantham, P.A.<br>P.O. Box 1448<br>Lumberton, NC 28359<br>wowen@mmbglaw.com<br>*Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith* | Troy D. Shelton<br>Dowling PLLC<br>3801 Lake Boone Trail, Suite 260<br>Raleigh, NC 27606<br>tshelton@dowlingfirm.com<br>*Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith* |
| Jennifer A. Welch<br>Cranfill Sumner, LLP<br>P.O. Box 27808<br>Raleigh, North Carolina 27611-7808<br>JWelch@cshlaw.com<br>*Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith* | |

This 28th day of April 2026.

**GORDON REES SCULLY MANSUKHANI LLP**

/s/ Robert W. F. Beckmann
Robert W. F. Beckmann
N.C. State Bar No.: 63232
Austin R. Kessler
N.C. Bar No. 55732
Devin Honbarger
N.C. Bar No. 59513
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
E-mail: rbeckmann@grsm.com
E-mail: akessler@grsm.com
E-mail: dhonbarger@grsm.com
*Counsel for Defendant XPO Logistics Freight, Inc.*

4