| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | **XPO'S MOTION TO SEAL PROPOSED SEALED DOCUMENTS, FOR IN-CAMERA REVIEW, AND FOR LIMITED DISCLOSURE IF DISCLOSURE IS ORDERED** |

**COMES NOW** Defendant/Counterclaim-Plaintiff XPO Logistics Freight, Inc. ("XPO"), by and through undersigned counsel, and respectfully moves the Court pursuant to Local Civil Rule 79.2, Rule 26(c) of the Federal Rules of Civil Procedure, and the Court's inherent authority to manage proceedings before it, for an Order sealing proposed sealed documents submitted in connection with XPO's Motion to Disqualify Plaintiff's Counsel, directing in-camera review of the Affidavit of William Bratty Lamb and exhibits thereto, and limiting disclosure of those materials if the Court determines any disclosure is necessary. In support of this Motion, XPO shows the Court as follows:

1.	XPO has contemporaneously submitted the following proposed sealed documents in connection with XPO's Motion to Disqualify Plaintiff's Counsel: (a) XPO's Motion to Disqualify Plaintiff's Counsel; (b) XPO's Brief in Support of its Motion to Disqualify Plaintiff's Counsel; and (c) the Affidavit of William Bratty Lamb and exhibits thereto.

2.	The proposed sealed documents concern XPO's request to disqualify Plaintiff's counsel based on Mr. Lamb's prospective-client consultation with Plaintiff's present counsel

1

concerning the same motor vehicle accident at issue in this federal action. The Affidavit of William Bratty Lamb and its exhibits contain or support the details of that consultation and related contact, and XPO requests in-camera review before any disclosure beyond the Court.

3.    Good cause exists to seal the proposed sealed documents because they concern communications made while Mr. Lamb was seeking legal advice and representation regarding a fatal accident that is now the subject of this federal action and related pending criminal charges. The purpose of XPO's Motion to Disqualify is to protect prospective-client communications and prevent their use or dissemination against Mr. Lamb or XPO.

4.    Public filing of the proposed sealed documents, or disclosure beyond what is necessary for the Court to resolve the conflict issue, would risk revealing the substance of Mr. Lamb's prospective-client disclosures to third parties, including potential witnesses, law-enforcement personnel, prosecuting authorities, media representatives, or others outside this litigation.

5.    Disclosure could also prejudice Mr. Lamb and XPO by allowing those disclosures to be used in discovery, deposition preparation, expert investigation, trial preparation, or the related criminal matter before the Court determines whether Plaintiff's counsel may continue in this action.

6.    Sealing is also appropriate at this preliminary stage because the Motion to Disqualify and supporting Brief concern allegations about Plaintiff's counsel's receipt of prospective-client information, and temporary sealing avoids unnecessary public dissemination of those allegations before the Court determines what materials should be disclosed and under what restrictions.

7. No reasonable alternative to sealing exists at this stage. The sensitive portions of the proposed sealed documents concern the core facts necessary to establish the Rule 1.18 conflict issue. Public redaction would either reveal the protected substance or remove the facts needed for the Court to evaluate the motion. Submitting the materials as proposed sealed documents, followed by in-camera review and further order of the Court, is the least restrictive procedure that protects Mr. Lamb's confidentiality interests, XPO's defense, and Plaintiff's opportunity to respond as the Court deems appropriate.

8. XPO requests that the Motion to Disqualify and supporting Brief remain sealed pending further order of the Court, but that those documents may be served on counsel of record for Plaintiff. XPO further requests that the Affidavit of William Bratty Lamb and exhibits thereto be reviewed by the Court in camera and not disclosed to Plaintiff's counsel or any other person absent further order.

9. If the Court determines that Plaintiff's counsel must receive the Affidavit of William Bratty Lamb or any exhibits thereto in order to respond to the Motion to Disqualify, XPO respectfully requests that any disclosure be limited to attorneys' eyes only and that Plaintiff's counsel be prohibited from disclosing the affidavit, exhibits, or the substance of Mr. Lamb's consultation to Plaintiff personally, any witness, any prosecuting authority, any law-enforcement agency, any media representative, or any other third party absent further order of the Court.

10. XPO requests that the proposed sealed documents remain sealed pending further order of the Court, and at minimum until the Court has resolved the Motion to Seal, reviewed the materials as necessary, and determined what, if any, further disclosure is appropriate. XPO further requests that the Court not unseal the proposed sealed documents without providing XPO notice and a reasonable opportunity to be heard.

11. If the Court denies this Motion in whole or in part, XPO respectfully requests that the affected proposed sealed documents remain sealed for at least ten days after entry of the Court's order so that XPO may seek any available appellate review, stay, or further protective relief.

12. XPO files this Motion to Seal publicly as required by Local Civil Rule 79.2 and submits the proposed sealed documents contemporaneously with this Motion. XPO does not seek sealing because another person designated the documents confidential, but because the documents contain or concern prospective-client communications, Mr. Lamb's concerns regarding potential criminal exposure, and information that should not be disclosed absent further order of the Court.

13. The proposed sealing is narrowly tailored because XPO seeks protection only for materials concerning prospective-client communications, the related circumstances of those communications, and information bearing on Mr. Lamb's concerns regarding potential criminal exposure, and XPO requests in-camera review and further order before any broader disclosure.

14. Additionally, XPO has not conferred with Plaintiff's counsel regarding this Motion because the relief concerns Plaintiff's counsel's alleged conflict and because the Affidavit of William Bratty Lamb and exhibits thereto are being submitted for in-camera review only. Accordingly, Plaintiff's position on this Motion is unknown.

[CONTINUED ON NEXT PAGE]

**WHEREFORE**, XPO respectfully requests that the Court enter an Order:

1. Granting this Motion;

2. Sealing XPO's Motion to Disqualify Plaintiff's Counsel, XPO's supporting Brief, and the Affidavit of William Bratty Lamb and exhibits thereto;

3. Reviewing the Affidavit of William Bratty Lamb and exhibits thereto in camera before determining whether, and under what restrictions, those materials should be disclosed;

4. Ordering that the Affidavit of William Bratty Lamb and exhibits thereto not be disclosed beyond the Court absent further order;

5. In the alternative, if disclosure is ordered, limiting disclosure to attorneys' eyes only and prohibiting disclosure to Plaintiff personally, any witness, any prosecuting authority, any law-enforcement agency, any media representative, or any other third party absent further order;

6. Limiting use of any disclosed materials to the Motion to Disqualify and related conflict proceedings only;

7. Providing that, if sealing is denied in whole or in part, the affected materials shall remain sealed for at least ten days after entry of the Court's order to permit XPO to seek any available appellate review, stay, or further protective relief; and

8. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted on May 27, 2026,

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ Robert W. F. Beckmann
Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
***Counsel for XPO Logistics Freight, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 27, 2026, **XPO'S MOTION TO SEAL PROPOSED SEALED DOCUMENTS, FOR IN-CAMERA REVIEW, AND FOR LIMITED DISCLOSURE IF DISCLOSURE IS ORDERED** was filed publicly through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record. The Affidavit of William Bratty Lamb and exhibits thereto have been submitted as proposed sealed documents for in-camera review only and are not being served absent further order of the Court.

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com

Troy D. Shelton
Dowling PLLC
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27606
Tshelton@dowlingfirm.com

*Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*

*Jennifer Welch*
*Cranfill Sumner*
*P.O. Box 27808*
*Raleigh, NC 27611-7808*
*jwelch@cshlaw.com*
*Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith*

Dated: May 27, 2026

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ Robert W. F. Beckmann
Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
*Counsel for XPO Logistics Freight, Inc.*

6