# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### Civil Action No. 7:25-cv-01545-D-BM

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

      Plaintiff/Counterclaim-
Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

      Defendant/Counterclaim-
Plaintiff.

**XPO'S BRIEF IN SUPPORT OF MOTION TO SEAL PROPOSED SEALED DOCUMENTS, FOR IN-CAMERA REVIEW, AND FOR LIMITED DISCLOSURE IF DISCLOSURE IS ORDERED**

## I.    INTRODUCTION & SUMMARY OF ARGUMENT

1. XPO seeks limited sealing relief in connection with its Motion to Disqualify Plaintiff's Counsel. The proposed sealed documents concern a prospective-client consultation between Mr. William Bratty Lamb and Plaintiff's present counsel regarding the same fatal motor vehicle accident at issue in this federal action. The materials include XPO's Motion to Disqualify, XPO's supporting Brief, and the May 19, 2026 Affidavit of William Bratty Lamb and exhibits thereto. The Lamb affidavit contains or supports details concerning Mr. Lamb's request for legal advice and representation, his communications with Plaintiff's present counsel, and his concerns regarding potential criminal exposure.

2. Sealing is warranted because public disclosure would risk revealing the substance and circumstances of prospective-client communications before the Court determines whether those materials may properly be disclosed, to whom, and under what restrictions. XPO also seeks in-camera review of the Lamb affidavit and exhibits before any disclosure beyond the Court. This procedure is narrowly tailored, protects Mr. Lamb's confidentiality interests and XPO's defense,

1

avoids unnecessary public dissemination of conflict allegations concerning Plaintiff's counsel, and preserves Plaintiff's opportunity to respond as the Court deems appropriate.

## II.     <u>RELEVANT BACKGROUND</u>

3.     This federal action arises from an October 11, 2023 motor vehicle accident involving Mr. Lamb, who was operating a tractor-trailer for XPO, and Decedent Mark Smith. Mr. Lamb also faces pending criminal charges arising from the same accident.

4.     XPO has submitted a Motion to Disqualify Plaintiff's Counsel based on Mr. Lamb's prospective-client consultation with J. William Owen and Musselwhite, Musselwhite, Branch & Grantham, P.A.

5.     According to Mr. Lamb's affidavit, several hours after the accident, Mr. Lamb went in person to the Firm's Lumberton office to seek legal advice and representation for himself in connection with the accident. Mr. Lamb thereafter received a call from Mr. Owen, during which Mr. Lamb sought legal advice and representation and disclosed accident-specific information concerning the collision, his observations, his understanding of how the accident occurred, his concerns regarding potential criminal and civil exposure, and the defenses or explanations he believed were relevant.

6.     XPO does not publicly set forth the full substance of those communications because those communications are the very prospective-client disclosures the Motion to Disqualify seeks to protect. XPO therefore submitted the Lamb affidavit and exhibits as proposed sealed documents for in-camera review only. XPO has also submitted the Motion to Disqualify and supporting Brief as proposed sealed documents because those filings concern allegations regarding Plaintiff's counsel's receipt of prospective-client information, and temporary sealing avoids unnecessary

2

public dissemination of those allegations while the Court determines what materials should be disclosed and under what restrictions.

### III. LEGAL STANDARD

7. Local Civil Rule 79.2 provides that no case or document may be sealed without an order from the Court, and that a party seeking to file a document under seal must first file a motion seeking leave. E.D.N.C. Local Civ. R. 79.2(a). Proposed sealed documents must be accompanied by a motion to seal, and the motion to seal must be filed publicly. E.D.N.C. Local Civ. R. 79.2(b)(1). Proposed sealed documents are deemed provisionally sealed until the Court rules on the motion to seal. *Id.*

8. Federal courts recognize both a common-law right of access and, in some circumstances, a First Amendment right of access to judicial records. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)

9. Before sealing judicial records, the Court must give public notice of the request to seal, provide a reasonable opportunity to object, consider less drastic alternatives, and state reasons supported by specific findings. *In re Knight Pub. Co.*, 743 F.2d 231, 233–35 (4th Cir. 1984). Where the First Amendment right of access applies, access may be restricted only when justified by a compelling interest and narrowly tailored to serve that interest. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

### IV. ARGUMENT

a. GOOD CAUSE EXISTS TO SEAL THE PROPOSED SEALED DOCUMENTS

10. Good cause exists to seal the proposed sealed documents because they contain or concern communications made while Mr. Lamb was seeking legal advice and representation

regarding a fatal accident that is now the subject of this federal action and related pending criminal charges. The purpose of XPO's Motion to Disqualify is to protect prospective-client communications and prevent their use or dissemination against Mr. Lamb or XPO.

11. Public filing of the proposed sealed documents, or disclosure beyond what is necessary for the Court to resolve the conflict issue, would risk revealing the substance of Mr. Lamb's prospective-client disclosures to third parties, including potential witnesses, law-enforcement personnel, prosecuting authorities, media representatives, or others outside this litigation. Disclosure could also prejudice Mr. Lamb and XPO by allowing those disclosures to be used in discovery, deposition preparation, expert investigation, trial preparation, or the related criminal matter before the Court determines whether Plaintiff's counsel may continue in this action.

12. Sealing is also appropriate at this preliminary stage because the Motion to Disqualify and supporting Brief concern allegations about Plaintiff's counsel's receipt of prospective-client information. Temporary sealing avoids unnecessary public dissemination of those allegations before the Court determines what materials should be disclosed and under what restrictions.

### b. IN-CAMERA REVIEW IS THE PROPER PROCEDURE FOR THE LAMB AFFIDAVIT

13. The Lamb affidavit and exhibits are the most sensitive materials submitted in connection with XPO's Motion to Disqualify. They contain or support the details of the consultation at issue, including information concerning Mr. Lamb's request for legal advice and representation, his accident-specific communications, and his concerns regarding potential criminal exposure.

4

14. XPO therefore respectfully requests that the Court review the Lamb affidavit and exhibits in camera before deciding whether those materials should be disclosed to Plaintiff's counsel or any other person. In-camera review permits the Court to evaluate the disqualification issue while preserving the confidentiality interests that gave rise to the motion in the first place. It also allows the Court to determine, if disclosure is necessary, whether any disclosure should be limited to attorneys' eyes only and restricted to the conflict issue.

### c. THE REQUESTED SEALING IS NARROWLY TAILORED, AND NO REASONABLE ALTERNATIVE IS ADEQUATE AT THIS STAGE

15. The requested sealing is narrowly tailored. XPO seeks protection only for materials concerning prospective-client communications, the related circumstances of those communications, and information bearing on Mr. Lamb's concerns regarding potential criminal exposure. XPO does not seek sealing because another person designated the documents confidential, but rather because the documents contain or concern information that should not be disclosed absent further order of the Court.

16. No reasonable alternative to sealing exists at this stage. The sensitive portions of the proposed sealed documents concern the core facts necessary to establish the Rule 1.18 conflict issue. Public redaction would either reveal the protected substance or remove the facts needed for the Court to evaluate the motion. Submitting the materials as proposed sealed documents, followed by in-camera review and further order of the Court, is the least restrictive procedure that protects Mr. Lamb's confidentiality interests, XPO's defense, and Plaintiff's opportunity to respond as the Court deems appropriate.

17. If the Court determines that Plaintiff's counsel must receive the Lamb affidavit or exhibits in order to respond to the Motion to Disqualify, XPO respectfully requests that any disclosure be limited to attorneys' eyes only, and that Plaintiff's counsel be prohibited from

5

disclosing the affidavit, exhibits, or the substance of Mr. Lamb's consultation to Plaintiff personally, any witness, any prosecuting authority, any law-enforcement agency, any media representative, or any other third party absent further order of the Court.

18. XPO further requests that any disclosed materials be used solely for purposes of responding to the Motion to Disqualify and litigating the related conflict issue, and not for merits discovery, deposition preparation, expert investigation, criminal proceedings, public filing, or any other purpose absent further order.

### d. XPO HAS PROCEEDED PUBLICLY TO THE EXTENT POSSIBLE

19. XPO has filed its Motion to Seal publicly, thereby providing public notice of the sealing request. XPO has not conferred with Plaintiff's counsel regarding the Motion to Seal because the relief concerns Plaintiff's counsel's alleged conflict and because the Lamb affidavit and exhibits are being submitted for in-camera review only. Accordingly, Plaintiff's position on the Motion to Seal is unknown.

20. XPO also requests that the proposed sealed documents remain sealed pending further order of the Court, and at minimum until the Court has resolved the Motion to Seal, reviewed the materials as necessary, and determined what, if any, further disclosure is appropriate. If the Court denies the Motion to Seal in whole or in part, XPO respectfully requests that the affected proposed sealed documents remain sealed for at least ten days after entry of the Court's order so that XPO may seek any available appellate review, stay, or further protective relief.

### V. CONCLUSION

21. For the foregoing reasons, XPO respectfully requests that the Court grant XPO's Motion to Seal Proposed Sealed Documents, for In-Camera Review, and for Limited Disclosure if Disclosure is Ordered.

6

Respectfully submitted on May 27, 2026,

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ Robert W. F. Beckmann
Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
*Counsel for XPO Logistics Freight, Inc.*

7

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on May 27, 2026, **XPO'S BRIEF IN SUPPORT OF MOTION TO SEAL PROPOSED SEALED DOCUMENTS, FOR IN-CAMERA REVIEW, AND FOR LIMITED DISCLOSURE IF DISCLOSURE IS ORDERED** was filed publicly through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record. The Affidavit of William Bratty Lamb and exhibits thereto have been submitted as proposed sealed documents for in-camera review only and are not being served absent further order of the Court.

J. William Owen
Musselwhite, Musselwhite, Branch & Grantham, P.A.
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com

Troy D. Shelton
Dowling PLLC
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27606
Tshelton@dowlingfirm.com

***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith***

*Jennifer Welch*
*Cranfill Sumner*
*P.O. Box 27808*
*Raleigh, NC 27611-7808*
*jwelch@cshlaw.com*
***Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith***

Dated: May 27, 2026

**GORDON REES SCULLY MANSUKHANI LLP**

By: /s/ Robert W. F. Beckmann
Aleea P. Winston
N.C. State Bar No.: 64292
Robert W. F. Beckmann
N.C. State Bar No.: 63232
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 341-2827
E-mail: rbeckmann@grsm.com
E-mail: awinston@grsm.com
***Counsel for XPO Logistics Freight, Inc.***

8