CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

   Plaintiff/Counterclaim-
   Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

   Defendant/Counterclaim-
   Plaintiff.

**PROPOSED ORDER GRANTING XPO'S MOTION TO SEAL PROPOSED SEALED DOCUMENTS, FOR IN-CAMERA REVIEW, AND FOR LIMITED DISCLOSURE IF DISCLOSURE IS ORDERED**

This matter comes before the Court on Defendant/Counterclaim-Plaintiff XPO Logistics Freight, Inc.'s Motion to Seal Proposed Sealed Documents, for In-Camera Review, and for Limited Disclosure if Disclosure is Ordered. The Court has considered XPO's Motion, the supporting memorandum, the proposed sealed documents submitted in connection with XPO's Motion to Disqualify Plaintiff's Counsel, the applicable law, and the record in this action. The Court finds as follows:

1. XPO seeks to seal the following proposed sealed documents submitted in connection with its Motion to Disqualify Plaintiff's Counsel: (a) XPO's Motion to Disqualify Plaintiff's Counsel; (b) XPO's Brief in Support of its Motion to Disqualify Plaintiff's Counsel; and (c) the May 19, 2026 Affidavit of William Bratty Lamb and exhibits thereto.

2. XPO's Motion to Seal was filed publicly, thereby providing public notice of the sealing request. The Motion identifies the documents for which sealing is requested and adequately explains the basis for sealing, including the specific confidentiality interests at issue, the risk of prejudice to Mr. Lamb and XPO from public disclosure, the need for in-camera review, and why sealing is narrowly tailored at this stage.

3. The proposed sealed documents contain or concern communications made while Mr. Lamb was seeking legal advice and representation regarding the same fatal motor vehicle accident at issue in this action and related pending criminal charges. The Lamb affidavit and exhibits contain or support details concerning Mr. Lamb's request for legal advice and representation, his communications with Plaintiff's present counsel, and his concerns regarding potential

1

criminal exposure.

4. Public disclosure of the proposed sealed documents, or disclosure beyond what is necessary for the Court to resolve the conflict issue, would risk revealing the substance and circumstances of Mr. Lamb's prospective-client communications to third parties, including potential witnesses, law-enforcement personnel, prosecuting authorities, media representatives, or others outside this litigation.

5. Disclosure could also prejudice Mr. Lamb and XPO by allowing those communications or the substance of those communications to be used in discovery, deposition preparation, expert investigation, trial preparation, or the related criminal matter before the Court determines whether Plaintiff's counsel may continue in this action.

6. The interests supporting sealing overcome the common-law presumption of public access and, to the extent applicable, satisfy the First Amendment standard because sealing is necessary to protect prospective-client communications, Mr. Lamb's confidentiality interests, XPO's defense, and the integrity of these proceedings.

7. No reasonable alternative to sealing is adequate at this stage. The sensitive portions of the proposed sealed documents concern the core facts necessary to evaluate the Rule 1.18 conflict issue. Public redaction would either reveal the protected substance and circumstances of the prospective-client communications or remove the facts needed for the Court to evaluate the requested relief.

8. The requested sealing is narrowly tailored. XPO seeks protection only for materials concerning prospective-client communications, the related circumstances of those communications, and information bearing on Mr. Lamb's concerns regarding potential criminal exposure. XPO does not seek sealing merely because another person designated the materials confidential.

9. In-camera review of the Lamb affidavit and exhibits is appropriate before any disclosure beyond the Court. In-camera review permits the Court to evaluate the disqualification issue while preserving the confidentiality interests that gave rise to the Motion to Seal and the Motion to Disqualify.

It is therefore **ORDERED** as follows:

1. XPO's Motion to Seal Proposed Sealed Documents, for In-Camera Review, and for Limited Disclosure if Disclosure is Ordered is **GRANTED**.

2. XPO's Motion to Disqualify Plaintiff's Counsel, XPO's Brief in Support of its Motion to Disqualify Plaintiff's Counsel, and the May 19, 2026 Affidavit of William Bratty Lamb and exhibits thereto shall remain **SEALED** pending further order of the Court.

3. The Affidavit of William Bratty Lamb and exhibits thereto shall be reviewed by the Court in camera and shall not be disclosed to Plaintiff's counsel, Plaintiff personally, any witness, any

2

prosecuting authority, any law-enforcement agency, any media representative, or any other person absent further order of the Court.

4. If the Court later determines that Plaintiff's counsel must receive the Affidavit of William Bratty Lamb or any exhibits thereto in order to respond to the Motion to Disqualify, then, unless otherwise ordered, disclosure shall be limited to attorneys' eyes only.

5. Any materials disclosed pursuant to Paragraph 4 may be used solely for purposes of responding to the Motion to Disqualify and litigating the related conflict issue. Such materials shall not be used for merits discovery, deposition preparation, expert investigation, trial preparation, criminal proceedings, public filing, or any other purpose absent further order of the Court.

6. No person receiving materials pursuant to this Order may disclose the Affidavit of William Bratty Lamb, any exhibits thereto, or the substance of Mr. Lamb's consultation to Plaintiff personally, any witness, any prosecuting authority, any law-enforcement agency, any media representative, or any other third party absent further order of the Court.

7. The proposed sealed documents shall not be unsealed absent further order of the Court. The Court shall not unseal the proposed sealed documents without providing XPO notice and a reasonable opportunity to be heard. If sealing is denied in whole or in part, the affected proposed sealed documents shall remain sealed for at least ten days after entry of the Court's order so that XPO may seek any available appellate review, stay, or further protective relief.

SO ORDERED.

This ___ day of _____, 2026.


_____
United States District Judge

3