IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-01545-D-BM

CINDY SOLES SMITH, Administratrix
of the ESTATE OF MARK KEANNAN
SMITH,

Plaintiff,

v.

XPO LOGISTICS FREIGHT, INC.,

Defendant.

DECLARATION OF
TROY D. SHELTON
IN SUPPORT OF ACCOUNTING OF
REMAND COSTS AND EXPENSES

28 U.S.C. § 1447(c)

I, Troy D. Shelton, declare as follows:

**INTRODUCTION AND BASIS OF KNOWLEDGE**

1. I submit this declaration in support of Plaintiff's Accounting of Just Costs and Actual Expenses, filed pursuant to the Court's Order of May 29, 2026 [D.E. 50] and 28 U.S.C. § 1447(c). Except where I state otherwise, I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently to them.

2. I was engaged by Will Owen at Musselwhite, Musselwhite, Branch & Grantham, counsel for Plaintiff, to assist in this matter on an hourly basis after Defendant XPO Logistics Freight, Inc.'s (XPO) filed a notice of appeal from the discovery sanctions order entered by the Robeson County Superior Court.

## BACKGROUND AND QUALIFICATIONS

3.    I have been licensed to practice law in the State of North Carolina since 2014. I am admitted to practice in this District and each of the other federal districts in North Carolina. I am also admitted to practice in the Fourth Circuit and the Supreme Court of the United States. My North Carolina State Bar number is 48070.

4.    From 2014 to 2015, I served as a law clerk to the Honorable Thomas D. Schroeder, United States District Judge for the Middle District of North Carolina.

5.    I am a board-certified specialist in Appellate Practice, certified by the North Carolina State Bar Board of Legal Specialization. I have held that certification since 2022. Appellate Practice is a specialty held by relatively few attorneys in North Carolina. I recently contributed a chapter to *Legal Specialization: A Handbook*, published by the American Bar Association and edited by the Honorable Robert J. Edmunds, Jr.

6.    Virtually my entire practice is devoted to appellate and complex civil litigation. For example, I have twenty active appeals in North Carolina's two appellate courts.

7.    Many of my clients are sophisticated purchasers of legal services. My clients include Fortune 500 companies, elected state officials, the United States Chamber of Commerce, and the North Carolina Chamber of Commerce. I also represent small businesses and individuals, like the individual Plaintiff in this wrongful death case.

2

8. I was retained in this matter by Will Owen's law firm—Musselwhite, Musselwhite, Branch & Grantham—when XPO sought to appeal a state-court order imposing discovery sanctions. That appeal was later removed to this Court.

9. This case presented unusual procedural complexity. Among other things, XPO sought to remove the action after it had been pending in state court for more than nineteen months and following a severance order, raising intertwined questions under the one-year limitation and the bad-faith exception of 28 U.S.C. § 1446(c)(1) and the thirty-day "other paper" provision of § 1446(b)(3).

10. The matter also involved removal undertaken while the case was pending before the North Carolina Court of Appeals. Few attorneys have ever heard of appellate removal, and fewer still have participated in appellate removal. This is my second case of removal of a case from a North Carolina appellate court to this Court.

11. XPO further increased the complexity of this case by filing a motion asking this Court to reconsider an order entered by the state superior court before removal. That motion raised complex issues not just on the merits, but also on the federalism issues related to such a question.

## HOURLY RATE

12. My standard hourly rate is $550 per hour. For this matter, I billed at a reduced rate of $500 per hour, which is a discount of approximately 9.1%. Most of my clients pay my standard hourly rate of $550. Some also pay me for appellate work through flat-fee agreements.

3

13. I am one of the few attorneys in the state who handles complex litigation for both injured plaintiffs as well as defendants. I am frequently paid directly by law firms who retain me and find my standard hourly rate to be very reasonable.

14. My rates are commensurate with my experience, my credentials, the specialized and complex nature of the work, and the rates charged by attorneys of comparable experience and qualifications for similar work in this community.

15. My rate on this matter is lower than the rates charged by peers, and likely lower than the rates billed XPO's own lawyers. I am able to charge a reduced rate compared to my peers because I work at a small law firm with very low overhead. I left a large, AmLaw 100 law firm in 2023. If I were doing this same work at that law firm, my rate would be over $600 per hour.

16. The $500 hourly rate sought here is the rate I actually charged and billed for this work, and it is below my standard rate. I respectfully submit that $500 per hour is a reasonable—and conservative—rate for an attorney with my experience and credentials performing work of this nature in the Eastern District of North Carolina.

## WORK PERFORMED AND BILLING JUDGMENT

17. The time I devoted to this matter was reasonably necessary to seeking remand and to opposing XPO's motion for reconsideration of the state-court discovery order. My work included researching and analyzing the timeliness and bad-faith questions under §§ 1446(b)(3) and 1446(c)(1); drafting and revising the motion to remand and supporting memorandum; preparing the reply in support of remand;

4

preparing for a Rule 26(f) discovery conference and assisting Will Owen on other discovery issues; and researching and responding to XPO's motion to reconsider.

18. Consistent with my obligation to exercise billing judgment, I have reviewed my time entries and excluded any time that was excessive, redundant, or unnecessary. I have further limited the time recorded here to work incurred as a result of XPO's removal—that is, work that would not have been necessary had the action remained in the Robeson County Superior Court.

## ITEMIZATION AND LODESTAR

19. Below is a true and accurate itemization of the time I expended on this matter, taken from contemporaneous time records I maintained in the ordinary course of my practice.

| Date | Hours | Description |
|---|---|---|
| 10/9/2025 | 1.9 | Research on procedure after removal for cases pending in state appellate court (1.1); review notice of removal (0.3); call with Will Owen regarding post-removal strategy (0.5). |
| 10/10/2025 | 1.8 | Further research standards for fraudulent joinder and other arguments supporting motion for remand. |
| 10/14/2025 | 0.4 | Call with Will Owen to plan strategy for motion to remand. |
| 10/16/2025 | 0.2 | Prepare and file notice of appearance. |
| 10/29/2025 | 4.4 | Revise remand brief. |
| 10/28/2025 | 0.3 | Call with Will Owen about remand strategy and brief. |
| 10/30/2025 | 5.3 | Continue revising remand brief. |
| 10/31/2025 | 0.5 | Revise brief in support of motion to demand, and discuss changes with Will Owen. |
| 11/4/2025 | 0.7 | Discuss with Will Owen strategy for remand motion in light of pending state-court appeal. |
| 11/24/2025 | 1.1 | Begin reviewing response to motion to remand and researching issues for reply. |

5

| Date | Hours | Description |
|---|---|---|
| 11/25/2025 | 1.3 | Continue reviewing opposition to remand motion while researching reply brief. |
| 11/25/2025 | 0.6 | Discuss strategy for reply brief with Will Owen. |
| 12/1/2025 | 4.1 | Research and draft reply brief on motion to remand. |
| 12/1/2025 | 0.3 | Call with Will Owen regarding strategy for remand reply. |
| 12/2/2025 | 0.9 | Continue drafting reply brief on motion to remand. |
| 12/3/2025 | 3.3 | Finish draft of reply brief, and send to Will Owen for review. |
| 12/4/2025 | 0.9 | Revise reply brief in support of motion to remand. |
| 12/10/2025 | 0.3 | Call with Will Owen regarding XPO's proposed order on motion to strike. |
| 12/17/2025 | 1 | Discuss strategy for Rule 26(f) conference with Will Owen (0.5); review Will Owen's suggested edits to Joint Rule 26(f) report (0.2); discuss revisions to report with Will Owen (0.2); discuss result of 26(f) conference with Will Owen (0.1). |
| 1/9/2026 | 0.2 | Discuss with Will Owen forward strategy in federal court in light of discovery scheduling order. |
| 1/28/2026 | 1.8 | Research standards governing reconsideration motion and applicability of federal versus state law. |
| 1/29/2026 | 1.2 | Review reconsideration motion and begin outlining response brief. |
| 1/29/2026 | 0.5 | Discuss strategy for response to reconsideration motion with Will Owen. |
| 1/29/2026 | 0.3 | Research other sanctions imposed against XPO in other courts for discovery violations. |
| 2/3/2026 | 3.9 | Begin drafting response to reconsideration motion, and research cases applying the Belk factors. |
| 2/4/2026 | 1.6 | Continue preparing response to motion for reconsideration. |
| 2/5/2026 | 1.9 | Continue drafting response to reconsideration motion. |
| 2/12/2026 | 0.2 | Discuss revisions to reconsideration motion response brief with Will Owen. |
| 2/12/2026 | 0.9 | Revise response to reconsideration motion. |
| 2/20/2026 | 0.9 | Call with Will Owen regarding forward strategy if federal court remands case. |
| 2/27/2026 | 0.3 | Review reply brief on reconsideration motion. |
| 3/4/2026 | 0.6 | Discuss federal court discovery strategy with Will Owen. |

Case 7:25-cv-01545-D-BM    Document 53-1    Filed 06/15/26    Page 6 of 7

| Date | Hours | Description |
|---|---|---|
| 4/1/2026 | 0.5 | Call with Will Owen regarding strategy for responding or objecting to XPO's discovery requests. |
| 4/27/2026 | 0.9 | Prepare notice of filing related to remand for federal court. |
| 5/28/2026 | 0.5 | Discuss strategy for responding to federal disqualification motion with Will Owen. |
| 5/29/2026 | 0.5 | Review Court's order remanding case to state court and assess forward strategy. |
| **Total** | **46.0** | |

20. In total, I reasonably expended 46.0 hours on this matter. At my billed rate of $500 per hour, the resulting fee is $23,000.00.

21. The fees described above were incurred as a result of XPO's removal of this action and would not have been incurred had the action remained in the Robeson County Superior Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of June, 2026.

/s/ Troy D. Shelton
Troy D. Shelton
N.C. Bar No. 48070
DOWLING PLLC
tshelton@dowlingfirm.com
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27607

*Counsel for Plaintiff*

7