IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-01545-D-BM

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>        Defendant. | DECLARATION OF<br>J. WILLIAM OWEN<br>IN SUPPORT OF ACCOUNTING OF<br>REMAND COSTS AND EXPENSES<br><br>28 U.S.C. § 1447(c) |

I, J. William Owen, declare as follows:

**INTRODUCTION AND BASIS OF KNOWLEDGE**

1. I submit this declaration in support of Plaintiff's Accounting of Just Costs and Actual Expenses, filed pursuant to the Court's Order of May 29, 2026 [D.E. 50] and 28 U.S.C. § 1447(c). Except where I state otherwise, I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently to them.

2. I am lead trial counsel for Plaintiff in the present matter and I am a partner at Musselwhite, Musselwhite, Branch & Grantham, P.A. in Lumberton, North Carolina.

## BACKGROUND AND QUALIFICATIONS

3. I have been licensed to practice law in the State of North Carolina since 2014. I am admitted to practice in this District. My North Carolina State Bar number is 47994.

4. Since August 2014, I have represented thousands of Plaintiffs in a variety of complex personal injury and wrongful death cases.

5. My entire practice is devoted to catastrophic injury and wrongful death matters, many of which involve high-exposure and complex liability and damages issues.

1. I retained Troy Shelton of Dowling, PLLC in this matter when XPO sought to appeal a state-court order imposing discovery sanctions. That appeal was later removed to this Court. Troy Shelton is a very experienced and well-respected appellate attorney in North Carolina.

2. I retained Troy Shelton given the unusual procedural complexity. Among other things, XPO sought to remove the action after it had been pending in state court for more than nineteen months and following a severance order, raising intertwined questions under the one-year limitation and the bad-faith exception of 28 U.S.C. § 1446(c)(1) and the thirty-day "other paper" provision of § 1446(b)(3).

3. XPO further increased the complexity of this case by filing a motion asking this Court to reconsider an order entered by the state superior court before removal. That motion raised complex issues not just on the merits, but also on the federalism issues related to such a question.

2

## HOURLY RATE

4. I am being compensated by Plaintiff in this case on a contingency basis.

5. I do not typically charge by the hour, but in unique circumstances (such as the present matter) I have been asked to provide an hourly rate, which is $500 per hour.

6. I am one of the few attorneys in the state who regularly handles complex litigation in wrongful death cases for plaintiffs.

7. My hourly rate is commensurate with my experience, my credentials, the specialized and complex nature of the work, and the rates charged by attorneys of comparable experience and qualifications for similar work in this community.

8. I respectfully submit that $500 per hour is a reasonable—and conservative—rate for an attorney with my experience and credentials performing work of this nature in the Eastern District of North Carolina.

## WORK PERFORMED AND BILLING JUDGMENT

9. The time I devoted to this matter was reasonably necessary to seeking remand and to opposing XPO's motion for reconsideration of the state-court discovery order. My work included researching and analyzing the timeliness and bad-faith questions under §§ 1446(b)(3) and 1446(c)(1); drafting and revising the motion to remand and supporting memorandum; preparing the reply in support of remand; preparing for a Rule 26(f) discovery conference and assisting Troy Shelton on other discovery issues; and researching and responding to XPO's motion to reconsider.

3

10.     Consistent with my obligation to exercise billing judgment, I have reviewed my time entries and excluded any time that was excessive, redundant, or unnecessary. I have further limited the time recorded here to work incurred as a result of XPO's removal—that is, work that would not have been necessary had the action remained in the Robeson County Superior Court.

## ITEMIZATION AND LODESTAR

11.     Below is a true and accurate itemization of the time I expended on this matter, taken from contemporaneous time records I maintained in the ordinary course of my practice.

| Date | Hours | Description |
|---|---|---|
| 10/9/2025 | 1.5 | Research on procedure after removal for cases pending in state appellate court (1.0); review notice of removal; call with Troy Shelton regarding post-removal strategy (0.5). |
| 10/10/2025 | 1.0 | Further research standards for fraudulent joinder and other arguments supporting motion for remand. |
| 10/14/2025 | 0.4 | Call with Troy Shelton to plan strategy for motion to remand. |
| 10/26/2025-10/29/2025 | 6.0 | Prepare first draft of remand motion and memorandum of law in support thereof, including a detailed summery of the procedural history of this matter, facts, and detailed analysis of the unique legal issues. |
| 10/28/2025 | 0.3 | Call with Troy Shelton about remand strategy and brief. |
| 10/31/2025 | 0.5 | Revise brief in support of motion to demand, and discuss changes with Troy Shelton. |
| 11/4/2025 | 0.7 | Discuss with Troy Shelton strategy for remand motion in light of pending state-court appeal. |
| 11/25/2025 | 1.0 | Continue reviewing opposition to remand motion while researching reply brief. |
| 11/25/2025 | 0.6 | Discuss strategy for reply brief with Troy Shelton. |
| 12/1/2025 | 1.0 | Review draft reply brief on motion to remand. |

4

| Date | Hours | Description |
|---|---|---|
| 12/1/2025 | 0.3 | Call with Troy Shelton regarding strategy for remand reply. |
| 12/2/2025 | 0.5 | Review reply brief on motion to remand. |
| 12/10/2025 | 0.3 | Call with Troy Shelton regarding XPO's proposed order on motion to strike. |
| 12/17/2025 | 2.0 | Discuss strategy for Rule 26(f) conference with Troy Shelton (0.5); review Troy Shelton's suggested edits to Joint Rule 26(f) report (0.2); discuss revisions to report with Troy Shelton (0.2); discuss result of 26(f) conference with Troy Shelton (0.1)<br><br>Prepare and participate in Rule 26(f) conference (1.0). |
| 1/9/2026 | 0.2 | Discuss with Troy Shelton forward strategy in federal court in light of discovery scheduling order. |
| 1/27/2026 | 0.5 | Research standards governing reconsideration motion and applicability of federal versus state law. |
| 1/29/2026 | 1.0 | Review draft reconsideration motion and response brief. |
| 1/29/2026 | 0.5 | Discuss strategy for response to reconsideration motion with Troy Shelton. |
| 2/12/2026 | 0.2 | Discuss revisions to reconsideration motion response brief with Troy Shelton. |
| 2/20/2026 | 0.9 | Call with Troy Shelton regarding forward strategy if federal court remands case. |
| 2/28/2026 | 0.3 | Review reply brief on reconsideration motion. |
| 3/4/2026 | 0.6 | Discuss federal court discovery strategy with Troy Shelton. |
| 4/1/2026 | 0.5 | Call with Troy Shelton regarding strategy for responding or objecting to XPO's discovery requests. |
| 5/28/2026 | 0.5 | Discuss strategy for responding to federal disqualification motion with Troy Shelton. |
| 5/29/2026 | 0.5 | Review Court's order remanding case to state court and assess forward strategy. |
| **Total** | **21.8** | |

12. In total, I reasonably expended 21.8 hours on this matter. At my billed rate of $500 per hour, the resulting fee is $10,900.00.

13.    The fees described above were incurred as a result of XPO's removal of this action and would not have been incurred had the action remained in the Robeson County Superior Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of June, 2026.

/s/ J. William Owen
J. William Owen
N.C. Bar No. 47994
MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.
wowen@mmbglaw.com
P.O. Box 1448
Lumberton, NC 28359

*Counsel for Plaintiff*