IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-01545-D-BM

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH, <br>      Plaintiff, <br> v. <br> XPO LOGISTICS FREIGHT, INC., <br>     Defendant. | DECLARATION OF JOSHUA T. WALTHALL IN SUPPORT OF ACCOUNTING OF REMAND COSTS AND EXPENSES <br> 28 U.S.C. § 1447(c) |

I, Joshua T. Walthall, declare as follows:

**Introduction and Basis of Knowledge**

1. I submit this declaration in support of Plaintiff's Accounting of Just Costs and Actual Expenses, filed pursuant to the Court's Order of May 29, 2026 [D.E. 50] and 28 U.S.C. § 1447(c). Except where I state otherwise, I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently to them.

2. I have been asked to provide my independent assessment of the reasonableness of the $500 hourly rate charged by Troy D. Shelton and J. William Owen for the work they performed in obtaining the remand of this action. I am not counsel for any party in this matter, I have no financial interest in this litigation, and my opinions do not depend on the outcome of Plaintiff's fee request or of this case.

3. I understand that, in setting a reasonable fee under the lodestar method, a court multiplies the hours reasonably expended by a reasonable hourly rate, and that the party seeking fees bears the burden of establishing that the requested rate is consistent with the prevailing market rate in the relevant community for the type of work performed. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). I further understand that the United States Court of Appeals for the Fourth Circuit has recognized "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" as evidence of an appropriate hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). I submit this declaration in that capacity.

**Background and Qualifications**

4. I have been licensed to practice law in the State of North Carolina since 2013. My North Carolina State Bar number is 46482.

5. For eight years, I served as Deputy Counsel at the North Carolina State Bar, where I prosecuted attorney misconduct and the unauthorized practice of law. Among other

responsibilities, I served as counsel to the Authorized Practice Committee and Grievance Committee, handling hundreds of files involving allegations of the unauthorized practice of law and attorney misconduct. I also prosecuted and tried numerous cases involving debt adjusting during my time at the Bar.

6. Since 2021, I have been in private practice. I focus my practice on representing licensees before administrative and disciplinary boards—particularly lawyers in matters before the North Carolina State Bar—and on advising emerging businesses navigating the laws and regulations governing the unauthorized practice of law.

7. I have taught numerous Continuing Legal Education courses on professional ethics, attorney misconduct, debt adjusting, the unauthorized practice of law, and the Rules of Professional Conduct. I have also published several articles on various aspects of the ethical obligations of lawyers and the Rules of Professional Conduct, including authorized-practice concerns.

8. In 2024, 2025, and 2026, the North Carolina General Assembly asked me to address a Legislative Study Committee convened to review the State Bar grievance process. Recommendations I made for substantive changes to that process have been signed into law and have substantially altered the procedures by which the State Bar handles grievances.

9. Over the course of my career—first as a disciplinary prosecutor charged with evaluating the professional conduct and work product of North Carolina lawyers, and now as private counsel who regularly represents attorneys—I have developed familiarity both with the quality of legal work performed by North Carolina attorneys and with the rates charged for sophisticated legal services in this State.

**Familiarity with Counsel and the Quality of Their Work**

10. I am personally familiar with the quality of Mr. Shelton's legal work through other, unrelated matters in which I have personally observed his work. Based on that familiarity, I can attest that Mr. Shelton is an exceptionally skilled appellate and complex-litigation attorney, that the quality of his work is consistently high, and that the value he delivers to his clients meets or exceeds the rate he charges.

11. My assessment is consistent with Mr. Shelton's credentials. He is a board-certified specialist in Appellate Practice, and his practice is devoted to appellate and complex civil litigation of the kind presented here.

**The Prevailing Market Rate and the Reasonableness of the $500 Rate**

12. It is my understanding that the relevant community for assessing these rates is the Eastern District of North Carolina, where this action is pending. I practice in Raleigh, North

Carolina, within this District, and I am familiar with the rates charged by attorneys in eastern North Carolina for litigation services, including the complex civil litigation at issue in this matter.

13.     I am also familiar with the rates that North Carolina attorneys charge for work comparable to that performed by both Mr. Shelton and Mr. Owen in this case. It is my understanding that Mr. Owen is an experienced trial lawyer whose practice is devoted to catastrophic-injury and wrongful-death litigation, and the work at issue here—obtaining remand and opposing XPO's motion for reconsideration—required the kind of specialized civil-litigation skill for which experienced North Carolina counsel command substantial hourly rates.

14.     Based on my experience and my knowledge of the market, it is my opinion that an hourly rate of $500 is reasonable and conservative for attorneys of Mr. Shelton's and Mr. Owen's experience, skill, quality, and credentials performing work of this nature in this District. The $500 rate is also below Mr. Shelton's standard hourly rate of $550, and thus already reflects a discount. I have rendered that opinion after reviewing the fee declarations of Mr. Shelton and Mr. Owen, as well as the Court's remand order.

15.     Considering the specialized and complex nature of the work performed here, the credentials and experience of counsel, and the prevailing rates in this community, a $500 hourly rate is well within the range of reasonable rates.

16.     Accordingly, it is my opinion that the $500 hourly rate sought by Mr. Shelton and Mr. Owen is reasonable for the work performed in this matter in the Eastern District of North Carolina.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15th__ day of June, 2026.

_____
Joshua Walthall

3