IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-01545-D-BM

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH, <br><br> Plaintiff, <br><br> v. <br><br> XPO LOGISTICS FREIGHT, INC., <br><br> Defendant. | PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JUST COSTS AND ACTUAL EXPENSES <br><br> 28 U.S.C. § 1447(c) |

This Court has already decided that Plaintiff may recover the costs and expenses she incurred because of XPO's removal. In its May 29, 2026 Order, the Court remanded this case and granted Plaintiff's request for just costs and actual expenses under 28 U.S.C. § 1447(c). Order [D.E. 50] 18–19. The Court directed Plaintiff to file an accounting of those costs and expenses. *Id.* at 19.

This memorandum supports that accounting. Plaintiff seeks $33,900.00 in attorney's fees. That sum reflects 46.0 hours of work by Troy D. Shelton and 21.8 hours of work by J. William Owen, each billed at $500.00 per hour. Counsel incurred every hour as a result of XPO's removal. None of the work would have been necessary had the case remained in Robeson County Superior Court.

The requested fee is reasonable. It rests on contemporaneous time records, conservative billing judgment, and a below-market hourly rate. A disinterested North Carolina attorney has reviewed the rate and confirms that it is reasonable for this

work in this District. The fee satisfies the lodestar standard that governs fee awards in the Fourth Circuit. The Court should award it in full.

## ARGUMENT

**I.    The Court Has Already Determined That Plaintiff Is Entitled to Fees.**

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award fees under § 1447(c) when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *accord Black v. Mantei & Assocs., Ltd.*, 145 F.4th 528, 534 (4th Cir. 2025).

The Court already made the necessary finding. It held that a fee award "is appropriate because two grounds expressly foreclosed XPO's removal." [D.E. 50] 18. On those findings, the Court granted Plaintiff's "request for just costs and actual expenses incurred as a result of the removal." *Id.* at 19. Entitlement is therefore settled. The only question left is the amount.

**II.    The Lodestar Method Governs the Amount.**

The reasonableness of a fee under § 1447(c) is measured by the lodestar method. The Court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Twelve factors guide the court's discretion in setting both the hours and the rate:

(1) the time and labor expended;

(2) the novelty and difficulty of the questions raised;

(3) the skill required to properly perform the legal services rendered;

(4) the attorney's opportunity costs in pressing the instant litigation;

(5) the customary fee for like work;

(6) the attorney's expectations at the outset of the litigation;

(7) the time limitations imposed by the client or circumstances;

(8) the amount in controversy and the results obtained;

(9) the experience, reputation and ability of the attorney;

(10) the undesirability of the case within the legal community in which

the suit arose;

(11) the nature and length of the professional relationship between

attorney and client; and

(12) attorneys' fees awards in similar cases.

*Id.* at 243-44 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

The full analysis has three steps. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The court sets the lodestar, then subtracts fees for hours spent on unsuccessful claims unrelated to successful ones, then awards a percentage of the remainder based on the degree of success. *Id.*

Steps two and three do not reduce the fee here. Plaintiff prevailed completely: the Court granted remand and denied XPO's motions as moot. There are no unsuccessful or unrelated claims to subtract.

3

## III. The Hours Are Reasonable.

Counsel together recorded 67.8 hours—46.0 for Troy Shelton and 21.8 for Will Owen. The hours reflect billing judgment, as required. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). As their declarations show, counsel reviewed their time, excluded entries that were excessive, redundant, or unnecessary, and limited the request to work caused by the removal. Counsel divided the work and did not duplicate their efforts. Counsel worked diligently and efficiently.

The hours are modest given the issues. The removal raised intertwined questions under the one-year bar and bad-faith exception of § 1446(c)(1) and the thirty-day "other paper" provision of § 1446(b)(3). It arose from the rare posture of removal while the case was pending on appeal in the state appellate court. XPO then compounded the work by asking this Court to reconsider a state-court discovery order, which added both merits and federalism questions. The time counsel spent to brief remand, reply, prepare for the Rule 26(f) conference, and defeat the reconsideration motion is reasonable for that work.

## IV. The $500 Hourly Rate Is Reasonable and Conservative.

A reasonable rate is the "prevailing market rate[] in the relevant community for the type of work for which [counsel] seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Plaintiff bears the burden on the rate. *Id.* The Fourth Circuit has identified the evidence that suffices to prove the prevailing rate: "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245.

4

Plaintiff offers exactly that. Joshua Walthall is a North Carolina attorney and former State Bar prosecutor who has no interest in this case. He has reviewed the matter and the relevant market. He attests that $500 per hour is reasonable and conservative for attorneys of Mr. Shelton's and Mr. Owen's experience and skill performing this work in this District. That is the evidence the Fourth Circuit requires.

The rate is conservative. Mr. Shelton's standard rate is $550 per hour; he billed this matter at $500, a discount of roughly nine percent. Mr. Shelton is a board-certified specialist in Appellate Practice whose practice is devoted to appellate and complex civil litigation. Mr. Owen is an experienced wrongful-death trial lawyer.

A $500 rate sits within the range that this District has approved for experienced litigators. *See Edwards v. Hooks*, No. 5:21-CT-3270-D, 2023 WL 8449250, at *3 (E.D.N.C. Dec. 6, 2023) (approving hourly rate of $500 for partners); *N.C. Green Party v. N.C. State Bd. of Elections*, 728 F. Supp. 3d 347, 357 (E.D.N.C. 2024) (approving hourly rate of $450); *Imposter Pastor Movie, LLC v. Oliver*, No. 5:24-CV-00115-M, 2025 WL 819117, at *8 (E.D.N.C. Mar. 14, 2025) (approving partner rates ranging from $485 to $510).

## V.  The Lodestar Is $33,900.00.

Applying the rate to the hours yields the lodestar:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Troy D. Shelton | 46.0 | $500.00 | $23,000.00 |
| J. William Owen | 21.8 | $500.00 | $10,900.00 |
| **Total** | **67.8** | | **$33,900.00** |

Every dollar was "incurred as a result of the removal." 28 U.S.C. § 1447(c). The work would not have been necessary had the action remained in state court. No step-two or step-three reduction applies. The lodestar is the fee.

## CONCLUSION

Plaintiff respectfully requests that the Court award Plaintiff $33,900.00 in attorney's fees as just costs and actual expenses under 28 U.S.C. § 1447(c).

This the 15th day of June, 2026.

**MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM, P.A.**

/s/ J. William Owen
J. William Owen
N.C. Bar No. 47994
wowen@mmbglaw.com
P.O. 1448
Lumberton, NC 28359

*Co-Counsel for Plaintiff*

**DOWLING PLLC**

/s/ Troy D. Shelton
Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
3801 Lake Boone Trail, Suite 260
Raeligh, NC 27607

*Co-Counsel for Plaintiff*

6

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 7.2(f)(3), undersigned counsel certifies that this memorandum complies with the applicable word limit. Per the word processing software, this memorandum contains 1,202 words, excluding the case caption, the signature block, required certificates, table of contents, table of authorities, and any attachments, exhibits, affidavits, or other addenda.

/s/ J. William Owen
J. William Owen