# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### Civil Action No. 7:25-cv-01545-D-BM

CINDY SOLES SMITH, Administratrix of the
ESTATE OF MARK KEANNAN SMITH,

        Plaintiff/Counterclaim-
        Defendant,

v.

XPO LOGISTICS FREIGHT, INC.,

        Defendant/Counterclaim-
        Plaintiff.

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR COSTS
AND ACTUAL EXPENSES**

28 U.S.C. § 1447(c)

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

1.    The only issue now before the Court is the amount of fees and expenses reasonably recoverable under 28 U.S.C. § 1447(c). XPO does not challenge Plaintiffs' entitlement to a reasonable award of just costs and actual expenses, nor does it challenge counsel's hourly rate. Rather, XPO objects to the amount sought because Plaintiff's accounting includes time for discovery, pending motions facially unrelated to the remand, post-remand strategy, duplicative attorney conferences, vague or inconsistent entries, and entries that are otherwise unreasonable and/or not reasonably incurred because of removal.

2.    Section 1447(c) permits recovery only for costs and expenses incurred as a result of removal, not for ordinary litigation work, collateral motion practice, discovery activity, or strategic work that would have occurred regardless of removal. Plaintiff's submission does not make that required separation. After excluding unrelated, duplicative, vague, and excessive entries, the recoverable award should be reduced from $33,900.00 to $19,300.00.

1

## II.  RELEVANT FACTS

3.     This wrongful-death action arises from an October 11, 2023 collision in Robeson County, North Carolina, involving a vehicle driven by Mark Smith and an XPO tractor-trailer operated by William Lamb. Dkt. 2-5, *First Am. Compl.* ("FAC"), ¶¶ 24–29. Plaintiff alleges that Lamb entered the intersection of U.S. 74 Alternate and West 5th Street Extension and stopped his tractor-trailer in a manner that blocked the westbound lanes of travel, causing Smith to collide with the trailer. FAC ¶¶ 24–28. Plaintiff seeks compensatory and punitive damages under North Carolina's Wrongful Death Act. FAC ¶¶ 35, 43, 49 & Prayer for Relief.

4.     At the outset, Plaintiff named both XPO and its driver, a North Carolina citizen, as defendants in the same action. *Id*. Approximately sixteen months later, on July 9, 2025, Plaintiff obtained an order severing the claims against XPO from those against the driver, resulting in two separate actions. Dkt. 30, *Response in Opposition Regarding Motion to Remand*, ¶ 1, p. 1.

5.     Following severance, the action with XPO as a sole Defendant no longer included a non-diverse defendant. Plaintiff had also admitted in her RFAs that the amount in controversy exceeded $75,000.00. In light of those changes, XPO sought to remove the action to federal court on the basis of diversity jurisdiction. *Id*. On November 3, 2025, Plaintiff filed a Motion to Remand. Dkt. 25, *Plaintiff's Motion to Remand*.

6.     On May 29, 2026, the Court granted Plaintiff's Motion to Remand including Plaintiff's request for costs and actual expenses, directed Plaintiff to file an accounting of those costs and expenses, and denied as moot Defendant's pending Motion to Revise Interlocutory Order and Motion to Disqualify. Dkt. 51, *Order*, pp. 18–19.

7.     On June 15, 2026, Plaintiff filed her Motion for Attorney's Fees and supporting memorandum of law, claiming $33,900.00 in attorneys' fees for 46.0 hours of work by attorney Troy

2

D. Shelton and 21.8 hours of work by J. William Owen, each billed at $500.00 per hour. Dkt. 54, *Plaintiff's Memorandum in Support of Motion for Just Costs and Actual Expenses*, p. 1.

8. In support of Plaintiff's accounting of costs and expenses, Attorneys J. William Owen and Troy D. Shelton each submitted a Declaration in Support of Accounting of Remand Costs and Expenses. Dkt, 53-2, *Declaration of J. William Owen,* Dkt. 53-1, *Declaration of Troy D. Shelton*.

9. Plaintiff also submitted a Declaration of Joshua T. Walthall in Support of Accounting of Remand Costs and Expenses, addressing the reasonableness of counsel's $500.00 hourly rate. The declaration, however, does not address or analyze the underlying billing records or itemization of time. Instead, it is limited to the general reasonableness of the hourly rate charged and does not provide an evaluation of the hours expended or the nature of the tasks performed. Dkt. 53-3, *Declaration of Joshua Walthall*.

10. The declarations seek fees for drafting and briefing the Motion for Remand as well as for work related to federal discovery, Rule 26(f) conference, and discovery strategy generally, XPO's other pending motions, and counsel's post-remand "forward" strategy. Dkt. 54, *Plaintiff's Memorandum in Support of Motion for Just Costs and Actual Expenses*, pp. 4–5.

11. The billing records reflect multiple entries for reviewing and drafting remand briefing and related motion practice, along with additional time being attributed to subsequent billing on reconsideration. Dkt. 53-2, *Declaration of J. William Owen*, ¶ 11, pp. 4–5; Dkt. 53-1, *Declaration of Troy Shelton*, ¶ 11, pp. 4–6.

12. The entries also reflect instances in which counsel performed substantially similar work on the same or closely related issues, often on the same dates. In addition, at least one sequence does not appear to align chronologically, as Mr. Owen billed time reviewing a draft reply brief before Mr. Shelton's entries indicate the draft was completed and sent to him. *Id*.

13. In addition, the descriptions of work are largely identical in language, including the same typographical errors. Dkt. 53-2, *Declaration of J. William Owen*; Dkt. 53-1, *Declaration of Troy Shelton*.

### III. ARGUMENT

14. XPO does not contest the specific three-part analysis for determining her costs and fees set forth in her Memorandum. That is, once entitlement to the recovery of fees has been determined, the Court must (1) assess the lodestar; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) award some percentage of the remaining amount, depending on the degree of success enjoyed by the Plaintiff. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). However, for the reasons set forth below, XPO respectfully submits to the Court that Plaintiff has both incorrectly calculated the lodestar and failed to make proper reductions on unsuccessful claims unrelated to successful ones as required by law.

### A. PLAINTIFF HAS IMPROPERLY CALCULATED THE APPLICABLE LODESTAR

15. 28 U.S.C. § 1447(c), under which Plaintiff seeks recovery of her costs and expenses, provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred **as a result of the removal**" by the prevailing party. 28 U.S.C.A. § 1447(c) (2011) [emphasis added]. This language was further developed in the matter of *Central Cab Company, Inc. v. Cline, et al.*, 972 F.Supp. 370 (S.D.W.Va. 1997), which this Court has previously followed and quoted. *See*, *e.g.*, *LaFountain v. Paul Benton Motors of North Carolina, LLC*, No. 7:09-CV-212-F, 2010 WL 4457057 (E.D.N.C. Nov. 5, 2010).

16. In *Central Cab*, in consideration of plaintiff's motion for fees after the case was remanded to state court and the defendants were ordered to pay the plaintiff's costs and expenses, the court held that the language of § 1447(c) "limit[s] the litigation expenses that may be awarded under

4

this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Central Cab*, 972 F.Supp. at 373 (internal citations omitted). Further, the court held that "ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Id*. (emphasis added). In other words, the operational question is whether the fees sought would not have been incurred but for the removal. Obvious examples include preparation of notices of appearance in federal court and preparation of motions, responses, and replies related to a request for remand.

17.     "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *LaFountain*, 2010 WL 4457057 at *1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). This equals the lodestar figure.

18.     "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*" *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013), *as amended* (Jan. 23, 2014) (internal citation omitted). The *Johnson* factors are as follows: (1) time and labor required; (2) novelty and difficulty of question raised; (3) skill required to properly perform legal services; (4) attorney's opportunity cost; (5) customary fee for like services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount in controversy and results obtained; (9) experience, reputation, and ability of attorney; (10) undesirability of case within legal community; (11) nature and length of professional relationship between attorney and client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *as modified by Hensley v. Eckerhart*, 461 U.S. 424 (1983).

5

19.     XPO does not contest the reasonableness of Plaintiff's counsel's hourly rate. However, pursuant to *Central Cab* and the *Johnson* factors, Plaintiff has significantly inflated the proposed lodestar by inclusion of time entries that are unrelated to the underlying litigation and that are unreasonable as duplicative, excessive, vague, and erroneous. Such entries include the following:

| Date | Work Billed by W. Owen | Work Billed by T. Shelton |
|---|---|---|
| 10/9/25 | Research on procedure after removal for cases pending in state appellate court (1.0); review notice of removal; call with Troy Shelton regarding post-removal strategy (0.5). | Research on procedure after removal for cases pending in state appellate court (1.1); review notice of removal (0.3); call with Will Owen regarding post-removal strategy (0.5). |
| 10/10/25 | Further research standards for fraudulent joinder and other arguments supporting motion for remand. | Further research standards for fraudulent joinder and other arguments supporting motion for remand. |
| 10/14/25 | Call with Troy Shelton to plan strategy for motion to remand. | Call with Will Owen to plan strategy for motion to remand. |
| 10/16/25 | | Prepare and file notice of appearance |
| 10/28/25 | Call with Troy Shelton about remand strategy and brief. | Call with Will Owen about remand strategy and brief. |
| 10/31/25 | Revise brief in support of motion to demand [sic], and discuss changes with Troy Shelton. | Revise brief in support of motion to demand [sic], and discuss changes with Will Owen. |
| 11/4/25 | Discuss with Troy Shelton strategy for remand motion in light of pending state-court appeal. | Discuss with Will Owen strategy for remand motion in light of pending state-court appeal. |
| 11/25/25 | Continue reviewing opposition to remand motion while researching reply brief.<br><br>Discuss strategy for reply brief with Troy Shelton | Continue reviewing opposition to remand motion while researching reply brief.<br><br>Discuss strategy for reply brief with Will Owen |
| 12/1/25 | Review draft reply brief on motion to remand.<br><br>Call with Troy Shelton regarding strategy for remand reply | Research and draft reply brief on motion to remand.<br><br>Call with Will Owen regarding strategy for remand reply |

| | | |
|---|---|---|
| 12/17/2025 | Discuss strategy for Rule 26(f) conference with Troy Shelton (0.5); review Troy Shelton's suggested edits to Joint Rule 26(f) report (0.2); discuss revisions to report with Troy Shelton (0.2); discuss result of 26(f) conference with Troy Shelton (0.1)<br><br>Prepare and participate in Rule 26(f) conference (1.0). | Discuss strategy for Rule 26(f) conference with Will Owen (0.5); review Will Owen's suggested edits to Joint Rule 26(f) report (0.2); discuss revisions to report with Will Owen (0.2); discuss result of 26(f) conference with Will Owen (0.1). |
| 1/9/2026 | Discuss with Troy Shelton forward strategy in federal court in light of discovery scheduling order. | Discuss with Will Owen forward strategy in federal court in light of discovery scheduling order. |
| 1/27/2026 | Research standards governing reconsideration motion and applicability of federal versus state law. | |
| 1/28/2026 | | Research standards governing reconsideration motion and applicability of federal versus state law. |
| 1/29/2026 | Review draft reconsideration motion and response brief.<br><br>Discuss strategy for response to reconsideration motion with Troy Shelton. | Review reconsideration motion and begin outlining response brief.<br><br>Discuss strategy for response to reconsideration motion with Will Owen.<br><br>Research other sanctions imposed against XPO in other courts for discovery violations |
| 2/3/2026 | | Begin drafting response to reconsideration motion, and research cases applying the Belk factors. |
| 2/4/2026 | | Continue preparing response to motion for reconsideration. |
| 2/5/2026 | | Continue drafting response to reconsideration motion. |
| 2/12/2026 | Discuss revisions to reconsideration motion response brief with Troy Shelton. | Discuss revisions to reconsideration motion response brief with Will Owen.<br><br>Revise response to reconsideration motion. |
| 2/20/2026 | Call with Troy Shelton regarding forward strategy if federal court remands case. | Call with Will Owen regarding forward strategy if federal court remands case. |
| 2/27/2026 | | Review reply brief on reconsideration motion. |

7

| | | |
|---|---|---|
| 2/28/2026 | Review reply brief on reconsideration motion. | |
| 3/4/2026 | Discuss federal court discovery strategy with Troy Shelton. | Discuss federal court discovery strategy with Will Owen. |
| 4/1/2026 | Call with Troy Shelton regarding strategy for responding or objecting to XPO's discovery requests. | Call with Will Owen regarding strategy for responding or objecting to XPO's discovery requests. |
| 5/28/2026 | Discuss strategy for responding to federal disqualification motion with Troy Shelton. | Discuss strategy for responding to federal disqualification motion with Will Owen. |
| 5/29/2026 | Review Court's order remanding case to state court and assess forward strategy. | Review Court's order remanding case to state court and assess forward strategy. |

### 1. COSTS AND FEES NOT INCURRED "AS A RESULT OF REMOVAL"

Here, Plaintiff seeks recovery of 5.2 hours of time billed by attorney W. Owen and 4.2 hours of time billed by T. Shelton for a total of 9.4 hours, or $4,700.00 at the rate of $500.00 per billable hour, for work on items that fail the "but-for" test of *Central Cab* as adopted by this jurisdiction. The general categories of unrelated work include those items related to discovery, Motion for Disqualification of Counsel, and post-remand "strategy."

#### a. DISCOVERY

20. Plaintiff's counsel has submitted a collective 5.6 hours of work on matters related to discovery. If this case had not in fact been removed, the parties would have nevertheless engaged in discovery. While the applicable rules of evidence may vary slightly, Plaintiff cannot plausibly assert that any discovery she conducted in federal court was substantively different than that which would have been conducted in state court had the matter never been removed. Any information gleaned during federal discovery can be proffered at the state level, and, as such, the discovery-related work does not pass the "but-for" test of § 1447(c).[1] The request for these fees must therefore be denied.

---

[1] This is not to be construed as an admission to the relevance or admissibility of any evidence that may be proffered in the state court proceedings. XPO specifically reserves the right to object at a later time to any discrete discovery materials proffered by the Plaintiff.

### b.     DISQUALIFICATION MOTION

21.     Similarly, Plaintiff's Motion prays for recovery of 1 hour of collective billable time related to "discuss[ing] strategy" for responding to XPO's Motion to Disqualify. Notwithstanding the other bases for objection to these entries, these fees are outside of the scope of § 1447(c) as being unrelated to the removal and remand proceedings. For the reasons set forth above, these line items likewise represent non-recoverable fees, because they concern collateral disqualification strategy, not work reasonably necessary to obtain remand, and Plaintiff's request for those fees must be denied and her recovery reduced commensurately.

### c.     POST-REMOVAL STRATEGY

22.     Finally, Plaintiff seeks recovery for 2.8 hours of billable time for counsel's "forward strategy" if the case were remanded or after the Court entered its remand order. Despite their classifications, these entries are unrelated to the actual removal and remand process for two reasons. First, by their plain descriptions, this work concerns strategy for what would happen after remand, not work necessary to obtain remand. Further, the February 20, 2026 entries were for a call regarding "forward strategy if federal court remands case," and the May 29, 2026 entries were for reviewing the remand order and assessing "forward strategy" after the Court had already granted remand. Accordingly, Plaintiff cannot reasonably support her assertion that these entries were reasonably incurred to secure remand, and Plaintiff's requested award should be reduced by the corresponding 2.8 hours.

23.      Additionally, and in the alternative, Mr. Shelton's declaration states that he was engaged by Mr. Owen "to assist in this matter" after XPO filed a notice of appeal from the state-court discovery-sanctions order, and Mr. Owen similarly states that he retained Mr. Shelton when XPO sought to appeal that order. Those declarations do not explain why post-remand "forward strategy"

9

was reasonably necessary to obtain remand or why such strategy should be shifted under § 1447(c). To the contrary, the challenged entries concern what Plaintiff's counsel would do if or after the case returned to state court, not work required to secure the remand order itself.

24. For these reasons, Plaintiff's request for recovery of these line items must be denied and the overall recovery reduced commensurately.

### 2. INADEQUATE ENTRIES AND UNREASONABLE EXPENDITURES UNDER *JOHNSON*

#### a. EXCESSIVE TIME AND LABOR EXPENDED ON DUPLICATIVE AND VAGUE STATUS CALLS

25. Plaintiff seeks recovery for a collective 14.4 hours for calls conducted exclusively between her counsel. XPO respectfully submits to the Court that these fees are more appropriately considered "overhead" costs associated with litigation, are duplicative, insufficiently supported, and unreasonable under the lodestar framework.

26. Additionally, these entries are exceedingly vague. Nearly every entry related to a call between counsel describes the conversation as "strategy." That generic description does not permit meaningful review of whether the time was reasonably expended, non-duplicative, necessary to obtain remand, or reasonable under the *Johnson* factors. Similarly vague billing practices are disfavored in this Circuit, and under established precedent, hours not properly documented cannot be recovered. *See*, *e.g.*, *ECOS, Inc. v. Brinegar*, 671 F. Supp. 381 (M.D.N.C. 1987) (citing *United Slate, Tile & Composition v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502 n. 2 (6th Cir. 1984) (support for fee requests "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.").

27. Finally, the time spent on these calls is excessive under the circumstances. For example, Plaintiff's counsel each billed a respective 2.8 hours across six separate occasions to discuss

10

their "plan," "strategy," and the like specifically as to the removal and pursuit of remand; 2.3 hours each across four separate occasions to discuss discovery-related "strategy;" and 1.2 hours each across three separate occasions to discuss "strategy" with respect to other written submissions. Without more detail, the reasonableness of this volume of work is dubious at best. Plaintiff's request must therefore be denied and her recovery reduced commensurately.

b. **CLEAR DEVIATION FROM REQUISITE SKILL REQUIRED WHERE ENTRIES ARE ERRONEOUS AND LACKING JUDGMENT**

28. Additionally, and in the alternative, several entries contain errors or repeated phrasing which call into question whether Plaintiff's counsel exercised sufficient "billing judgment." For example, the October 31, 2025 entries made by each attorney contains the exact same typo: "Revise brief in support of motion to **demand** and discuss changes with [co-counsel]." (emphasis added).

29. These identical descriptions, including the same apparent typographical error, support a reduction because they make it more difficult to determine whether the entries reflect individualized, non-duplicative billing judgment. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). The same concern is reflected in the mirrored language used for multiple internal conference entries. At minimum, these entries further support XPO's request that the Court reduce Plaintiff's claimed fees to account for vague, duplicative, and insufficiently supported billing.

30. These errors, whether by inadvertence or otherwise, further undermine the reliability of Plaintiff's fee submission and demonstrate that Plaintiff has not adequately separated recoverable remand-related work from vague, duplicative, or insufficiently supported entries. To the extent these issues reflect a lack of billing judgment or prevent meaningful review of the hours claimed, Plaintiff's requested award should be reduced accordingly.

c. **DUPLICATIVE AND VAGUE RESEARCH AND DOCUMENT REVIEW**

31. Finally, Plaintiff's counsel's Declarations include multiple entries in which Attorney

11

Owen and Attorney Shelton billed for substantially similar research, review, revision, or strategy tasks, sometimes using identical or near-identical descriptions. More specifically, Attorney Owen and Shelton each billed—with identical language, and in one instance the same apparent typographical error—for:

- "Research on procedure after removal for cases pending in state appellate court"
  *1.0 hours billed by W. Owen on 10/9/25 [Dkt. 53-2, p. 4]*
  *1.1 hours billed by T. Shelton on 10/9/25 [Dkt. 53-1, p. 5]*

- "[C]all with [co-counsel] regarding post-removal strategy"
  *0.5 hours billed by W. Owen on 10/9/25 [Dkt. 53-2, p. 4]*
  *0.5 hours billed by T. Shelton on 10/9/25 [Dkt. 53-1, p. 5]*

- "Further research standards for fraudulent joinder and other arguments supporting motion for remand."
  *1.0 hours billed by W. Owen on 10/10/25 [Dkt. 53-2, p. 4]*
  *1.8 hours billed by T. Shelton on 10/10/25 [Dkt. 53-1, p. 5]*

- "Revise brief in support of motion to demand [sic], and discuss changes with [co-counsel]."
  *0.5 hours billed by W. Owen on 10/31/25 [Dkt. 53-2, p. 4]*
  *0.5 hours billed by T. Shelton on 10/31/25 [Dkt. 53-1, p. 5]*

- "Continue reviewing opposition to remand motion while researching reply brief."
  *1.0 hours billed by W. Owen on 11/25/25 [Dkt. 53-2, p. 4]*
  *1.3 hours billed by T. Shelton on 11/25/25 [Dkt. 53-1, p. 6]*

- "Research standards governing reconsideration motion and applicability of federal versus state law"
  *0.5 hours billed by W. Owen on 1/27/26 [Dkt. 53-2, p. 5]*
  *1.8 hours billed by T. Shelton on 1/28/26 [Dkt. 53-1, p. 6]*

- "Review Court's order remanding case to state court and assess forward strategy."
  *0.5 hours billed by W. Owen on 5/29/26 [Dkt. 53-2, p. 5]*
  *0.5 hours billed by T. Shelton on 5/29/26 [Dkt. 53-1, p. 7]*

32. Contrary to Plaintiff's Memorandum in Support for Just Costs and Actual Expenses,

these entries, by their plain language, very clearly describe duplicative work. In addition, these entries are improperly vague and lack "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *ECOS, Inc.*, 671 F. Supp. at 394 (citing *United Slate, Tile & Composition* 732 F.2d at 502 n. 2). The problem this presents is that the entries combine broad categories of work, including research, review, revision, and "strategy," without identifying what portion of the time was spent on remand-related work as opposed to collateral motion practice, discovery issues, post-remand planning, or duplicative co-counsel conferences. Where Plaintiff's counsel could have "easily denominate[d] time" spent on specific and distinctive areas of work yet failed to do so, such documentation is "clearly inadequate." *See id.*

### d. EXCESSIVE TIME ON RECONSIDERATION MOTION

Plaintiff's counsel also seeks recovery for a collective 14.5 hours for work opposing XPO's Motion to Revise Interlocutory Order. However, Plaintiff has not shown that 14.5 hours was reasonable. Plaintiff characterized the motion as "little more … than a request for de novo review of the state-court sanctions order," meaning the opposition substantially overlapped with issues Plaintiff had already researched, briefed, and argued. That reinforces why the claimed time should not be shifted in full under § 1447(c), and why the 14.5 hours should be substantially reduced.[2]

33.     For the reasons set forth above, by XPO's calculation, the number of hours reasonably expended on litigation is approximately 54.1 collective hours, or \$27,050.00 at counsel's rate of \$500.00 per hour. This is the applicable lodestar.

### B. THE LODESTAR IS SUBJECT TO REDUCTION

34.     Once a lodestar has been established, the Court must then "subtract fees for hours

---

[2] In XPO's alternative calculation, below, it has proposed a reduction of approximately one-half.

13

spent on unsuccessful claims unrelated to successful ones." The Fourth Circuit "interpret[s] the term 'prevailing party' consistently across all federal fee-shifting statutes. … [I]n all those contexts, a plaintiff who has obtained a favorable judgment on the merits is the classic example of a 'prevailing party.'" *Grabarczyk v. Stein*, 32 F.4th 301, 306 (4th Cir. 2022). It is "well settled that a dismissal for mootness does not constitute a decision on the merits." *Cannon v. Durham County Bd. of Elections*, 959 F.Supp. 289, 293 (E.D.N.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997). Accordingly, because XPO's Motion to Revise Interlocutory Order and Motion to Disqualify were denied as moot rather than adjudicated on the merits, those rulings do not support Plaintiff's assertion that she "prevailed completely" on all matters for which fees are sought. Plaintiff prevailed on remand, but the collateral motions were not resolved in her favor on the merits. The time spent on collateral motions denied as moot should therefore be excluded or reduced to the extent it was not reasonably necessary to obtain remand.

35.     In Plaintiff's Memorandum, she states, without citation or analysis, that "[s]teps two and three [of the calculation of just costs and fees] do not reduce the [lodestar] here. Plaintiff prevailed completely: the Court granted remand and denied XPO's motions as moot. There are no unsuccessful or unrelated claims to subtract." [Dkt. 54 p. 3]. This argument is self-contradictory. On the motions denied as moot, Plaintiff is not a "prevailing party" under applicable law and statute. *See Grabarczyk*, 32 F.4th at 306.

36.     Specifically, XPO's Motion to Revise Interlocutory Order and XPO's Disqualification Motion were denied by this Court as moot. They were not substantively considered nor were they adjudicated on the merits. Plaintiff is not a "prevailing party" on these motions and is not entitled to recovery for work performed on such motions. As such, assuming *arguendo* that fees incurred on these matters are properly included in calculating the applicable lodestar, the collective

14

15.5 hours spent on these two Motions must nevertheless be reduced from Plaintiff's recovery.

### C. PLAINTIFF SHALL BE AWARDED A PERCENTAGE OF THE AMOUNT ESTABLISHED ABOVE RELATIVE TO PLAINTIFF'S OVERALL SUCCESS

37. The third step in calculating an appropriate award for just costs and fees involves the Court calculating "some percentage of the remaining amount, depending on the degree of success enjoyed by the Plaintiff." Here, Plaintiff was wholly successful on the only matter subject to § 1447(c) that was considered on its merits: the request for remand. Accordingly, and subject to the appropriately recalculated lodestar amount and subsequent deductions as set forth above, XPO does not propose an alternative percentage at this time.

### IV. CONCLUSION

38. XPO respectfully submits that the sworn Declarations of time allegedly expended by counsel, read in conjunction with applicable law and statute and in the exercise of logic and reasonable judgment, do not support a recovery in the total amount of $33,900.00. Where statutes awarding fees to prevailing parties are "in derogation of the common law," they must be strictly construed. *Black v. Mantei & Assocs., Ltd.*, 145 F.4th 528 (4th Cir. 2025) (citing *In re Crescent City Ests., LLC*, 588 F.3d 822, 826 (4th Cir. 2009)).

39. Plaintiff calculates the lodestar amount in this case as 67.8 hours, or $33,900.00, against which she alleges there should be no offset or adjustment. XPO respectfully submits an alternative lodestar of 54.1 hours, or $27,050.00. From this, the 15.5 hours, or $7,750.00, for time expended on the two Motions on which Plaintiff was **not** a "prevailing party" must be subtracted. This brings XPO's alternative proposed recovery amount to 38.6 hours, or $19,300.00, for the specific line items identified below.[3]

---

[3] Where an entry is subject to exclusion or reduction for more than one basis set forth herein, the corresponding time is only excluded or reduced **once**.

| Date | Work Billed by W. Owen | Work Billed by T. Shelton | Recoverable Time |
|---|---|---|---|
| 10/9/25 | Research on procedure after removal for cases pending in state appellate court; review notice of removal.** | Research on procedure after removal for cases pending in state appellate court; review notice of removal.** | 1.7* |
| 10/10/25 | Further research standards for fraudulent joinder and other arguments supporting motion for remand. | Further research standards for fraudulent joinder and other arguments supporting motion for remand. | .8* |
| 10/16/25 | | Prepare and file notice of appearance | .1* |
| 10/26/25 – 10/29/25 | Prepare first draft of remand motion and memorandum of law in support thereof, including a detailed summery [sic] of the procedural history of this matter, facts, and detailed analysis of the unique legal issues. | | 6.0 |
| 10/29/25 | | Revise remand brief. | 4.4 |
| 10/30/25 | | Continue revising remand brief. | 5.3 |
| 10/31/25 | Revise brief in support of motion to demand [sic].** | | .4* |
| 11/24/25 | | Begin reviewing response to motion to remand and researching issues for reply. | 1.1 |
| 11/25/25 | Research reply brief. | Research reply brief. | 1.3* |
| 12/1/25 | | Research and draft reply brief on motion to remand. | 4.1* |
| 12/2/25 | | Continue drafting reply brief on motion to remand. | .9 |
| 12/3/25 | | Finish draft of reply brief, and send to will Owen for review. | 3.3 |
| 12/4/25 | | Revise reply brief in support of motion to remand. | .9 |
| 1/27/26 | Research standards governing reconsideration motion and applicability of federal versus state law. | | .5 |
| 1/28/26 | | Research standards governing reconsideration motion and applicability of federal versus state law. | 1.3* |

| | | | |
|---|---|---|---|
| 1/29/26 | | Review reconsideration motion and begin outlining response brief. | .6* |
| 2/3/26 | | Begin drafting response to reconsideration motion, and research cases applying the Belk factors. | 2.0* |
| 2/4/26 | | Continue preparing response to motion for reconsideration. | .8* |
| 2/5/26 | | Continue drafting response to reconsideration motion. | 1.0* |
| 2/12/26 | | Revise response to reconsideration motion. | .5* |
| 2/27/26 | | Review reply brief on reconsideration motion. | .2* |
| 4/27/26 | | Prepare notice of filing related to remand for federal court. | .9 |
| 5/29/26 | Review Court's order remanding case to state court.** | | .5 |

*Reduced in part from Plaintiff's original submission to exclude excessive or otherwise unrecoverable work pursuant to the arguments herein.*
*\*\*Entry edited to exclude the description of work unrecoverable for the reasons set forth herein.*

This the 6th day of July, 2026.

GORDON REES SCULLY MANSUKHANI LLP

By:  /s/ Jilliann L. Tate
Robert W. F. Beckmann
N.C. State Bar No.: 63232
Jilliann L. Tate
N.C. State Bar No.: 53604
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: rbeckmann@grsm.com
Email: jtate@grsm.com
**Counsel for Defendant XPO Logistics Freight, Inc.**

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ACTUAL EXPENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| J. William Owen<br>Musselwhite, Musselwhite, Branch & Grantham, P.A.<br>P.O. Box 1448<br>Lumberton, NC 28359<br>wowen@mmbglaw.com<br>***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** | Jennifer Welch<br>Cranfill Sumner<br>P.O. Box 27808<br>Raleigh, NC 27611-7808<br>jwelch@cshlaw.com<br>***Counsel for Counterclaim-Defendant Cindy Smith, Administratrix of the Estate of Mark K. Smith*** |
| Troy D. Shelton<br>Dowling, PLLC<br>3801 Lake Boone Trail, Suite 260<br>Raleigh, NC 27607<br>tshelton@dowlingfirm.com<br>***Counsel for Plaintiff Cindy Smith, Administratrix of the Estate of Mark K. Smith*** | |

Respectfully submitted, this the 6th day of July, 2026,

**GORDON REES SCULLY MANSUKHANI LLP**

By:  */s/ Jilliann L. Tate*
Jilliann L. Tate
N.C. State Bar No.: 53604
150 Fayetteville Street, Suite 1120
Raleigh, North Carolina 27601
Telephone: (919) 787-4555
Facsimile: (919) 741-5840
Email: jtate@grsm.com
***Counsel for Defendant XPO Logistics Freight, Inc.***

18