IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-01545-D-BM

| | |
|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>XPO LOGISTICS FREIGHT, INC.,<br><br>    Defendant. | SUPPLEMENTAL DECLARATION OF J. WILLIAM OWEN IN SUPPORT OF ACCOUNTING OF REMAND COSTS AND EXPENSES<br><br>28 U.S.C. § 1447(c) |

I, J. William Owen, declare as follows:

1. I previously submitted my Declaration in Support of Accounting of Remand Costs and Expenses. I submit this Supplemental Declaration in response to Defendant's Opposition to Plaintiff's Motion for Costs and Actual Expenses for the limited purpose of clarifying certain billing descriptions and explaining the nature of the work performed.

2. Mr. Shelton kept contemporaneous time entries on this case for purposes of invoicing my firm. I did not keep my own personal, contemporaneous time entries. The time reflected in my original declaration was derived from a review of my work product on the case, my notes, and Mr. Shelton's contemporaneously maintained time records. The descriptions contained therein are abbreviated billing entries intended to identify the principal work performed.

They were not intended to provide a comprehensive narrative of every issue discussed or every task performed during a particular time entry.

3. Throughout the federal proceedings, I remained lead trial counsel for Plaintiff. I retained attorney Troy Shelton because of his extensive experience with complex appellate and federal jurisdictional issues presented by Defendant's removal after nearly two years of state-court litigation and following entry of significant state-court orders. Our responsibilities were complementary rather than duplicative.

4. Our conferences described as discussions of "strategy" were necessary to divide research assignments, coordinate briefing, evaluate developing legal issues, ensure consistency of legal arguments, and determine how responsibilities would be allocated between counsel. Those conferences were not duplicative efforts in which both attorneys performed the same legal work.

5. Although certain entries use similar terminology, the underlying work performed by each attorney differed. One attorney frequently researched legal issues while the other reviewed those authorities, integrated them into the developing briefs, or evaluated the legal strategy from the perspective of lead trial counsel. Similar billing descriptions should not be interpreted as reflecting identical work. Both attorneys did parts of the research for the briefs filed in this Court. Both attorneys drafted parts of every brief filed with the Court. And both attorneys revised the drafts to improve the readability and persuasive value of the briefs filed with the Court.

2

6. Defendant criticizes several entries relating to Rule 26(f), discovery, and federal discovery strategy. Those tasks were necessitated solely because Defendant removed this action to federal court. Once removal occurred, Plaintiff was required to comply with the Federal Rules of Civil Procedure, participate in a Rule 26(f) conference, prepare a Joint Rule 26(f) Report, evaluate discovery obligations under the Federal Rules, and develop litigation strategy in accordance with the federal scheduling order. Had Defendant not removed this action, these federal procedural obligations would not have existed.

7. For comparative purposes, in Lamb's continuing state-court case, which wasn't removed to federal court, there has been no Rule 26(f), Rule 26(f) report, or need to analyze federal discovery obligations or compliance with a discovery scheduling order.

8. Defendant also challenges entries referring to "forward strategy." Those entries referred to counsel's evaluation of litigation strategy depending upon whether the federal court retained jurisdiction or remanded the matter, including preservation of work performed in federal court, coordination of pending motions, and the procedural consequences flowing from the Court's anticipated jurisdictional ruling. They did not refer merely to future state-court litigation unrelated to the removal proceedings.

9. Likewise, the work performed in response to Defendant's Motion to Revise Interlocutory Order arose directly from Defendant's attempt to obtain federal review of a state-court sanctions order after removal. Responding to that

3

motion required substantial legal research concerning federal jurisdiction, removal, reconsideration standards, and the authority of a federal court to revisit pre-removal state-court rulings. That work would not have been necessary absent Defendant's removal.

10. Since the Court remanded the case, XPO has not filed a disqualification motion in the remanded action.

11. Defendant also points to certain typographical errors contained in abbreviated billing descriptions, including references to a "motion to demand" and a "summery" of the procedural history. These were clerical errors in the written descriptions only. They do not affect the reality of the work being performed by counsel.

12. To the extent Defendant suggests that certain billing entries are chronologically inconsistent, those entries reflect review of draft work product as it evolved through multiple revisions. Counsel exchanged drafts throughout the preparation of the briefing, and entries describing review of a "draft" refer to then-existing working drafts rather than necessarily a final version.

13. I reviewed my time records before submitting my original declaration and exercised billing judgment by excluding time that I believed to be excessive, redundant, or unnecessary. I continue to believe that the hours submitted represent reasonable time necessarily incurred because of Defendant's removal of this action.

4

14. I reaffirm the statements contained in my original declaration except as clarified herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of July, 2026.

/s/ J. William Owen
J. William Owen
N.C. Bar No. 47994
MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM, P.A.
wowen@mmbglaw.com
P.O. Box 1448
Lumberton, NC 28359

*Co-Counsel for Plaintiff*