IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1545

| | | |
|---|---|---|
| CINDY SOLES SMITH, Administratrix of the ESTATE OF MARK KEANNAN SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| XPO LOGISTICS FREIGHT, INC., | ) | |
| Defendant. | ) | |

On February 15, 2024, Cindy Soles Smith ("Smith" or "plaintiff") filed a complaint against William Bratty Lamb in Robeson County Superior Court [D.E. 2-3]. On February 22, 2024, Smith amended her complaint to add XPO Logistics Freight, Inc. ("XPO" or "defendant") as a defendant [D.E. 2-5]. On October 8, 2025, XPO removed the action to this court [D.E. 1, 2]. On November 3, 2025, Smith moved to remand the action [D.E. 25] and filed a memorandum and exhibits in support [D.E. 26]. On November 24, 2025, XPO responded in opposition and filed exhibits [D.E. 30]. On December 4, 2025, Smith replied [D.E. 32].

On May 29, 2026, this court remanded the action, granted Smith's request for just costs and actual expenses, and directed Smith to file an accounting of her costs and expenses [D.E. 50]. On June 15, 2026, Smith moved for costs and expenses of $33,900.00 and filed exhibits [D.E. 53] and a memorandum in support [D.E. 54]. See 28 U.S.C. § 1447(c). On July 6, 2026, XPO responded to Smith's motion [D.E. 56]. On July 20, 2026, Smith filed a supplemental declaration

and a reply [D.E. 58, 59]. As explained below, the court grants in part Smith's motion for just costs and actual expenses and orders XPO to pay Smith $30,510.00.

I.

When a defendant unreasonably removes a case to federal court, a court may order the defendant to pay the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Black v. Mantei & Assocs., Ltd., 145 F.4th 528, 534 (4th Cir. 2025). On May 29, 2026, the court remanded the action and found XPO's removal to be objectively unreasonable. See [D.E. 50] 1–2, 14, 18–19.

XPO does not dispute Smith's entitlement to just costs and actual expenses, including attorneys' fees. See [D.E. 56] 1. It challenges the amount sought. See id.

In awarding costs and expenses, a court calculates the lodestar figure (i.e. the hours reasonably expended multiplied by a reasonable hourly rate), subtracts fees for time spent on unsuccessful claims unrelated to successful ones, and awards a percentage of the remainder based on the degree of success. See, e.g., McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013); Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009); Grissom v. The Mills Corp., 549 F.3d 313, 320–21 (4th Cir. 2008). In determining what constitutes a reasonable number of hours and rate, the court considers twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the

> time limitations imposed by the client or circumstances (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243–44.

XPO does not dispute the reasonableness of Smith's counsels' $500 per hour billing rate. See [D.E. 56] 1. But XPO argues that Smith incorrectly calculated the lodestar figure and failed to reduce the figure based on unsuccessful claims unrelated to successful ones. See id. at 4. In support, XPO notes that under section 1447(c), hours expended on litigation are considered unreasonable when the plaintiff would have had to litigate the motion or issue "whether in [federal] court or in state court." LaFountain v. Paul Benton Motors of N.C., LLC, No. 7:09-CV-212, 2010 WL 4457057, at *2 (E.D.N.C. Nov. 5, 2010) (unpublished); see Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997); Cent. Cab Co. v. Cline, 972 F. Supp. 370, 373 (S.D.W. Va. 1997). In other words, attorneys' fees incurred for hours spent on the litigation "as a result" of removal refers to work that would not have been needed if the case had remained in state court. See LaFountain, 2010 WL 4457057, at *2.

XPO argues that Smith's counsel would have had to do discovery regardless of removal. See [D.E. 56] 8. Thus, according to XPO, Smith should not get to recover any fees or costs for 5.6 hours of discovery. See id.

Smith's discovery in federal court had to comply with federal discovery practices, such as having a Rule 26(f) conference, making initial disclosures, and creating a joint discovery report for the court. See [D.E. 59] 2–3. Smith would not have had to do such tasks in state court. Thus, Smith's fees and costs for discovery in federal court are recoverable.

XPO argues that various "strategy" discussions between Smith's counsel are not recoverable because they were not time spent "as a result" of removal. See [D.E. 56] 9–10. These conversations, however, concerned motion practice in federal court and how such practice would affect the court's remand decision. See [D.E. 59] 3–4. Counsel billed those hours "as a result" of XPO's removal of the case to federal court. 28 U.S.C. § 1447(c). Thus, the fees are recoverable.

XPO challenges various time entries as "duplicative and vague." [D.E. 56] 10–13. In support, XPO provides a table comparing the time entries of Smith's attorneys, some of which contain identical typographical errors or an identical description of the work performed. See id. at 16–17. XPO also argues that many of these entries are "vague" because they denote broad categories of work without specifying the exact amount of time spent on remand-related work. See id. at 10, 13.

As for vagueness, the billing descriptions describe the research topic and the attorney's work. See id. at 16–17. The entries provide "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." ECOS, Inc. v. Brinegar, 671 F. Supp. 381, 394 (M.D.N.C 1987) (citation omitted). Moreover, counsel properly "identif[ied] the general subject matter of his time expenditures." Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983). Thus, the court rejects XPO's vagueness argument.

As for duplication, the similarities in the entries between Smith's counsel arose because J. William Owen did not keep contemporaneous records and later used the other attorney's entries to create his own. See [D.E. 58] 1–2; [D.E. 59] 4–5. Not keeping contemporaneous time records creates some uncertainty about the number of hours actually worked and the tasks performed.

Thus, the court finds that applying a 10% discount to the total fees requested appropriately accounts for uncertainty about the hours that Smith's attorneys worked. See Jones v. Southpeak Interactive Corp. of Del., No. 3:12CV443, 2014 WL 2993443, at *13 (E.D. Va. July 2, 2014) (unpublished) (applying a 10% reduction to attorney fees due to lack of contemporaneous record keeping), aff'd, 777 F.3d 658 (4th Cir. 2015).

XPO asserts Smith's counsel spent excessive time responding to XPO's motion for reconsideration based on Smith's own characterization of the response as "little more…than a request for de novo review of the state-court sanction order." [D.E. 56] 13. The court disagrees. Smith's counsel reasonably spent 14.5 hours responding to XPO's motion for reconsideration "as a result of the removal." 28 U.S.C. § 1447(c).

Finally, XPO cites Grabarczyk v. Stein, 32 F.4th 301 (4th Cir. 2022), and Cannon v. Durham County Board of Elections, 959 F. Supp. 289 (E.D.N.C. 1997), and asks the court to reduce the lodestar by subtracting the number of hours counsel spent responding to XPO's motions that this court denied as moot. See [D.E. 56] 14. The court rejects the argument. The cited cases do not arise under section 1447(c) and do not apply to the issue of reasonable costs or hours expended under section 1447(c). See Grabarczyk, 32 F.4th at 310–11; Cannon, 959 F. Supp. at 293–94. Section 1447(c) requires proof that the costs or expenses were "incurred as a result of the removal." 28 U.S.C. § 1447(c). Although the court denied some motions as moot upon the decision to remand the action to state court, Smith's attorneys worked on these issues "as a result of the removal." Id. Thus, the fees are recoverable.

## II.

In sum, the court GRANTS IN PART plaintiff's motion for just costs and actual expenses [D.E. 53] in the amount of $30,510.00.

SO ORDERED. This 9 day of September, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge